IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>QUARK, INC., CREO, INC., EASTMAN KODAK COMPANY, AND KODAK GRAPHIC COMMUNICATIONS COMPANY<br><br>Defendants. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff R.R. Donnelley & Sons Company ("RRD") hereby alleges and complains as follows:

## PARTIES

1. RRD is a Delaware corporation with a principal place of business at 111 South Wacker Drive, Chicago, IL 60606.

2. Defendant Quark, Inc. ("Quark") is a Colorado corporation.

3. On information and belief, Quark has a principal place of business at 1800 Grant Street, Denver, CO 80203.

4. Defendants Creo, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company (collectively referred to hereinafter as "Creo") are Canadian, New Jersey and Washington corporations, respectively.

5. On information and belief, Creo, Inc. has a principal place of business at 3700 Gilmore Way, Burnaby, British Columbia, Canada V5G 4M1.

6. On information and belief, Eastman Kodak Company has a principal place of business at 343 State Street, Rochester, NY 14650.

7. On information and belief, Kodak Graphic Communications Company has a principal place of business at 3 Federal Street, Billerica, MA 01821.

## JURISDICTION AND VENUE

8. This is a civil action brought by RRD for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Venue in the District of Delaware is proper pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b), in that events giving rise to RRD's claims occurred in this district, the defendants may be found and/or reside in this district by virtue of their activities in this district, and the defendants have committed acts of patent infringement in this district.

## BACKGROUND

10. On March 20, 2001, United States Patent No. 6,205,452 ("the '452 patent") -- entitled "METHOD OF REPRODUCING VARIABLE GRAPHICS IN A VARIABLE IMAGING SYSTEM" -- duly and legally issued to RRD as assignee of the inventors, James L. Warmus, Mark G. Dreyer, and Daniel W. Beery. A copy of the '452 patent is attached as Exhibit A. Plaintiff RRD continues to own all rights, title, and interest to the '452 patent, including the right to recover for past infringement thereof.

11. On December 4, 2001, United States Patent No. 6,327,599 ("the '599 patent") -- entitled "APPARATUS FOR CONTROLLING AN ELECTRONIC PRESS TO PRINT FIXED AND VARIABLE INFORMATION" -- duly and legally issued to RRD as assignee of the inventors, James L. Warmus and Mark G. Dreyer. A copy of the '599 patent is

2

attached as Exhibit B. Plaintiff RRD continues to own all rights, title, and interest to the '599 patent, including the right to recover for past infringement thereof.

12. On January 18, 2005, United States Patent No. 6,844,940 ("the '940 patent") -- entitled "IMPOSITION PROCESS AND APPARATUS FOR VARIABLE IMAGING SYSTEM" -- duly and legally issued to RRD as assignee of the inventors, James L. Warmus, Mark G. Dreyer, and J. Thomas Shively. A copy of the '940 patent is attached as Exhibit C. Plaintiff RRD continues to own all rights, title, and interest to the '940 patent, including the right to recover for past infringement thereof.

13. On October 4, 2005, United States Patent No. 6,952,801 ("the '801 patent") -- entitled "BOOK ASSEMBLY PROCESS AND APPARATUS FOR VARIABLE IMAGING SYSTEM" -- duly and legally issued to RRD as assignee of the inventors, James L. Warmus, Mark G. Dreyer, and J. Thomas Shively. A copy of the '801 patent is attached as Exhibit D. Plaintiff RRD continues to own all rights, title, and interest to the '801 patent, including the right to recover for past infringement thereof.

14. Quark makes, offers for sale, and sells QuarkXPress and QuarkXClusive, a variable content Xtension for QuarkXPress.

15. In 2005, Eastman Kodak purchased Creo, Inc., the maker of Darwin Desktop ("Darwin"). On information and belief, Darwin is now made, offered for sale, and sold by Kodak and its Kodak Graphic Communications and Creo subsidiaries.

### FIRST CLAIM FOR RELIEF
### INFRINGEMENT OF U.S. PATENT NO. 6,327,599 BY QUARK

16. RRD hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 15 of this Complaint.

17. By its actions, including the sale of QuarkXClusive, Quark has infringed, contributed to infringement of and induced others to infringe, and continues to infringe, contribute to infringement of and induce others to infringe, the '599 patent.

18. Quark has been given notice of the '599 patent.

19. On information and belief, Quark's infringement of the '599 patent is, has been, and continues to be willful and deliberate.

20. RRD has sustained damages and suffered irreparable harm as a consequence of Quark's infringement, and will continue to sustain damages and be irreparably harmed unless Quark is enjoined from infringing the '599 patent.

## SECOND CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 6,844,940 BY QUARK

21. RRD hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 20 of this Complaint.

22. By its actions, including the sale of QuarkXClusive, Quark has infringed, contributed to infringement of and induced others to infringe, and continues to infringe, contribute to infringement of and induce others to infringe, the '940 patent.

23. Quark has been given notice of the '940 patent.

24. On information and belief, Quark's infringement of the '940 patent is, has been, and continues to be willful and deliberate.

25. RRD has sustained damages and suffered irreparable harm as a consequence of Quark's infringement, and will continue to sustain damages and be irreparably harmed unless Quark is enjoined from infringing the '940 patent.

## THIRD CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 6,205,452 BY CREO

26.   RRD hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 25 of this Complaint.

27.   By its actions, including the sale of Darwin, Creo has infringed, contributed to infringement of and induced others to infringe, and continues to infringe, contribute to infringement of and induce others to infringe, the '452 patent.

28.   Creo has been given notice of the '452 patent.

29.   On information and belief, Creo's infringement of the '452 patent is, has been, and continues to be willful and deliberate.

30.   RRD has sustained damages and suffered irreparable harm as a consequence of Creo's infringement, and will continue to sustain damages and be irreparably harmed unless Creo is enjoined from infringing the '452 patent.

## FOURTH CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 6,327,599 BY CREO

31.   RRD hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 30 of this Complaint.

32.   By its actions, including the sale of Darwin, Creo has infringed, contributed to infringement of and induced others to infringe, and continues to infringe, contribute to infringement of and induce others to infringe, the '599 patent.

33.   Creo has been given notice of the '599 patent.

34.   On information and belief, Creo's infringement of the '599 patent is, has been, and continues to be willful and deliberate.

35. RRD has sustained damages and suffered irreparable harm as a consequence of Creo's infringement, and will continue to sustain damages and be irreparably harmed unless Creo is enjoined from infringing the '599 patent.

### FIFTH CLAIM FOR RELIEF
### INFRINGEMENT OF U.S. PATENT NO. 6,844,940 BY CREO

36. RRD hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 35 of this Complaint.

37. By its actions, including the sale of Darwin, Creo has infringed, contributed to infringement of and induced others to infringe, and continues to infringe, contribute to infringement of and induce others to infringe, the '940 patent.

38. Creo has been given notice of the '940 patent.

39. On information and belief, Creo's infringement of the '940 patent is, has been, and continues to be willful and deliberate.

40. RRD has sustained damages and suffered irreparable harm as a consequence of Creo's infringement, and will continue to sustain damages and be irreparably harmed unless Creo is enjoined from infringing the '940 patent.

### SIXTH CLAIM FOR RELIEF
### INFRINGEMENT OF U.S. PATENT NO. 6,952,801 BY CREO

41. RRD hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 40 of this Complaint.

42. By its actions, including the sale of Darwin, Creo has infringed, contributed to infringement of and induced others to infringe, and continues to infringe, contribute to infringement of and induce others to infringe, the '801 patent.

43. Creo has been given notice of the '801 patent.

44.     On information and belief, Creo's infringement of the '801 patent is, has been, and continues to be willful and deliberate.

45.     RRD has sustained damages and suffered irreparable harm as a consequence of Creo's infringement, and will continue to sustain damages and be irreparably harmed unless Creo is enjoined from infringing the '801 patent.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff RRD seeks judgment in its favor and against defendants Creo and Quark as follows:

A.     Adjudging and decreeing that Quark has infringed one or more claims of U.S. Patent Nos. 6,327,599 and 6,844,940;

B.     Adjudging and decreeing that Creo has infringed one or more claims of U.S. Patent Nos. 6,205,452, 6,327,599, 6,844,940, and 6,952,801;

C.     Awarding injunctive relief permanently enjoining Quark, its officers, agents, servants, employees and attorneys and all persons in active concert or participation with it from making, using, offering to sell, selling, or importing any product, service, or method that would infringe any of the claims of the '599 and '940 patents, including but not limited to making, using, offering to sell, selling, importing, operating, providing or displaying to the public, licensing, or offering for license the QuarkXClusive software or any other infringing product or service;

D.     Awarding injunctive relief permanently enjoining Creo, its officers, agents, servants, employees and attorneys and all persons in active concert or participation with it from making, using, offering to sell, selling, or importing any product, service, or method that would infringe any of the claims of the '452, '599, '940, and '801 patents, including but not

7

limited to making, using, offering to sell, selling, importing, operating, providing or displaying to the public, licensing, or offering for license the Darwin software or any other infringing product or service;

   C. Awarding RRD damages in an amount sufficient to compensate it for Quark's and Creo's infringement, together with prejudgment interest and costs of suit;

   D. Adjudging that Quark's and Creo's infringement is willful and awarding RRD treble damages under 35 U.S.C. § 284;

   E. Declaring this to be an exceptional case pursuant to 35 U.S.C. § 285 and awarding RRD its attorneys' fees, costs and expenses against Quark and Creo; and

   F. Granting such further relief as the Court may deem just and appropriate.

            MORRIS, NICHOLS, ARSHT & TUNNELL LLP

            _/s/ Rodger D. Smith II_
            Jack B. Blumenfeld (#1014)
            Rodger D. Smith II (#3778)
            1201 N. Market Street
OF COUNSEL:        P.O. Box 1347
            Wilmington, DE  19899-1347
Bradford J. Badke       (302) 658-9200
Stuart W. Yothers       rsmith@mnat.com
FISH & NEAVE IP GROUP     *Attorneys for Plaintiff*
ROPES & GRAY LLP      *R.R. Donnelley & Sons Co.*
1251 Avenue of the Americas
New York, NY  10020
(212) 596-9000

Steven A. Kaufman
FISH & NEAVE IP GROUP
ROPES & GRAY LLP
One International Place
Boston, MA  02110
(617) 951-7000

January 17, 2006

501528

8