## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>QUARK, INC., CREO, INC., EASTMAN KODAK COMPANY, and KODAK GRAPHIC COMMUNICATIONS COMPANY,<br><br>    Defendants. | C.A. No. 06-00032-JJF<br><br>**JURY TRIAL DEMANDED** |
| CREO, INC., EASTMAN KODAK COMPANY, and KODAK GRAPHIC COMMUNICATIONS COMPANY,<br><br>    Counterclaim-Plaintiffs,<br><br>    v.<br><br>R.R. DONNELLEY & SONS COMPANY,<br><br>    Counterclaim-Defendant. | |

### ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANTS CREO, INC., EASTMAN KODAK COMPANY, AND KODAK GRAPHIC COMMUNICATIONS COMPANY

Defendants Creo, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company (collectively "Creo") hereby responds to the Complaint filed by Plaintiff R.R. Donnelley & Sons Company ("RRD"), in accordance with the numbered paragraphs thereof, as follows:

1.      Creo avers that it is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 1 of the Complaint, and, on that basis, denies the same.

2.      Creo avers that it is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 2 of the Complaint, and, on that basis, denies the same.

3.      Creo avers that it is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 3 of the Complaint, and, on that basis, denies the same.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Denied.

8.      Admitted.

9.      Creo admits that venue in this District is proper, but otherwise denies the remaining allegations in paragraph 9.

10.     Creo admits that United States Patent No. 6,205,452 ("the '452 patent") is entitled "METHOD OF REPRODUCING VARIABLE GRAPHICS IN A VARIABLE IMAGING SYSTEM," and that a copy of the '452 patent is attached to the Complaint as Exhibit A. Creo admits that the United States Patent and Trademark Office ("PTO") issued the '452 patent on March 20, 2001, listing on its face RRD as the assignee and James L. Warmus ("Warmus"), Mark G. Dreyer ("Dreyer"), and Daniel W. Beery ("Beery") as inventors. Creo avers that it is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint, and, on that basis, denies the same.

11.    Creo admits that United States Patent No. 6,327,599 ("the '599 patent") is entitled "APPARATUS FOR CONTROLLING AN ELECTRONIC PRESS TO PRINT FIXED AND VARIABLE INFORMATION," and that a copy of the '599 patent is attached to the Complaint as Exhibit B. Creo admits that the PTO issued the '599 patent on December 4, 2001, listing on its face RRD as the assignee and Warmus and Dreyer as inventors. Creo avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint, and, on that basis, denies the same.

12.    Creo admits that United States Patent No. 6,844,940 ("the '940 patent") is entitled "IMPOSITION PROCESS AND APPARATUS FOR VARIABLE IMAGING SYSTEM," and that a copy of the '940 Patent is attached to the Complaint as Exhibit C. Creo admits that the PTO issued the '940 Patent on January 18, 2005, listing on its face RRD as the assignee and Warmus, Dreyer, and J. Thomas Shively ("Shively") as inventors. Creo avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint, and, on that basis, denies the same.

13.    Creo admits that United States Patent No. 6,952,801 ("the '801 patent") is entitled "BOOK ASSEMBLY PROCESS AND APPARATUS FOR VARIABLE IMAGING SYSTEM," and that a copy of the '801 Patent is attached to the Complaint as Exhibit D. Creo admits that the PTO issued the '801 Patent on October 4, 2005, listing on its face RRD as the assignee and Warmus, Dreyer, and Shively as inventors. Creo avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint, and, on that basis, denies the same.

14.     Creo avers that it is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 14 of the Complaint, and, on that basis, denies the same.

15.     Creo admits that Eastman Kodak Company acquired Creo, Inc. in 2005 and that Darwin Desktop for Quark XPress and Darwin Desktop for Adobe InDesign are now made, offered for sale, and sold by Eastman Kodak Company, but otherwise denies the allegations of paragraph 15.

16.     Creo repeats its responses to paragraphs 1 to 15 of the Complaint as though fully set forth herein.

17.     Creo avers that it is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 17 of the Complaint, and, on that basis, denies the same.

18.     Creo avers that it is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 18 of the Complaint, and, on that basis, denies the same.

19.     Creo avers that it is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 19 of the Complaint, and, on that basis, denies the same.

20.     Creo avers that it is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 20 of the Complaint, and, on that basis, denies the same.

21.     Creo repeats its responses to paragraphs 1 to 20 of the Complaint as though fully set forth herein.

22.    Creo avers that it is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 22 of the Complaint, and, on that basis, denies the same.

23.    Creo avers that it is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 23 of the Complaint, and, on that basis, denies the same.

24.    Creo avers that it is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 24 of the Complaint, and, on that basis, denies the same.

25.    Creo avers that it is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 25 of the Complaint, and, on that basis, denies the same.

26.    Creo repeats its responses to paragraphs 1 to 25 of the Complaint as though fully set forth herein.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Creo repeats its responses to paragraphs 1 to 30 of the Complaint as though fully set forth herein.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Creo repeats its responses to paragraphs 1 to 35 of the Complaint as though fully set forth herein.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Creo repeats its responses to paragraphs 1 to 40 of the Complaint as though fully set forth herein.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

### FIRST AFFIRMATIVE DEFENSE

46.    RRD has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

47.    Creo has not directly infringed any claim of the '452 patent, the '599 patent, the '940 patent or the '801 patent (collectively "Patents in Suit"), either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

48.    Creo has not indirectly infringed any claim of the Patents in Suit, either literally or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE

49.    RRD is estopped from alleging that Creo infringes the claims of the Patents in Suit under the doctrine of prosecution history estoppel.

## FIFTH AFFIRMATIVE DEFENSE

50.    One or more claims of the Patents in Suit are invalid under the patent laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

## SIXTH AFFIRMATIVE DEFENSE

51.    RRD's claim for damages accruing prior to the filing of the Complaint is barred, in whole or part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

52.    RRD's claims are barred, in whole or part, by the doctrine of equitable estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

53.    RRD's claims are barred, in whole or part, by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

54.    RRD's claims are barred, in whole or part, by the doctrine of prosecution laches.

## TENTH AFFIRMATIVE DEFENSE

55.    RRD's claims are barred, in whole or part, by the doctrines of license and/or implied license.

## ELEVENTH AFFIRMATIVE DEFENSE

56.    RRD's claims are barred, in whole or part, by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

57.     RRD's alleged damages are barred or limited, in whole or part, by 35 U.S.C. §§ 286 and/or 287.

## COUNTERCLAIM

Counterclaim-Plaintiffs Creo, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company (collectively "Creo") assert the following counterclaim against Counterclaim-Defendant R.R. Donnelley & Sons Company ("RRD"). Creo alleges as follows:

### The Parties

58.     Creo, Inc. is a corporation of British Columbia with a principal place of business at 3700 Gilmore Way, Burnaby, British Columbia, Canada V5G 4M1.

59.     Eastman Kodak Company is a corporation of the State of New Jersey with a principal place of business at 343 State Street, Rochester, NY 14650.

60.     Kodak Graphic Communications Company is a corporation of the State of Washington with a principal place of business at 401 Merritt 7, Norwalk CT 06851.

61.     On information and belief, RRD is a corporation of the State of Delaware with a principal place of business at 111 South Wacker Drive, Chicago, IL 60606.

### Jurisdiction

62.     This is a counterclaim arising under the federal patent laws, Title 35 of the United States Code, for a declaratory judgment of invalidity and noninfringement of the United States Patent Nos. 6,205,452 ("the '452 patent"), 6,327,599 ("the '599 patent"), 6,844,940 ("the '940 patent"), and 6,952,801 ("the '801 patent").

63.     This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1338, 2201, and 2202.

## Count I

### Declaratory Relief For The '452 Patent

64.    An actual controversy exists between Creo and RRD.

65.    The Court should declare the '452 patent invalid and not infringed by Creo.

66.    The averments set forth in paragraphs 46 to 57 are hereby incorporated by reference as if set forth here in full.

## Count II

### Declaratory Relief For The '599 Patent

67.    An actual controversy exists between Creo and RRD.

68.    The Court should declare the '599 patent invalid and not infringed by Creo.

69.    The averments set forth in paragraphs 46 to 57 are hereby incorporated by reference as if set forth here in full.

## Count III

### Declaratory Relief For The '940 Patent

70.    An actual controversy exists between Creo and RRD.

71.    The Court should declare the '940 patent invalid and not infringed by Creo.

72.    The averments set forth in paragraphs 46 to 57 are hereby incorporated by reference as if set forth here in full.

## Count IV

### Declaratory Relief For The '801 Patent

73.    An actual controversy exists between Creo and RRD.

74.    The Court should declare the '801 patent invalid and not infringed by Creo.

75.    The averments set forth in paragraphs 46 to 57 are hereby incorporated by reference as if set forth here in full.

WHEREFORE, Creo demands the following relief:

A.    That the Court dismiss the Complaint with prejudice;

B.    The Court enter judgment that the '452 patent is invalid and not infringed by Creo;

C.    The Court enter judgment that the '599 patent is invalid and not infringed by Creo;

D.    The Court enter judgment that the '940 patent is invalid and not infringed by Creo;

E.    The Court enter judgment that the '801 patent is invalid and not infringed by Creo;

F.    The Court award Creo its attorneys' fees as a result of this being an exceptional case pursuant to 35 U.S.C. § 285;

G.    The Court award Creo its costs in connection with this action; and

H.    The Court enter an order for such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Creo, Inc., Eastman Kodak Company and Kodak Graphic Communications Company (collectively "Creo"), as defendants and counterclaim-plaintiffs, hereby demands trial by jury on all issues so triable in this action.

OF COUNSEL:

Richard McMillan, Jr. (admitted pro hac vice)
rmcmillan@crowell.com
Jeffrey D. Sanok (admitted pro hac vice)
jsanok@crowell.com
Brian M. Koide (admitted pro hac vice)
bkoide@crowell.com
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
(202) 624-2500

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
*Attorneys for Defendants*
*Creo, Inc., Eastman Kodak Company*
*and Kodak Graphic Communications*
*Company*

Dated: March 8, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### BY HAND

Jack B. Blumenfeld, Esquire
Rodger D. Smith, II, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P. O. Box 1347
Wilmington, DE  19899

John W. Shaw, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE  19801

I hereby certify that on March 8, 2006, the foregoing document was sent to the following non-registered participants in the manner indicated:

### VIA FEDERAL EXPRESS

Bradford J. Badke, Esquire
Fish & Neave IP Group
Ropes & Gray
1251 Avenue of the Americas
New York, NY  10020

_____
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com

RLF1-2989206-1