IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> QUARK, INC., CREO, INC., EASTMAN ) <br> KODAK COMPANY AND KODAK GRAPHIC ) <br> COMMUNICATIONS COMPANY ) <br> ) <br> Defendants. ) | C.A. No. 06-032-JJF |

## QUARK, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Quark, Inc. ("Quark") hereby demands a trial by jury on all issues so triable and answers the numbered paragraphs of the Complaint of Plaintiff R.R. Donnelley & Sons Company ("RRD") as follows:

### PARTIES

1.   RRD is a Delaware corporation with a principal place of business at 111 South Wacker Drive, Chicago, IL 60606.

ANSWER:   Quark is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2.   Defendant Quark, Inc. ("Quark") is a Colorado corporation.

ANSWER:   Admitted.

3.   On information and belief, Quark has a principal place of business at 1800 Grant Street, Denver, CO 80203.

ANSWER:   Admitted.

4.  Defendants Creo, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company (collectively referred to hereinafter as "Creo") are Canadian, New Jersey and Washington corporations, respectively.

ANSWER: Quark is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5.  On information and belief, Creo, Inc. has a principal place of business at 3700 Gilmore Way, Burnaby, British Columbia, Canada V5G 4M1.

ANSWER: Quark is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6.  On information and belief, Eastman Kodak Company has a principal place of business at 343 State Street, Rochester, NY 14650.

ANSWER: Quark is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7.  On information and belief, Kodak Graphic Communications Company has a principal place of business at 3 Federal Street, Billerica, MA 01821.

ANSWER: Quark is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**JURISDICTION AND VENUE**

8.  This is a civil action brought by RRD for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

ANSWER:   Quark admits that this is a civil action for patent infringement brought by RRD. The remaining allegations in this paragraph are legal conclusions to which no response is required.

9.   Venue in the District of Delaware is proper pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b), in that events giving rise to RRD's claims occurred in this district, the defendants may be found and/or reside in this district by virtue of their activities in this district, and the defendants have committed acts of patent infringement in this district.

ANSWER:   Quark admits it conducts activities in this judicial district and elsewhere. Quark denies that it has committed acts of patent infringement in this, or any other, district, and Quark denies that the events allegedly giving rise to RRD's claims occurred in this district. Quark is without knowledge or information sufficient to form a belief as to the allegations that pertain to the other defendants. The remaining allegations in this paragraph are legal conclusions to which no response is required.

## BACKGROUND

10.   On March 20, 2001, United States Patent No. 6,205,452 ("the '452 patent") -- entitled "METHOD OF REPRODUCING VARIABLE GRAPHICS IN A VARIABLE IMAGING SYSTEM" -- duly and legally issued to RRD as assignee of the inventors, James L. Warmus, Mark G. Dreyer, and Daniel W. Beery. A copy of the '452 patent is attached as Exhibit A. Plaintiff RRD continues to own all rights, title, and interest to the '452 patent, including the right to recover for past infringement thereof.

ANSWER:   RRD does not assert infringement of the '452 patent by Quark. Accordingly, the allegations in paragraph 10 of the Complaint do not pertain to Quark, and therefore no response from Quark is required. To the extent that a response by Quark is

required, Quark admits that the '452 patent indicates on its face that it was issued on March 20, 2001 and lists RRD as assignee, but Quark denies any implication that the '599 patent is valid. Quark admits that a copy of the '452 patent is attached as Exhibit A. Quark is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

    11.    On December 4, 2001, United States Patent No. 6,327,599 ("the '599 patent") -- entitled "APPARATUS FOR CONTROLLING AN ELECTRONIC PRESS TO PRINT FIXED AND VARIABLE INFORMATION" -- duly and legally issued to RRD as assignee of the inventors, James L. Warmus and Mark G. Dreyer. A copy of the '599 patent is attached as Exhibit B. Plaintiff RRD continues to own all rights, title, and interest to the '599 patent, including the right to recover for past infringement thereof.

    ANSWER:    Quark admits that the '599 patent indicates on its face that it was issued on December 4, 2001 and lists RRD as assignee, but Quark denies any implication that the '599 patent is valid. Quark admits that a copy of the '599 patent is attached as Exhibit B. Quark denies that the '599 patent was duly and legally issued. Quark is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

    12.    On January 18, 2005, United States Patent No. 6,844,940 ("the '940 patent") -- entitled "IMPOSITION PROCESS AND APPARATUS FOR VARIABLE IMAGING SYSTEM" -- duly and legally issued to RRD as assignee of the inventors, James L. Warmus, Mark G. Dreyer, and J. Thomas Shively. A copy of the '940 patent is attached as Exhibit C. Plaintiff RRD continues to own all rights, title, and interest to the '940 patent, including the right to recover for past infringement thereof.

ANSWER: Quark admits that the '940 patent indicates on its face that it was issued on January 18, 2005 and lists RRD as assignee, but Quark denies any implication that the '940 patent is valid. Quark admits that the '940 patent is attached as Exhibit C. Quark denies that the '940 patent was duly and legally issued. Quark is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

13.  On October 4, 2005, United States Patent No. 6,952,801 ("the '801 patent") -- entitled "BOOK ASSEMBLY PROCESS AND APPARATUS FOR VARIABLE IMAGING SYSTEM" -- duly and legally issued to RRD as assignee of the inventors, James L. Warmus, Mark G. Dreyer, and J. Thomas Shively. A copy of the '801 patent is attached as Exhibit D. Plaintiff RRD continues to own all rights, title, and interest to the '801 patent, including the right to recover for past infringement thereof.

ANSWER: RRD does not assert infringement of the '801 patent by Quark. Accordingly, the allegations in paragraph 13 of the Complaint do not pertain to Quark, and therefore no response from Quark is required. To the extent that a response by Quark is required, Quark admits that the '801 patent indicates on its face that it was issued on October 4, 2005 and lists RRD as assignee, but Quark denies any implication that the '599 patent is valid. Quark admits that a copy of the '801 patent is attached as Exhibit D. Quark is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

14.  Quark makes, offers for sale, and sells QuarkXPress and QuarkXClusive, a variable content Xtension for QuarkXPress.

ANSWER: Quark admits that it makes, offers for sale, and sells QuarkXPress. Quark admits that QuarkXClusive is an XTension for QuarkXPress. Quark denies the remaining allegations of Paragraph 14 of the Complaint.

15. In 2005, Eastman Kodak purchased Creo, Inc., the maker of Darwin Desktop ("Darwin"). On information and belief, Darwin is now made, offered for sale, and sold by Kodak and its Kodak Graphic Communications and Creo subsidiaries.

ANSWER: Quark is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## FIRST CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 6,327,599 BY QUARK

16. RRD hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 15 of this Complaint.

ANSWER: Quark incorporates by reference its answers to paragraphs 1 through 15 of the Complaint.

17. By its actions, including the sale of QuarkXClusive, Quark has infringed, contributed to infringement of and induced others to infringe, and continues to infringe, contribute to infringement of and induce others to infringe, the '599 patent.

ANSWER: Denied.

18. Quark has been given notice of the '599 patent.

ANSWER: Admitted.

19. On information and belief, Quark's infringement of the '599 patent is, has been, and continues to be willful and deliberate.

ANSWER: Denied.

20. RRD has sustained damages and suffered irreparable harm as a consequence of Quark's infringement, and will continue to sustain damages and be irreparably harmed unless Quark is enjoined from infringing the '599 patent.

ANSWER: Denied.

## SECOND CLAIM FOR RELIEF
### INFRINGEMENT OF U.S. PATENT NO. 6,844,940 BY QUARK

21. RRD hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 20 of this Complaint.

ANSWER: Quark incorporates by reference its answers to paragraphs 1 through 20 of the Complaint.

22. By its actions, including the sale of QuarkXClusive, Quark has infringed, contributed to infringement of and induced others to infringe, and continues to infringe, contribute to infringement of and induce others to infringe, the '940 patent.

ANSWER: Denied.

23. Quark has been given notice of the '940 patent.

ANSWER: Denied.

24. On information and belief, Quark's infringement of the '940 patent is, has been, and continues to be willful and deliberate.

ANSWER: Denied.

25. RRD has sustained damages and suffered irreparable harm as a consequence of Quark's infringement, and will continue to sustain damages and be irreparably harmed unless Quark is enjoined from infringing the '940 patent.

ANSWER: Denied.

## THIRD CLAIM FOR RELIEF
### INFRINGEMENT OF U.S. PATENT NO. 6,205,452 BY CREO

RRD does not assert infringement of the '452 patent by Quark. Accordingly, the allegations in paragraphs 26-30 of the Complaint do not pertain to Quark, and therefore no response from Quark is required. To the extent an answer is required by Quark, Quark answers as follows:

26. RRD hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 25 of this Complaint.

ANSWER: Quark incorporates by reference its answers to paragraphs 1 through 25 of the Complaint.

27. By its actions, including the sale of Darwin, Creo has infringed, contributed to infringement of and induced others to infringe, and continues to infringe, contribute to infringement of and induce others to infringe, the '452 patent.

ANSWER: Quark is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28. Creo has been given notice of the '452 patent.

ANSWER: Quark is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29. On information and belief, Creo's infringement of the '452 patent is, has been, and continues to be willful and deliberate.

ANSWER: Quark is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

30. RRD has sustained damages and suffered irreparable harm as a consequence of Creo's infringement, and will continue to sustain damages and be irreparably harmed unless Creo is enjoined from infringing the '452 patent.

ANSWER: Quark is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## FOURTH CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 6,327,599 BY CREO

The allegations in paragraphs 31-35 of the Complaint do not pertain to Quark, and therefore no response from Quark is required. To the extent an answer is required by Quark, Quark answers as follows:

31. RRD hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 30 of this Complaint.

ANSWER: Quark incorporates by reference its answers to paragraphs 1 through 30 of the Complaint.

32. By its actions, including the sale of Darwin, Creo has infringed, contributed to infringement of and induced others to infringe, and continues to infringe, contribute to infringement of and induce others to infringe, the '599 patent.

ANSWER: Quark is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33. Creo has been given notice of the '599 patent.

ANSWER: Quark is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

34. On information and belief, Creo's infringement of the '599 patent is, has been, and continues to be willful and deliberate.

ANSWER: Quark is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

35. RRD has sustained damages and suffered irreparable harm as a consequence of Creo's infringement, and will continue to sustain damages and be irreparably harmed unless Creo is enjoined from infringing the '599 patent.

ANSWER: Quark is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**FIFTH CLAIM FOR RELIEF**
**INFRINGEMENT OF U.S. PATENT NO. 6,844,940 BY CREO**

The allegations in paragraphs 36-40 of the Complaint do not pertain to Quark, and therefore no response from Quark is required. To the extent an answer is required by Quark, Quark answers as follows:

36. RRD hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 35 of this Complaint.

ANSWER: Quark incorporates by reference its answers to paragraphs 1 through 35 of the Complaint.

37. By its actions, including the sale of Darwin, Creo has infringed, contributed to infringement of and induced others to infringe, and continues to infringe, contribute to infringement of and induce others to infringe, the '940 patent.

ANSWER: Quark is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38. Creo has been given notice of the '940 patent.

ANSWER: Quark is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

39. On information and belief, Creo's infringement of the '940 patent is, has been, and continues to be willful and deliberate.

ANSWER: Quark is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

40. RRD has sustained damages and suffered irreparable harm as a consequence of Creo's infringement, and will continue to sustain damages and be irreparably harmed unless Creo is enjoined from infringing the '940 patent.

ANSWER: Quark is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### SIXTH CLAIM FOR RELIEF
### INFRINGEMENT OF U.S. PATENT NO. 6,952,801 BY CREO

RRD does not assert infringement of the '801 patent by Quark. Accordingly, the allegations in paragraphs 41-45 of the Complaint do not pertain to Quark, and therefore no response from Quark is required. To the extent an answer is required by Quark, Quark answers as follows:

41. RRD hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 40 of this Complaint.

ANSWER: Quark incorporates by reference its answers to paragraphs 1 through 40 of the Complaint.

42. By its actions, including the sale of Darwin, Creo has infringed, contributed to infringement of and induced others to infringe, and continues to infringe, contribute to infringement of and induce others to infringe, the '801 patent.

ANSWER: Quark is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

43. Creo has been given notice of the '801 patent.

ANSWER: Quark is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

44. On information and belief, Creo's infringement of the '801 patent is, has been, and continues to be willful and deliberate.

ANSWER: Quark is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

45. RRD has sustained damages and suffered irreparable harm as a consequence of Creo's infringement, and will continue to sustain damages and be irreparably harmed unless Creo is enjoined from infringing the '801 patent.

ANSWER: Quark is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### AFFIRMATIVE DEFENSES

Quark asserts the following affirmative defenses to RRD's claims:

1. RRD's Complaint fails to state a claim against Quark upon which relief may be granted.

2. Quark has not infringed, and does not infringe, any valid claims of United States Patent Nos. 6,327,599 and 6,844,940 (the "patents-in-suit").

3. Quark has not contributorily infringed, and does not contributorily infringe, any valid claims of the patents-in-suit.

4. Quark has not induced infringement of, and does not induce infringement of, any valid claims of the patents-in-suit.

5. Relief is barred by the doctrine of prosecution history estoppel.

6. Each of the patents-in-suit is invalid for failure to meet one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101 et seq., including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

7. Relief is barred because of laches, waiver, and/or estoppel.

WHEREFORE, Quark denies that RRD is entitled to any of the relief requested in its Complaint and requests that this Court:

1. Dismiss RRD's Complaint with prejudice;

2. Deny all relief requested by RRD;

3. Award Quark its attorneys' fees and costs incurred in defending this action; and

4. Grant such further relief as the Court may deem appropriate.

March 8, 2006

Respectfully submitted,

*/s/ Andrew A. Lundgren*

John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
alundgren@ycst.com

Douglas J. Kline (admitted *pro hac vice*)
Richard B. Myrus (admitted *pro hac vice*)
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Attorneys for Defendant Quark, Inc.

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on March 8, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Roger D. Smith, Esquire
>Morris, Nichols, Arsht & Tunnell LLP
>1201 N. Market Street
>Wilmington, DE  19801
>
>Frederick L. Cottrell, III, Esquire
>Richards Layton & Finger P.A.
>One Rodney Square
>920 North King Street
>Wilmington, DE  19801

I further certify that I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Andrew A. Lundgren
>Andrew A. Lundgren (No. 4429)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE  19801
>(302) 571-6600
>alundgren@ycst.com