IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY, )<br><br>Plaintiff, )<br><br>v. )<br><br>QUARK, INC., CREO, INC., EASTMAN<br>KODAK COMPANY, AND KODAK<br>GRAPHIC COMMUNICATIONS<br>COMPANY,<br><br>Defendants. ) | C.A. No. 06-cv-032-JJF |

<u>PLAINTIFF'S MOTION FOR PROTECTIVE ORDER</u>

Pursuant to Fed. R. Civ. P. 26(c) and the Court's May 9, 2006 Rule 16 Scheduling Order (D.I. 26), plaintiff R.R. Donnelley & Sons Co. moves for entry of the protective order attached hereto as Exhibit A.

The parties have engaged in numerous discussions over the past several weeks in an effort to agree upon a form of protective order. Despite the parties' best efforts, two issues remain in dispute: (i) the scope of the bar on prosecuting patent applications by outside attorneys with access to confidential information; and (ii) in-house access to information designated Attorneys-Eyes-Only (hereinafter "AEO information"). Attached as Exhibit A is a proposed protective order setting forth the agreed upon and the disputed portions of the proposed order.

<u>THE PATENT PROSECUTION BAR</u>

The parties agree that there should be some restriction on the prosecution of patent applications by outside counsel having access to confidential information. The issue is the scope of the restriction, which centers on two words -- *software for*. The competing positions are set forth in Sections 4(a) and 5(a) of the proposed form of order, Exhibit A.

The parties agree that outside counsel with access to confidential information shall be barred from preparing and prosecuting any patent applications related to the patents-in-suit and any patent applications directed to a defined scope of technology for a period of three (3) years following the conclusion of this action. However, Plaintiff proposes that such scope be defined as "software for variable digital printing," while Defendants seek a broader prohibition, i.e., any aspect of "variable digital printing." Defendants' proposal unnecessarily covers subject matter far beyond the specific technology at issue and to be disclosed in this case.

In determining access to confidential information, the Court "should examine the risks and safeguards surrounding inadvertent disclosure of the protected information." *Affymetrix, Inc. v. Illumina, Inc.*, 2005 WL 1801683, *2 (D. Del. Jul. 28, 2005). The mere threat of inadvertent disclosure is not in itself sufficient to justify a prosecution ban. *See AFP Advanced Food Prods. LLC v. Snyder's of Hanover Mfg.*, 2006 WL 47374, *2 (E.D. Pa. Jan. 6, 2006). Defendants must show that such a broad definition of the technology to be barred is necessary to prevent a "clearly defined, specific and serious injury." *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir. 1994)). The prohibition should also be as narrow as possible. *See AFP,* 2006 WL 47374 at *2 (striking down a prosecution ban based on an "overly broad and generalized fear").

The technology at issue in this case relates to systems and methods for processing imaging data *before* the data is actually printed by a press, e.g., software for processing or preparing variable printing data. Defendants' unbounded term "variable digital printing," unnecessarily encompasses many aspects of the printing process that will not be the subject of detailed technical discovery in the course of this case. As just one example, the ink jet printer sitting in many homes today is capable of performing variable digital printing, along with other

types of printing.  There is no risk of inadvertent disclosure by an attorney who learns the intimate details of Defendants' software products and then prosecutes a patent application about the mechanics of an ink jet printer, the technology of which is completely unrelated to this case. Although Plaintiff alleges that Defendants induce infringement through their sale of printers that can accommodate the software in dispute, it will not be necessary to delve into the details of proprietary technology related to Defendants' printers.

Although the parties are entitled to protection of technical information that will be discoverable in this case, the protective order should not act to limit unnecessarily opposing counsel's ability to advise its clients on technology unrelated to the issues in this case. Moreover, the length of the bar -- three years after the conclusion of this action -- warrants a more narrow restriction so as not to unfairly and unnecessarily burden outside counsel in their ability to advise their clients.  Providing further comfort to the parties are the ethical rules governing all attorneys, which ensure that no attorney will use the information of an opposing party, received in confidence, in an improper way.

Plaintiff has proposed a much less intrusive restriction and requests that the court enter the enclosed from of order including the "software for" language.

IN-HOUSE EMPLOYEE ACCESS TO ATTORNEYS-EYES-ONLY INFORMATION

Plaintiff has proposed that two in-house representatives of R.R. Donnelley be granted access to AEO information.  Attached as Exhibits B and C are the Declarations of Theodore J. Theophilos and Thomas G. Pasternak in support of their access to AEO information.

Permitting access to information designated under a protective order is governed by the specific factual circumstances surrounding each individual's relationship and activities with a party. *Affymetrix*, 2005 WL 1801683, at *2 (citing *U.S. Steel Corp. v. United States*, 730

F.2d 1465, 1468 (Fed. Cir. 1984)).  Most important to the inquiry is the presence or absence of the indicia of competitive decision-making (e.g., pricing, design, and scientific research).  *See MedImmune, Inc. v. Centocor, Inc.*, 271 F. Supp. 2d 762, 775 (D. Md. 2003).  If the burden on the party whose representative does not have access to AEO information outweighs the risk of inadvertent disclosure by such representative, the individual representative should be granted access to AEO information.

Here, the burden on R.R. Donnelley in not having Messrs. Theophilos and Pasternak satisfy their obligations to manage outside counsel and advise their client far outweighs any risk of inadvertent disclosure.  As evidenced by their enclosed declarations, neither Mr. Theophilos nor Mr. Pasternak is involved in competitive decisions with respect to the information that is to be produced by Defendants under the AEO designation.  Moreover, both are integral to managing Plaintiff's outside counsel and advising Plaintiff with respect to this litigation.  In order to fulfill their obligations to Plaintiff, Messrs. Theophilos and Pasternak require access to AEO information under the enclosed form of protective order.

Plaintiff respectfully requests that the Court enter the protective order containing the language proposed by Plaintiff attached as Exhibit A.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


_____*/s/ Rodger D. Smith II*_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  *Attorneys for Plaintiff*
   *R.R. Donnelley & Sons Company*

OF COUNSEL:

Bradford J. Badke
Stuart W. Yothers
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY  10020
(212) 596-9000

Steven A. Kaufman
ROPES & GRAY LLP
One International Place
Boston, MA  02110
(617) 951-7000

June 19, 2006

525450

## **RULE 7.1.1 CERTIFICATE**

I hereby certify that counsel for plaintiff has discussed the subject of the foregoing motion with counsel for defendants, and the parties have not been able to reach agreement on the issues raised in the motion.


*/s/ Rodger D. Smith II*
_____
Rodger D. Smith II


June 19, 2006

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on June 19, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Frederick L. Cottrell III
Richards Layton & Finger

I also certify that copies were caused to be served on June 19, 2006, upon the following in the manner indicated:

**<u>BY HAND</u>**

Frederick L. Cottrell III
Richards Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE  19801

*/s/ Rodger D. Smith II*

Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| R.R. DONNELLEY & SONS COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 06-cv-032-JJF |
| QUARK, INC., CREO, INC., EASTMAN KODAK COMPANY, AND KODAK GRAPHIC COMMUNICATIONS COMPANY, | ) | |
| Defendants. | ) | |
| CREO, INC., EASTMAN KODAK COMPANY, AND KODAK GRAPHIC COMMUNICATIONS COMPANY, | ) | |
| Counterclaim-Plaintiffs, | ) | |
| v. | ) | |
| R.R. DONNELLEY & SONS COMPANY, | ) | |
| Counterclaim-Defendant. | ) | |

## PROPOSED PROTECTIVE ORDER

WHEREAS, discovery in the above-entitled action ("Action") may involve the disclosure of certain documents, things and information in the possession, custody or control of a party or third parties that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and as further set forth below;

WHEREAS, the parties, through counsel, stipulate to the entry of this Protective Order to prevent unnecessary dissemination or disclosure of Confidential Information and Attorneys-Eyes-Only Information (as defined below and collectively referred to as "Designated Information");

WHEREAS, the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Rule 26(c), Fed. R. Civ. P., to protect against improper disclosure or use of Designated Information produced or disclosed in this case.

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT as follows:

1.    <u>Proceedings and Information Governed</u>.

This Protective Order shall govern any document, information or other thing furnished by any party, including third parties, to any other parties in connection with the discovery and pretrial phase of this action. The information protected includes, but is not limited to, documents and written responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations, and portions thereof.

The restrictions and obligations set forth herein relating to Designated Information shall not apply to any information which:  (a) the parties and third parties agree, or the Court rules, is already public knowledge; (b) the parties and third parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by a receiving party, its employees or agents in violation of this Protective Order; (c) has come or shall come into a receiving party's legitimate possession independently of the producing party; or (d) has been independently developed by or for the party without use of, or reference to, the other party's Designated Information. Such restrictions and obligations shall not be deemed to prohibit discussions with

2

any person of any Designated Information if that person already has or obtains legitimate possession thereof.

2.    <u>Types of Information for Protection Under This Protective Order</u>.

"Attorneys-Eyes-Only Information" means (i) trade secrets (including source code) and (ii) information that has been maintained by the producing party as confidential and discloses, or is sufficient to discern, the producing party's sales volume, sales units, prices, price structures, discounts, costs, profits, margins, marketing strategies, competitive business plans, and the identity of customers.

"Confidential Information" means confidential or proprietary information produced in discovery which is not generally known and does not qualify as "Attorneys-Eyes-Only Information," but which the producing party would not normally reveal to third parties or would cause third parties to maintain in confidence. Furthermore, "Confidential Information" shall be information that the producing party believes would reveal (i) proprietary research or development data, (ii) confidential processes, or (iii) information, which if disclosed, would likely harm the competitive position of the producing party, but does not otherwise qualify as Attorneys-Eyes-Only Information.

3.    <u>Designation of Information for Protection Under This Protective Order</u>.

Any such information produced in this action that is reasonably believed by the producing party to qualify as Designated Information may be designated as such by stamping or otherwise marking the information with one of the following legends, or their equivalents: "CONFIDENTIAL, R.R. DONNELLEY v. QUARK et al., C.A. No. 06-032 (JJF) (D. Del.)" or "ATTORNEYS-EYES-ONLY, R.R. DONNELLEY v. QUARK et al., C.A. No. 06-032 (JJF) (D. Del.)" prior to production. In the case of written material, documents, or tangible items, the respective designation shall be made at the time the receiving party is provided a copy of the

writing or thing.  In the case of deposition testimony, any designation of the testimony of the witness as Attorneys-Eyes-Only Information or Confidential Information shall take place during the deposition.  After such designation, the testimony shall be treated as designated under this Protective Order.  Unless so designated, the transcript is treated as non-confidential unless otherwise agreed by the parties, ordered by the Court, or otherwise designated confidential in accordance with the provisions stated below.

In the event that information is provided under this Protective Order, whether in written or oral form, without any designation of confidentiality, such information may be designated as Designated Information at a later time, and shall be treated as such by all parties hereto as though such information had been designated when originally provided.

If a party (or third party subject to subpoena) decides to add a designation to any document previously produced without designation, or to delete the designation on any document previously produced, the producing party (or third party) shall produce to the other parties substitute copies of such documents bearing the desired designation.  The parties to whom the substitute copies of such documents are produced shall substitute the later produced documents for the previously produced documents, and destroy or return to the producing party the previously produced documents.

4.    <u>Disclosure of Confidential Information</u>.

"Confidential Information" may be disclosed by the receiving party to the following recipients only:

(a)    Outside counsel employed by the parties with responsibility for this action and their respective associates, clerks, legal assistants, stenographic and support personnel, and organizations retained by such attorneys to provide litigation support services in this action and the employees of said organization; notwithstanding the foregoing, individuals under this

paragraph may not gain access to Confidential Information if such individuals are currently

involved in the preparation or prosecution of any applications related to the patents-in-suit or any

patent application directed to [[PLAINTIFF's INSERT: <u>software for</u>]] variable digital printing;

moreover, individuals under this paragraph gaining access to Confidential Information shall be

barred from preparing and prosecuting any applications related to the patents-in-suit and any

patent applications directed to [[PLAINTIFF's INSERT: <u>software for</u>]] variable digital printing

for a period of three (3) years after the conclusion of this action; for the purposes of this

paragraph, "involved . . . in the preparation or prosecution" means controlling and/or influencing

claim language and/or disclosure in any applications related to the patents-in-suit or any patent

application directed to [[PLAINTIFF's INSERT: <u>software for</u>]] variable digital printing;

    (b)    Two (2) designated in-house representatives for each side, as follows:

    (i)    For R.R. Donnelley & Sons Company ("R.R. Donnelley"):

Theodore J. Theophilos and Thomas Pasternak (and in-house legal assistants assisting Mr.

Pasternak in this action), so long as they continue in the employment of R.R. Donnelley.

    (ii)    For Creo, Inc. ("Creo"), Eastman Kodak Company ("Kodak"), and

Kodak Graphic Communications Company ("KGCC"), collectively referred to herein as

"Defendants":  Peter Rudak and Peter Cody (and in-house legal assistants assisting Mr. Cody in

this action), so long as they continue in the employment of Defendants.

    (iii)    If an individual identified in paragraphs 4(b)(i) or 4(b)(ii) above

ceases employment of the respective party, that party shall notify the other parties in writing of

such intent.  Any party objecting to a particular person being substituted having access to

Confidential Information may file a motion with the Court demonstrating good cause why such

person should not be granted such access.  A motion challenging the right of a proposed

substitute to access Confidential Information shall be filed no later than seven (7) business days following receipt of the written notice required above.

(c)    Independent experts and consultants, including the employees thereof, who are retained or consulted by counsel for any party for the purpose of assisting counsel in the litigation, and subject to the provisions of paragraph 8 (but excluding any personnel regularly employed by a party or a competitor of a party and any person whose testimony will consist of lay opinions rather than expert opinions);

(d)    Any individual who either prepared or received the Confidential Information prior to filing of this Action, as demonstrated by the Confidential Information itself or foundation testimony during a deposition or trial, but such individual shall not be permitted to retain any such documents or things or any copies thereof unless otherwise authorized to receive such information under this Protective Order;

(e)    Any certified shorthand or court reporters operating video equipment at depositions retained to report a deponent's testimony in this case;

(f)    Third-party contractors, including employees and agents thereof, involved solely in one or more aspects of organizing, filing, copying, coding, converting, sorting or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system;

(g)    The Court, including its clerks, reporters and staff;

(h)    The persons permitted under paragraph 14 below; and

(i)    Such other persons as hereafter may be designated by written agreement of all parties in this action or by order of the Court permitting such disclosure, such order obtained on noticed motion (or on shortened time as the Court may allow).

5.     <u>Disclosure of Attorneys-Eyes-Only Information</u>.

"Attorneys-Eyes-Only Information" may be disclosed by the receiving party to the following recipients only:

(a)     Outside counsel employed by the parties with responsibility for this action and their respective associates, clerks, legal assistants, stenographic and support personnel, and organizations retained by such attorneys to provide litigation support services in this action and the employees of said organization; notwithstanding the foregoing, individuals under this paragraph may not gain access to Attorneys-Eyes-Only Information if such individuals are currently involved in the preparation or prosecution of any applications related to the patents-in-suit or any patent application directed to [[PLAINTIFF's INSERT: <u>software for</u>]] variable digital printing; moreover, individuals under this paragraph gaining access to Attorneys-Eyes-Only Information shall be barred from preparing and prosecuting any applications related to the patents-in-suit and any patent applications directed to [[PLAINTIFF's INSERT: <u>software for</u>]] variable digital printing for a period of three (3) years after the conclusion of this action; for the purposes of this paragraph, "involved . . . in the preparation or prosecution" means controlling and/or influencing claim language and/or disclosure in any applications related to the patents-in-suit or any patent application directed to [[PLAINTIFF's INSERT: <u>software for</u>]] variable digital printing;

[[PLAINTIFF's INSERT:

(b)     <u>Two (2) designated in-house representatives for each side, as follows:</u>

(i)     <u>For R.R. Donnelley:     Theodore J. Theophilos and Thomas Pasternak, who have no role in making competitive decisions that would be informed by the type and scope of information that may be produced by Defendants under the Attorneys-Eyes-Only designation in this action, so long as they continue in the employment of R.R. Donnelley.</u>

7

(ii)    <u>For Defendants:  Two representatives of Defendants to be named who have no role in making competitive decisions that would be informed by the type and scope of information that may be produced by R.R. Donnelley under the Attorneys-Eyes-Only designation in this action, so long as such representatives continue in the employment of Defendants.</u>

(iii)    <u>If an individual identified in paragraphs 5(b)(i) or 5(b)(ii) above ceases employment of the respective party, that party shall notify the other parties in writing of such intent.  Any party objecting to a particular person being substituted having access to Attorneys-Eyes-Only Information may file a motion with the Court demonstrating good cause why such person should not be granted such access.  A motion challenging the right of a proposed substitute to access Attorneys-Eyes-Only Information shall be filed no later than seven (7) business days following receipt of the written notice required above.</u>]]

(c)    Independent experts and consultants, including the employees thereof, who are retained or consulted by counsel for any party solely for the purpose of assisting counsel in the litigation, and subject to the provisions of paragraph 8 (but excluding any personnel regularly employed by a party or a competitor of a party and any person whose testimony will consist of lay opinions rather than expert opinions);

(d)    Any individual who either prepared or received the Attorneys-Eyes-Only Information prior to filing of this Action, as demonstrated by the Attorneys-Eyes-Only Information itself or foundation testimony during a deposition or trial, but such individual shall not be permitted to retain any such documents or things or any copies thereof unless otherwise authorized to receive such information under this Protective Order;

(e)     Any certified shorthand or court reporters operating video equipment at depositions retained to report a deponent's testimony in this case;

(f)     Third-party contractors, including employees and agents thereof, involved solely in one or more aspects of organizing, filing, copying, coding, converting, sorting or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system;

(g)     The Court, including its clerks, reporters and staff;

(h)     The persons permitted under paragraph 14 below; and

(i)     Such other persons as hereafter may be designated by written agreement of all parties in this action or by order of the Court permitting such disclosure, such order obtained on noticed motion (or on shortened time as the Court may allow).

6.     Inspection/Marking.

In the event that the producing party elects to make documents available for inspection, the producing party need not mark the documents in advance of the inspection, and all such documents or other materials shall be treated as Designated Information until designated otherwise at the time that copies are provided to the receiving party.  Prior to producing the documents to the receiving party, the producing party shall mark copies of the selected documents with the appropriate designation.

In the event that the producing party elects to make documents available for inspection, the producing party shall produce to the receiving party documents selected for production in a diligent manner.

Any initial inspection of documents provided by a producing party shall not constitute a waiver of privilege or confidentiality of any document so inspected.

If inspection, measurement, testing, sampling, or photography of a party's or third party's processes, apparatuses, products, equipment, premises, or other property pursuant to Rule 34, Fed. R. Civ. P., will reveal or disclose information that is Designated Information, the producing party shall advise the party or parties seeking the discovery in advance that the inspection, measurement, testing, sampling, or photography will be permitted only on a confidential basis and that the material discovered and any information derived from that material shall be treated as Designated Information.  It shall be the responsibility of the party conducting the inspection, measurement, testing, sampling, or photography to affix the confidentiality legend to any resultant document that contains Designated Information, including, but not limited to, photographs, test results, samples, and notes.  Unless otherwise agreed by the parties or ordered by the Court, or otherwise designated confidential in accordance with the provisions of paragraph 3 of this Protective Order, any confidentiality is waived if the party or third party providing the discovery fails to advise the party or parties seeking the discovery in advance that any inspection, measuring, testing, sampling, or photographing will be permitted only on a confidential basis.

7.     Declarations; Violations.

Each person referred to in paragraphs 4(c) and 5(b) above, to whom Designated Information is to be given, shown, disclosed, made available or communicated in any way, shall execute a declaration, in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Protective Order.  The executed declarations shall be maintained by counsel for the party that has disclosed the Designated Information.

A party believing there has been a violation of this Protective Order must provide written notice of such belief to all other parties.  The parties thereafter shall informally attempt to resolve the matter promptly, but the responding party shall have at least five (5) business days to

investigate the assertion.  If the parties are unable to resolve the issue, then the party asserting that a violation occurred shall move the Court for relief and give written notice to all parties of its intent to so move.

8.    <u>Disclosure to Experts</u>.

At least five (5) business days prior to giving, showing, disclosing, making available or communicating Designated Information to any person referred to in paragraph 4(c), the disclosing party shall deliver to all other parties:  (i) a copy of the declaration (Exhibit A hereto) signed by the person to whom Designated Information is proposed to be disclosed; (ii) a copy of the consultant's current curriculum vitae; and (iii) a list of all cases within the last five (5) years in which the consultant provided an expert report or testimony.  Any other party shall be entitled to object to such disclosure within five (5) business days after service of the copy of the declaration of the person to whom Designated Information is to be disclosed by stating specifically in writing the reasons why that party believes such person should not receive Designated Information.  In the event of such an objection, no disclosure of Designated Information shall be made to such person for a period of five (5) business days following the date of service of the objection in order to permit the objecting party to move for an order that disclosure not be made to said persons or made only under certain conditions.  If no such motion is made in such time and manner, Designated Information may be disclosed to such person for the purpose and upon the conditions therein stated.  If such a motion is made, there shall be no disclosure to such person until the Court has ruled upon the motion, and then only in accordance with the ruling so made.  The filing and pendency of such motion shall not limit, delay or defer any disclosures of the Designated Information to persons as to whom no such objection has been made.

It is understood and agreed that if a party identifies a person as an expert pursuant to this Protective Order, no other party shall contact the expert nor subject the expert to discovery to inquire into matters arising within the expert's consultation with the identifying party, except as provided under the Federal Rules of Civil Procedure.

9.    Use.

Designated Information shall be used by the party and persons to whom it is disclosed solely in conducting this action and any appellate proceeding related thereto. Designated Information shall not be used by such party or persons for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further order of the Court.  No person who is furnished Designated Information shall disclose it to any person not entitled under this Protective Order to receive it.

10.    Inadvertent Production.

Inadvertent production of a privileged or confidential document or a document immune from discovery as work product within the meaning of Rule 26, Fed. R. Civ. P. does not constitute a waiver of such privileged, confidential, or immune status.  No party shall be held to have waived any rights by such inadvertent production.   If a party inadvertently produces documents or information that it considers privileged or otherwise protected from disclosure, in whole or in part, or learns of the production of documents or information containing what it believes to be privileged or otherwise protected from disclosure, the party may retrieve such documents or information as follows:

(a)    Within ten (10) days of the date of discovery of the inadvertent disclosure, the party shall give written notice to all other parties of the claimed privilege or other protection from disclosure, as well as the factual basis for asserting it.

(b)      Any party who has received the document or information at issue shall promptly return all copies to the producing party upon receiving such written notice. In the event that only part of a document is claimed to be privileged or otherwise protected from disclosure, the party giving notice shall also furnish to the other parties who have received the document a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected.

(c)      The provisions of subparagraphs (a) and (b) above are without prejudice to any other rights any party may have with respect to challenging or defending any claim of privilege or protection from disclosure.

11.      <u>Court Procedures</u>.

(a)      Pleadings or other papers which contain or incorporate Confidential Information shall be filed in sealed envelopes or other appropriate containers on which shall be endorsed the title of the action to which they pertain, an indication of the nature of the contents of the sealed envelope or other container, the word 'CONFIDENTIAL,' and a statement substantially in the following form:

> THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE COURT, CONTAINS CONFIDENTIAL INFORMATION AND IS NOT TO BE OPENED NOR THE CONTENTS REVEALED EXCEPT BY ORDER OF THE COURT.

(b)      Pleadings or other papers which contain or incorporate Attorneys-Eyes-Only Information shall be filed in sealed envelopes or other appropriate containers on which shall be endorsed the title of the action to which they pertain, an indication of the nature of the contents of the sealed envelope or other container, the word 'ATTORNEYS-EYES-ONLY,' and a statement substantially in the following form:

> THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE COURT, CONTAINS ATTORNEYS-EYES-ONLY

13

INFORMATION AND IS NOT TO BE OPENED NOR THE CONTENTS REVEALED EXCEPT BY ORDER OF THE COURT.

(c)      Any Court hearing which refers to or describes Designated Information shall in the Court's discretion be held *in camera*.

12.    <u>Party's Own Information</u>.

The restrictions on the use of Designated Information established by this Protective Order are applicable only to the use by a party of Designated Information received from any other party.  A party is free to do whatever it desires with its own information.

13.    <u>Removal</u>.

A party may seek to remove particular items of Designated Information provided by the other party from this Protective Order.  In such event, the following procedure shall be utilized:

(a)      The party or person seeking such removal shall give counsel of record for the other party written notice thereof, supported by reasons therefor specifying the document, information or other thing as to which such removal is sought;

(b)      If the parties cannot reach agreement concerning the matter within seven (7) business days after delivery (or in the case of mailing, ten (10) business days after delivery) of the notice, then the party seeking the removal of Designated Information from this Protective Order may file and serve a motion, not to exceed three (3) pages, for an order of this Court for appropriate relief.

No party shall be obligated to challenge the propriety of the designation of any material as Designated Information upon its production in this case, and failure to so challenge shall not preclude any subsequent objection to such designation, or any motion for leave to

disclose such material or the information contained therein to persons not referred to in this Protective Order, or from otherwise modifying the provisions of this Protective Order.

14.    <u>Disclosure to Author, Addressee or Party</u>.

Nothing herein shall prohibit a party or its counsel from disclosing a document which is Designated Information to the person who is the author or addressee of such document, or people copied thereon.

15.    <u>Exclusion from Deposition</u>.

Whenever any document, information or other thing designated as Designated Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive such document, information or other thing designated as Designated Information.

16.    <u>No Waiver</u>.

Neither the taking, nor the failure to take, any action to enforce the provisions of this Protective Order, nor the failure to object to any designation or to any such action or omission, shall constitute a waiver of a right to seek and obtain protection and/or relief, other than as specified herein, of any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection, or that such information embodies trade secrets of any party.  The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve any party of the necessity of proper response to discovery devices.

17.    <u>No Waiver of Privilege</u>.

Nothing in this Protective Order shall be deemed a waiver of the attorney-client, work product or other privilege or immunity, or of the right of any party to this action to oppose

production of any information or documents as being outside the scope of discovery authorized by the Federal Rules of Civil Procedure or otherwise.

18.     <u>No Limit on Parties' Rights to Discovery</u>.

Nothing in this Protective Order shall be construed to limit, restrict or otherwise affect the ability of the parties to seek the production of documents, testimony or any other information from any source.

19.     <u>Advice of Counsel to Party</u>.

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on Designated Information provided, however, that in rendering such advice, counsel shall not produce to their client any such materials or disclose the information contained therein, except insofar as allowed (if allowed at all) under the terms of this Protective Order.

20.     <u>Disclosure of Designated Information to Unauthorized Person</u>.

If Designated Information is disclosed to any person other than those entitled to disclosure in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the designating party in writing of all pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure by the unauthorized person(s).  Notwithstanding the foregoing, counsel of record are responsible for employing reasonable measures to control, consistent with this Protective Order, duplication of, access to, and distribution of Designated Information.  Nothing in this Protective Order shall prevent a party from moving the Court for an order of contempt or other such relief, including damages, for any violation of this Protective Order.

21.     <u>Return of Information</u>.

Upon final termination of this action, including all appeals, all Designated Information and all documents which reflect such information (except as provided below), and a list of all persons who signed declarations in respect thereto, upon the request of the party furnishing such Designated Information, (i) shall be delivered to the party that furnished such Designated Information or (ii) shall be destroyed, in lieu of delivery to the furnishing party, in which event counsel shall give written notice of such destruction to opposing counsel.  In no event shall a party retain a copy of the Designated Information produced to it, except that outside litigation counsel may keep one copy of pleadings containing confidential information for archival purposes.  The Clerk of the Court may return or destroy any sealed information provided during the course of the litigation at its termination.  Nothing in this Protective Order requires the return or destruction of attorney work-product or attorney-client communications of any party which is maintained and stored by counsel in the regular course of business.

22.    <u>Court's Jurisdiction</u>.

The Court retains jurisdiction to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.  The provisions of this Protective Order regarding the use and/or disclosure of Designated Information shall survive the termination of this action, and the Court shall retain jurisdiction with respect to this Protective Order.

23.    <u>Amendment</u>.

Any party may move the Court to amend this Protective Order at any time. Moreover, parties entering into this Protective Order will not be deemed to have waived any of their rights to seek later amendment to this Protective Order.

Respectfully submitted,

## DRAFT FOR DISCUSSION AMONG COUNSEL

/s/_____

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT &
TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com

Bradford J. Badke
Stuart W. Yothers
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY  10020
(212) 596-9000

Steven A. Kaufman
ROPES & GRAY LLP
One International Place
Boston, MA  02110
(617) 951-7000

*Attorneys for Plaintiff*
*R.R. Donnelley & Sons Company*

Dated:  April __, 2006

/s/_____

Frederick L. Cottrell, III (#2555)
Gregory E. Stuhlman (#4765)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
Telephone: (302) 651-7700
cottrell@rlf.com

Richard McMillan, Jr.
Jeffrey D. Sanok
Brian M. Koide
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
(202) 624-2500

*Attorneys for Defendants Creo, Inc.,*
*Eastman Kodak Company, and Kodak*
*Graphic Communications Company*

IT IS SO ORDERED THIS _____ DAY OF _____ 2006.

_____

Judge Joseph J. Farnan

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| R.R. DONNELLEY & SONS COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 06-cv-032-JJF |
| QUARK, INC., CREO, INC., EASTMAN KODAK COMPANY, AND KODAK GRAPHIC COMMUNICATIONS COMPANY, | ) | |
| Defendants. | ) | |
| CREO, INC., EASTMAN KODAK COMPANY, AND KODAK GRAPHIC COMMUNICATIONS COMPANY, | ) | |
| Counterclaim-Plaintiffs, | ) | |
| v. | ) | |
| R.R. DONNELLEY & SONS COMPANY, | ) | |
| Counterclaim-Defendant. | ) | |

## UNDERTAKING OF _____
## FOR RECEIPT AND USE OF CONFIDENTIAL [OR ATTORNEYS-EYES-ONLY] INFORMATION

STATE OF          )
                  : ss.:
COUNTY OF         )

      I, _____, being duly sworn, state that:

1.      My address is _____.  My present

employer is _____ and the address of my present employment is

_____.  My present occupation is _____.

2.      I have received a copy of the Protective Order in this action.  I have

carefully read and understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order.  I will hold

in confidence, will not disclose to anyone not qualified under the Protective Order, and will use

only for purposes of this action, any Confidential Information [or Attorneys-Eyes-Only

Information], including the substance and any copy, summary, abstract, excerpt, index, or

description of such material, that is disclosed to me.

4.      I will return all Confidential Information [or Attorneys-Eyes-Only

Information] that comes into my possession, and all documents and things that I have prepared

relating thereto, to counsel for the party by whom I am employed or retained or from whom I

received such material.

5.      I hereby submit to the jurisdiction of this Court for the purpose of

enforcement of the Protective Order in this action.


_____
[Signature]


Sworn and subscribed to
before me this _____ day
of _____, 2006.


_____
Notary Public

3231491_1

3

EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| R.R. DONNELLEY & SONS COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 06-cv-032-JJF |
| QUARK, INC., CREO, INC., EASTMAN KODAK COMPANY, AND KODAK GRAPHIC COMMUNICATIONS COMPANY, | ) | |
| Defendants. | ) | |
| CREO, INC., EASTMAN KODAK COMPANY, AND KODAK GRAPHIC COMMUNICATIONS COMPANY, | ) | |
| Counterclaim-Plaintiffs, | ) | |
| v. | ) | |
| R.R. DONNELLEY & SONS COMPANY, | ) | |
| Counterclaim-Defendant. | ) | |

**DECLARATION OF THEODORE J. THEOPHILOS IN SUPPORT OF
ACCESS TO ATTORNEYS-EYES-ONLY INFORMATION**

I, Theodore J. Theophilos, hereby declare as follows:

1.      I am employed by R.R. Donnelley & Sons Company ("R.R. Donnelley").
My title is Group President, Corporate Strategic Initiatives. I have served in this capacity since
April 2005, and as an officer of R.R. Donnelley since its merger with Moore Wallace
Incorporated in February 2004. I submit this declaration in support of being granted access to
information produced by Creo, Inc., Eastman Kodak Company, and Kodak Graphic

Communications Company (collectively referred to herein as "Defendants") and designated as "Attorneys-Eyes-Only" in the above-captioned litigation (hereinafter "AEO Information").

2.    I am admitted to the Bars of Illinois, New York and California. From June of 1979 to February of 1996, I practiced law with the law firm of Sidley, Austin, Brown and Wood. Following my resignation from the partnership with Sidley & Austin, I have had various roles and responsibilities with corporations including: The A.C. Nielsen Company, True North Communications, E*Trade Financial Group and Palm, Inc.

3.    As an attorney admitted to the Bars of three states, I understand ethical obligations and the need to strictly comply with the terms of a protective order.

4.    My current position at R.R. Donnelley is Group President, Corporate Strategic Initiatives, in which I advise R.R. Donnelley on company-wide business initiatives and opportunities for growth. More specifically, in this role, I have supervisory responsibilities for research and development and applications engineering and other strategic initiatives of R. R. Donnelley.

5.    With regard to the one aspect of AEO Information dealing with technology, i.e., source code, I have no training or ability that would enable me to read it or comprehend it. Nonetheless, I will refrain from reviewing the source code or any document describing the source code.

6.    While my current job function at R.R. Donnelley does not require me to practice law, I play a key role, along with Thomas Pasternak, R.R. Donnelley's Vice President, Chief Patent Counsel, in managing this litigation. In collaboration with in-house and outside counsel, I participate in the development and execution of R.R. Donnelley's strategy in patent

litigation. I directly advise R.R. Donnelley's management relating to the avoidance, defense or prosecution of patent litigation claims.

7.      I expect myself or Mr. Pasternak to be involved in every significant decision and to participate in the drafting or review of every important pleading, motion, memoranda of law, discovery response and other court filing. I do not believe that I can fulfill my obligations to R.R. Donnelley without access to all documents and evidence produced in this litigation.

8.      It is my understanding that Defendants and R.R. Donnelley are not competitors in the sale of software for variable digital printing.

9.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: June 19, 2006

Theodore J. Theophilos

3231061_1

EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY,<br><br>   Plaintiff,<br><br>   v.<br><br>QUARK, INC., CREO, INC., EASTMAN<br>KODAK COMPANY, AND KODAK GRAPHIC<br>COMMUNICATIONS COMPANY,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| CREO, INC., EASTMAN KODAK COMPANY,<br>AND KODAK GRAPHIC COMMUNICATIONS<br>COMPANY,<br><br>   Counterclaim-Plaintiffs,<br><br>   v.<br><br>R.R. DONNELLEY & SONS COMPANY,<br><br>   Counterclaim-Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 06-cv-032-JJF

**DECLARATION OF THOMAS G. PASTERNAK, ESQ. IN SUPPORT OF**
**ACCESS TO ATTORNEYS-EYES-ONLY INFORMATION**

I, Thomas G. Pasternak, hereby declare as follows:

1.   I am employed by R.R. Donnelley & Sons Company ("R.R. Donnelley").

My title is Vice President, Chief Patent Counsel. I have served in this capacity since

February 2006. I submit this declaration in support of being granted access to information

produced by Creo, Inc., Eastman Kodak Company, and Kodak Graphic Communications

Company (collectively referred to herein as "Defendants") and designated as "Attorneys-Eyes-

Only" in the above-captioned litigation (hereinafter "AEO Information").

2.      I am admitted to the Bars of Illinois and Michigan.  From 2000 to 2006, I actively practiced law with the law firm of Kirkland & Ellis LLP.  In January 2006, I resigned my position of partner with Kirkland & Ellis to join R.R. Donnelley in my current role.  As an attorney admitted to the Bars of two states, I understand my ethical obligations as an attorney, and the need to strictly comply with the terms of a protective order.

3.      In my role as Chief Patent Counsel, I supervise the legal decision-making related to R.R. Donnelley's intellectual property portfolio and its enforcement.

4.      I report directly to Suzanne Bettman, Senior Vice President & General Counsel of R.R. Donnelley.  I do not report directly to any business person with direct responsibility for competitive decision-making, i.e., for pricing, marketing, product design, scientific research, strategic planning or the like, for software products for variable digital printing.

5.      My role at R.R. Donnelley is one of a legal advisor, and I am part of R.R. Donnelley's litigation team for this case.  Along with Theodore Theophilos, I take an active day-to-day role in this litigation.  I expect myself or Mr. Theophilos to be involved in every significant decision and to participate in the drafting or review of every important pleading, motion, memoranda of law, discovery response and other court filing.  I do not believe that I can fulfill my professional obligations to R.R. Donnelley without access to all documents and evidence produced in this litigation.

6.      In my role as Chief Patent Counsel, I help set, develop, and execute R.R. Donnelley's strategy in patent litigation.  I directly advise R.R. Donnelley's management relating to the avoidance, defense or prosecution of patent litigation claims.  Outside counsel rarely meet with R.R. Donnelley's management to discuss patent litigation issues.

7.      It is my understanding that Defendants and R.R. Donnelley are not direct competitors in the subject matter of this suit, i.e., software for variable digital printing. Therefore, there is no need for me to segregate Highly Confidential Information from other information I rely on to render advice on a daily basis.  There should be no overlap between the two, and my need for access to Highly Confidential Information is solely for the purposes of managing outside counsel and advising R.R. Donnelley with respect to the on-going patent litigation.

8.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: June 19, 2006

_____
Thomas G. Pasternak, Esq.