IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>QUARK, INC., CREO, INC., EASTMAN KODAK COMPANY, AND KODAK GRAPHIC COMMUNICATIONS COMPANY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     C.A. No. 06-cv-032-JJF |

## MOTION TO COMPEL DISCOVERY

Pursuant to Fed. R. Civ. P. 37(a), and the Discovery Dispute Procedures provided in paragraph 5 of the Rule 16 Scheduling Order (D.I. 26), plaintiff R.R. Donnelley & Sons Company ("R.R. Donnelley") moves for an order compelling defendants Creo, Inc. ("Creo"), Eastman Kodak Company ("Kodak"), and Kodak Graphic Communications Company ("KGCC") (collectively "Defendants") to provide complete responses to R.R. Donnelley's First Set of Requests for the Production of Documents and Things (hereinafter "Document Requests") and First Set of Interrogatories (hereinafter "Interrogatories"). Defendants' responses to the Document Requests and Interrogatories -- which are insufficient for the reasons discussed below -- are attached as Exhibits A and B, respectively. The bases for this motion are as follows:

1.    On May 1, 2006, R.R. Donnelley served on Defendants its Document Requests[1] and Interrogatories.[2]

---

[1]    In its Document Requests, among other things, R.R. Donnelley sought documents (a) concerning the design, use, and creation of Defendants' Software Products -- defined as "Creo Darwin (for both QuarkXPress and Adobe InDesign), Kodak NexTreme DL-100 Variable Data Software, Kodak NexTreme DL-1000 Variable Data Software, Composer," and any other software product designed, marketed, sold, offered for sale, made, used or imported by Defendants intended to enable Variable Digital Printing; (b) concerning Defendants' marketing,

2.    Defendants served responses to R.R. Donnelley's requests on June 12, 2006.    The responses were almost entirely non-responsive.    The incomplete answers were particularly troubling because R.R. Donnelley granted Defendants an extension of two weeks in which to respond to the discovery requests -- understanding that Defendants would be using that time to compile complete responses.

3.    Defendants have raised a number of improper objections in refusing to respond adequately to R.R. Donnelly's Document Requests and Interrogatories.

4.    First, Defendants objected to each and every Document Request and Interrogatory on the grounds that each was "premature as a protective order has not yet been entered" (Ex. A, General Objection ("G.O.") No. 7; Ex. B, G.O. No. 4).    Specifically, Defendants stated that responsive documents containing confidential information will only be produced "after the entry of a suitable protective order" (Exs. A and B).    Del. L.R. 26.2 provides a contingency for this very situation, *i.e.*, disclosure of confidential material will be limited to members and employees of the firm of trial counsel who have entered an appearance.    Therefore, this objection is improper and unwarranted.

5.    Second, in response to Interrogatory Nos. 1-12, Defendants objected that each interrogatory is "a premature contention interrogatory given that fact discovery has just

---

display, or demonstration of their Software Products; (c) relating to licenses or business negotiations concerning Defendants' Software Products; and (d) relating to the revenue generated by Defendants' Software Products.

[2]    In its Interrogatories, among other things, R.R. Donnelley sought Defendants' contentions regarding the claims and defenses asserted in their Answer, Affirmative Defenses and Counterclaims (D.I. 18).  Namely, R.R. Donnelley sought Defendants' contentions for stating that:  (a) R.R. Donnelley has failed to state a claim upon which relief may be granted; (b) Defendants neither directly nor indirectly infringed any claim of the patents-in-suit; (c) one or more of the patents-in-suit is invalid; (d) R.R. Donnelley is estopped from alleging that Defendants infringe because of prosecution history estoppel; and (e) R.R. Donnelley's claims are barred in whole or in part by the doctrines of laches, equitable estoppel, waiver, prosecution laches, license and/or implied license, unclean hands, and 35 U.S.C. §§ 286 and/or 287.

commenced and that RRD -- not Creo -- initiated suit" (Ex. B). Defendants then stated that they would respond "at the appropriate time in the litigation" (Ex. B).

6.    The contentions sought by R.R. Donnelley's Interrogatory Nos. 1-12 relate to allegations made in Defendants' Answer, Affirmative Defenses, and Counterclaim (D.I. 18), which was filed March 8, 2006. Surely, Defendants had good faith bases for these allegations.

7.    Third, in response to Interrogatory Nos. 15 and 16, Defendants objected to the breadth of the term "all." Rather than attempt to provide a reasonable answer, Defendants simply refused to respond to these interrogatories. There is no legal basis for Defendants' wholesale denial of any meaningful response.

8.    Fourth, in response to Interrogatory Nos. 2, 3, 13, 15 and 16 and Document Request Nos. 4-18, 21-24, 27, 28, 30-32, 36 and 38-41, Defendants refuse to produce documents or respond to interrogatories about any product other than "Darwin Desktop," because "[t]he Complaint only references 'Darwin Desktop' software."

9.    R.R. Donnelley's Complaint clearly states "[b]y its actions, ***including*** the sale of Darwin, Creo has infringed . . ." (D.I. 1, ¶¶ 27, 32, 37, and 42) (emphasis added). Nothing in the Complaint limits R.R. Donnelley's Document Requests or Interrogatories to Darwin Desktop. Similarly, nothing in the Federal Rules of Civil Procedure, nor in the Local Rules of this Court, permits Defendants to limit discovery in this way.

10.    Moreover, R.R. Donnelley's Document Requests and Interrogatories sought information about Defendants' hardware sales and how those hardware sales have been used to contribute to infringement of the patents-in-suit by others and to induce others to infringe the patents-in-suit. Defendants have also refused to produce this information on the grounds that "[t]he Complaint only references 'Darwin Desktop.'" Again, there is no basis in the Complaint,

the Federal Rules, or the Local Rules of this Court that would allow Defendants to limit discovery in the way they have attempted to do so in their responses.

11.     Plaintiff's counsel sent a letter to Defendants' counsel on June 15, 2006 (dated June 13, 2006) outlining these deficiencies (Ex. C), and requesting complete responses by June 19, 2006.

12.     Brian Koide, Defendants' counsel, telephoned Bradford J. Badke, Plaintiff's counsel, on June 19, 2006.  Mr. Badke agreed to give Defendants' counsel a day to provide complete responses or determine when they could provide complete responses.

13.     On June 20, 2006, Stuart W. Yothers, Plaintiff's counsel, sent an e-mail to Mr. Koide seeking their response (Ex. D).

14.     On June 21, 2006, Mr. Koide telephoned Mr. Yothers and left a message indicating that Defendants would supplement their responses, but failed to give a firm date for doing so and failed to indicate how the responses would be supplemented.  Because Defendants have been given more than adequate time to respond (*i.e.*, the 30 days permitted by the Federal Rules, a stipulated extension of 12 days, and the eight days since they served their responses), Defendants should be ordered to comply with their discovery obligations and supplement their responses immediately.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  *Attorneys for Plaintiff*
  *R.R. Donnelley & Sons Company*

- 4 -

OF COUNSEL:

Bradford J. Badke
Stuart W. Yothers
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY  10020
(212) 596-9000

Steven A. Kaufman
ROPES & GRAY LLP
One International Place
Boston, MA  02110
(617) 951-7000

June 21, 2006

525888

## **RULE 7.1.1 CERTIFICATE**

I hereby certify that counsel for plaintiff has discussed the subject of the foregoing motion with counsel for defendants, and the parties have not been able to reach agreement on the issues raised in the motion.

*/s/ Rodger D. Smith II*
_____
Rodger D. Smith II

June 21, 2006

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 21, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Frederick L. Cottrell III
> Richards Layton & Finger

I also certify that copies were caused to be served on June 21, 2006, upon the following in the manner indicated:

### <u>BY HAND</u>

> Frederick L. Cottrell III
> Richards Layton & Finger
> One Rodney Square
> 920 N. King Street
> Wilmington, DE  19801


                                    */s/ Rodger D. Smith II*
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>QUARK, INC., CREO, INC., EASTMAN KODAK COMPANY, and KODAK GRAPHIC COMMUNICATIONS COMPANY,<br><br>Defendants.<br><br>─────────────────────<br><br>CREO, INC., EASTMAN KODAK COMPANY, and KODAK GRAPHIC COMMUNICATIONS COMPANY,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>R.R. DONNELLEY & SONS COMPANY,<br><br>Counterclaim-Defendants, | C. A. No. 06-032-JJF |

### CREO, INC.'S, EASTMAN KODAK COMPANY'S, AND KODAK GRAPHIC COMMUNICATIONS COMPANY'S RESPONSE TO R.R. DONNELLEY & SONS COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Creo, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company ("Creo") responds as follows to the First Set of Requests for the Production of Documents and Things to Defendants Creo, Inc., Eastman Kodak Company, and Kodak Graphics Communications Company ("the Requests") propounded by R.R. Donnelley & Sons Company ("RRD"):

## I.    GENERAL RESPONSES

Creo's response to the Requests is made to the best of Creo's current employees' present knowledge, information, and belief.  Said response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Creo's recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from its further discovery or investigation.

1.    Creo reserves the rights to make any use of, or to introduce at any hearing or proceeding, documents responsive to the Requests but discovered subsequent to the date of Creo's initial production, including, but not limited to, any documents obtained in discovery herein.

2.    Creo will respond to each of the Requests with documents currently in its possession, custody, or control.  By stating in these responses that Creo will produce non-privileged documents or is searching for documents, Creo does not represent that any document actually exists, but rather that it will make a good-faith search and attempt to ascertain whether documents responsive to the Requests do, in fact, exist.

3.    Creo reserves the right to decide whether the documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the Requests, in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.    Creo reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent hearing or proceeding of this or any other action for any purpose whatsoever of this response and any document or thing produced in response to the Requests.

- 2 -

5.    Creo reserves the right to object on any ground at any time to such other or supplemental requests for production as defendant may at any time propound involving or relating to the subject matter of the Requests.

## II.    GENERAL OBJECTIONS

Creo makes the following general objections, whether or not separately set forth in response to each of the Requests:

1.    Creo objects generally to the Requests insofar as they seek production of documents or information protected by the attorney-client privilege and/or the work product doctrine.  Such documents or information shall not be produced in response to any request, and any inadvertent production thereof shall not be deemed a waiver of any privilege with respect to such documents or information or of any work product doctrine which may attach thereto.

2.    Creo objects to the introductory definitions and instructions to the Requests to the extent the definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific request, on the ground that such enlargement, expansion, or alteration renders the request vague, ambiguous, unintelligible, unduly broad, and uncertain.

3.    Creo objects to all instructions, definitions, and document requests to the extent they seek documents not currently in Creo's possession, custody, or control, or refer to persons, entities, or events not known to Creo, on the grounds that such instructions, definitions, or requests seek to require more of Creo than any obligation imposed by law, would subject to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Creo an obligation to investigate or discover information or materials from third parties or sources who are equally accessible to defendant.

- 3 -

4.      Creo objects to the requests to the extent they seek "all" documents and things as unduly burdensome and overly broad.  Creo will make a good-faith effort to conduct a reasonable search of documents and things within its possession, custody, or control.  Such good-faith efforts will include identifying – to the best of Creo's ability – relevant Creo individuals with knowledge relevant to the claim or defense of any party or the subject matter of the action, and searching documents of within the possession of those individuals.

5.      Creo objects to Instruction 3 of the Requests as unduly burdensome to the extent it seeks privilege log entries for documents created after the filing of this lawsuit.

6.      Creo objects to the timing of production as unduly burdensome and will produce documents at time and place that is mutually agreeable to the parties.

7.      Creo objects to the Requests as premature as a protective order has not yet been entered.  Responsive, non-privileged documents containing or reflecting information that is private, business confidential, proprietary, trade secret or otherwise protected from disclosure pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure will be produced – to the extent such documents exist – only after the entry of a suitable protective order.

## III.    SPECIFIC OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTIONS

### REQUEST FOR PRODUCTION NO. 1

All documents and things referring to the patents-in-suit.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Subject to the foregoing general objections, Creo will produce non-privileged documents and things responsive to the request.

**REQUEST FOR PRODUCTION NO. 2**

All documents and things that refer to the claimed subject matter of the patents-in-suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Creo objects to the term "claimed subject matter" as vague and ambiguous. Subject to the foregoing general and specific objections, Creo will produce non-privileged documents and things responsive to the request.

**REQUEST FOR PRODUCTION NO. 3**

All documents and things that refer to Defendants' knowledge of the patents-in-suit, including but not limited to the circumstances under which Defendants first became aware of the existence of the patents-in-suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Subject to the foregoing general objections, Creo will produce non-privileged documents and things responsive to this request.

**REQUEST FOR PRODUCTION NO. 4**

All documents and things that refer to the conception, research, design, development, or commercialization of Defendants' Software Products, including but not limited to development meeting notes, status reports, committee meeting minutes, testing reports, simulations, developers' notes and notebooks, project schedules, meeting presentations and specifications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the request as seeking information defined by the term "Defendants' Software Products." The Complaint only references "Darwin Desktop" software. Moreover, Creo objects to the term "commercialization" as vague and ambiguous. Subject to the foregoing general and specific

objections, Creo will produce non-privileged documents and things that refer to the conception, research, design, development, or first commercialization of Darwin software.

## REQUEST FOR PRODUCTION NO. 5

All documents and things that refer to the operation, function, or performance of Defendants' Software Products, including but not limited to all user guides, reference manuals, product manuals, product descriptions, technician's guides, installation guides, and technical manuals.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the request as seeking information defined by the term "Defendants' Software Products." The Complaint only references "Darwin Desktop" software. Subject to the foregoing general and specific objections, Creo will produce non-privileged documents and things that refer to the operation, function, or performance of Darwin software.

## REQUEST FOR PRODUCTION NO. 6

Compilable source code for each of Defendants' Software Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the request as seeking information defined by the term "Defendants' Software Products." The Complaint only references "Darwin Desktop" software. Subject to the foregoing general and specific objections, Creo will produce source code for Darwin software.

## REQUEST FOR PRODUCTION NO. 7

All documents and things that refer to any instructions, information or directions Defendants provide to any of their customers (including those available on Defendants' websites) concerning how to use each and/or all of Defendants' Software Products, Third Party Software Products, and Defendants' Hardware Products where the hardware instructions refer to any software used for Variable Digital Printing.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7

Creo objects to the request as overly broad and unduly burdensome and not relevant to

the claim or defense of any party or the subject matter of the action.  In particular, Creo objects

to the request as seeking information defined by the terms "Defendants' Software Products,

Third Party Software Products, and Defendants' Hardware Products" and the reference to

"hardware instructions refer to any software used for Variable Digital Printing."  The Complaint

only references "Darwin Desktop" software.

## REQUEST FOR PRODUCTION NO. 8

Defendants' Hardware Products, Defendants' Software Products and any Third Party Software Products that Defendants mention in any product literature or communication to be compatible with Defendants' Hardware Products for Variable Digital Printing.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8

Creo objects to the request as overly broad and unduly burdensome and not relevant to

the claim or defense of any party or the subject matter of the action.  First, Creo objects to the

request as seeking information defined by the terms "Defendants' Hardware Products,"

"Defendants' Software Products," and "Third Party Software Products."  The Complaint only

references "Darwin Desktop" software.  Second, Creo objects to the request to the extent it seeks

all such products without any restriction as to providing a representative sample.  Third, the cost

and burden of producing even a sample – especially for the hardware products – would be

prohibitive.  Creo also objects to this request as vague and ambiguous as to the term

- 7 -

"communication" and "compatible." Subject to the foregoing general and specific objections, Creo will produce one sample of Darwin software.

## REQUEST FOR PRODUCTION NO. 9

All documents and things that refer to the past, present, or future market for Defendants' Software Products, Third Party Software Products, and Defendants' Hardware products including but not limited to business plans, market plans, market analyses, market studies, commercial studies, product plans, profit plans, and demand studies and surveys.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9

Creo objects to the request as overly broad and unduly burdensome and not relevant to

the claim or defense of any party or the subject matter of the action. In particular, Creo objects

to the request as seeking information defined by the terms "Defendants' Hardware Products,"

"Defendants' Software Products," and "Third Party Software Products." The Complaint only

references "Darwin Desktop" software. Creo also objects to the request as overly broad and

unduly burdensome because there is no reasonable time frame limitation. Subject to the

foregoing general and specific objections, Creo will produce non-privileged documents and

things dated 2001 or later that refer to the market for Darwin software.

## REQUEST FOR PRODUCTION NO. 10

All documents and things that refer to the promotion, marketing or advertising of Defendants' Software Products and Defendants' Hardware Products, including but not limited to promotional, marketing, advertising or licensing plans, documents reflecting amounts budgeted or spent for such promotion, marketing, or advertising, and all advertisements, marketing materials and promotional materials used by each and/or all of Defendants for each of Defendants' Software Products and each of Defendants' Hardware Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10

Creo objects to the request as overly broad and unduly burdensome and not relevant to

the claim or defense of any party or the subject matter of the action. In particular, Creo objects

to the request as seeking information defined by the terms "Defendants' Hardware Products,"

and "Defendants' Software Products." The Complaint only references "Darwin Desktop" software. Moreover, even if limited to Darwin software, the request is overly broad as it seeks "[a]ll documents and things that refer to the promotion, marketing or advertising." Creo also objects to the request as overly broad and unduly burdensome because there is no reasonable time frame limitation. Subject to the foregoing general and specific objections, Creo will produce promotional, marketing, advertising or licensing plans, and advertisements, marketing materials and promotional materials that refer to Darwin software, provided that such documents were created or distributed after 2001.

## REQUEST FOR PRODUCTION NO. 11

All documents and things that refer to the promotion, encouragement, marketing, advertising, or efforts to inform the purchase of Third Party Software Products by purchasers or prospective purchasers of Defendants' Hardware Products, including but not limited to promotional, marketing, advertising or licensing plans, documents reflecting amounts budgeted or spent for such promotion, marketing or advertising, and all advertisements, marketing materials and promotional materials used by each and/or all of Defendants for each of the Third Party Software Products disclosed to purchasers or prospective purchasers by Defendants of Defendants' Hardware Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the request as seeking information defined by the terms "Defendants' Hardware Products," "Defendants' Software Products," and "Third Party Software Products." The Complaint only references "Darwin Desktop" software.

## REQUEST FOR PRODUCTION NO. 12

All documents and things that refer to Defendants' existing partnerships or plans to partner with XMPie, Atlas Software, Datalogics, GMC Software, Pageflex, PrintSoft, and Exstream, regarding any software to be used in conjunction with any of Defendants' Hardware Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the request as seeking information referring to "XMPie, Atlas Software, Datalogics, GMC Software, Pageflex, PrintSoft, and Exstream" and "Defendants' Hardware Products." The Complaint only references "Darwin Desktop" software.

## REQUEST FOR PRODUCTION NO. 13

All documents and things that refer to amounts budgeted or spent or revenues received in connection with partnering with XMPie, Atlas Software, Datalogics, GMC Software, Pageflex, PrintSoft, and Exstream, to provide or market software for Variable Digital Printing.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the request as seeking information referring to "XMPie, Atlas Software, Datalogics, GMC Software, Pageflex, PrintSoft, and Exstream." The Complaint only references "Darwin Desktop" software.

## REQUEST FOR PRODUCTION NO. 14

All documents and things concerning actual, estimated and/or projected gross revenues, net revenues, standard costs, incremental costs, gross profit, net profit, and margins related to Defendants' Software Products and Defendants' Hardware Products, in units and dollars, both in the United States, on a monthly, quarterly and annual basis, including but not limited to revenues obtained from contracts or agreements associated with sales of Defendants' Software Products and Defendants' Hardware Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the request as seeking information referring to "Defendants' Software Products" and

"Defendants' Hardware Products." The Complaint only references "Darwin Desktop" software. Moreover, Creo objects to the phrase "[a]ll documents and things" as overly broad and unduly burdensome in this context. Creo also objects to the request as overly broad and unduly burdensome because there is no reasonable time frame limitation. Subject to the foregoing general and specific objections, Creo will produce non-privileged documents sufficient to show and/or sufficient to calculate gross revenues, net revenues, standard costs, incremental costs, gross profit, net profit, and margins for Darwin software from 2001.

### REQUEST FOR PRODUCTION NO. 15

All documents and things that refer to pricing or licensing of Defendants' Software Products and Defendants' Hardware Products, including but not limited to documents and things relating to product pricing, licensing strategies, pricing and licensing decisions, price changes, price lists, licensing terms, and license agreements for Defendants' Software Products and Defendants' Hardware Products.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 15

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the request as seeking information referring to "Defendants' Software Products" and "Defendants' Hardware Products." The Complaint only references "Darwin Desktop" software. Moreover, Creo objects to the phrase "[a]ll documents and things" as overly broad and unduly burdensome in this context. Creo also objects to the request as overly broad and unduly burdensome because there is no reasonable time frame limitation. Subject to the foregoing general and specific objections, Creo will produce non-privileged documents sufficient to show the pricing or licensing of Darwin software from 2001.

### REQUEST FOR PRODUCTION NO. 16

Documents and things sufficient to establish the sale and license price(s) of Defendants' Software Products and Defendants' Hardware Products (by calendar quarter or the shortest other period by which each and/or all of the Defendants keeps such records).

- 11 -

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the request as seeking information referring to "Defendants' Software Products" and "Defendants' Hardware Products." The Complaint only references "Darwin Desktop" software. Creo also objects to the request as overly broad and unduly burdensome because there is no reasonable time frame limitation. Subject to the foregoing general and specific objections, Creo will produce non-privileged documents sufficient to show the sales prices and/or license prices of Darwin software from 2001.

## REQUEST FOR PRODUCTION NO. 17

All press releases that refer to any of Defendants' Software Products and Defendants' Hardware Products, this lawsuit, patent infringement or licensing activities involving Defendants with respect to Variable Digital Printing, Defendants' Variable Digital Printing competitors, or Defendants' Variable Digital Printing customers.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the request as seeking information referring to "Defendants' Software Products" and "Defendants' Hardware Products." The Complaint only references "Darwin Desktop" software. Moreover, Creo further objects to request as seeking documents and things referring to "Defendants' Variable Digital Printing competitors," "Defendants' Variable Digital Printing customers," and "patent infringement or licensing activities involving Defendants with respect to Variable Digital Printing." Creo also objects to the request as overly broad and unduly burdensome because there is no reasonable time frame limitation. Subject to the foregoing

- 12 -

general and specific objections, Creo will produce press releases that refer to Darwin software or this lawsuit.

## REQUEST FOR PRODUCTION NO. 18

Documents sufficient to identify, describe, and determine the organizational structure of and corporate relationship among Defendants as defined from January 2000 to present, including the identity of their (a) officers; (b) directors; (c) department heads responsible for research and development, sales, advertising, promotion, and marketing of each of Defendants' Software Products and Defendants' Hardware Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action.  In particular, Creo objects to the request as seeking information referring to "Defendants' Software Products" and "Defendants' Hardware Products."  The Complaint only references "Darwin Desktop" software. Creo also objects to the request as overly broad and unduly burdensome because there is no reasonable time frame limitation.  Subject to the foregoing general and specific objections, Creo will produce non-privileged documents sufficient to show the organizational structure of and corporate relationship among Defendants as defined from January 2001 to present.

## REQUEST FOR PRODUCTION NO. 19

All documents and things that refer to the infringement/noninfringement, validity/invalidity, enforceability/unenforceability, patentability, scope or interpretation of the patents-in-suit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19

Creo objects to this request to the extent it is duplicative of Request No. 1.  Subject to the foregoing general and specific objections, Creo will produce non-privileged documents and things responsive to the request.

## REQUEST FOR PRODUCTION NO. 20

All documents and things that Defendants contend are prior art with respect to any contention of invalidity of any of the patents-in-suit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20

Subject to the foregoing general objections, Creo will produce non-privileged documents

and things responsive to the request.

## REQUEST FOR PRODUCTION NO. 21

All documents and things that refer to any discussions, license negotiations, or business negotiations between any of the Defendants and Plaintiff, including but not limited to discussions and negotiations relating to the patents-in-suit, Defendants' Software Products, and Variable Digital Printing.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21

Creo objects to the request as overly broad and unduly burdensome and not relevant to

the claim or defense of any party or the subject matter of the action.  First, Creo objects to the

request as seeking information referring to "Defendants' Software Products."  The Complaint

only references "Darwin Desktop" software.  Second, Creo objects to the request to the extent it

seeks "[a]ll documents and things that refer to any discussions, license negotiations, or business

negotiations between any of the Defendants and Plaintiff Creo" without any limitation.  Subject

to the foregoing general and specific objections, Creo will produce non-privileged documents

that refer to any discussions, license negotiations, or business negotiations between any of the

Defendants and Plaintiff, which relate to the patents-in-suit, Darwin software, or Variable Digital

Printing.

## REQUEST FOR PRODUCTION NO. 22

All documents and things that refer to any consideration, examination, or analysis conducted on Defendants' Software Products to determine if Defendants' Software Products or the use of Defendants' Software Products infringed or infringes any of the patents-in-suit.

- 14 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the request as seeking information referring to "Defendants' Software Products." The Complaint only references "Darwin Desktop" software. Subject to the foregoing general and specific objections, Creo will produce non-privileged documents and things that refer to any consideration, examination, or analysis conducted on Darwin software to determine if Darwin software infringed or infringes any of the patents-in-suit.

**REQUEST FOR PRODUCTION NO. 23**

All documents and things concerning Third Party Software Products that Defendants or others have determined can be used with Defendants' Hardware Products for Variable Digital Printing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the request as seeking documents and things referring to "Third Party Software Products" and "Defendants' Hardware Products for Variable Digital Printing." The Complaint only references "Darwin Desktop" software.

**REQUEST FOR PRODUCTION NO. 24**

All documents and things that refer to any consideration, examination, or analysis conducted on Third Party Software Products to determine if said Third Party Software Products or the use thereof infringed or infringes any of the patents-in-suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects

to the request as seeking documents and things referring to "Third Party Software Products." The Complaint only references "Darwin Desktop" software.

**REQUEST FOR PRODUCTION NO. 25**

All documents and things that refer to any oral or written opinions drafted by, requested by, or received by any of Defendants concerning the patents-in-suit, including opinions concerning the infringement/noninfringement, validity/invalidity, enforceability/unenforce-ability, patentability, scope or interpretation of the patents-in-suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

Creo objects to this request to the extent it is duplicative of Request No. 1. Subject to the foregoing general and specific objections, Creo will produce non-privileged documents and things responsive to the request.

**REQUEST FOR PRODUCTION NO. 26**

All patent license agreements relating to Variable Digital Printing to which any and/or all of Defendants is a party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

Subject to the foregoing general objections, Creo will produce non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 27**

All documents and things that refer or relate to whether:

(a)    there was one or more long-felt need(s) for the invention(s) claimed in the patents-in-suit;

(b)    the art failed to solve the problems which are the subjects of the invention(s) claimed in the patents-in-suit;

(c)    the invention(s) claimed in the patents-in-suit satisfied one or more long-felt need(s);

(d)    Defendants' Software Products have enjoyed commercial success;

(e)    products or services of others which compete with Defendants' Software Products have enjoyed commercial success; and

(f)    the industry has recognized the significance of the invention(s) of the patents-in-suit.

- 16 -

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action.  In particular, Creo objects to the request as seeking documents and things referring to "Defendants' Software Products." Subject to the foregoing general and specific objections, Creo will produce non-privileged documents responsive to this request, except that Creo will limit is production of parts (d) and (e) to Darwin software.

## REQUEST FOR PRODUCTION NO. 28

All documents and things that refer to any patent infringement indemnification agreements between any and/or all of Defendants and third parties relating to Variable Digital Printing software.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action.  In particular, Creo objects to the request as seeking documents and things relating to "Variable Digital Printing Software." The Complaint only references "Darwin Desktop" software.  Subject to the foregoing general and specific objections, Creo will produce non-privileged documents and things that refer to any patent infringement indemnification agreements between Creo and third parties that relate to this lawsuit or the subject matter of this lawsuit.

## REQUEST FOR PRODUCTION NO. 29

All documents and things that refer to Defendants' policies and practices, whether formal or informal, with respect to document retention or document destruction, including the retention or destruction of electronic mail.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29

Creo objects to the request as overly broad and unduly burdensome.  In particular, Creo objects to the request as seeking "[a]ll documents and things" in this context.  Creo also objects

to the request as overly broad and unduly burdensome because there is no reasonable time frame limitation. Creo further objects to "practices" as vague and ambiguous. Subject to the foregoing general and specific objections, Creo will produce non-privileged documents sufficient to describe Creo's document retention and document destruction policies from January 2001 to present.

**REQUEST FOR PRODUCTION NO. 30**

All draft and final versions of Defendants' annual reports, quarterly reports and all other periodic reports filed with the Securities and Exchange Commission ("SEC") that refer or relate to Defendants' Hardware Products, Defendants' Software Products, or Third Party Software Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the request as seeking information referring to "Defendants' Hardware Products," "Defendants' Software Products," "Third Party Software Products." The Complaint only references "Darwin Desktop" software. Furthermore, Creo objects to producing drafts. Creo also objects to the request as overly broad and unduly burdensome because there is no reasonable time frame limitation. Creo further objects that the filed reports are publicly available.

**REQUEST FOR PRODUCTION NO. 31**

All documents and things that refer to Defendants' competitors in the Variable Digital Printing field, including but not limited to comparisons of Defendants' Software Products with competitors' software products, market share of Defendants and Defendants' competitors and any competitive analyses or studies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the request as seeking information referring to "Defendants' Software Products." The

Complaint only references "Darwin Desktop" software. Moreover, the request is overly broad and unduly burdensome because it seeks "[a]ll documents and things that refer to Defendants' competitors in the Variable Digital Printing field." Creo also objects to the request as overly broad and unduly burdensome because there is no reasonable time frame limitation. Subject to the foregoing general and specific objections, Creo will produce non-privileged documents dated from 2001 relating to comparisons of Darwin software with competitive software products, market share of Darwin software compared to competitive software products, and any competitive analyses or studies relating to Darwin software.

**REQUEST FOR PRODUCTION NO. 32**

All documents and things that refer to any training courses, classes and seminars for users, installers, operators, testers, or licensees of Defendants' Software Products or Third Party Software Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the request as seeking information referring to "Defendants' Software Products" and "Third Party Software Products." The Complaint only references "Darwin Desktop" software. Creo also objects to the request as overly broad and unduly burdensome because there is no reasonable time frame limitation. Subject to the foregoing general and specific objections, Creo will produce non-privileged documents and things dated after 2001 that refer to any training courses, classes and seminars for users, installers, operators, testers, or licensees of Darwin software.

**REQUEST FOR PRODUCTION NO. 33**

All documents and things that refer to any communication between any of Defendants and any other entity or person concerning Plaintiff, any patents now assigned to Plaintiff, including but not limited to the patents-in-suit and/or Defendants' Software Products and/or this lawsuit.

- 19 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the request as seeking information referring to "Defendants' Software Products," "any communication . . . concerning Plaintiff," and "any patents now assigned to Plaintiff." Subject to the foregoing general and specific objections, Creo will produce non-privileged documents and things that refer to any communication between Creo and any other entity or person concerning (i) the patents-in-suit, (ii) Darwin software, and/or (iii) this lawsuit.

**REQUEST FOR PRODUCTION NO. 34**

All minutes, presentations, materials or any other records of any meetings of Defendants' boards of directors, or of any formal or informal committee or group thereof, that refer to Plaintiff, patents owned by or assigned to Plaintiff, the patents-in-suit, or this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the request as seeking documents referring to "patents owned by or assigned to Plaintiff" and merely to "Plaintiff." Creo also objects to the phrase "or of any formal or informal committee or group thereof" as vague and ambiguous. Subject to the foregoing general and specific objections, Creo will produce non-privileged minutes, presentations, materials or any other records of any meetings of Creo's boards of directors that refer to the patents-in-suit or this lawsuit.

**REQUEST FOR PRODUCTION NO. 35**

Any documents that refer to this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

Subject to the foregoing general and specific objections, Creo will produce non-privileged documents and things responsive to the request.

**REQUEST FOR PRODUCTION NO. 36**

All documents that refer to displays and demonstrations at any and all trade shows, meetings, and conferences, world-wide, of Defendants' Software Products and Defendants' Hardware Products, and all literature relating thereto passed out or distributed at or in connection with such shows, meetings, or conferences.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the request as seeking information referring to "Defendants' Software Products" and "Defendants' Hardware Products." The Complaint only references "Darwin Desktop" software. Creo also objects to the request as overly broad and unduly burdensome because there is no reasonable time frame limitation. Subject to the foregoing general and specific objections, Creo will produce non-privileged documents that refer to displays and demonstrations of Darwin software at trade shows, meetings, and conferences occurring in 2001 or later, and all literature relating to Darwin software, which was distributed at or in connection with such shows, meetings, or conferences.

**REQUEST FOR PRODUCTION NO. 37**

All documents and things that refer to any contingent liability reserves or insurance policies maintained by each Defendant in connection with the patents-in-suit or this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

Creo objects to the term "in connection with" as vague and ambiguous. Subject to the

foregoing general and specific objections, Creo will produce non-privileged responsive to this

request.

**REQUEST FOR PRODUCTION NO. 38**

All documents and things that refer to Defendants' earliest knowledge of Plaintiffs
development work on the subject matter of the patents-in-suit and any actions, responses, and/or
efforts undertaken by any Defendant including but not limited to any actions taken concerning
the development or decision to develop Defendants' Software Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

Creo objects to the request as overly broad and unduly burdensome and not relevant to

the claim or defense of any party or the subject matter of the action. In particular, Creo objects

to the request as seeking information referring to "Defendants' Software Products." The

Complaint only references "Darwin Desktop" software. Creo objects to the phrase "any actions,

responses, and/or efforts undertaken by any Defendant" as vague and ambiguous. Subject to the

foregoing general and specific objections, Creo will produce non-privileged documents and

things that refer to Creo's earliest knowledge of RRD's development work on the subject matter

of the patents-in-suit.

**REQUEST FOR PRODUCTION NO. 39**

If Defendants contend that any aspect of Defendants' Software Products or Third Party
Software Products that Defendants promote for use with Defendants' Hardware Products is the
result of a design around of the patents-in-suit, then all documents and things that refer to such a
design around effort.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

Creo objects to the request as overly broad and unduly burdensome and not relevant to

the claim or defense of any party or the subject matter of the action. In particular, Creo objects

to the request as seeking information referring to "Defendants' Software Products," "Third Party

Software Products," and "Defendants' Hardware Products." The Complaint only references "Darwin Desktop" software.

## REQUEST FOR PRODUCTION NO. 40

All documents and things that refer to relationships between each of Defendants and its customers or licensees, said documents including but not limited to:
  (a)   any indemnification agreements, contracts, licenses, agreements to sublicense, co-promotion agreements or other agreements between each of Defendants and its customers or licensees;
  (b)   documents that refer to, or seek to influence, the decision to use Defendants' Software Products or any Third Party Software Products;
  (c)   documents that refer to a competitive need motivating the development of Defendants' Software Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 40

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the request as seeking information referring to "Defendants' Software Products" and "Third Party Software Products." The Complaint only references "Darwin Desktop" software. Moreover, the request is overly broad and unduly burdensome as it seeks "[a]ll documents and things that refer to relationships between each of Defendants and its customers or licensees" without limitation and further fails to include any reasonable time frame limitation.

## REQUEST FOR PRODUCTION NO. 41

All documents and things concerning communications regarding the patents-in-suit, Defendants' Hardware Products, Defendants' Software Products, Third Party Software Products, and Variable Digital Printing with any person that any or all of Defendants expect to call as a fact or expert witness at any trial, hearing, or other proceeding in this action.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 41

Creo objects to the request as overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the request as seeking information referring to "Defendants' Software Products," "Third Party

Software Products," and "Defendants' Hardware Products." The Complaint only references "Darwin Desktop" software. Creo further objects to this request as overly broad and premature as expert reports will be produced in due course. Subject to this objection, Creo will produce responsive documents as required by and consistent with Rule 26(a)(2) of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 42**

All documents comprising or including English translations of non-English text in any otherwise responsive document.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

Subject to the foregoing general objections, Creo will produce non-privileged documents and things responsive to the request.

**REQUEST FOR PRODUCTION NO. 43**

All documents and things that refer to the subject matter of, or the identification of which is sought by, Plaintiff's First Set of Interrogatories to Defendants Creo, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company, served simultaneously with these requests, including without limitation all documents identified or referred to in Defendants' responses thereto, and all documents that any or all of Defendants consulted, or upon which any or all of Defendants relied, in framing, compiling or preparing its responses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

Subject to the foregoing general and specific objections, Creo will produce non-privileged documents and things responsive to the request.

**REQUEST FOR PRODUCTION NO. 44**

All documents and things concerning industry meetings, expositions, programs, events, seminars and/or presentations concerning the claimed subject matter of the patents-in-suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

Creo objects to the term "claimed subject matter" as vague and ambiguous. Subject to the foregoing general and specific objections, Creo will produce non-privileged documents and things responsive to the request.

- 24 -

OF COUNSEL:

Richard McMillan, Jr.
rmcmillan@crowell.com
Jeffrey D. Sanok
jsanok@crowell.com
Brian M. Koide
bkoide@crowell.com
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
(202) 624-2500


Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
Attorneys for Defendants
Creo, Inc., Eastman Kodak Company
and Kodak Graphic Communications
Company

Dated: June 12, 2006

RLF1-3025126-1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing were caused to be served on June 12, 2006, upon the following in the manner indicated:

### BY HAND

Jack Blumenfeld
Rodger D. Smith II
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

### BY FEDERAL EXPRESS

Bradford J. Badke
Stuart W. Yothers
FISH & NEAVE IP GROUP
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020

Steven A. Kaufman
FISH & NEAVE IP GROUP
ROPES & GRAY LLP
One International Place
Boston, MA 02110

_____
Gregory E. Stuhlman (#4765)

Dated: June 12, 2006

EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> QUARK, INC., CREO, INC., EASTMAN KODAK COMPANY, and KODAK GRAPHIC COMMUNICATIONS COMPANY, <br><br> Defendants. | C. A. No. 06-032-JJF |
| CREO, INC., EASTMAN KODAK COMPANY, and KODAK GRAPHIC COMMUNICATIONS COMPANY, <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> R.R. DONNELLEY & SONS COMPANY, <br><br> Counterclaim-Defendants, | |

### CREO, INC.'S, EASTMAN KODAK COMPANY'S, AND KODAK GRAPHIC COMMUNICATIONS COMPANY'S RESPONSE TO R.R. DONNELLEY & SONS COMPANY'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Creo, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company ("Creo") responds as follows to the First Set of Interrogatories to Defendants Creo, Inc., Eastman Kodak Company, and Kodak Graphics Communications Company ("the Interrogatories") propounded by R.R. Donnelley & Sons Company ("RRD"):

1

## I.    GENERAL RESPONSES

Creo's responses to the Interrogatories are made to the best of Creo's current employees' present knowledge, information, and belief.  Said responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Creo's recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from its further discovery or investigation.

1.    Creo reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent hearing or proceeding of this or any other action for any purpose whatsoever of these responses.

2.    Creo reserves the right to object on any ground at any time to such other or supplemental interrogatories as RRD may at any time propound involving or relating to the subject matter of the Interrogatories.

## II.    GENERAL OBJECTIONS

Creo makes the following general objections, whether or not separately set forth, in response to each of the Interrogatories:

1.    Creo objects generally to the Interrogatories insofar as they seek information protected by the attorney-client privilege and/or the work-product doctrine.  Such information shall not be produced in response to any interrogatory, and any inadvertent response thereto shall not be deemed a waiver of any privilege with respect to such information or of any work-product doctrine which may attach thereto.

2.    Creo objects to the introductory definitions and instructions to the Interrogatories to the extent the definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific interrogatory, on the ground that such enlargement,

2

expansion, or alteration renders the interrogatory vague, ambiguous, unintelligible, unduly broad, and uncertain.

3.      Creo objects to all instructions, definitions, and interrogatories to the extent they seek information not currently in Creo's possession, custody, or control, or refer to persons, entities, or events not known to Creo, on the grounds that such instructions, definitions, or interrogatories seek to require more of Creo than any obligation imposed by law, would subject to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Creo an obligation to investigate or discover information or materials from third parties or sources who are equally accessible to RRD.

4.      Creo objects to the Interrogatories as premature as a protective order has not yet been entered. Responsive, non-privileged documents containing or reflecting information that is private, business confidential, proprietary, trade secret or otherwise protected from disclosure pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure will be produced – to the extent such documents exist – only after the entry of a suitable protective order.

## III.     SPECIFIC OBJECTIONS AND RESPONSES TO THE INTERROGATORIES
### INTERROGATORY NO. 1

State in detail all factual and legal bases for Defendants' allegations set forth in Paragraph 46 of their Answer that "RRD has failed to state a claim upon which relief may be granted," including, but not limited to, the identification of all documents and communications on which Defendants rely to support their contention and the persons most knowledgeable about the factual bases for those allegations.

### RESPONSE TO INTERROGATORY NO. 1

Creo objects that this interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Creo also objects to this interrogatory as a premature contention interrogatory given that fact discovery has just

commenced and that RRD – not Creo – initiated suit. Subject to the foregoing general and

specific objections, Creo at the appropriate time in the litigation will provide a response to this

interrogatory.

## INTERROGATORY NO. 2

State in detail all factual and legal bases for Defendants' allegations set forth in Paragraph 47 of their Answer that "Creo has not directly infringed any claim of the '452 patent, the '599 patent, the '940 patent or the '801 patent (collectively "Patents in Suit"), either literally or under the doctrine of equivalents," including, but not limited to, claim charts that set forth each claim element that allegedly is not met by Defendants' Software Products, the reasons each such element is not met (both literally and under the doctrine of equivalents) and the identity of the persons most knowledgeable about the factual bases for those allegations.

## RESPONSE TO INTERROGATORY NO. 2

Creo objects that this interrogatory is overly broad and unduly burdensome and not

relevant to the claim or defense of any party or the subject matter of the action. In particular,

Creo objects to the interrogatory to the extent it seeks information defined by the term

"Defendants' Software Products." The Complaint only references "Darwin Desktop." Creo also

objects to this interrogatory as a premature contention interrogatory given that fact discovery has

just commenced and that RRD – not Creo – initiated suit. Subject to the foregoing general and

specific objections, Creo at the appropriate time in the litigation will provide a response to this

interrogatory with respect to Darwin Desktop software.

## INTERROGATORY NO. 3

State in detail all factual and legal bases for Defendants' allegations set forth in Paragraph 48 of their Answer that "Creo has not indirectly infringed any claim of the Patents in Suit, either literally or under the doctrine of equivalents," including, but not limited to, claim charts that set forth each claim element that allegedly is not met by Defendants' Software Products and Third Party Software Products suitable for the use with Defendants' Hardware Products (including, but not limited to, software products made or developed by XMPie, Atlas Software, Datalogics, GMC Software, Pageflex, PrintSoft, and Extream), the reasons each such element is not met (both literally and under the doctrine of equivalents) and the identity of the persons most knowledgeable about the factual bases for those allegations.

4

## RESPONSE TO INTERROGATORY NO. 3

Creo objects that this interrogatory is overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the interrogatory to the extent it (i) seeks information defined by the terms "Defendants' Software Products" and "Third Party Software Products" and (ii) references XMPie, Atlas Software, Datalogics, GMC Software, Pageflex, PrintSoft, and Extream. The Complaint only references "Darwin Desktop." Moreover, Creo objects to the extent it lacks information relating to the operation of the Third Party Software Products. Creo also objects to this interrogatory as a premature contention interrogatory given that fact discovery has just commenced and that RRD – not Creo – initiated suit. Subject to the foregoing general and specific objections, Creo at the appropriate time in the litigation will provide a response to this interrogatory with respect to Darwin Desktop software.

## INTERROGATORY NO. 4

State in detail all factual and legal bases for Defendants' allegations set forth in Paragraph 49 of their Answer that "RRD is estopped from alleging that Creo infringes the claims of the Patents in Suit under the doctrine of prosecution history estoppel," including, but not limited to, the identification of all documents and communications on which Defendants rely to support their contention and the identity of the persons most knowledgeable about the factual bases for those allegations.

## RESPONSE TO INTERROGATORY NO. 4

Creo objects that this interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Creo also objects to this interrogatory as a premature contention interrogatory given that fact discovery has just commenced and that RRD – not Creo – initiated suit. Subject to the foregoing general and specific objections, Creo at the appropriate time in the litigation will provide a response to this interrogatory.

5

**INTERROGATORY NO. 5**

State in detail all factual and legal bases for Defendants' allegations set forth in Paragraph 50 of the Answer that "[o]ne or more claims of the Patents in Suit are invalid under the patent laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112," including, but not limited to, an identification of all facts, documents, prior art (with references to specific portions or the prior art by page, line, figure, or description in claim chart format), activities, and alleged motivation or suggestion to combine references.

**RESPONSE TO INTERROGATORY NO. 5**

Creo objects that this interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In particular, Creo objects to the "identification of *all* facts, documents, prior art . . ., activities, and alleged motivation or suggestion to combine references." Creo also objects to the interrogatory as unduly burdensome to the extent it seeks "references to specific portions of the prior art by page, line, figure, or description in claim chart format." Creo also objects to this interrogatory as a premature contention interrogatory given that fact discovery has just commenced and that RRD – not Creo – initiated suit. Subject to the foregoing general and specific objections, Creo at the appropriate time in the litigation will identify factual and legal bases for Defendants' allegations set forth in Paragraph 50 of the Answer that "[o]ne or more claims of the Patents in Suit are invalid under the patent laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112."

**INTERROGATORY NO. 6**

State in detail all factual and legal bases for Defendants' allegations set forth in Paragraph 51 of their Answer that "RRD's claim for damages accruing prior to the filing of the Complaint is barred, in whole or part, by the doctrine of laches," including, but not limited to, the identification of all documents and communications on which Defendants rely to support their contention and the identity of the persons most knowledgeable about the factual bases for those allegations.

6

## RESPONSE TO INTERROGATORY NO. 6

Creo further objects that this interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Creo also objects to this interrogatory as a premature contention interrogatory given that fact discovery has just commenced and that RRD – not Creo – initiated suit. Subject to the foregoing general and specific objections, Creo at the appropriate time in the litigation will provide a response to this interrogatory.

## INTERROGATORY NO. 7

State in detail all factual and legal bases for Defendants' allegations set forth in Paragraph 52 of their Answer that "RRD's claims are barred, in whole or part, by the doctrine of equitable estoppel," including, but not limited to, the identification of all documents and communications on which Defendants rely to support their contention and the identity of the persons most knowledgeable about the factual bases for those allegations.

## RESPONSE TO INTERROGATORY NO. 7

Creo objects that this interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Creo also objects to this interrogatory as a premature contention interrogatory given that fact discovery has just commenced and that RRD – not Creo – initiated suit. Subject to the foregoing general and specific objections, Creo at the appropriate time in the litigation will provide a response to this interrogatory.

## INTERROGATORY NO. 8

State in detail all factual and legal bases for Defendants' allegations set forth in Paragraph 53 of their Answer that "RRD's claims are barred, in whole or part, by the doctrine of waiver," including, but not limited to, the identification of all documents and communications on which Defendants rely to support their contention and the identity of the persons most knowledgeable about the factual bases for those allegations.

## RESPONSE TO INTERROGATORY NO. 8

Creo further objects that this interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Creo also objects to this interrogatory as a premature contention interrogatory given that fact discovery has just commenced and that RRD – not Creo – initiated suit. Subject to the foregoing general and specific objections, Creo at the appropriate time in the litigation will provide a response to this interrogatory.

## INTERROGATORY NO. 9

State in detail all factual and legal bases for Defendants' allegations set forth in paragraph 54 of their Answer that "RRD's claims are barred, in whole or part, by the doctrine of prosecution laches," including, but not limited to, the identification of all documents and communications on which Defendants rely to support their contention and the identity of the persons most knowledgeable about the factual bases for those allegations.

## RESPONSE TO INTERROGATORY NO. 9

Creo objects that this interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Creo also objects to this interrogatory as a premature contention interrogatory given that fact discovery has just commenced and that RRD – not Creo – initiated suit. Subject to the foregoing general and specific objections, Creo at the appropriate time in the litigation will provide a response to this interrogatory.

## INTERROGATORY NO. 10

State in detail all factual and legal bases for Defendants' allegations set forth in Paragraph 55 of their Answer that "RRD's claims are barred, in whole or part, by the doctrines of license and/or implied license," including, but not limited to, the identification of all documents and communications on which Defendants rely to support their contention and the identity of the persons most knowledgeable about the factual bases for those allegations.

8

## RESPONSE TO INTERROGATORY NO. 10

Creo objects that this interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Creo also objects to this interrogatory as a premature contention interrogatory given that fact discovery has just commenced and that RRD – not Creo – initiated suit. Subject to the foregoing general and specific objections, Creo at the appropriate time in the litigation will provide a response to this interrogatory.

## INTERROGATORY NO. 11

State in detail all factual and legal bases for Defendants' allegations set forth in Paragraph 56 of their Answer that "RRD's claims are barred, in whole or part, by the doctrine of unclean hands," including, but not limited to, the identification of all documents and communications on which Defendants rely to support their contention and the identity of the persons most knowledgeable about the factual bases for those allegations.

## RESPONSE TO INTERROGATORY NO. 11

Creo objects that this interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Creo also objects to this interrogatory as a premature contention interrogatory given that fact discovery has just commenced and that RRD – not Creo – initiated suit. Subject to the foregoing general and specific objections, Creo at the appropriate time in the litigation will provide a response to this interrogatory.

## INTERROGATORY NO. 12

State in detail all factual and legal bases for Defendants' allegations set forth in Paragraph 57 of their Answer that "RRD's alleged damages are barred or limited, in whole or part, by 35 U.S.C. §§ 286 and/or 287," including, but not limited to, the identification of all documents and communications on which Defendants rely to support their contention and the identity of the persons most knowledgeable about the factual bases for those allegations.

9

## RESPONSE TO INTERROGATORY NO. 12

Creo objects that this interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Creo also objects to this interrogatory as a premature contention interrogatory given that fact discovery has just commenced and that RRD – not Creo – initiated suit. Subject to the foregoing general and specific objections, Creo at the appropriate time in the litigation will provide a response to this interrogatory.

## INTERROGATORY NO. 13

Identify and quantify all revenue and profit on a monthly, quarterly, and annual basis derived or earned by defendants, broken down by product, in connection with each of the Defendants' Software Products and Defendants' Hardware Products (beginning with the first receipt by Defendants of any such revenue) and explain how Defendants derive that revenue and profit, either directly or indirectly.

## RESPONSE TO INTERROGATORY NO. 13

Creo objects that this interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In particular, Creo objects to the interrogatory to the extent it seeks revenue and profit "beginning with the first receipt by Defendants of any such revenue." Such "first receipt" predates any notice (if any) provided by RRD and/or the issue dates of the patents in suit. Creo also objects that this interrogatory is overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the interrogatory as seeking information defined by the terms "Defendants' Software Products" and "Defendants' Hardware Products." The Complaint only references "Darwin Desktop." Subject to the foregoing general and specific objections, Creo will respond to this interrogatory by producing business records subject to Federal Rule of Civil Procedure 33(d) sufficient to identify all revenues and profit of

Darwin Desktop starting in March 2001.

## INTERROGATORY NO. 14

Describe the circumstances concerning Defendants first awareness of the patents-in-suit including, but not limited to the identity of the person(s) involved and the identification of all documents which refer or relate to this first awareness and the date of such first awareness.

## RESPONSE TO INTERROGATORY NO. 14

Creo objects that this interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing general and specific objections, Creo responds as follows separately with respect to each Creo defendant.

With respect to Creo, Inc., on or about September 4, 2003, Gary B. Cohen, Senior Patent Counsel of Xerox Corporation forwarded RRD correspondence identifying U.S. Pat. Nos. 6,327,599 ("the '599 patent") and 6,205,452 ("the '452 patent) to Ronny Fogel, Director, Intellectual Property of Creo IL, Ltd. Creo, Inc. became aware of the '599 and '452 patents on or about that date. Creo, Inc. became aware of U.S. Pat. Nos. 6,844,940 ("the '940 patent") and 6,952,801 ("the '801 patent) after Joseph Guiliano of Ropes & Gray sent a letter to Judith Hess, Vice President of Kodak Graphic Communications Group on or about December 19, 2005.

With respect to Kodak Graphic Communications Company and Eastman Kodak Company, both companies became aware of the '599 patent and the '452 patent in connection with the acquisition of NexPress Solutions, LLC ("NexPress"). The NexPress acquisition closed on or about May 3, 2004. Kodak Graphic Communications Company and Eastman Kodak Company both became aware of the '940 patent and the '801 patent after the above-referenced letter from Mr. Guiliano to Ms. Hess.

11

As its investigation is still on-going, Creo specifically reserves the right to supplement this response pursuant to Rule 26(e) of the Federal Rule of Civil Procedure.

## INTERROGATORY NO. 15

Describe in detail all use, including testing, of Third Party Software Products with Defendants' Hardware Products including, but not limited to, the identification of all persons involved in such use, where the use occurred, the identify of each Third Party Software Product used and the specified hardware product involved in the use.

## RESPONSE TO INTERROGATORY NO. 15

Creo objects that this interrogatory is overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the interrogatory as seeking information defined by the terms "Third Party Software Products" and "Defendants' Hardware Products." Moreover, Creo objects to this interrogatory as overly broad and unduly burdensome to the extent it seeks information relating to "all use" of Third Party Software Products and Defendants' Hardware Products. Creo cannot reasonably identify "all use[s]." The Complaint only references "Darwin Desktop." Moreover, the interrogatory is overly broad as it seeks a description of "all use" of "Third Party Software Products with Defendants' Hardware Products."

## INTERROGATORY NO. 16

Describe in detail all plans, efforts, or activities used to promote, encourage, or inform the purchase of Defendants' Software Products or Third Party Software Products by purchasers or prospective purchasers of Defendants' Hardware Products.

## RESPONSE TO INTERROGATORY NO. 16

Creo objects that this interrogatory is overly broad and unduly burdensome and not relevant to the claim or defense of any party or the subject matter of the action. In particular, Creo objects to the interrogatory as seeking information defined by the terms "Defendants' Software Products," "Third Party Software Products" and "Defendants' Hardware Products."

12

The Complaint only references "Darwin Desktop."  Moreover, Creo cannot reasonably identify

"all" of the requested plans, efforts, or activities.

Submitted as to objections,

OF COUNSEL:

Richard McMillan, Jr. (admitted pro hac vice)
rmcmillan@crowell.com
Jeffrey D. Sanok (admitted pro hac vice)
jsanok@crowell.com
Brian M. Koide (admitted pro hac vice)
bkoide@crowell.com
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
(202) 624-2500

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
Attorneys for Defendants
Creo, Inc., Eastman Kodak Company
and Kodak Graphic Communications
Company

Dated:  June 12, 2006

13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing were caused to be served on June 12, 2006, upon the following in the manner indicated:

### BY HAND

Jack Blumenfeld
Rodger D. Smith II
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

### BY FEDERAL EXPRESS

Bradford J. Badke
Stuart W. Yothers
FISH & NEAVE IP GROUP
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020

Steven A. Kaufman
FISH & NEAVE IP GROUP
ROPES & GRAY LLP
One International Place
Boston, MA 02110

_____
Gregory E. Stuhlman (#4765)

Dated: June 12, 2006

EXHIBIT C



FISH & NEAVE IP GROUP

ROPES & GRAY LLP
1251 AVENUE OF THE AMERICAS    NEW YORK, NY 10020-1104    212-596-9000    F 212-596-9090
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

Bradford J. Badke
212-596-9031
Jim.Badke@ropesgray.com

June 13, 2006

**VIA FACSIMILE**

Jeffrey D. Sanok, Esq.
Crowell & Moring
1001 Pennsylvania Ave. NW
Washington, DC  20004

Re:  R.R. Donnelley & Sons Co. v. Creo, Inc. et al.
06-cv-32-JJF

Dear Jeff:

I write regarding Creo and Kodak's responses to R.R. Donnelley's First Set of Requests for Production and First Set of Interrogatories, which were served on Monday, June 12, 2006.

Kodak and Creo's responses are almost entirely non responsive and fail to comply with your clients' obligations under the Federal Rules of Civil Procedure.  The responses are particularly troubling in view of our consent to an extension of nearly two weeks, which we had assumed would be used to provide us with complete responses.

The deficiencies of the responses are obvious, and should not require a detailed explanation by us.  However, we will point out some of the more obvious defects.  For example, Kodak and Creo have objected to answering many of R.R. Donnelley's interrogatories on the basis that they are "premature" and that "Creo at the appropriate time in the litigation will provide a response."  The appropriate time was last Monday, June 12, and defendants' refusal to provide a substantive response is improper.  Nor is there, as you are no doubt aware, a "prematurity" objection in the Federal Rules.  We assume defendants had a good faith basis for the contentions in their Answer, Affirmative Defenses, and Counterclaim and that discovery from R.R. Donnelley would not be necessary before your clients could give a basis for their contentions.  The fact of "who started it" is irrelevant in responding to discovery under the Federal Rules of Civil Procedure.

Defendants also repeatedly attempt to impermissibly limit discovery by claiming that "[t]he Complaint only references 'Darwin Desktop,'" and that they will therefore only

ROPES & GRAY LLP

Jeffrey D. Sanok, Esq.                      - 2 -                         June 13, 2006

respond with respect to Darwin Desktop.  The Complaint clearly states "[b]y its actions, *including* the sale of Darwin, Creo has infringed . . ." (emphasis added).  Nothing in the Complaint limits R.R. Donnelley's claim against Defendants to Darwin Desktop, and nothing in the Federal Rules of Civil Procedure or the Local Rules of this Court permit Defendants to limit discovery in this way.

Given the gross deficiencies of the responses, we see no alternative but to raise this issue immediately with the Court.  If we do not receive by noon on Monday adequate responses to our discovery requests we intend to file a motion to compel.

Sincerely yours,

Bradford J. Badke

BJB:sj

bcc:    Thomas G. Pasternak

EXHIBIT D

**Yothers, Stuart**

| | |
|---|---|
| **From:** | Yothers, Stuart |
| **Sent:** | Tuesday, June 20, 2006 6:07 PM |
| **To:** | 'Koide, Brian' |
| **Cc:** | Badke, Bradford J. |
| **Subject:** | RRD v Kodak |

Brian,

I understand that you spoke with Jim Badke about the insufficiency of Kodak's responses to R.R. Donnelley's first set of discovery requests. We have not heard back from you today.

Please let us know if you intend to provide us with amended responses.

Stuart

Stuart W. Yothers
FISH & NEAVE IP GROUP
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 596-9176 direct dial
(646) 728-2957 direct facsimile
(212) 596-9000 main reception
www.ropesgray.com