IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| R.R. DONNELLEY & SONS COMPANY, | ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| QUARK, INC., CREO, INC., EASTMAN KODAK COMPANY, AND KODAK GRAPHIC COMMUNICATIONS COMPANY, | ) ) ) ) ) ) |
| Defendants. | ) ) |

C.A. No. 06-cv-032-JJF

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

This is plaintiff R.R. Donnelley & Sons Co. reply in support of its Motion for Protective Order (D.I. 35).

## THE PATENT PROSECUTION BAR

Contrary to Defendants' Opposition to Plaintiff's Motion for Protective Order (D.I. 38), Plaintiff has not agreed to any specific limitation on discovery. Since Plaintiff served its First Set of Requests for the Production of Documents and Things and its First Set of Interrogatories on May 1, 2006 -- to which defendants still have not provided meaningful answers -- the information sought by Plaintiff through discovery has been clear. Plaintiff seeks: (i) information about Defendants' software products intended to enable digital printing in which the content of a page may be varied or in which the number of pages in a document may be varied (i.e., variable digital printing); and (ii) information about the ways in which Defendants contribute to infringement or induce others to infringe through Defendants' advertising and sales practices with respect to its digital presses capable of performing variable digital printing.

There will be no need to delve into the details of proprietary technology related to Defendants' printers, except to confirm that they are capable of employing infringing software for variable digital printing. Presumably, there will be no dispute about this. It will be proper and necessary, however, to take discovery on more than one software product, as Defendants offer several software products for variable digital printing (e.g., Darwin Desktop, Kodak NexTreme DL-100 Variable Data Software, Kodak NexTreme DL-1000 Variable Data Software, and Composer). Discovery on the "nuts and bolts" of how a particular technology works will be focused on *software for* variable digital printing. Discovery relating to Defendants' presses will focus on marketing and sales activities and any instructions to a user regarding infringing software products. Therefore, and as it would appear Defendants have agreed, the "software for" language should be included in the patent prosecution bar clauses of the protective order.

Defendants' argument about the McCracken & Frank law firm, and Riyaz Asaria in particular, is irrelevant to this motion. Mr. Asaria and the McCracken & Frank law firm are not "[o]utside counsel employed by the parties with responsibility for this action," as required by the proposed protective order. In the numerous negotiations over the protective order, Plaintiff's patent prosecution counsel, McCracken & Frank, was never mentioned by Defendants. Plaintiff never envisioned anyone at McCracken & Frank having access to Confidential or AEO Information, and Plaintiff agrees that they should not be permitted to see such information. If this is the true heart of Defendants' concerns, they should have said so. The protective order can simply be amended to read "[o]utside counsel employed by the parties with responsibility for this action who have entered an appearance. . . ." In any case, and in any form the protective order takes, individuals at McCracken & Frank will not have access to materials produced pursuant to

the terms of the protective order. Defendants' concerns with respect to Mr. Asaria and the McCracken & Frank firm are therefore moot.

Accordingly, Plaintiff requests that the Court enter the protective order submitted by Plaintiff, including the "software for" language. Additionally, if the Court finds it useful, Plaintiff requests that the court adopt the "who have entered an appearance" language proposed above.

## IN-HOUSE EMPLOYEE ACCESS TO ATTORNEYS-EYES-ONLY INFORMATION

AEO Information comprises a very limited amount of information. Under the proposed protective order submitted by Plaintiff on June 19, 2006 (D.I. 35), AEO Information includes information such as source code, sales volume, sales units, prices, price structures, discounts, costs, profits, margins, marketing strategies, competitive business plans, and the identity of customers. Defendants have made no showing that this type of information would be highly sensitive in the context of software for variable digital printing. Indeed, no such showing can be made, because Defendants and Plaintiff do not compete in the sale of software for variable digital printing.

With respect to Mr. Pasternak, whom Plaintiff sought to include in its access to AEO Information, Plaintiff was recently informed that Mr. Pasternak is leaving Plaintiff's employ, and Plaintiff will name a replacement as soon as possible. Plaintiff, however, expects the replacement to have a similar job function as Mr. Pasternak. On the assumption that the AEO Information, as described above, is highly sensitive, Mr. Theophilos and Mr. Pasternak's replacement would agree to keep any Confidential or AEO Information obtained during this case in segregated files that are accessible only to them.

Regarding Mr. Theophilos, Defendants state that Mr. Theophilos "serves no legal role within RRD" (D.I. 38, p. 4). This is untrue. Although Mr. Theophilos does not have a legal title, his regular supervision of patent litigation qualifies as a "legal role." Furthermore, Mr. Theophilos spent 17 years actively engaged in the practice of law with Sidley & Austin (D.I. 35, Ex. B, p. 2) and is admitted to the Bars of three states. With Mr. Pasternak's recent departure, Mr. Theophilos's supervisory role will be even more important to the case. Additionally, in his Declaration, Mr. Theophilos stated that he would refrain from reviewing the source code or any document describing the source code, a fact not addressed by Defendants (*see* D.I. 35, Ex. B, p. 2).

Defendants claim that "Mr. Theophilos does not even dispute that he is a competitive-decision maker" (D.I. 38, p. 4). Defendants, however, fail to dispute Mr. Theophilos's "understanding that Defendants and R.R. Donnelley are not competitors in the sale of software for variable digital printing" (D.I. 35, Ex. B, p. 2). Therefore, Defendants contention that Mr. Theophilos's responsibility for "strategic initiatives" ends the analysis actually falls well short of the examination of the risks surrounding inadvertent disclosure and the safeguards preventing such disclosure that is required. This balance weighs in favor of granting access to AEO Information to Mr. Theophilos and Mr. Pasternak's replacement.

Accordingly, Plaintiff respectfully requests that the court enter the form of protective order submitted on June 19, 2006 (D.I. 35).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/Rodger D. Smith II/*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
   *Attorneys for Plaintiff*
   *R.R. Donnelley & Sons Company*

OF COUNSEL:

Bradford J. Badke
Stuart W. Yothers
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY  10020
(212) 596-9000

Steven A. Kaufman
ROPES & GRAY LLP
One International Place
Boston, MA  02110
(617) 951-7000

July 3, 2006

527305

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 3, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Frederick L. Cottrell III
> Richards Layton & Finger

I also certify that copies were caused to be served on July 3, 2006, upon the following in the manner indicated:

### BY HAND

> Frederick L. Cottrell III
> Richards Layton & Finger
> One Rodney Square
> 920 N. King Street
> Wilmington, DE  19801

*/Rodger D. Smith II/*
_____

Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com