IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY, ) | |
| Plaintiff, | |
| v. | C.A. No. 06-cv-032-JJF |
| QUARK, INC., CREO, INC., EASTMAN KODAK COMPANY, AND KODAK GRAPHIC COMMUNICATIONS COMPANY, | |
| Defendants. | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY

Plaintiff R.R. Donnelley & Sons Co. ("R.R. Donnelley") hereby moves the Court for leave to file a Reply in support of its Motion to Compel (*see* Ex. A). By serving supplemental responses after R.R. Donnelley filed its Motion to Compel, Defendants have raised new issues that could not have been anticipated in the original Motion to Compel (D.I. 36).

## LEAVE TO FILE A REPLY SHOULD BE GRANTED

After requesting a two-week extension to serve their initial responses to R.R. Donnelley's first set of discovery requests -- under the guise that Defendants needed the additional time to fully answer the requests -- Defendants provided essentially nonresponsive answers. R.R. Donnelley attempted to obtain substantive responses via the meet-and-confer process.[1] Only when those efforts failed did Plaintiff file its Motion to Compel.

---

[1] The meet and confer consisted of at least a letter from Bradford J. Badke, counsel for Plaintiff, to Jeffrey D. Sanok, counsel for Defendants, telephone conferences between Mr. Badke and Brian Koide, counsel for Defendants, and Mr. Koide and Stuart Yothers, counsel for Plaintiff, and an e-mail from Mr. Yothers to Mr. Koide.

Within minutes of the filing of the Motion to Compel, Defendants stated in an email message that "the various travel schedules of those with whom [they] must consult" would prohibit supplemental responses to R.R. Donnelley's initial discovery requests before July 3, 2006 -- a date that had not been mentioned previously (Ex. B). Defendants failed to mention why those persons were not available during the previous 50 days that Defendants had the discovery requests (*id.*). In that same response, Defendants vowed to "stand by" their improper limitation of discovery to the Darwin product (*id.*). Instead of explaining to the Court why Defendants were steadfastly holding onto their unreasonable and unfounded position within the timeframe permitted by the Scheduling Order (D.I. 26), Defendants sought an extension so that they could supplement their initial discovery responses with their response to the Motion to Compel.

R.R. Donnelley agreed to grant Defendants the requested extension in the hopes of reducing the number of issues for the Court. Defendants had already informed R.R. Donnelley, however, that certain disputed issues would remain. Because new information would be raised in Defendants' supplemental responses, R.R. Donnelley requested the right to Reply. Defendants initially agreed but later reneged, and threatened to e-mail the Court under its emergency procedures if they were not granted a right of surreply. Hence, the Court received the e-mails attached as Exs. C and D. Without agreement from R.R. Donnelley or order from the Court, Defendants unilaterally withheld their response to the Motion to Compel until the deadline they desired -- five days beyond the Court's deadline.

In accordance with its June 29, 2006 request to the Court (Ex. D), and in light of the new information and issues presented in Defendants' "supplemental" discovery responses, R.R. Donnelley respectfully requests leave to file the Reply as attached as Ex. A.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
   *Attorneys for Plaintiff*
   *R.R. Donnelley & Sons Company*

OF COUNSEL:

Bradford J. Badke
Stuart W. Yothers
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 596-9000

Steven A. Kaufman
ROPES & GRAY LLP
One International Place
Boston, MA 02110
(617) 951-7000

July 10, 2006

528047

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 10, 2006, I caused the foregoing to

be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of

such filing(s) to the following:

> Frederick L. Cottrell III
> Richards Layton & Finger

I also certify that copies were caused to be served on July 10, 2006, upon the

following in the manner indicated:

### BY HAND

> Frederick L. Cottrell III
> Richards Layton & Finger
> One Rodney Square
> 920 N. King Street
> Wilmington, DE  19801

> _/s/ Rodger D. Smith II (#3778)_
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> rsmith@mnat.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| R.R. DONNELLEY & SONS COMPANY, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 06-cv-032-JJF |
| QUARK, INC., CREO, INC., EASTMAN KODAK COMPANY, AND KODAK GRAPHIC COMMUNICATIONS COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

<u>PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY</u>

In opposing Plaintiff's Motion to Compel (D.I. 36), Defendants assert that their Supplemental Interrogatory Response moots all but one issue raised by Plaintiff (D.I. 41). Defendants' Supplemental Response remains inadequate, however, and the issue that Defendants concede has not been resolved -- the permissible scope of discovery and, in particular, other potential infringing products -- is quite significant.

Defendants presumably had a good faith basis for the allegations they made in their Answer, Affirmative Defenses, and Counterclaim (D.I. 18), but some six months after the case was filed, and two months after the subject interrogatories were served, Defendants' "supplemental" responses do not reflect that.    For example, in response to Plaintiff's Interrogatory No. 2 regarding Defendants' alleged noninfringement defense, Defendants merely list one element from one claim of each of the four patents in suit and conclusorily state that the Darwin software does not perform those elements, concluding that "for these and other reasons, it does not infringe . . . ." The "other reasons" have not been identified (*see* D.I. 41, Ex. B at 5). Defendants should be required to provide a detailed basis for such an assertion -- including

information concerning the "other reasons" -- rather than simply making the bald assertion that "Darwin software does not" perform a particular element (*see id.*).  Additionally, in response to Plaintiff's Interrogatory No. 5 regarding Defendants' alleged invalidity contentions, Defendants merely list five "commercial embodiments" as invalidating prior art, but fail to provide any information whatsoever about the alleged prior art, much less provide claim charts as the Interrogatory requests, to inform Plaintiff how any of the alleged prior art could possibly invalidate the claims of the patents-in-suit (*see id.* at 10).  Plaintiff is entitled to have a detailed understanding of defendants' invalidity contentions.

Compounding these deficiencies is Defendants' continuing refusal to provide information concerning any product other than Darwin Desktop.  Plaintiff clearly provided notice of the scope of its claims against Defendants in the Complaint.  Plaintiff alleged that "[b]y its actions, ***including*** the sale of Darwin, [Defendants have] infringed, contributed to infringement of and induced others to infringe, and continue[] to infringe, contribute to infringement of and induce others to infringe" (D.I. 1 at 5-6) (emphasis added).  "A pleading need not identify every infringing product where some other limiting parameter has been set forth or at least one purportedly infringing product has been identified." *Agilent Technologies, Inc. v. Micromuse, Inc.*, No. 04-3090, 2004 WL 2346152, at *5 (S.D.N.Y. Oct. 19, 2004).

Contrary to Defendants' assertions, Plaintiff is not embarking on a "fishing expedition," nor does Plaintiff claim to be unlimited "in any way" in the discovery process (*see* D.I. 41 at 2).  Instead, Plaintiff is seeking discovery relating to Defendants' variable digital printing software, e.g., software for digital printing in which the content of a page may be varied or in which the number of pages in a document may be varied, that functions similar to Darwin, and which may infringe the patent claims.

Defendants are aware of the type of software Plaintiff is interested in. In this regard, Plaintiff has identified certain software that it believes may have relevance to this case: Defendants' Darwin Desktop, Kodak NexTreme DL-100 Variable Data Software, Kodak NexTreme DL-1000 Variable Data Software, and Composer.[1] It should be clear to Defendants that in seeking information concerning "any other software product [that] Defendants intend[] to enable Variable Digital Printing" (D.I. 41 at 3), Plaintiff has narrowly sought information concerning products similar to the four products identified above -- and not "most products made by Kodak" (D.I. 41 at 1) as they would have the Court believe.

In opposing Plaintiffs' Motion to Compel, Defendants concede that Plaintiff is entitled to discovery on "minor variations of products offered under different names and versions" (D.I. 41 at 3). Yet, they have refused to provide information concerning the DL-100/DL-1000 products and the Composer product, which are believed to achieve results similar to Darwin Desktop -- printing pages in which the content of a page may be varied or in which the number of pages in a document may be varied -- but which apparently differ because they are used on different hardware platforms, a distinction irrelevant to the infringement issues.

Without the requested discovery, Plaintiff may never know whether it has captured all infringing software. Defendants' software, including Kodak NexTreme DL-100 Variable Data Software, Kodak NexTreme DL-1000 Variable Data Software, and Composer are designed to work on specific hardware platforms, e.g., the Kodak NexPress and the Kodak Versamark press. In order for Plaintiff to test fully each of these software products, Plaintiff

---

[1]    Plaintiff identified Darwin Desktop in its Complaint (D.I. 1), which was served on January 17, 2006. Kodak NexTreme DL-100 Variable Data Software, Kodak NexTreme DL-1000 Variable Data Software, and Composer were identified in Plaintiff's initial discovery requests, which were served on May 1, 2006 -- the first day it was permissible for Plaintiff to serve discovery requests under the Federal Rules of Civil Procedure.

would have to spend hundreds of thousands of dollars to purchase a press just to get access to one of the potentially infringing software products for testing purposes. Not only is this unreasonable, it is not necessary.

By objecting to discovery beyond the specific software product actually named in the Complaint, Defendants are placing form over substance. Defendants are on full and adequate notice of the claims against them. The information Plaintiff seeks resides exclusively with Defendants who have an obligation to turn over all information that is reasonably calculated to lead to the discovery of admissible evidence. For the reasons stated above, Plaintiff's Motion to Compel Discovery (D.I. 36) should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
  *Attorneys for Plaintiff*
  *R.R. Donnelley & Sons Company*

OF COUNSEL:

Bradford J. Badke
Stuart W. Yothers
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 596-9000

Steven A. Kaufman
ROPES & GRAY LLP
One International Place
Boston, MA 02110
(617) 951-7000

July 10, 2006
528053

EXHIBIT B

## Rodger D. Smith

**From:** Yothers, Stuart [Stuart.Yothers@ropesgray.com]
**Sent:** Thursday, June 22, 2006 5:31 PM
**To:** Koide, Brian
**Cc:** Badke, Bradford J.
**Subject:** RE: RRD v Kodak

Brian,

As you should be aware, we filed a Motion to Compel Discovery yesterday.

Just to be clear, you and I agreed that our differences about how and when Defendants would supplement their responses to R.R. Donnelley's discovery requests could not be resolved in our meet and confer yesterday. This e-mail is the first time that I have heard that you would provide further responses by July 3, specifically. In any event, it has already been 50 days since Defendants were served with R.R. Donnelley's discovery responses, and refusing to provide meaningful responses before July 3 is unacceptable.

Furthermore, it is clear from your e-mail that you still intend to improperly limit your responses to Darwin. In light of the fact that Defendants are approaching their discovery obligations in this way, we believe the Motion to Compel Discovery is appropriate.

Stuart

---

**From:** Koide, Brian [mailto:BKoide@crowell.com]
**Sent:** Wednesday, June 21, 2006 6:54 PM
**To:** Yothers, Stuart
**Cc:** Badke, Bradford J.
**Subject:** RE: RRD v Kodak

Stuart,

I wanted to follow up on our phone conversation today, as it was somewhat unclear to me if we had fully resolved the issues. For our part, I wanted to be clear about how we are proceeding with regard to the two issues you raised in your fax of June 15. The Creo defendants will be providing supplemental interrogatory responses by July 3 that we believe will address your concern with the "premature" objection previously lodged by the Creo defendants. If possible, we will try to get these responses to you in advance of July 3, but frankly, having taken stock of the various travel schedules of those with whom we must consult, I don't think it is likely that I can get the responses to you before July 3. With respect to your second concern, in the forthcoming supplemental responses, the Creo defendants intend to stand by their objection that the scope of discovery should be limited to Darwin.

We will be serving the supplemental responses regardless of whether or not you determine to file a motion to compel. I would nonetheless appreciate your letting me know if you believe that burdening the court with a motion to compel is still necessary. I remain available, of course, to discuss these issues further, if you would like to do so. Thanks.

Brian

---

**From:** Yothers, Stuart [mailto:Stuart.Yothers@ropesgray.com]
**Sent:** Tuesday, June 20, 2006 6:07 PM
**To:** Koide, Brian
**Cc:** Badke, Bradford J.
**Subject:** RRD v Kodak

Brian,

I understand that you spoke with Jim Badke about the insufficiency of Kodak's responses to R.R. Donnelley's first set of discovery requests.  We have not heard back from you today.

Please let us know if you intend to provide us with amended responses.

Stuart

Stuart W. Yothers
FISH & NEAVE IP GROUP
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 596-9176 direct dial
(646) 728-2957 direct facsimile
(212) 596-9000 main reception
www.ropesgray.com

EXHIBIT C

## Rodger D. Smith

| | |
|---|---|
| **From:** | Stuhlman, Gregory E. [Stuhlman@RLF.com] |
| **Sent:** | Wednesday, June 28, 2006 9:16 PM |
| **To:** | jjf_civil@ded.uscourts.gov |
| **Cc:** | Cottrell, Frederick; Shandler, Chad; bkoide@crowell.com; Rodger D. Smith; stuart.yothers@ropesgray.com |
| **Subject:** | R.R. Donnelley & Sons Company v. Quark, Inc. et al. - C.A. No. 06-032-JJF |

Dear Judge Farnan:

On Wednesday, June 21, Plaintiff R.R. Donnelley & Sons Company ("RRD") filed a Motion to Compel Discovery (D.I. 36), arguing that defendants Creo, Inc., Eastman Kodak Company and Kodak Graphic Communications Company's (collectively "Defendants") responses to RRD's First Set of Requests for the Production of Documents and Things and First Set of Interrogatories (the "Discovery") were insufficient. Per the Court's Scheduling Order, our response to RRD's Motion to Compel Discovery is due today, June 28. We have agreed to provide supplemental responses to the Discovery by this Monday, July 3, 2006. We believe these supplemental responses will obviate, or at the very least, substantially reduce the number of disputed issues before the Court. We therefore approached Plaintiff and requested that we be given until July 3 to file our response to the Motion to Compel. Unfortunately, Plaintiff would not agree to our request for a short extension without an agreement in return that Plaintiff would have the right to submit a reply to our response to the Motion to Compel, which we understand to be contrary to the Court's practice regarding discovery disputes. Accordingly, we respectfully request an extension until July 3rd to file our response. I apologize for burdening the Court with this matter, however, we were left with few options given the position taken by Plaintiff.

Respectfully,


Gregory E. Stuhlman (No. 4765)
(Counsel for Defendants)

**Gregory E. Stuhlman**
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
Tel: 302.651.7578
Fax: 302.498.7578

---

Richards, Layton and Finger, P.A. is not providing any advice with respect to any federal tax issue in connection with this matter.

The information contained in this e-mail message is intended only for the use of the individual or entity named above and may be privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copying of this communication is strictly prohibited by law. If you have received this communication in error, please immediately notify us by return e-mail or telephone (302-651-7700) and destroy the original message. Thank you.

---

EXHIBIT D

## Rodger D. Smith

| | |
|---|---|
| **From:** | Rodger D. Smith |
| **Sent:** | Thursday, June 29, 2006 8:05 AM |
| **To:** | 'Stuhlman, Gregory E.'; jjf_civil@ded.uscourts.gov |
| **Cc:** | Cottrell, Frederick; Shandler, Chad; bkoide@crowell.com; stuart.yothers@ropesgray.com; Bradford J. Badke (Jim.Badke@ropesgray.com); Jack B. Blumenfeld |
| **Subject:** | RE: R.R. Donnelley & Sons Company v. Quark, Inc. et al. - C.A. No. 06-032-JJF |

Dear Judge Farnan,

I am writing on behalf of plaintiff R.R. Donnelly & Sons Company ("R.R. Donnelley") in response to defendants' email below concerning an extension of time for defendants to respond to R.R. Donnelley's Motion to Compel (D.I. 36). Unfortunately, defendants' email leaves out two important facts. First, it is our understanding that defendants' supplemental responses will not moot the issues raised in R.R. Donnelley's Motion to Compel. It is our understanding that defendants plan to continue to resist providing discovery with respect to any products other than their Darwin product. Moreover, given defendants' failure to disclose any information in their initial responses, R.R. Donnelley is skeptical as to how much information will be disclosed in defendants' supplemental responses. Second, defendants agreed initially that R.R. Donnelley could file a Reply in support of its Motion to Compel, in return for agreeing to defendants' requested extension of time, since R.R. Donnelley would not have had an opportunity to address any issues raised as a result of defendants' supplemental responses. It was only when R.R. Donnelley balked at defendants' suggestion that they were entitled to file a surreply that defendants decided to take a different tact and submitted their email to the Court.

If the Court decides to grant defendants' request for an extension of time until July 3 to respond to the Motion to Compel, R.R. Donnelley respectfully requests leave to file a Reply in support of its Motion on July 10, 2006.

Respectfully,

Rodger D. Smith II (#3778)

Counsel for Plaintiff R.R. Donnelley & Sons Company

> -----Original Message-----
> **From:** Stuhlman, Gregory E. [mailto:Stuhlman@RLF.com]
> **Sent:** Wednesday, June 28, 2006 9:16 PM
> **To:** jjf_civil@ded.uscourts.gov
> **Cc:** Cottrell, Frederick; Shandler, Chad; bkoide@crowell.com; Rodger D. Smith; stuart.yothers@ropesgray.com
> **Subject:** R.R. Donnelley & Sons Company v. Quark, Inc. et al. - C.A. No. 06-032-JJF
>
> Dear Judge Farnan:
>
> On Wednesday, June 21, Plaintiff R.R. Donnelley & Sons Company ("RRD") filed a Motion to Compel Discovery (D.I. 36), arguing that defendants Creo, Inc., Eastman Kodak Company and Kodak Graphic Communications Company's (collectively "Defendants") responses to RRD's First Set of Requests for the Production of Documents and Things and First Set of Interrogatories (the "Discovery") were insufficient. Per the Court's Scheduling Order, our response to RRD's Motion to Compel Discovery is due today, June 28. We have agreed to provide supplemental responses to the Discovery by this Monday, July 3, 2006. We believe these supplemental responses will obviate, or at the very least, substantially reduce the number of disputed issues before the Court. We therefore approached Plaintiff and requested that we be given until July 3 to file our response to the Motion to Compel. Unfortunately, Plaintiff would not agree to our request for a short extension without an agreement in return that Plaintiff would have the right to submit a reply to our response to the Motion to Compel, which we understand to be contrary to the Court's practice regarding discovery disputes. Accordingly, we respectfully request an extension until July 3rd to file our response. I apologize for burdening the Court with this matter, however, we were left with few options given the position taken by Plaintiff.
>
> Respectfully,

Gregory E. Stuhlman (No. 4765)
(Counsel for Defendants)

**Gregory E. Stuhlman**
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
Tel: 302.651.7578
Fax: 302.498.7578

---

Richards, Layton and Finger, P.A. is not providing any advice with respect to any federal tax issue in connection with this matter.

The information contained in this e-mail message is intended only for the use of the individual or entity named above and may be privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copying of this communication is strictly prohibited by law. If you have received this communication in error, please immediately notify us by return e-mail or telephone (302-651-7700) and destroy the original message. Thank you.

---