IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> QUARK, INC., CREO, INC., EASTMAN ) <br> KODAK COMPANY, AND KODAK ) <br> GRAPHIC COMMUNICATIONS ) <br> COMPANY, ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 06-cv-032-JJF |

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY

In opposing Plaintiff's Motion to Compel (D.I. 36), Defendants assert that their Supplemental Interrogatory Response moots all but one issue raised by Plaintiff (D.I. 41). Defendants' Supplemental Response remains inadequate, however, and the issue that Defendants concede has not been resolved -- the permissible scope of discovery and, in particular, other potential infringing products -- is quite significant.

Defendants presumably had a good faith basis for the allegations they made in their Answer, Affirmative Defenses, and Counterclaim (D.I. 18), but some six months after the case was filed, and two months after the subject interrogatories were served, Defendants' "supplemental" responses do not reflect that. For example, in response to Plaintiff's Interrogatory No. 2 regarding Defendants' alleged noninfringement defense, Defendants merely list one element from one claim of each of the four patents in suit and conclusorily state that the Darwin software does not perform those elements, concluding that "for these and other reasons, it does not infringe . . . ." The "other reasons" have not been identified (*see* D.I. 41, Ex. B at 5). Defendants should be required to provide a detailed basis for such an assertion -- including

information concerning the "other reasons" -- rather than simply making the bald assertion that "Darwin software does not" perform a particular element (*see id.*).  Additionally, in response to Plaintiff's Interrogatory No. 5 regarding Defendants' alleged invalidity contentions, Defendants merely list five "commercial embodiments" as invalidating prior art, but fail to provide any information whatsoever about the alleged prior art, much less provide claim charts as the Interrogatory requests, to inform Plaintiff how any of the alleged prior art could possibly invalidate the claims of the patents-in-suit (*see id.* at 10).  Plaintiff is entitled to have a detailed understanding of defendants' invalidity contentions.

Compounding these deficiencies is Defendants' continuing refusal to provide information concerning any product other than Darwin Desktop.  Plaintiff clearly provided notice of the scope of its claims against Defendants in the Complaint.  Plaintiff alleged that "[b]y its actions, *including* the sale of Darwin, [Defendants have] infringed, contributed to infringement of and induced others to infringe, and continue[] to infringe, contribute to infringement of and induce others to infringe" (D.I. 1 at 5-6) (emphasis added).  "A pleading need not identify every infringing product where some other limiting parameter has been set forth or at least one purportedly infringing product has been identified." *Agilent Technologies, Inc. v. Micromuse, Inc.*, No. 04-3090, 2004 WL 2346152, at *5 (S.D.N.Y. Oct. 19, 2004).

Contrary to Defendants' assertions, Plaintiff is not embarking on a "fishing expedition," nor does Plaintiff claim to be unlimited "in any way" in the discovery process (*see* D.I. 41 at 2).  Instead, Plaintiff is seeking discovery relating to Defendants' variable digital printing software, e.g., software for digital printing in which the content of a page may be varied or in which the number of pages in a document may be varied, that functions similar to Darwin, and which may infringe the patent claims.

Defendants are aware of the type of software Plaintiff is interested in. In this regard, Plaintiff has identified certain software that it believes may have relevance to this case: Defendants' Darwin Desktop, Kodak NexTreme DL-100 Variable Data Software, Kodak NexTreme DL-1000 Variable Data Software, and Composer.[1] It should be clear to Defendants that in seeking information concerning "any other software product [that] Defendants intend[] to enable Variable Digital Printing" (D.I. 41 at 3), Plaintiff has narrowly sought information concerning products similar to the four products identified above -- and not "most products made by Kodak" (D.I. 41 at 1) as they would have the Court believe.

In opposing Plaintiffs' Motion to Compel, Defendants concede that Plaintiff is entitled to discovery on "minor variations of products offered under different names and versions" (D.I. 41 at 3). Yet, they have refused to provide information concerning the DL-100/DL-1000 products and the Composer product, which are believed to achieve results similar to Darwin Desktop -- printing pages in which the content of a page may be varied or in which the number of pages in a document may be varied -- but which apparently differ because they are used on different hardware platforms, a distinction irrelevant to the infringement issues.

Without the requested discovery, Plaintiff may never know whether it has captured all infringing software. Defendants' software, including Kodak NexTreme DL-100 Variable Data Software, Kodak NexTreme DL-1000 Variable Data Software, and Composer are designed to work on specific hardware platforms, e.g., the Kodak NexPress and the Kodak Versamark press. In order for Plaintiff to test fully each of these software products, Plaintiff

---

[1] Plaintiff identified Darwin Desktop in its Complaint (D.I. 1), which was served on January 17, 2006. Kodak NexTreme DL-100 Variable Data Software, Kodak NexTreme DL-1000 Variable Data Software, and Composer were identified in Plaintiff's initial discovery requests, which were served on May 1, 2006 -- the first day it was permissible for Plaintiff to serve discovery requests under the Federal Rules of Civil Procedure.

would have to spend hundreds of thousands of dollars to purchase a press just to get access to one of the potentially infringing software products for testing purposes. Not only is this unreasonable, it is not necessary.

By objecting to discovery beyond the specific software product actually named in the Complaint, Defendants are placing form over substance. Defendants are on full and adequate notice of the claims against them. The information Plaintiff seeks resides exclusively with Defendants who have an obligation to turn over all information that is reasonably calculated to lead to the discovery of admissible evidence. For the reasons stated above, Plaintiff's Motion to Compel Discovery (D.I. 36) should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
   *Attorneys for Plaintiff*
   *R.R. Donnelley & Sons Company*

OF COUNSEL:

Bradford J. Badke
Stuart W. Yothers
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY  10020
(212) 596-9000

Steven A. Kaufman
ROPES & GRAY LLP
One International Place
Boston, MA  02110
(617) 951-7000

July 14, 2006

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 14, 2006, 2006, he caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Frederick L. Cottrell III
>Richards Layton & Finger

I also certify that copies were caused to be served on July 14, 2006, upon the following in the manner indicated:

**BY HAND**

>Frederick L. Cottrell III
>Richards Layton & Finger
>One Rodney Square
>920 N. King Street
>Wilmington, DE  19801

>*/s/     Rodger D. Smith II (#3778)*
>Morris, Nichols, Arsht & Tunnell LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE  19899
>(302) 658-9200
>rsmith@mnat.com