IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>QUARK, INC., CREO, INC., EASTMAN KODAK COMPANY, AND KODAK GRAPHIC COMMUNICATIONS COMPANY,<br><br>Defendants. | C.A. No. 06-032-JJF |

**R.R. DONNELLEY'S OPPOSITION TO CREO, INC.'S,
EASTMAN KODAK COMPANY'S, AND KODAK GRAPHIC
<u>COMMUNICATIONS COMPANY'S MOTION TO COMPEL DISCOVERY</u>**

                                         MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                         Jack B. Blumenfeld (#1014)
                                         Rodger D. Smith II (#3778)
                                         1201 N. Market Street
                                         P.O. Box 1347
                                         Wilmington, DE  19899-1347
                                         (302) 658-9200
                                            *Attorneys for Plaintiff*
                                            *R.R. Donnelley & Sons Company*

OF COUNSEL:
Bradford J. Badke
Stuart W. Yothers
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY  10020
(212) 596-9000

Steven A. Kaufman
ROPES & GRAY LLP
One International Place
Boston, MA  02110
(617) 951-7000

November 8, 2006

Plaintiff R.R. Donnelley & Sons Company ("R.R. Donnelley") hereby responds to Creo, Inc.'s, Eastman Kodak Company's, and Kodak Graphic Communications Company's ("Defendants") Motion to Compel Discovery (D.I. 58), and requests that the Court deny Defendants' Motion to Compel Discovery as unnecessary and moot.

Defendants have needlessly burdened the Court with this motion. All of the issues raised by Defendants have been addressed, and most obviated. Any remaining responsive documents will be produced within about two weeks. As Defendants concede, Rule 26(c) contemplates supplemental productions, and R.R. Donnelley has diligently supplemented its document production in response to issues raised by Defendants.

The parties did meet-and-confer by telephone on September 28, 2006, but Defendants' October 9, 2006 "confirmation" of the substance of the teleconference is inaccurate and incomplete. R.R. Donnelley did not concede that it had not complied "with so many of Creo's requests," as Defendants assert, and did not commit to resolving any outstanding document issues within two weeks. The message repeatedly conveyed by R.R. Donnelley to Defendants in that meet-and-confer was that any supplemental production would be relatively small, and that R.R. Donnelley would expeditiously search for, review, and produce any additional documents that Defendants believed had not been produced. R.R. Donnelley has done exactly that. R.R. Donnelley made supplemental productions on October 16, 2006, November 1, 2006, November 3, 2006, November 6, 2006, November 7, 2006, and November 8, 2006. These documents were produced on a "rolling basis" as they were collected and reviewed in order to expedite their production.

Virtually all of the document production issues raised by Defendants have been addressed:

1. R.R. Donnelley's past relationship and license with Barco Graphics, NV implicated confidentiality obligations owed to third parties by R.R. Donnelley. Those issues took some time to address, but have now mostly been resolved. R.R. Donnelley has produced a copy of the now terminated license agreement between R.R. Donnelley and Barco Graphics, NV. (e.g., RRD036721-RRD036727).

2. R.R. Donnelley has produced copies of the prior art of record contained in its files and those of its counsel.

3. R.R. Donnelley's document production includes "non-privileged documents from the internal file wrappers for the patents-in-suit," "documents identifying RRD's organizational structure from 1995 to present," and a copy of R.R. Donnelley's document retention policy (e.g., RRD019593-RRD019596, RRD048905-RRD048990, and RRD049056-RRD049120).

4. Many of the documents requested by Defendants are more than ten years old, and some may no longer exist. Nevertheless, R.R. Donnelley continues to search for any copies of source code that could have been a commercial embodiment of the patents-in-suit. R.R. Donnelley also continues to search for annual reports, SEC filings, and board of directors' minutes and presentations for any possibly responsive information. Those searches will be completed by November 15, 2006.

5. With respect to electronic discovery, R.R. Donnelley's document production to date includes printed copies of electronic mail and documents that were retained in various physical files, notwithstanding Defendants' inaccurate representation that R.R. Donnelley's production "failed to include any electronic documents"

(p. 2 of Defendants' Motion). As R.R. Donnelley informed Defendants, the final electronic production will not be significant, because much of the requested information no longer exists in electronic form, if it ever existed in electronic form. As Defendants were informed, the search for electronic documents was delayed somewhat by the departure of an R.R. Donnelley in-house lawyer, Thomas Pasternak, who had responsibility for collecting that discovery. In any event, R.R. Donnelley should be able to produce any additional electronic discovery by November 22, 2006.

As is evident from the foregoing, there was no need for Defendants to file this Motion. Defendants are now, or shortly will be, in possession of any responsive documents they seek by this Motion.

Finally, Defendants in footnote 2 on page 1 of their Motion refer to R.R. Donnelley's pending motion to compel, filed June 21, 2006. That motion seeks clearly relevant discovery on other potentially infringing products and information necessary for R.R. Donnelley's inducement claim. Defendants' blatant refusal to provide this highly relevant discovery is the real discovery issue in this case, and a genuine impediment to completing discovery.

          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

          */s/ Rodger D. Smith II*
          _____
          Jack B. Blumenfeld (#1014)
          Rodger D. Smith II (#3778)
          1201 N. Market Street
          P.O. Box 1347
          Wilmington, DE  19899-1347
          (302) 658-9200
            *Attorneys for Plaintiff*
            *R.R. Donnelley & Sons Company*

- 5 -

OF COUNSEL:

Bradford J. Badke
Stuart W. Yothers
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY  10020
(212) 596-9000

Steven A. Kaufman
ROPES & GRAY LLP
One International Place
Boston, MA  02110
(617) 951-7000

November 8, 2006

544880

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 8, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Frederick L. Cottrell III
>Richards Layton & Finger

I also certify that copies were caused to be served on November 8, 2006, upon the following in the manner indicated:

### BY HAND

>Frederick L. Cottrell III
>Richards Layton & Finger
>One Rodney Square
>920 N. King Street
>Wilmington, DE 19801

### BY FEDERAL EXPRESS

>Richard McMillan, Jr.
>Crowell & Moring LLP
>1001 Pennsylvania Avenue, NW
>Washington, DC 20004-2595

>*/s/ Rodger D. Smith II (#3778)*
>Morris, Nichols, Arsht & Tunnell LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200
>rsmith@mnat.com