**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| R.R DONNELLEY & SONS COMPANY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>QUARK, INC., CREO, INC., EASTMAN )<br>KODAK COMPANY, AND KODAK )<br>GRAPHIC COMMUNICATIONS )<br>COMPANY )<br>)<br>Defendants. )<br>) | C.A. No.: 06-CV-032-JJF |

**R.R. DONNELLEY'S AMENDED NOTICE OF DEPOSITION OF DEFENDANTS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

To:  Richard McMillan, Jr.           Frederick L. Cottrell, III
     Jeffrey D. Sanok                Gregory E. Stuhlman
     Brian M. Koide                  Richards Layton & Finger, P.A.
     Crowell & Moring LLP            One Rodney Square
     1001 Pennsylvania Avenue, N.W.  920 North King Street
     Washington, D.C.  20004         Wilmington, DE  19801

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6), Fed. R. Civ. P., plaintiff R.R. Donnelley & Sons Company ("R.R. Donnelley") will take the deposition upon oral examination of defendants Creo, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company (collectively "Defendants") on the topics set forth in the attached Schedule A, through one or more of its officers, directors, or managing agents, or other persons who consent to testify on Defendants' behalf, commencing on November 29, 2006 at 9:30 a.m. R.R. Donnelley requests that Defendants identify in writing at least five (5) business days in

advance of the deposition the person(s) designated by Defendants, the job title of each such person(s), and the topic(s) on which each such person(s) will testify.

The deposition will take place at the offices of Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, Wilmington, DE  19899-1347 beginning on the date and time specified above.  The deposition will be taken before an officer authorized to administer oaths by the laws of the United States and will be recorded by stenographic and/or videographic means.  The deposition will continue from day to day until completed.

At least five (5) business days in advance of the scheduled deposition or 30 days from service of this Notice, whichever is earlier, Defendants are requested to produce all documents and things referenced in or related to the topics in Schedule A to the extent not previously produced.

You are invited to attend.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  *Attorneys for Plaintiff*
  *R.R. Donnelley & Sons Company*

OF COUNSEL:

Bradford J. Badke
Stuart W. Yothers
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY  10020
(212) 596-9000

Steven A. Kaufman
ROPES & GRAY LLP
One International Place
Boston, MA  02110
(617) 951-7000

November 10, 2006


545203

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

A. "Creo" means Creo, Inc. and includes all parent, subsidiary, sister, predecessor, or successor companies, corporations, partnerships, or other business entities, and the officers, directors, agents, employees, partners, and all other persons acting or purporting to act on behalf of or who are subject tot he direction or control of any of the foregoing.

B. "Kodak" means Eastman Kodak Company and includes all parent, subsidiary, sister, predecessor, or successor companies, corporations, partnerships, or other business entities, including, but not limited to, Kodak Versamark, Inc., NexPress Solutions, Inc., Creo, and KGCC and the officers, directors, agents, employees, partners, and all other persons acting or purporting to act on behalf of or who are subject to the direction or control of any of the foregoing.

C. "KGCC" means Kodak Graphic Communications Company and includes all parent, subsidiary, sister, predecessor, or successor companies, corporations, partnerships, or other business entities, and the officers, directors, agents, employees, partners, and all other persons acting or purporting to act on behalf of or who are subject to the directions or control of any of the foregoing.

D. "Defendants" means Creo, Kodak, and KGCC, collectively.

E. The term "document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, including documents in electronic form, and physical objects and things within the meaning of that Rule, such as research and development samples, prototypes, production samples and the like. A draft or non-identical copy is a separate document within the meaning of this term.

  F. The term "thing" refers to any physical specimen or tangible item in the possession, custody, or control of Defendants.

  G. The term "concerning" means relating to, referring to, regarding, discussing, describing, evidencing, constituting, supporting, or refuting.

  H. "The '452 patent" means United States Patent No. 6,205,452.

  I. "The '599 patent" means United States Patent No. 6,327,599.

  J. "The '940 patent" means United States Patent No. 6,844,940.

  K. "The '801 patent" means United States Patent No. 6,952,801.

  L. The "patents-in-suit" shall refer to the '452 patent, the '599 patent, the '940 patent, and the '801 patent, collectively.

  M. "Person" and the derivative forms thereof, including the plural and possessive forms, refers to any natural person or any entity, including any business, corporation, partnership, limited partnership, firm, association, organization, club, joint venture, unincorporated entity, government unit or entity, or any other legal entity, and any officers, agents, representatives, employees, directors, or attorneys of any such person.

  N. The terms "refer to," "relating to," "related to," and "that relate(s) to" mean, without limitation, constituting, comprising, containing, discussing, embodying, reflecting, evidencing, identifying, mentioning, stating, or referring to the particular subject matter identified.

  O. The term "including" does not limit the scope of a request. It is to be construed as meaning all such documents including, but not limited to those types of documents specifically identified.

    P. The singular shall include the plural and the plural shall include the singular.

    Q. The term "Defendants' Software Products" means Creo Darwin (for both QuarkXPress and Adobe InDesign), Kodak NexTreme DL-100 Variable Data Software, Kodak NexTreme DL-1000 Variable Data Software, Composer, and any other software product designed, marketed, sold, offered for sale, made, used or imported by Defendants intended to enable Variable Digital Printing.

    R. The term "Defendants' Hardware Products" means any press or substantially similar hardware designed, marketed, sold, offered for sale, made, used, or imported by Defendants for use in Variable Digital Printing, including but not limited to the Kodak Versamark V-Series Printing Systems, the Kodak Versamark D-Series Printing System, the Kodak NexPress 2100 Plus Digital Production Color Press, and the Kodak NexPress 2500 Digital Production Color Press.

    S. The term "Variable Digital Printing" refers to digital printing in which the content of a page may be varied or in which the number of pages in a document may be varied.

    T. The term "Third Party Software Products" means any software product meant to enable Variable Digital Printing and not included in Defendants' Software Products.

    U. All documents related to the topics in Schedule A shall be produced to R.R. Donnelley in the same file or organizational environment in which they were maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket, or other grouping responsive to said request, in the same order or manner of arrangement as the original. A document that is stapled, clipped or otherwise bound should be produced in the same manner as the original.

    V.  The request for documents and things related to the topics in Schedule A shall be deemed to be continuing and, in accordance with Fed. R. Civ. P. 26(e), if, after responding to the request, Defendants acquire knowledge or information regarding additional information responsive to the request, Defendants shall provide R.R. Donnelley with a statement of such additional information.

## TOPICS

1. The design, operation, functionality, features, structure, performance, and technical characteristics of Defendants' Software Products.

2. Defendants earliest knowledge of the patents-in-suit or of the patent applications leading to the patents-in-suit.

3. Any consideration, examination, analysis, or test conducted on Defendants' Software Products or Defendants' Hardware Products that relates in any way to determining whether that product infringes the patents-in-suit.

4. The conception, design, development, and commercialization of Defendants' Software Products.

5. The content of Defendants' documentation for Defendants' Software Products and Defendants' Hardware Products (in any form, including hard copy and online documentation), including, but not limited to user's guides, reference manuals, product manuals, product descriptions, technical articles, and the like.

6. Instructions provided to users of Defendants' Software Products and Defendants' Hardware Products.

7. The content and intent of Defendants' marketing and promotional materials for Defendants' Software Products, Defendants' Hardware Products, and Third Party Software Products.

8. Partnerships, joint ventures, co-promotions, joint research, and the like between Defendants and third party makers of software for Variable Digital Printing.

      9.      Promotion or sales by Defendants, including actions and representations made by Defendants' salespersons, of Defendants' Software Products, Defendants' Hardware Products, and Third Party Software Products.

      10.      The identity and location of all documents and things concerning the foregoing topics.

      11.      The identity and location of all persons knowledgeable about the foregoing topics.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 10, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Frederick L. Cottrell III
> Richards Layton & Finger

I also certify that copies were caused to be served on November 10, 2006, upon the following in the manner indicated:

**BY HAND**

> Frederick L. Cottrell III
> Richards Layton & Finger
> One Rodney Square
> 920 N. King Street
> Wilmington, DE  19801

**BY FEDERAL EXPRESS**

> Richard McMillan, Jr.
> Crowell & Moring LLP
> 1001 Pennsylvania Avenue, NW
> Washington, DC  20004-2595

>  */s/ Rodger D. Smith II (#3778)*
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> rsmith@mnat.com