IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>QUARK, INC., CREO, INC., EASTMAN KODAK COMPANY, and KODAK GRAPHIC COMMUNICATIONS COMPANY,<br><br>Defendants.<br><br>CREO, INC., EASTMAN KODAK COMPANY, and KODAK GRAPHIC COMMUNICATIONS COMPANY,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>R.R. DONNELLEY & SONS COMPANY,<br><br>Counterclaim-Defendants, | C. A. No. 06-032-JJF |

**CREO, INC.'S, EASTMAN KODAK COMPANY'S AND KODAK GRAPHIC COMMUNICATIONS COMPANY'S RESPONSES AND OBJECTIONS TO R.R. DONNELLEY'S AMENDED NOTICE OF DEPOSITION OF DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Creo, Inc., Eastman Kodak Company and Kodak Graphic Communications Company (collectively, "Creo") hereby respond to R.R. Donnelley & Sons Company's ("RRD") Notice of Deposition of Defendants Pursuant to Federal Rule of Civil Procedure 30(b)(6) (hereinafter, "Deposition Notice").

Regarding the Deposition Notice and its November 29, 2006 date of commencement, Creo will work with RRD to identify a mutually acceptable date or date(s) and location or location(s). Creo will use its best efforts to produce witnesses who can testify on the designated topics, subject to the qualifications set forth below. Creo, however, cannot anticipate all the questions that RRD may ask, particularly where the designated topics are broadly framed. Creo reserves all objections, in this or any other proceeding, with respect to the relevance, materiality, and admissibility of any deposition topics or responses to the topics.

Creo will supplement its document production pursuant to Federal Rule of Civil Procedure 26(e), but otherwise Creo does not intend to produce additional documents.

Creo will produce testimony regarding events since 2001. The Deposition Notice does not include a reasonable time frame limitation.

## II.  SPECIFIC OBJECTIONS AND RESPONSES TO TOPICS AND REQUESTS FOR PRODUCTION

### TOPIC NO. 1

The design, operation, functionality, features, structure, performance, and technical characteristics of Defendants' Software Products.

### RESPONSE TO TOPIC NO. 1

Creo will produce a witness to testify to the design, functionality and features of Creo's Darwin software identified in the Complaint insofar as related to the alleged infringement. However, Creo objects to the topic as stated because it is overly broad and if read literally, would encompass many aspects of the products in question having nothing to do with this lawsuit. Rule 30(b)(6) requires that topics be identified with "reasonable particularity." To the extent that Topic No. 1 does not do so, Creo objects and will not prepare or produce a witness as to such

topic.

**TOPIC NO. 2**

Defendants['] earliest knowledge of the patents-in-suit or of the patent applications leading to the patents-in-suit.

**RESPONSE TO TOPIC NO. 2**

Subject to its objections, Creo will produce a witness to testify regarding this topic.

**TOPIC NO. 3**

Any consideration, examination, analysis, or test conducted on Defendants' Software Products or Defendants' Hardware Products that relates in any way to determining whether that product infringes the patents-in-suit.

**RESPONSE TO TOPIC NO. 3**

The only responsive information Creo has regarding this topic is protected from disclosure by the attorney-client and/or attorney work product privilege, and, accordingly, Creo will not produce a witness to testify to or documents responsive to this topic.

**TOPIC NO. 4**

The conception, design, development, and commercialization of Defendants' Software Products.

**RESPONSE TO TOPIC NO. 4**

Creo will produce a witness to testify to the conception, development and commercialization of Creo's Darwin software identified in the Complaint insofar as related to the alleged infringement. This topic otherwise is duplicative of Topic No. 1. However, Creo objects to the topic as stated because it is overly broad and if read literally, would encompass

many aspects of the products in question having nothing to do with this lawsuit. Rule 30(b)(6) requires that topics be identified with "reasonable particularity." To the extent that Topic No. 4 does not do so, Creo objects and will not prepare or produce a witness as to such topic.

**TOPIC NO. 5**

The content of Defendants' documentation for Defendants' Software Products and Defendants' Hardware Products (in any form, including hard copy and online documentation), including, but not limited to user's guides, reference manuals, product manuals, product descriptions, technical articles, and the like.

**RESPONSE TO TOPIC NO. 5**

Creo will produce a witness to testify to the users' guides, reference manuals and product manuals for Creo's Darwin software identified in the Complaint insofar as related to the alleged infringement. However, Creo objects to the topic as stated because it is overly broad and if read literally, would encompass many aspects of the products in question having nothing to do with this lawsuit. Rule 30(b)(6) requires that topics be identified with "reasonable particularity." To the extent that Topic No. 5 does not do so, Creo objects and will not prepare or produce a witness as to such topic. Creo will not provide testimony regarding "Defendants' Hardware Products" on the grounds that such information is not within the scope of the Complaint.

**TOPIC NO. 6**

Instructions provided to users of Defendants' Software Products and Defendants' Hardware Products.

**RESPONSE TO TOPIC NO. 6**

Creo will produce a witness to testify to the instructions provided to users of Creo's Darwin software identified in the Complaint insofar as related to the alleged infringement.

However, Creo objects to the topic as stated because it is overly broad and if read literally, would encompass many aspects of the products in question having nothing to do with this lawsuit. Rule 30(b)(6) requires that topics be identified with "reasonable particularity." To the extent that Topic No. 6 does not do so, Creo objects and will not prepare or produce a witness as to such topic. Creo will not provide testimony regarding "Defendants' Hardware Products" on the grounds that such information is not within the scope of the Complaint.

**TOPIC NO. 7**

The content and intent of Defendants' marketing and promotional materials for Defendants' Software Products, Defendants' Hardware Products, and Third Party Software Products.

**RESPONSE TO TOPIC NO. 7**

Creo will produce a witness to testify to the marketing and promotional materials for Creo's Darwin software identified in the Complaint insofar as related to the alleged infringement. However, Creo objects to the topic as stated because it is overly broad and if read literally, would encompass many aspects of the products in question having nothing to do with this lawsuit. Rule 30(b)(6) requires that topics be identified with "reasonable particularity." To the extent that Topic No. 7 does not do so, Creo objects and will not prepare or produce a witness as to such topic. Creo will not provide testimony regarding "Defendants' Hardware Products" or "Third Party Software Products" on the grounds that such information is not within the scope of the Complaint.

**TOPIC NO. 8**

Partnerships, joint ventures, co-promotions, joint research, and the like between Defendants and third party makers of software for Variable Digital Printing.

**RESPONSE TO TOPIC NO. 8**

This topic as stated asks Creo to identify and prepare a witness for a topic that is not relevant to the claims or defenses of the parties. It also fails to meet the "reasonable particularity" requirement of Rule 30(b)(6). Accordingly, Creo will not produce a witness to testify to or documents responsive to this topic.

**TOPIC NO. 9**

Promotion or sales by Defendants, including actions and representations made by Defendants' salespersons, of Defendants' Software Products, Defendants' Hardware Products, and Third Party Software Products.

**RESPONSE TO TOPIC NO. 9**

Creo will produce a witness to testify to sales of Creo's Darwin software identified in the Complaint insofar as related to the alleged infringement. However, Creo objects to the topic as stated because it is overly broad and if read literally, would encompass many aspects of the products in question having nothing to do with this lawsuit. Rule 30(b)(6) requires that topics be identified with "reasonable particularity." To the extent that Topic No. 9 does not do so, Creo objects and will not prepare or produce a witness as to such topic. Creo will not provide testimony regarding "Defendants' Hardware Products" or "Third Party Software Products" on the grounds that such information is not within the scope of the Complaint.

**TOPIC NO. 10**

The identity and location of all documents and things concerning the foregoing topics.

**RESPONSE TO TOPIC NO. 10**

Subject to the foregoing objections, Creo will produce a witness to testify to the identity and location of non-privileged documents and things responsive to the topics above for which

Creo has agreed to produce a witness. Creo does not have any non-privileged documents responsive to this document request.

## TOPIC NO. 11

The identity and location of all persons knowledgeable about the foregoing topics.

## RESPONSE TO TOPIC NO. 11

Subject to the foregoing objections, Creo will produce a witness to testify to the identity and location of persons knowledgeable about non-privileged information, if any, responsive to the topics above for which Creo has agreed to produce a witness. Creo does not have any non-privileged documents responsive to this document request.

OF COUNSEL:
Richard McMillan, Jr.
rmcmillan@crowell.com
Jeffrey D. Sanok
jsanok@crowell.com
Brian M. Koide
bkoide@crowell.com
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
(202) 624-2500

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
*Attorneys for Defendants*
*Creo, Inc., Eastman Kodak Company*
*and Kodak Graphic Communications*
*Company*

Dated: November 15, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2006, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Jack B. Blumenfeld, Esquire
Rodger D. Smith, II, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P. O. Box 1347
Wilmington, DE  19899

I hereby certify that on November 15, 2006, the foregoing document was sent to the following non-registered participants in the manner indicated:

### VIA FEDERAL EXPRESS

Bradford J. Badke, Esquire
Fish & Neave IP Group
Ropes & Gray
1251 Avenue of the Americas
New York, NY  10020

Steven A. Kaufman
Fish & Neave IP Group
Ropes & Gray
One International Place
Boston, MA  02110

Gregory E. Stuhlman (#4765)
stuhlman@rlf.com

RLF1-3020098-1