IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

R.R. DONNELLEY & SONS COMPANY,          )
                                        )
            Plaintiff,                  )
                                        )
        v.                              )     C.A. No. 06-032-JJF
                                        )
QUARK, INC., CREO, INC., EASTMAN KODAK  )
COMPANY AND KODAK GRAPHIC               )
COMMUNICATIONS COMPANY,                 )
                                        )
            Defendants.                 )

## MOTION FOR RULE 26(c)(4) PROTECTIVE ORDER

This motion is a follow-on to an earlier and still-pending motion filed by plaintiff R.R. Donnelley

& Sons Company ("RRD"), which defendants Creo, Inc., Eastman Kodak Company, and Kodak Graphic

Communications Company (collectively "Kodak") oppose seeking a Court determination that discovery

be limited to the Darwin software product – the only Kodak product specifically named in the Complaint

– and not be unbounded to encompass a wide range of other Kodak products. *See, e.g.*, Opposition to

Plaintiff's Motion to Compel at 1 (D.I. 41). The earlier motion concerns written discovery. This follow-

on motion concerns RRD's attempt to take similar discovery through the vehicle of Federal Rule of Civil

Procedure 30(b)(6).

The Darwin software product was developed in Israel by Creo, an Israeli-based business unit that

Kodak acquired in 2005. *Id.* Darwin relates to a type of printing known as variable digital printing.

RRD has seized on the variable data printing connection to seek broad discovery from other Kodak

business units, simply because those business units also have "variable digital printing" products. But

these other products were developed in an entirely different fashion, by entirely different companies – in

fact, by companies that were only recently acquired by Kodak and certainly had no prior relationship with

Creo in Israel. RRD has made no allegation in its Complaint specifically directed to these products, and

has given no indication – in its Complaint or otherwise – that it has done an investigation to demonstrate

any basis for claims of infringement directed at any of these products.

Nevertheless, in its earlier interrogatories and requests for production, RRD sought discovery on any Kodak software product "intended to enable Variable Digital Printing." *Id* at 2. This would capture previously-unnamed products manufactured by Kodak business units entirely separate from Creo in terms of organization, history, and geography. For these and other reasons, Kodak opposed – and continues to oppose – RRD's Motion to Compel (D.I. 36).

Accordingly, when plaintiff RRD served its original 30(b)(6) notice seeking nearly-identical discovery that is disputed in RRD's Motion to Compel, Kodak offered to provide witnesses knowledgeable about aspects of the topics relating to the Darwin software product, but objected to providing witnesses knowledgeable about aspects of the topics relating to any other products. After Kodak clarified that RRD elected to not take the witnesses being offered by Kodak and instead opted to maintain that the depositions should go forward on all topics "as noticed," Kodak brought the present motion – pursuant to Federal Rules of Civil Procedure 26(c)(4) and Local Rule 30.2 – for the Court to enter the protective order attached as Exhibit A. The bases for this Motion are as follows:

1.      On August 28, 2006, RRD served its Notice of Deposition of Defendants Pursuant to Federal Rule of Civil Procedure 30(b)(6) ("RRD's Original Notice") (D.I. 47):

    a.   RRD's Original Notice covered the subject matters that are disputed in RRD's Motion to Compel (D.I. 36), currently pending before this Court. For instance, RRD's Original Notice covered subject matters relating to "Defendants' Software Products," "Defendants' Hardware Products," and "Third Party Software Products," all of which were similarly defined as in RRD's requests for production and interrogatories and which Kodak contends are not discoverable subject matters in opposing RRD's Motion to Compel. *Compare* (D.I. 47, Sch A at 3) *with* (D.I. 41, Ex. E at 4-5).

    b.   RRD's Original Notice also included several broad, amorphous topics, including "Promotion or sales by Defendants . . . of Defendants' Software Products, Defendants' Hardware Products, and Third Party Software Products." (D.I. 47, Sch. A at 9).

    c.   RRD noticed its deposition in New York to start on September 28, 2006 "or at such other time and place as may be agreed to by counsel." (D.I. 47 at 1).

2.    On September 13, 2006, Kodak served its Responses and Objections to RRD's Original Notice, offering to provide witnesses subject to its objections. *See* Ex. B.

    a.   With respect to those topics that sought discovery beyond the Darwin product, Kodak offered to provide witnesses on Darwin, but objected that the topics otherwise related to products that had nothing to do with this lawsuit. *See* Ex. B (Topics 1 and 4-9); Ex. C at 1.

    b.   Kodak also objected to the amorphous RRD topics as failing to be described with "reasonable particularity." Ex. B (Topics 1 and 4-9). Kodak clarified in its cover letter that it would not be feasible for Kodak to prepare witnesses for the topics as drafted and offered to identify witnesses if RRD would make its topics more particular. Ex. C at 1-2.

    c.   Kodak offered to work with RRD to identify mutually agreeable dates and locations for the depositions after the parties resolved issues 2.a and 2.b, above. Ex. C at 1.

3.    RRD failed to respond or even acknowledge Kodak's responses and objections for seven weeks. On October 31, 2006, RRD responded by summarily concluding – without providing any explanation – that Kodak's objections were "without merit." Ex. D at 1.

4.    In response, Kodak on November 7, 2006, reiterated its offer to provide witnesses subject to its objections. Ex. E at 1. Kodak also informed RRD that it anticipated at least one of its designees resides in Israel.[1] *Id.*

5.    On November 10, 2006, RRD served an Amended Notice of Deposition of Defendants Pursuant to Federal Rule of Civil Procedure 30(b)(6) ("RRD's Amended Notice"). (D.I. 66). RRD's Amended Notice is nearly identical to its Original Notice except that RRD has renoticed the date of the

---

[1]    Kodak initially offered to produce its witnesses in Israel, but has since accepted RRD's proposal to produce 30(b)(6) witnesses in Washington, DC, one of the locations RRD proposed. Kodak also notified RRD that it would be more realistic to anticipate the depositions going forward in the first half of December as opposed to the week before Thanksgiving that RRD proposed. Pursuant to Local Rule 30.2, the filing of this Motion stays the deposition until the Motion is ruled upon by the Court.

deposition from September 28, 2006 to November 29, 2006 and changed the deposition location from New York to Delaware. *Id.* at 2. Unlike its Original Notice, however, RRD's Amended Notice is inflexible as to the deposition time and place.[2]

6. On November 15, 2006, Kodak served its Objections and Responses to RRD's Amended Notice, and again offered to produce witnesses subject to its objections. (D.I. 67).

7. On November 16, 2006, counsel for Kodak asked counsel for RRD to clarify whether RRD intended to go forward with the witnesses being offered by Kodak or whether RRD maintained that Kodak must produce a witness or witnesses on all topics as noticed by RRD.

8. On November 17, 2006, RRD responded by demanding that "witness(es) on the topics as noticed [] appear in Wilmington, DE on November 29, 2006." Ex. F.

9. Kodak moves for a protective order for the following reasons. First, with respect to the scope of discovery, because RRD's Amended Notice seeks the same non-Darwin discovery in dispute in RRD's Motion to Compel (D.I. 36), Kodak refers to the reasoning in its Opposition to RRD's Motion to Compel (D.I. 41) to avoid repetition. The attached protective order (Ex. A) precludes RRD from seeking any discovery beyond the subject matter of this lawsuit.

10. Second, Kodak seeks protection from RRD's 30(b)(6) topics that are not described with "reasonable particularity." Fed. R. Civ. P. 30(b)(6) (requiring 30(b)(6) notices to "describe with reasonable particularity the matters on which examination is requested"). Given the breadth of the subject matter requested by most of RRD's listed topics, it is not feasible for Kodak to find or prepare a person or persons to testify regarding the topics as drafted. The attached protective order (Ex. A) would require RRD to modify its Amended 30(b)(6) Notice to describe its topics with more particularity.

11. WHEREFORE, Kodak respectfully asks the Court to enter the Form of Order attached hereto as Exhibit A.

---

[2]    Despite RRD's apparent withdrawal of its offer to take its deposition in Washington, DC, Kodak would agree to produce its 30(b)(6) witnesses in Delaware if the remaining issues could be resolved by the Court or the parties.

OF COUNSEL:

Richard McMillan, Jr.
Jeffrey D. Sanok
Brian M. Koide
Clyde Findley
Amy W. Ray
Nathaniel Grow
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC   20004-2595
(202) 624-2500

Dated:  November 22, 2006

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE  19899
(302) 651-7700
*Attorneys for Defendants*
*Creo, Inc., Eastman Kodak Company and Kodak*
*Graphic Communications Company*

- 5 -

## RULE 7.1.1 CERTIFICATE

I hereby certify that counsel for the defendants has discussed the subject of the foregoing motion with counsel for plaintiffs, and that the parties have not been able to reach agreement on the issues raised in the motion.

Frederick L. Cottrell, III

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2006, I electronically filed the foregoing with the

Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and

which has also been served as noted:

BY HAND DELIVERY

Jack Blumenfeld
Rodger D. Smith II
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

I hereby certify that on November 22, 2006, I have caused the foregoing to be sent by

Federal Express to the following non-registered participants:

Bradford J. Badke
Stuart W. Yothers
FISH & NEAVE IP GROUP
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020

Steven A. Kaufman
FISH & NEAVE IP GROUP
ROPES & GRAY LLP
One International Place
Boston, MA 02110

Alyssa M. Schwartz (#4351)
schwartz@rlf.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| R.R. DONNELLEY & SONS COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-032-JJF |
| | ) | |
| QUARK, INC., CREO, INC., EASTMAN KODAK | ) | |
| COMPANY AND KODAK GRAPHIC | ) | |
| COMMUNICATIONS COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pursuant to Fed. R. Civ. P. 26(a)(4) and Local Rule 30.2, the Court orders that (i)

Plaintiff's discovery shall be directed to the Darwin software product named in the Complaint,

and shall not be directed at other Kodak hardware or software products; (ii) Plaintiff shall amend

its Amended 30(b)(6) Notice accordingly; and (iii) Plaintiff shall further amend its Amended

30(b)(6) Notice to further describe with "reasonable particularity" the matters on which

examination is requested.

SO ORDERED this ___ day of _____ 2006

_____

United States District Court Judge

# EXHIBIT B



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY,<br><br>     Plaintiff,<br><br>     v.<br><br>QUARK, INC., CREO, INC., EASTMAN<br>KODAK COMPANY, and KODAK<br>GRAPHIC COMMUNICATIONS<br>COMPANY,<br><br>     Defendants. | CIVIL ACTION No. 06-cv-032-JJF |
| CREO, INC., EASTMAN KODAK<br>COMPANY, and KODAK GRAPHIC<br>COMMUNICATIONS COMPANY,<br><br>     Counterclaim-Plaintiffs,<br><br>     v.<br><br>R.R. DONNELLEY & SONS COMPANY,<br><br>     Counterclaim-Defendants, | |

**CREO, INC.'S, EASTMAN KODAK COMPANY'S, AND KODAK GRAPHIC
COMMUNICATIONS COMPANY'S RESPONSES AND OBJECTIONS TO
R.R. DONNELLEY'S NOTICE OF DEPOSITION
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)</u>**

Creo, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company

(collectively, "Creo") hereby respond to R.R. Donnelley & Sons Company's ("RRD") Notice of

Deposition of Defendants Pursuant to Federal Rule of Civil Procedure 30(b)(6) (hereinafter,

"Deposition Notice").



Regarding the Deposition Notice, Creo will work with RRD to identify a mutually acceptable date or date(s) and location or location(s). Creo will use its best efforts to produce witnesses who can testify on the designated topics, subject to the qualifications set forth below. Creo, however, cannot anticipate all the questions that RRD may ask, particularly where the designated topics are broadly framed. Creo reserves all objections, in this or any other proceeding, with respect to the relevance, materiality, and admissibility of any deposition topics or responses to the topics.

Creo will supplement its document production pursuant to Federal Rule of Civil Procedure 26(e), but otherwise Creo does not intend to produce additional documents.

Creo will produce testimony regarding events since 2001. The Deposition Notice does not include a reasonable time frame limitation.

## II.    SPECIFIC OBJECTIONS AND RESPONSES TO TOPICS AND REQUESTS FOR PRODUCTION

### TOPIC NO. 1

The design, operation, functionality, features, structure, performance, and technical characteristics of Defendants' Software Products.

### RESPONSE TO TOPIC NO. 1

Creo will produce a witness to testify to the design, functionality and features of Creo's Darwin software identified in the Complaint insofar as related to the alleged infringement. However, Creo objects to the topic as stated because it is overly broad and if read literally, would encompass many aspects of the products in question having nothing to do with this lawsuit. Rule 30(b)(6) requires that topics be identified with "reasonable particularity." To the extent that Topic No. 1 does not do so, Creo objects and will not prepare or produce a witness as to such topic.

RLF1-3057988-1



## TOPIC NO. 2

Defendants' earliest knowledge of the patents-in-suit or of the patent applications leading to the patents-in-suit.

## RESPONSE TO TOPIC NO. 2

Subject to its objections, Creo will produce a witness to testify regarding this topic.

## TOPIC NO. 3

Any consideration, examination, analysis, or test conducted on Defendants' Software Products or Defendants' Hardware Products that relates in any way to determining whether that product infringes the patents-in-suit.

## RESPONSE TO TOPIC NO. 3

The only responsive information Creo has regarding this topic is protected from disclosure by the attorney-client and/or attorney work product privilege, and, accordingly, Creo will not produce a witness to testify to or documents responsive to this topic.

## TOPIC NO. 4

The conception, design, development, and commercialization of Defendants' Software Products.

## RESPONSE TO TOPIC NO. 4

Creo will produce a witness to testify to the conception, development and commercialization of Creo's Darwin software identified in the Complaint insofar as related to the alleged infringement. This topic otherwise is duplicative of Topic No. 1. However, Creo objects to the topic as stated because it is overly broad and if read literally, would encompass many aspects of the products in question having nothing to do with this lawsuit. Rule 30(b)(6) requires that topics be identified with "reasonable particularity." To the extent that Topic No. 4 does not do so, Creo objects and will not prepare or produce a witness as to such topic.

RLF1-3057988-1

**TOPIC NO. 5**

The content of Defendants' documentation for Defendants' Software Products and Defendants' Hardware Products (in any form, including hard copy and online documentation), including, but not limited to user's guides, reference manuals, product manuals, product descriptions, technical articles, and the like.

**RESPONSE TO TOPIC NO. 5**

Creo will produce a witness to testify to the users' guides, reference manuals and product manuals for Creo's Darwin software identified in the Complaint insofar as related to the alleged infringement. However, Creo objects to the topic as stated because it is overly broad and if read literally, would encompass many aspects of the products in question having nothing to do with this lawsuit. Rule 30(b)(6) requires that topics be identified with "reasonable particularity." To the extent that Topic No. 5 does not do so, Creo objects and will not prepare or produce a witness as to such topic.

**TOPIC NO. 6**

Instructions provided to users of Defendants' Software Products and Defendants' Hardware Products.

**RESPONSE TO TOPIC NO. 6**

Creo will produce a witness to testify to the instructions provided to users of Creo's Darwin software identified in the Complaint insofar as related to the alleged infringement. However, Creo objects to the topic as stated because it is overly broad and if read literally, would encompass many aspects of the products in question having nothing to do with this lawsuit. Rule 30(b)(6) requires that topics be identified with "reasonable particularity." To the extent that Topic No. 6 does not do so, Creo objects and will not prepare or produce a witness as to such topic. Creo will not provide testimony regarding "Defendants' Hardware Products" on the grounds that such information is not within the scope of the Complaint.

- 4 -

## TOPIC NO. 7

The content and intent of Defendants' marketing and promotional materials for Defendants' Software Products, Defendants' Hardware Products, and Third Party Software Products.

## RESPONSE TO TOPIC NO. 7

Creo will produce a witness to testify to the marketing and promotional materials for Creo's Darwin software identified in the Complaint insofar as related to the alleged infringement. However, Creo objects to the topic as stated because it is overly broad and if read literally, would encompass many aspects of the products in question having nothing to do with this lawsuit. Rule 30(b)(6) requires that topics be identified with "reasonable particularity." To the extent that Topic No. 7 does not do so, Creo objects and will not prepare or produce a witness as to such topic. Creo will not provide testimony regarding "Defendants' Hardware Products" or "Third Party Software Products" on the grounds that such information is not within the scope of the Complaint.

## TOPIC NO. 8

Partnerships, joint ventures, co-promotions, joint research, and the like between Defendants and third party makers of software for Variable Digital Printing

## RESPONSE TO TOPIC NO. 8

This topic as stated asks Creo to identify and prepare a witness for a topic that is not relevant to the claims or defenses of the parties. It also fails to meet the "reasonable particularity" requirement of Rule 30(b)(6). Accordingly, Creo will not produce a witness to testify to or documents responsive to this topic.

## TOPIC NO. 9

Promotion or sales by defendants, including actions and representations made by Defendants' salespersons, of Defendants' Software Products, Defendants' Hardware Products, and Third Party Software Products.

**RESPONSE TO TOPIC NO. 9**

  Creo will produce a witness to testify to sales of Creo's Darwin software identified in the Complaint insofar as related to the alleged infringement. However, Creo objects to the topic as stated because it is overly broad and if read literally, would encompass many aspects of the products in question having nothing to do with this lawsuit. Rule 30(b)(6) requires that topics be identified with "reasonable particularity." To the extent that Topic No. 9 does not do so, Creo objects and will not prepare or produce a witness as to such topic. Creo will not provide testimony regarding "Defendants' Hardware Products" or "Third Party Software Products" on the grounds that such information is not within the scope of the Complaint.

**TOPIC NO. 10**

  The identity and location of all documents and things concerning the foregoing topics.

**RESPONSE TO TOPIC NO. 10**

  Subject to the foregoing objections, Creo will produce a witness to testify to the identity and location of non-privileged documents and things responsive to the topics above for which Creo has agreed to produce a witness. Creo does not have any non-privileged documents responsive to this document request.

**TOPIC NO. 11**

  The identity and location of all persons knowledgeable about the foregoing topics.

**RESPONSE TO TOPIC NO. 11**

  Subject to the foregoing objections, Creo will produce a witness to testify to the identity and location of persons knowledgeable about non-privileged information, if any, responsive to the topics above for which Creo has agreed to produce a witness. Creo does not have any non-privileged documents responsive to this document request.

OF COUNSEL:

Richard McMillan, Jr.
rmcmillan@crowell.com
Jeffrey D. Sanok
jsanok@crowell.com
Brian M. Koide
bkoide@crowell.com
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
(202) 624-2500



Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
*Attorneys for Defendants
Creo, Inc., Eastman Kodak Company
and Kodak Graphic Communications
Company*

Dated: September 13, 2006

- 7 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing were caused to be

served on September 13, 2006, upon the following in the manner indicated:

### BY HAND

Jack Blumenfeld
Rodger D. Smith II
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

### BY FEDERAL EXPRESS

Bradford J. Badke
Stuart W. Yothers
FISH & NEAVE IP GROUP
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020

Steven A. Kaufman
FISH & NEAVE IP GROUP
ROPES & GRAY LLP
One International Place
Boston, MA 02110

Gregory E. Stuhlman (#4765)

Dated: September 13, 2006

# EXHIBIT C



1001 Pennsylvania Avenue, NW, Washington, DC 20004-2595 ■ p202 624-2500 ■ f202 628-5116

Brian M. Kolde
202-624-2931
bkolde@crowell.com

September 13, 2006

1758:ar
025140.0000051

VIA ELECTRONIC MAIL

Bradford J. Badke
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020

Re:   *R.R. Donnelley & Sons Co. v. Creo, Inc., Eastman Kodak Co., and Kodak Graphic Communications Co., (D. Del.) (Civil Action No. 06-032-JJF)*

Dear Jim:

     Enclosed are objections by Creo, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company (collectively, "Creo") to R.R. Donnelley & Sons Co.'s ("RRD") Notice of Deposition of Defendants Pursuant to Federal Rule of Civil Procedure 30(b)(6) (hereafter, "Notice of Deposition").

     Creo is certainly prepared to work with RRD in scheduling a Rule 30(b)(6) deposition of one or more Creo witnesses. We will have to get back to you with the exact proposed dates and locations for the depositions. Before proceeding with scheduling, there are a few issues, in particular, that we want to bring to your attention.

     First, in a number of instances, RRD has sought testimony regarding matters beyond Darwin software. However, RRD's Complaint references only "Darwin Desktop" software, and RRD's infringement contentions address only "Darwin Desktop." Therefore, Creo is not agreeable to producing witnesses to testify about products other than Darwin Desktop.

     Second, while certain of the deposition topics are appropriately tailored in scope, e.g., Topic No. 2, most of the other topics are not defined with reasonable particularity as required by Rule 30(b)(6). This Rule directs Creo to find and prepare witness(es) who can testify to requested matters. Given the breadth of the

Bradford J. Badke, Esq.
September 13, 2006
Page 2

subject matter requested in most of RRD's listed topics, it is not feasible for Creo to
find or prepare a person or persons to testify regarding the topics as drafted. If
RRD would like to refine the topics to make them more particular, Creo might be
able to identify and schedule appropriately-prepared witnesses.

   Please call me if you wish to discuss this further.

                                        Best regards,

                                        Brian M. Koide

Enc.

cc: Frederick L. Cottrell III

# EXHIBIT D

# ROPES & GRAY

## FISH & NEAVE IP GROUP

ROPES & GRAY LLP
1251 AVENUE OF THE AMERICAS    NEW YORK, NY 10020-1104    212-596-9000    F 212-596-9070
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

Stuart W. Yothers
212-596-9176
646-728-2957 fax
Stuart.Yothers@ropesgray.com

October 31, 2006

**VIA FACSIMILE**

Brian M. Koide, Esq.
Crowell & Moring LLP
1001 Pennsylvania Ave. NW
Washington, DC 20004

Re: *RR Donnelley & Sons Co. v. Quark, Inc. et al.*
D. Del, Civ. No. 06-032 (JJF)

Dear Brian :

I write regarding R.R. Donnelley's August 28, 2006 Notice of Deposition of Defendants Pursuant to Federal Rule of Civil Procedure 30(b)(6) ("Notice") and Creo, Inc.'s, Eastman Kodak Company's, and Kodak Graphic Communications Company's (hereinafter collectively referred to as "Kodak") September 13, 2006 Responses and Objections to R.R. Donnelley's Notice of Deposition (hereinafter "Kodak's Objections"). We find Kodak's Objections to be without merit. Please provide available dates for a witness or witnesses that will be prepared to testify fully on each of the topics in the Notice on or between November 15, 2006 and November 22, 2006.

Because we have initiated the process of scheduling depositions, it may be beneficial to establish a policy regarding the location of depositions. R.R. Donnelley proposes the following: (i) attorneys for both parties will travel to witnesses located in the 48 contiguous states; and (ii) a party with a witness under its control located outside the 48 contiguous states will bring that witness to New York, NY, Washington, D.C., or Wilmington, DE for the deposition. Please let us know if you agree with the above proposal.

Sincerely yours,

Stuart W. Yothers

SWY:sj

cc:    Jack B. Blumenfeld, Esq.
        Frederick L. Cottrell, III, Esq.

# EXHIBIT E



1001 Pennsylvania Avenue, NW, Washington, DC 20004-2595 ∎ p202 624-2500 ∎ f202 628-5116

Brian M. Koide
202-624-2931
BKoide@crowell.com

November 7, 2006

025140 0000051

**VIA FACSIMILE**

Stuart W. Yothers, Esquire
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020
Facsimile: (212) 596-9090

Re:     *R.R. Donnelley & Sons Co. v. Creo, Inc., Eastman Kodak Co., and Kodak Graphic Communications Co.*, (D. Del.) (Civil Action No. 06-032-JJF)

Dear Stuart:

I write in response to your October 31, 2006 letter regarding RRD's Notice of Deposition of Defendants Pursuant to Federal Rule of Civil Procedure 30(b)(6) and Creo, Inc.'s, Eastman Kodak Company's, and Kodak Graphic Communications Company's (collectively "Creo") Responses and Objections to RRD's Notice of Deposition ("Responses and Objections").

Creo stands by its objections and remains willing to produce witnesses – as indicated in its Responses and Objections – at an appropriate time. At present, we are still working out the availability of Creo witnesses, and expect that it would be more realistic to anticipate depositions being scheduled in the first half of December rather than mid-November.

Finally, Creo does not agree to RRD's proposal regarding deposition locations. At this stage, we anticipate that some of Creo's 30(b)(6) designees may reside in Israel. For the Israeli designees, Creo will produce witnesses in Israel.

Best regards,

Brian M. Koide

cc:   Richard McMillan, Jr.
      Frederick L. Cottrell III

# EXHIBIT F

11-17-06    12:43pm    From-ROPES & GRAY LLP                                        T-003    P.002/003    F-520

 **FISH & NEAVE IP GROUP**

ROPES & GRAY LLP
1251 AVENUE OF THE AMERICAS    NEW YORK, NY 10020-1104    212-596-9000    F 212-596-9090
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON. DC    www.ropesgray.com

Stuart W. Yothers
212-596-9176
646-728-2957 fax
Stuart.Yothers@ropesgray.com

November 17, 2006

**VIA FACSIMILE**

Brian M. Koide, Esq.
Crowell & Moring LLP
1001 Pennsylvania Ave. NW
Washington, DC 20004

> Re: *RR Donnelley & Sons Co. v. Quark, Inc. et al.*
> D. Del. Civ. No. 06-032 (JJF)

Dear Brian:

     I write regarding the deposition notices that were served by Defendants on Friday, November 10, 2006 and our teleconference yesterday.

     As we discussed, the Notices served for Mssrs. Beery, Dreyer, and Shively are improper. These individuals are no longer employed by R.R. Donnelley. Subpoenas should be issued for these individuals if Defendants plan to take their depositions. As I stated yesterday, we have been authorized to accept service on behalf of Mssrs. Dreyer and Shively. Once these formalities have been addressed, we will be in a position to discuss the scheduling of these depositions.

     In response to your proposal regarding Defendants' designee(s) for the 30(b)(6) Notices served by R.R. Donnelley on August 28, 2006, and November 10, 2006, R.R. Donnelley does not find your proposal to be acceptable. Yesterday, you proposed producing Defendants' 30(b)(6) designee(s) in Washington, D.C., but subject to Defendants' objections. Defendants' objections improperly narrow the discovery sought by R.R. Donnelley. R.R. Donnelley stands by the deposition notices it has served and we expect a witness(es) on the topics as noticed to appear in Wilmington, DE on November 29, 2006. Absent further action by Defendants, we will be in Wilmington on November 29 to take the deposition of Defendants by way of their 30(b)(6) designee(s).

Sincerely yours,

Stuart W. Yothers

11-17-06    12:43pm    From-ROPES & GRAY LLP                                    T-089    P 003/003    F-520

ROPES & GRAY LLP

Brian M. Koide                            - 2 -                     November 17, 2006

SWY:sj

cc:    Jack B. Blumenfeld, Esq.
       Frederick L. Cottrell, III, Esq.