IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| R.R. DONNELLEY & SONS COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-032-JJF |
| | ) | |
| QUARK, INC., CREO, INC., EASTMAN KODAK COMPANY, AND KODAK GRAPHIC COMMUNICATIONS COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO PRECLUDE
DEFENDANTS FROM RELYING ON UNDISCLOSED CONTENTIONS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  *Attorneys for Plaintiff*
  *R.R. Donnelley & Sons Company*

OF COUNSEL:

Bradford J. Badke
Stuart W. Yothers
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY  10020
(212) 596-9000

Steven A. Kaufman
ROPES & GRAY LLP
One International Place
Boston, MA  02110
(617) 951-7000

January 3, 2007

i.

## TABLE OF CONTENTS

                                                                      Page

TABLE OF CITATIONS                                                      ii

INTRODUCTION                                                            1

NATURE AND STAGE OF PROCEEDINGS                                        2

STATEMENT OF FACTS                                                      3

    A.    Defendants' Failure To Provide Contention Interrogatory
Responses                                                              3

    B.    Defendants' Other Attempts To Block Discovery            6

        1.    Defendants Have Refused To Provide Discovery
Concerning Infringing Products                                         6

        2.    Defendants Have Refused To Produce A Rule 30(b)(6)
Witness                                                                7

        3.    Defendants Have Refused To Produce Their Employees
For Depositions In The United States                                   8

ARGUMENT                                                               9

I.    DEFENDANTS SHOULD BE PRECLUDED FROM RELYING ON
CONTENTIONS THEY FAILED TO DISCLOSE BEFORE THE
DECEMBER 11, 2006 COURT-ORDERED DEADLINE                               9

II.    IN THE ALTERNATIVE, DEFENDANTS SHOULD BE COMPELLED
TO PROVIDE IMMEDIATE AND COMPLETE RESPONSES TO
RRD'S CONTENTION INTERROGATORIES                                      13

CONCLUSION                                                            14

TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*02 Micro Int'l Ltd v. Monolithic Power Sys., Inc.*,
    467 F.3d 1355 (Fed. Cir. 2006)     10

*AMEX, LLC v. Mopex, Inc.*,
    215 F.R.D. 87 (S.D.N.Y. 2002)     12

*ArthroCare Corp. v. Smith & Nephew, Inc.*,
    310 F. Supp. 2d 638, 667 (D. Del. 2004),
    2005 U.S. App. LEXIS 8108 (Fed. Cir. May 10, 2005)     12

*ATD Corp. v. Lydall, Inc.*,
    159 F.3d 534 (Fed. Cir. 1998)     11

*Finch v. Hercules Inc.*,
    C.A. No. 92-251-MMS, 1995 WL 785100
    (D. Del. Dec. 22, 1995)     10

*Georgia-Pacific Corp. v. U.S. Gypsum Co.*,
    C.A. No. 94-489-RRM, 1996 U.S. Dist.
    LEXIS 22616 (D. Del. Dec. 27, 1996)     11

*Loral Fairchild Corp. v. Victor Co. of Japan, Ltd.*,
    911 F. Supp. 76 (E.D.N.Y. 1996)     12

*Praxair, Inc. v. ATMI, Inc.*,
    231 F.R.D. 457 (D. Del. 2005)     13

*Saudi v. Valmet-Appleton, Inc.*,
    219 F.R.D. 128 (E.D. Wis. 2003)     10

*Tracinda Corp. v. Daimlerchrysler AG*,
    C.A. No. 00-993-JJF, 2005 U.S. Dist.
    LEXIS 6741 (D. Del. April 20, 2005)     11

*Transclean Corp. v. Bridgewood Servs., Inc.*,
    77 F. Supp. 2d 1045 (D. Minn. 1999)     12

*Wachtel v. Health Net, Inc.*,
    2006 WL 3538935 (D.N.J. Dec. 6, 2006)     11

<u>TABLE OF AUTHORITIES (CONT'D)</u>

<u>Other Authorities</u>

Fed. R. Civ. P. 26(e)(2)                                      13, 14

Fed. R. Civ. P. 30(b)(1)                                         10

Fed. R. Civ. P. 30(b)(6)                                       9, 10

Fed. R. Civ. P. 37(c)(1)                                         13

<u>INTRODUCTION</u>

Plaintiff R.R. Donnelley & Sons Company ("RRD") moves to preclude Defendants Creo, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company (collectively, "Defendants") from relying on contentions that they failed to disclose before the Court-ordered deadline for doing so.

Defendants' failure to provide meaningful contention interrogatory responses before the Court-ordered deadline is just the latest in a string of attempts to frustrate RRD's ability to obtain discovery in this case -- including Defendants' refusal to provide discovery concerning allegedly infringing products, Defendants' refusal to produce a Rule 30(b)(6) witness for deposition, and Defendants' refusal to produce its witnesses for deposition in the United States. Although each of Defendants' refusals to comply with their discovery obligations is the subject of separate motions presently before the Court, those motions demonstrate that Defendants' non-responses to direct and important contention interrogatories is just the latest in a series of ongoing discovery abuses.

As a result of Defendants' conduct, discovery in this case has become a one-way street with Defendants taking depositions of RRD's witnesses because RRD has provided the information requested by Defendants. RRD, on the other hand, has been stymied from pursuing depositions of Defendants, because Defendants have refused to provide documents they are required to produce, refused to answer interrogatories that are critical to the conduct of depositions and the upcoming *Markman* hearing, and because Defendants are refusing to produce their witnesses for depositions on topics relevant to this case or even in the United States.

For the reasons discussed below, the Court should enter an order precluding Defendants from relying on contentions they failed to disclose before the Court-ordered December 11, 2006 deadline for the completion of contention interrogatories.

<u>NATURE AND STAGE OF PROCEEDINGS</u>

RRD filed this action on January 17, 2006, alleging that Defendants infringe four patents related to variable digital printing -- U.S. Patent No. 6,205,452; U.S. Patent No. 6,327,599; U.S. Patent No. 6,844,940; and U.S. Patent No. 6,952,801 (D.I. 1).   In the Complaint, RRD alleged that "[b]y [their] actions, including the sale of Darwin [Desktop software], [Defendants have] infringed, contributed to infringement of and induced others to infringe and continue[] to infringe, contribute to infringement of and induce others to infringe" the patents-in-suit (*id.* at ¶¶ 27, 32, 37, 42).   RRD requested an injunction enjoining Defendants' infringing activities, "including but not limited to making, using, offering to sell, selling, importing, operating, providing or displaying to the public, licensing, or offering for license the Darwin software <u>or any other infringing product or service</u>" (*id.* at ¶ B; emphasis added).

Defendants filed their Answer and Counterclaims on March 8, 2006, asserting affirmative defenses of non-infringement, invalidity, prosecution history estoppel, laches, equitable estoppel, waiver, prosecution laches, license and/or implied license, and unclean hands (D.I. 18 at ¶¶ 47-56).

The Court entered a Scheduling Order on May 9, 2006, which required the parties to complete contention interrogatories by November 30, 2006 (D.I. 26, ¶ 3(b)).   That date was subsequently extended by stipulation until December 7, 2006 (D.I. 74), and until December 11, 2006 (D.I. 81).

Under the Court's Scheduling Order, opening claim construction briefs are due February 16, 2007, and fact discovery must be completed by March 1, 2007 (D.I. 26). A *Markman* hearing is scheduled for April 2, 2007 (*id.*).[1]

## STATEMENT OF FACTS

A.    Defendants' Failure To Provide Contention Interrogatory Responses

RRD served interrogatories on May 1, 2006, seeking Defendants' contentions concerning the defenses raised in Defendants' Answer and Counterclaims, including:

- Non-infringement (including any claim construction contentions) (Interrogatory Nos. 2 and 3);

- Prosecution history estoppel (Interrogatory No. 4);

- Invalidity (Interrogatory No. 5);

- Laches (Interrogatory No. 6);

- Equitable estoppel (Interrogatory No. 7);

- Waiver (Interrogatory No. 8);

- Prosecution laches (Interrogatory No. 9);

- License and/or implied license (Interrogatory No. 10); and

- Unclean hands (Interrogatory No. 11).

(Ex. A).

In their June 12, 2006 responses, Defendants refused to disclose their contentions, objecting to RRD's interrogatories as "premature," and stating that they would respond to RRD's contention interrogatories at "the appropriate time in the litigation" (Ex. B at 3-4).

---

[1]    By separate motion, RRD is seeking to extend these, and other, deadlines by three months, because Defendants' discovery conduct to date has made it impossible to complete discovery and prepare the case for trial within the existing schedule.

The next day, RRD pointed out the deficiencies in Defendants' interrogatory responses, including the improper "prematurity" objection:

> Kodak and Creo have objected to answering many of R.R. Donnelley's interrogatories on the basis that they are "premature" and that "Creo at the appropriate time in the litigation will provide a response." The appropriate time was last Monday, June 12, and defendants' refusal to provide a substantive response is improper. Nor is there, as you are no doubt aware, a "prematurity" objection in the Federal Rules. We assume defendants had a good faith basis for the contentions in their Answer, Affirmative Defenses, and Counterclaim and that discovery from R.R. Donnelley would not be necessary before your clients could give a basis for their contentions.

(Ex. C).

After RRD filed a motion to compel (D.I. 36), Defendants provided "supplemental" interrogatory responses on July 3, 2006 (Ex. D). Defendants continued to object to RRD's contention interrogatories as "premature." *See, e.g., id.* at 6 ("Creo also objects to this interrogatory as a premature contention interrogatory given that fact discovery has just commenced. In particular, Creo objects to providing claim charts at this time . . . .").

Moreover, Defendants' "supplemental" responses failed to provide any details concerning Defendants' contentions. In response to Interrogatory No. 2 concerning Defendants' non-infringement contentions, Defendants listed one element from one claim of each of the patents in suit and stated (in conclusory fashion) that the Darwin software does not perform that element, concluding that "for these and other reasons, it does not infringe . . ." (*id.* at 5). The "other reasons" were never identified, and no claim construction contentions were disclosed in support of Defendants' non-infringement contentions. In response to Interrogatory No. 5 concerning Defendants' invalidity contentions, Defendants listed five "commercial embodiments" as invalidating prior art, but failed to provide any information about those commercial products, or how any of them invalidate the claims of the patents-in-suit (*id.* at 10).

On November 16, 2006, RRD warned Defendants that if they did not disclose their contentions by the Court-ordered deadline for the completion of contention interrogatories, RRD would move to preclude Defendants from relying on any undisclosed contentions:

> Defendants continue to improperly object to R.R. Donnelley's contention interrogatories as 'premature' and otherwise fail to provide meaningful responses . . . .  Judge Farnan set a deadline of November 30, 2006 for completing contention interrogatories. That date is rapidly approaching, and yet, Defendants continue to hide behind an objection that has no basis in law.  <u>If Defendants do not withdraw this objection and promptly supplement their interrogatory responses, R.R. Donnelley intends to seek to preclude Defendants from asserting the claims and defenses for which they refuse to provide meaningful responses and relying on any evidence not disclosed regarding identified claims and defenses.</u>

(Ex. E at 2; emphasis added).

On November 30, 2006, RRD again reminded Defendants of their obligation to provide meaningful contention interrogatory responses by the Court-ordered deadline:

> R.R. Donnelley expects Defendants to adequately respond to its pending contention interrogatories, including Plaintiff's Interrogatory No. 2 [concerning non-infringement], which necessarily includes providing claim construction contentions. . . . Many of the Delaware Federal District Court judges find early contention interrogatory practice to be beneficial to a case.  Indeed, Judge Farnan scheduled their completion three months before the end of fact discovery.

(Ex. F).

On December 11, 2006 -- the Court-ordered deadline for the completion of contention interrogatories -- Defendants served their second "supplemental" responses to RRD's contention interrogatories (Ex. G).  Despite the Court-ordered deadline, Defendants refused to provide non-infringement (or claim construction) contentions, responding with no detail about their non-infringement contentions, and stating that they would not disclose their non-infringement contentions until after the Court issues its claim construction decision:

> Creo contends that a person using the Darwin Software does not infringe any of the asserted method claims.  Darwin does not perform all elements of each asserted claim, and/or performs certain elements in a manner different from the manner required by the claims.  A proper analysis of the bases for noninfringement, however, requires a detailed claim construction by the Court, which has not yet been performed.

(*Id.* at 5).  Defendants also failed to provide any details concerning their invalidity contentions by the Court-ordered deadline.  Defendants again identified certain commercial embodiments as prior art, but failed to provide any information about those products, or how any of them supposedly invalidate the claims of the patents-in-suit (*id.* at 13).

      B.    <u>Defendants' Other Attempts To Block Discovery</u>

To illustrate the way in which Defendants have conducted discovery in this case, RRD briefly describes the other outstanding discovery disputes and Defendants' attempts to avoid providing any real discovery.  It is clear from Defendants' conduct in this case that their strategy is to object to every reasonable and customary discovery request unless and until they are compelled to provide responses and documents by the Court.  Defendants' strategy has prevented RRD from obtaining critical information for more than six months, while Defendants take all the discovery they want because RRD has complied with its discovery obligations.

      1.    <u>Defendants Have Refused To Provide Discovery Concerning Infringing Products</u>

In its May 1, 2006 discovery requests, RRD sought discovery concerning Defendants' infringing variable digital printing software.  Specifically, RRD sought discovery concerning "Defendants' Software Products," which RRD defined to include four software packages:  "Creo Darwin (for both QuarkXPress and Adobe InDesign), Kodak NexTreme DL-

100 Variable Data Software, Kodak NexTreme DL-1000 Variable Data Software, Composer"
(Ex. A at 4).

RRD also sought discovery concerning Defendants' hardware products that
contribute to infringement by others and induce others to infringe the patents-in-suit.
Specifically, RRD sought discovery concerning "Defendants' Hardware Products," which RRD
defined to include four digital presses:  "Kodak Versamark V-Series Printing System, the Kodak
Versamark D-Series Printing System, the Kodak NexPress 2100 Plus Digital Production Color
Press, and the Kodak NexPress 2500 Digital Production Color Press" (*id.* at 4-5).

In their June 12, 2006 discovery responses, Defendants refused to provide
discovery concerning any software or hardware products that were not specifically identified in
the Complaint.  *See, e.g.,* Ex. B at 10.  In response to RRD's motion to compel Defendants to
provide discovery concerning their Software Products and Hardware Products (D.I. 36),
Defendants asked the Court to "limit discovery to Darwin . . . unless and until RRD makes well-
founded contentions regarding other specific products" (D.I. 41 at 4).

Four days later, on July 7, 2006, RRD served its response to Defendants' First Set
of Interrogatories, and specifically identified the four software packages and the four digital
presses by name.  Defendants, however, continued to refuse to provide discovery concerning any
products other than Darwin Desktop, arguing that discovery was limited because the Complaint
identified only one accused product.

> 2.    Defendants Have Refused To Produce A
>        Rule 30(b)(6) Witness

On November 10, 2006, RRD served an Amended Notice of Deposition Pursuant
to Fed. R. Civ. P. 30(b)(6) on Defendants (D.I. 66).  Defendants responded by moving for a

8.

protective order (D.I. 68) -- delaying indefinitely RRD's attempts to obtain Rule 30(b)(6) testimony concerning Defendant's infringing products.

Defendants argued that the topics in RRD's Rule 30(b)(6) Notice are "unbounded" and would encompass "previously-unnamed products manufactured by Kodak business units entirely separate from Creo in terms of organization, history, and geography" (*id.* at 1-2).   As discussed above, however, RRD has identified four software packages and four digital presses by name.

### 3.   Defendants Have Refused To Produce Their Employees For Depositions In The United States

On November 22, 2006, RRD noticed the depositions of several of Defendants' employees (D.I. 69, 70, 71, 72, 73).   Defendants again responded by moving for a protective order (D.I. 83) -- further delaying RRD's attempts to obtain deposition testimony in this case.

Defendants seek to have the depositions of their employees taken in Israel. Defendants, however, identified these witnesses in their Initial Disclosures (D.I. 85, Ex. A), and in their First Supplemental Responses to Plaintiff's First Set of Interrogatories (*id.*, Ex. B), as having knowledge concerning Defendants' counterclaims and defenses.   Moreover, most, if not all, of the witnesses are managing agents, whose depositions must be taken in this country. Defendants also have not demonstrated an inability to produce the witnesses for depositions in Delaware or elsewhere in the United States.   Nor have they demonstrated a financial burden.

9.

<u>ARGUMENT</u>

I.      DEFENDANTS SHOULD BE PRECLUDED FROM RELYING
        ON CONTENTIONS THEY FAILED TO DISCLOSE BEFORE
        <u>THE DECEMBER 11, 2006 COURT-ORDERED DEADLINE</u>

Defendants initially refused to provide contention interrogatory responses, claiming that RRD's contention interrogatories were "premature."  Defendants stated, however, that they would respond to RRD's contention interrogatories at "the appropriate time in the litigation" (Ex. B).  The "appropriate time" for responding to contention interrogatories was no later than December 11, 2006 -- the Court-ordered deadline for the completion of contention interrogatories (D.I. 81).  It is inappropriate for Defendants to argue, and still argue, that contention interrogatories are premature, while providing essentially no substantive responses, especially when the Court provided a deadline by which contention interrogatories must be completed.[2]

Almost a month before the December 11, 2006 deadline, RRD warned Defendants that if they did not disclose their contentions by the Court-ordered deadline, RRD would move to preclude Defendants from relying on undisclosed contentions: "If Defendants do not . . . promptly supplement their interrogatory responses, R.R. Donnelley intends to seek to preclude Defendants from asserting the claims and defenses for which they refuse to provide meaningful responses and relying on any evidence not disclosed regarding identified claims and defenses" (Ex. E at 2).

Despite the Court-ordered deadline and RRD's clear warning, in their December 11, 2006 "supplemental" contention interrogatory responses, Defendants provided

---

[2]      Although it may be appropriate under Fed. R. Civ. P. 26(e) to supplement interrogatory responses as the case progresses, Defendants have made no attempt by the Court-ordered deadline to disclose what they knew or should have known about their defenses.

conclusory and incomplete non-infringement contentions, stating that "Darwin does not perform all elements of each asserted claim, and/or performs certain elements in a manner different from the manner required by the claim," but not identifying which elements are supposedly different or why.  *See* Ex. G at 5.  Defendants also failed to provide any details concerning their invalidity contentions, including any information about the prior art products, or how they invalidate the claims of the patents-in-suit (*id.* at 13).  Defendants simply listed some supposed prior art without explaining how it allegedly invalidates the patent claims.  For Defendants to have a good faith belief that the patents in suit are invalid and not infringed, they must have conducted more analysis than appears in their interrogatory responses.

Defendants' failure to respond to RRD's contention interrogatories violates the Federal Rules and this Court's Scheduling Order, and is without substantial justification.  *See Finch v. Hercules Inc.*, C.A. No. 92-251-MMS, 1995 WL 785100, at *9 (D. Del. Dec. 22, 1995) ("fidelity to the constraints of Scheduling Orders and deadlines is critical to the Court's case management responsibilities"); *Saudi v. Valmet-Appleton, Inc.*, 219 F.R.D. 128, 131 (E.D. Wis. 2003) (complying with the Court's Scheduling Order is "not discretionary" and the dates contained therein are not "mere scheduling aspirations").

Defendants' actions are also prejudicial to RRD, and are seriously impairing RRD's ability to develop its case, prepare claim construction arguments, prepare its witnesses for depositions, and complete fact discovery in accordance with the deadlines set by the Court.  *See 02 Micro Int'l Ltd v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006) ("[D]iscovery is designed to allow . . . the plaintiff to pin down the defendant's theories of defense, thus confining discovery and trial preparation to information that is pertinent to the theories of the case.").  In particular, Defendants' failure to disclose their contentions concerning

non-infringement, invalidity, and claim construction makes it difficult (if not impossible) for RRD to identify which, if any, claim terms need to be construed in connection with the upcoming claim construction briefing and *Markman* hearing.  It also makes it difficult (if not impossible) for RRD to identify what discovery needs to be taken for RRD to address Defendants' non-infringement and validity contentions.

        Defendants' repeated attempts to obstruct discovery in this case -- including failing to provide meaningful contention interrogatory responses before the Court-ordered deadline, refusing to provide discovery concerning allegedly infringing products, refusing to produce a Rule 30(b)(6) witness for deposition, and refusing to produce its witnesses for depositions in the United States -- support the imposition of sanctions here.  *See Wachtel v. Health Net, Inc.*, 2006 WL 3538935 (D.N.J. Dec. 6, 2006) ("This Court has considered a wide range of conduct by Defendants in this litigation and concludes that the repeated nature of that conduct and flagrant disregard of the adversary and the Magistrate Judge's Orders warrant strong sanctions.").

        Fed. R. Civ. P. 16(f) permits the Court to sanction a party in violation of a pre-trial or scheduling order, and courts have precluded parties, in particular, from relying on prior art and other contentions that were not timely disclosed.  *See, e.g., Georgia-Pacific Corp. v. U.S. Gypsum Co.*, C.A. No. 94-489-RRM, 1996 U.S. Dist. LEXIS 22616, at *33-35 (D. Del. Dec. 27, 1996 (precluding defendants from asserting invalidity defenses due to failure to comply with discovery deadlines); *Tracinda Corp. v. Daimlerchrysler AG*, C.A. No. 00-993-JJF, 2005 U.S. Dist. LEXIS 6741, at *6 (D. Del. April 20, 2005) (imposing monetary sanctions for failure to comply with discovery and scheduling orders); *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 550-51 (Fed. Cir. 1998) (affirming trial court's exclusion of prior art not produced during discovery).

The Federal Rules provide an automatic exclusion sanction for failure to comply with discovery obligations.  Fed. R. Civ. P. 37(c)(1) prohibits the use at trial of information a party has failed to disclose under Fed. R. Civ. P. 26(e)(2) unless such failure is "harmless" or the non-disclosing party can prove "substantial justification" for its failure to disclose the information in a timely manner.  *See ArthroCare Corp. v. Smith & Nephew, Inc.*, 310 F. Supp. 2d 638, 667 (D. Del. 2004), *aff'd in part, vacated in part on other grounds*, 2005 U.S. App. LEXIS 8108 (Fed. Cir. May 10, 2005).

In *AMEX, LLC v. Mopex, Inc.*, 215 F.R.D. 87 (S.D.N.Y. 2002), plaintiff sought to supplement its interrogatory responses after the Court-ordered deadline for the close of fact discovery.  Defendant moved to preclude under Rule 37(c)(1) for failure to provide discovery as required by Rule 26(e)(2).  The court pointed out that the Federal Rules of Civil Procedure are intended to eliminate "surprise" and "trial by ambush," and that Rule 37(c)(1)'s exclusionary sanction seeks to ensure full disclosure during the appropriate discovery period:

> The purpose of these rules is to avoid "surprise" or "trial by ambush."  *See Transclean Corp. v. Bridgewood Servs., Inc.*, 77 F. Supp. 2d 1045, 1061 (D. Minn. 1999) (Rule 26(e)(2) "has a simple but important purpose; namely, to prevent [t]rial by ambush"), *aff'd in relevant part*, 290 F.3d 1364 (Fed. Cir. 2002); *Loral Fairchild Corp. v. Victor Co. of Japan, Ltd.*, 911 F. Supp. 76, 79-80 (E.D.N.Y. 1996) (Rule 26(e)(2) is designed to facilitate the objective of the Federal Rules of Civil Procedure by "eliminat[ing] surprise").
>
> Rule 37(c)(1)'s preclusionary sanction is "automatic" absent a determination of either "substantial justification" or "harmlessness." . . .  "Substantial justification means 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.'" . . .  "Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." . . .  The burden to prove substantial justification or harmlessness rests with the dilatory party. . . .

*Id.* at 93 (citations omitted).  The Court granted the motion to preclude, because:  (1) plaintiff failed to identify the asserted claim in response to an interrogatory that specifically sought such an identification until after discovery had closed; (2) defendant's trial preparation was prejudiced because it was deprived of the opportunity to take needed fact discovery unless it was willing to accept a substantial delay in the case; and (3) there was no valid reason why the discovery had not been timely provided.  *Id.* at 95-96.

This Court should reach the same result here.  The purpose of the Court's Scheduling Order is to move the case forward in an orderly and timely manner.  The Scheduling Order (and the parties' subsequent stipulations) specifically provided that contention interrogatories were to be completed no later than December 11, 2006.  Defendants should be precluded from relying on any contentions that were not disclosed before that Court-ordered deadline.  *See Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 463 (D. Del. 2005) ("As a sanction for failure to comply with the scheduling order in this case, the court is authorized to exclude evidence proffered by the disobedient party.").

II.    IN THE ALTERNATIVE, DEFENDANTS SHOULD BE COMPELLED TO PROVIDE IMMEDIATE AND COMPLETE RESPONSES TO RRD'S CONTENTION INTERROGATORIES

If the Court denies RRD's motion to preclude in whole or in part, RRD alternatively requests that the Court instruct Defendants immediately (within seven days) to provide complete responses to RRD's contention interrogatories -- Interrogatory Nos. 2-11 -- as requested in RRD's pending Motion to Compel (D.I. 36).  If Defendants continue to refuse to provide complete responses, RRD requests that the Court make clear that it will issue a preclusion order at that time.

14.

<u>CONCLUSION</u>

      For the foregoing reasons, Defendants should be precluded from relying on contentions they failed to disclose before the Court-ordered December 11, 2006 deadline for the completion of contention interrogatories.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
  *Attorneys for Plaintiff*
  *R.R. Donnelley & Sons Company*

OF COUNSEL:

Bradford J. Badke
Stuart W. Yothers
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY  10020
(212) 596-9000

Steven A. Kaufman
ROPES & GRAY LLP
One International Place
Boston, MA  02110
(617) 951-7000

January 3, 2007
549904

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on January 3, 2007, he caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Frederick L. Cottrell III
> Richards Layton & Finger

I also certify that copies were caused to be served on January 3, 2007, upon the following in the manner indicated:

### <u>BY EMAIL AND HAND</u>

> Frederick L. Cottrell III
> Richards Layton & Finger
> One Rodney Square
> 920 N. King Street
> Wilmington, DE  19801

### <u>BY EMAIL AND FEDERAL EXPRESS</u>

> Richard McMillan, Jr.
> Crowell & Moring LLP
> 1001 Pennsylvania Avenue, N.W.
> Washington, DC  20004-2595

> */s/       Rodger D. Smith II (#3778)*
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899-1347
> (302) 658-9200
> rsmith@mnat.com