```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE

R.R. DONNELLEY & SONS COMPANY,    :
                                  :
          Plaintiff,              :
                                  :
     v.                           : Civil Action No. 06-032-JJF
                                  :
QUARK, INC., CREO, INC., EASTMAN  :
KODAK COMPANY, and KODAK GRAPHIC  :
COMMUNICATIONS COMPANY,           :
                                  :
          Defendants.             :
```

## MEMORANDUM ORDER

Pending before the Court are Plaintiff's Motion to Compel Discovery (D.I. 36), Plaintiff's Motion For Leave To File A Reply In Support Of Its Motion To Compel Discovery (D.I. 43), and Defendants' Motion For Rule 26(c)(4) Protective Order (D.I. 68). For the following reasons, the Court will grant in part and deny in part Plaintiff's Motion To Compel Discovery (D.I. 36), grant Plaintiff's Motion For Leave To File A Reply In Support Of Its Motion To Compel Discovery (D.I. 43), and deny Defendants' Motion For Rule 26(c)(4) Protective Order (D.I. 68).

### I. Background

The current lawsuit was filed by Plaintiff R.R. Donnelley & Sons Company ("Plaintiff") alleging that certain of Defendants' products infringe six of Plaintiff's patents. Discovery commenced in May 2006, at which time Plaintiff served its first set of document requests and interrogatories on Defendants. Defendants responded on June 12, 2006, raising a number of

objections to various interrogatories and document requests. Plaintiff regarded these responses as "almost entirely non-responsive," (D.I. 36), and sent a letter to Defendants' counsel asking for more complete responses. On June 21, 2006, Defendants offered to supplement their responses, but gave no definite date for doing so. With no timely assurances of receiving Defendants' supplemental responses, Plaintiff filed the current Motion To Compel. Defendants filed their brief in opposition to Plaintiff's Motion To Compel Discovery, along with their supplemental responses to Plaintiff's discovery requests. (D.I. 41, Ex. B and C). On July 10, 2006, Plaintiff filed its Motion For Leave To File A Reply (D.I. 43) with the reply itself attached as Exhibit A. (D.I. 44).

## II. Discussion

1. <u>Plaintiff's Motion For Leave To File A Reply</u>

After Plaintiff filed its Motion To Compel (D.I. 36), Defendants asked Plaintiff to agree to extend Defendants' response deadline. Defendants said they would be able to file a response and supplemented discovery responses at the end of the extension period. Plaintiff refused to agree to the extension unless Defendants also agreed to grant Plaintiff the right to file a reply brief responding to the supplemental responses. Defendants refused, and instead emailed the Court requesting an extension. The extension was granted and Defendants filed their

brief in opposition to Plaintiff's Motion To Compel, along with their supplemental responses. Plaintiff then filed the current Motion For Leave To File A Reply (D.I. 43).

The Court concludes that Defendants' submission of supplemental responses after Plaintiff filed the instant Motion To Compel Discovery, and Defendants' assertion that this production mooted many of the issues raised in Plaintiff's Motion, entitles Plaintiff to an opportunity to respond. Therefore, despite the Court's general practice of disallowing reply briefs for discovery motions, the Court will grant Plaintiff's Motion To File A Reply (D.I. 43) and consider Plaintiff's Reply brief (D.I. 44).

   2.   Plaintiff's Motion To Compel Discovery

Three issues remain unresolved after Defendants' supplemental responses. The first issue is whether discovery should be restricted to the Darwin Desktop product, the only product specifically named in the Complaint. The second issue is whether Plaintiff's discovery requests are sufficiently tailored to the claims in the Complaint. The third issue is whether Defendants' responses to Plaintiff's contention interrogatories are adequate.

First, Defendants have refused to provide responses for products other than Darwin Desktop, contending that discovery should be restricted to that product alone because it is the only

3

product specifically named in the Complaint. Defendants contend that permitting discovery beyond the Darwin Desktop product would be burdensome and overbroad, and would deprive Defendants of effective notice as to which products Plaintiff is alleging infringement. Plaintiff contends that its complaint and discovery requests sufficiently identify the relevant products that Plaintiff contends infringe its patents. In addition to identifying Darwin Desktop in its Complaint, Plaintiff identified Kodak NexTreme DL-100 Variable Data Software, Kodak NexTreme DL-1000 Variable Data Software, and Composer as potentially infringing products in its discovery requests. (D.I. 43 Ex. A).

The pertinent part of the Complaint reads, "[b]y its actions, *including* the sale of Darwin, [Defendants have] infringed, contributed to infringement of and induced others to infringe . . . ." (D.I. 1 at 5-6)(emphasis added). Given the inclusive language of the Complaint, as well as Plaintiff's identification of specific products in its discovery requests, Defendants' effort to limit discovery exclusively to Darwin Desktop must be rejected.

Further, because this action is in the discovery phase, Defendants' contention that the claims are ill-defined comes too late. See In re Independnet Serv. Orgs. Antitrust Litig., 114 F. Supp. 2d 1070, 1107 (D. Kan. 2000) (denying judgment as a matter of law on a notice defense because Defendant had answered the

4

complaint denying the infringement allegations, and "if [Defendant] did not truly know which parts were covered by the patents identified, it could have filed a motion for a more definite statement under Rule 12(e) . . . ."); Agilent Tech., Inc. V. Micromuse, 2004 U.S. Dist. LEXIS 20723, at *14-16 (S.D.N.Y., Oct. 19, 2004 (noting that "a pleading need not identify every infringing product where some other limiting parameter has been set forth or at least one purportedly infringing product has been identified."). If Defendants believed that Plaintiff's allegations did not put them on sufficient notice as to which of their products were being accused of infringement, they should have raised these concerns before answering the Complaint.  Therefore, because Plaintiff has identified specific products of Defendants that Plaintiff contends infringe its patents, and because Defendants' argument has been raised too late in the proceedings, the Court concludes that Plaintiff is entitled to discovery on the Darwin Desktop and all products identified in Plaintiff's discovery requests.

The second issue is whether Plaintiff's discovery requests have been reasonably tailored to relate to the claims in its Complaint. Plaintiff has submitted discovery requests relating to "Defendants' Software Products" and "Defendants' Hardware Products."  Defendants contend that these requests are little more than a "fishing expedition" for possible causes of action.

Federal Rule of Civil Procedure 26(b)(1) allows discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." The Court concludes that Plaintiff's requests relating to "Defendants' Software Products," as that term was defined by Plaintiff (D.I. 41, Ex. F at 4), is relevant to Plaintiff's infringement claims under Rule 26(b). Further, the Court concludes that Plaintiff's requests relating to "Defendants' Hardware Products," as defined by Plaintiff (D.I. 41, Ex. F at 5), are relevant to Plaintiff's inducement claims, and, because access to Defendants' proprietary hardware is required to test Defendants' software, the information requested by Plaintiff is necessary for Plaintiff to ascertain and narrow its infringement claims. Accordingly, the Court will overrule Defendants' present objections to the scope of Plaintiff's discovery requests, and grant Plaintiff's Motion To Compel Discovery in this respect.

The final issue that has not been addressed to Plaintiff's satisfaction is Defendants' responses to Plaintiff's contention interrogatories. Plaintiff asked Defendants, <u>inter alia</u>, to state "all factual and legal bases" for their non-infringement defense. Defendants provided some bases for their non-infringement defense, but added the disclaimer: "[F]or these and other reasons, [Defendants do] not infringe the claims of the patents in suit when properly construed. Absent more specific

contentions from RRD, however, [Defendants are] not able at this juncture to fully itemize all grounds on which [they] should be found not to infringe . . . ." (D.I. 41, Ex. 2 at 5).

Parties are encouraged to use "contention" interrogatories to discover the legal defenses opposing parties may rely on, as well as the factual bases for those legal defenses. Thorn EMI N. Am. v. Intel Corp., 936 F. Supp. 1186, 1191 (D. Del. 1996); see also Taylor v. FDIC, 132 F. 3d 753, 762 (D.C. Cir. 1997). Courts have discretion in deciding when contention interrogatories must be answered. Fed. R. Civ. P. 33(b); Nestle Foods Corp v. Aetna Cas. & Sur. Co., 135 F.R.D. 101, 110 (D.N.J. 1990)(citing In Re Convergent Technologies Securities Litigation, 108 F.R.D. 328, 333 (N.D. Cal. 1985). Other courts have held that the goals of Rule 33(b) are best met when contention interrogatories are fully answered, after "a substantial amount of discovery has been conducted." ACLU v. Gonzales, 2006 U.S. Dist. LEXIS 47481, at *18 (E.D. Pa., July 12, 2006); Nestle Foods, 135 F.R.D. at 111; Convergent Technologies, 108 F.R.D. at 336; Fisher & Porter Co. v. Tolson, 143 F.R.D. 93, 95 (E.D. Pa 1992). The present Motion was brought at a very early stage of discovery, in response to Plaintiff's first set of discovery requests. Accordingly, Defendants need not supplement there responses to Plaintiff's contention interrogatories at this time. Accordingly, the Court will deny this aspect of Plaintiff's Motion To Compel as

premature. Defendants will have to supplement their responses with all of their non-infringement contentions prior to the issuance of the pre-trial order in this case. Id.

C.   Defendant's Motion For Rule 26(c)(4) Protective Order

Defendants' Motion renews their objections, first raised in opposition to Plaintiff's Motion to Compel, to allowing discovery of Kodak products other than the Darwin Desktop. Defendants raise this motion challenging Plaintiff's attempts to take discovery on several Kodak products "through the vehicle of Federal Rule of Civil Procedure 30(b)(6)." (D.I. 68). For the reasons set forth above, this Motion will be denied.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion For Leave To File A Reply In Support Of Its Motion To Compel Discovery (D.I. 43) is **GRANTED**.

2. Plaintiff's Motion To Compel Discovery (D.I. 36) is **GRANTED** except as to Defendants' contention interrogatory responses.

3. Defendant's Motion For Rule 26(c)(4) Protective Order (D.I. 68) is **DENIED**.

4. Defendants shall supplement their responses to Plaintiff's interrogatories and requests for production as directed in this Memorandum Order within **ten (10) days** from the date of this Order, except Defendants shall supplement their

8

responses to Plaintiff's contention interrogatories **before the Pre-Trial Order is issued.**

5. Defendants shall provide Plaintiff with witnesses knowledgeable about the products identified in Plaintiff's first set of discovery requests: Kodak NexTreme DL-100 Variable Data Software, Kodak NexTreme DL-1000 Variable Data Software, and Composer.

<u>January 4, 2007</u>           <u>Joseph J. Farnan Jr.</u>
         DATE                  UNITED STATES DISTRICT JUDGE