```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE
```

R.R. DONNELLEY & SONS COMPANY,          :
                                        :
       Plaintiff,                       :
                                        :
v.                                      : Civil Action No. 06-032-JJF
                                        :
QUARK, INC., CREO, INC., EASTMAN        :
KODAK COMPANY, and KODAK GRAPHIC        :
COMMUNICATIONS COMPANY,                 :
                                        :
       Defendants.                      :

### MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion for Protective Order. (D.I. 35.). The parties have attempted to reach an agreement on a proposed protective order, but three issues remain in dispute: whether two of Plaintiffs' in-house employees should be granted access to information designated "Attorneys' Eyes Only;" the scope of the patent prosecution bar that will be imposed upon Plaintiff's outside counsel; and the scope of discovery that will be allowed. Plaintiff has submitted the pending Motion suggesting full access for its in-house employees, and a restricted patent prosecution bar. For the reasons discussed, the Court will grant in part and deny in part Plaintiff's Motion.

**I. Whether Plaintiff's In-House Employees Should Have Access to Information Designated "Attorneys' Eyes Only."**

A party's designation as "in-house counsel" cannot serve to automatically deny that party access to information deemed

confidential. U.S. Steel Corp. v. United States, 730 F.2d. 1465, 1467 (Fed. Cir. 1984). Rather, "[t]he factual circumstances surrounding each individual counsel's activities, association or relationship with a party . . . must govern any concern for inadvertent or accidental disclosure." Id. Specifically, the court should consider "whether the attorneys are involved in competitive decision making of the company and should examine the risks and safeguards surrounding inadvertent disclosure of the protected information." Affymetrix, Inc. v. Illumina, Inc., 2005 U.S. Dist. LEXIS 15482, at *6-7 (D. Del., July 28, 2005).

    In this case, one of the R.R. Donnelley employees for whom access is requested, Mr. Pasternak, is the company's Chief Patent Counsel, and the other, Mr. Theophilos, is the President of the Corporate Strategic Initiatives group. Plaintiff claims that both require access in order to be able to effectively "manage outside counsel and advise their client." (D.I. 35 at 4.) However, the risk of inadvertent disclosure cannot be overcome by the mere contention that access to confidential information is necessary for case management. Intel Corp. v. VIA Tech., Inc., 198 F.R.D. 525, 528 (N.D. Ca. 2000). Thus, unless in-house counsel's lack of access would impede a party's ability to litigate through outside counsel, the relevant inquiry remains whether the employee in question "is in a position that creates a

high risk of inadvertent disclosure." Id.; Commisariat A L'Energie Atomique v. Dell Computer Corp., 2004 U.S. Dist. LEXIS 12782 (D. Del. 2004).

A.   Mr. Pasternek

In the case of R.R. Donnelley's Chief Patent Counsel, Mr. Pasternak,[1] the balance weighs in favor of permitting his access to "Attorneys' Eyes Only" information.  Mr. Pasternak has declared the role of Chief Patent Counsel is strictly to "supervise the legal decision-making related to R.R. Donnelley's intellectual property portfolio and its enforcement." (D.I. 35, Ex. C at 2.).  Moreoever, this position does not "report directly to any business person with direct responsibility for competitive decision-making." Id.

Generally, "unrebutted statements made by counsel asserting that he does not participate in competitive decisionmaking, which the court has no reason to doubt, form a reasonable basis to conclude that counsel is isolated from competitive decisionmaking." Intel, 198 F.R.D. at 529.  Accordingly, Mr. Pasternek will be afforded access to the information in question. Affymetrix, 2005 U.S. Dist. LEXIS 15482, at *7.

B.   Mr. Theophilos

---

[1] In its reply brief, Plaintiff informs the Court that Mr. Pasternak has left its employ and that a replacement for him will be named as soon as possible.  Provided that the new Chief Patent Counsel has substantively the same role as Mr. Pasternak, he or she will be permitted access pursuant to this Order.

3

In contrast to the Chief Patent Counsel, Mr. Theophilos, in his role as President of Corporate Strategic Initiatives, advises R.R. Donnelley "on company-wide business initiatives and opportunities for growth," serving in a supervisory role in "research and development and applications engineering and other strategic initiatives of R.R. Donnelley." (D.I. 35, Ex. B at 2.) This competitive decision-making is the sort of disclosure risk that weighs heavily against granting access.[2] Motorola, Inc. v. Interdigital Tech. Corp., 1994 U.S. Dist. LEXIS 20714, at *10-11 (D. Del., Dec. 19, 1994). Furthermore, the only reason stated for allowing Mr. Theophilos access to attorneys' eyes only information is to enable him to manage outside counsel and advise R.R. Donnelley.

The Court concludes that the reasons offered for access are insufficient to overcome the risk of inadvertent disclosure inherent in permitting access. In the case of Mr. Theophilos, who is routinely engaged in strategic and competitive decision-making, inadvertent disclosure is a sufficiently tangible and specific threat to Defendants' interests to merit the issuance of a protective order under Shingara. Accordingly, the Court will

---

[2] Plaintiff argues that this factor is negated, or at least tempered, by the fact that the parties in this case are not direct competitors in the sale of software for variable digital printing. Plaintiff does not deny, however, that Defendants' trade secrets and other sensitive information could potentially be of value to Plaintiff.

4

deny Plaintiff's motion with respect to Mr. Theophilos.

**II. The Scope of the Prosecution Bar**

Defendants argue that a broad protective order preventing the firm of Plaintiff's outside counsel from prosecuting any patents involving any aspect of "variable digital printing" is necessary to protect Defendants from economic injury. Defendants contend that such a protective order is especially necessary considering certain tactics used by Plaintiff's patent prosecution firm, McCracken & Frank. In particular, Defendants not that McCracken & Frank employ a technical specialist, Riyaz M. Asaria, who, according to Defendants, "poses a significant economic threat all by himself, as both an applicant of pending patent applications and a former RDD employee with questionable 'outside' credentials." (D.I. 38).

Plaintiff responded that McCracken & Frank will not have access to any sensitive material related to this litigation. Plaintiff further offered to amend its proffered Protective Order to permit access to confidential and attorneys' eyes only information only to "outside counsel employed by the parties with responsibility for this action who have entered an appearance" in the litigation. (D.I. 39 at 2.)

The Court agrees with Plaintiff that the risk to Defendants' economic interests is not such as would justify placing such a broad, and potentially onerous, patent prosecution bar on

5

Plaintiffs' counsel. Given Plaintiff's offer to amend the Protective Order to exclude McCracken & Frank from access to any confidential or Attorneys' Eyes Only information, there is no tangible risk of injury to Defendants, aside from the general threat of inadvertent misuse of discovered information.

A prosecution bar issued "without some tangible reason or good cause other than the general threat of inadvertent misuse of discovered materials is the exact type of overly broad and generalized fear rejected in Shingara . . . ." AFP Advanced Food Prods. LLC v. Snyder's of Hanover Mfg., Inc., 2006 U.S. Dist. 426, at *7 (E.D. Pa., Jan. 9, 2006). Accordingly, the Court concludes that the balance of the Shingara factors weighs against issuing such a broad protective order.

### III. The Scope Of Discovery

The Court will not limit discovery in this action to "systems and methods for processing imaging data before the data is actually printed by a press, e.g., software for processing or preparing variable printing data," as Defendant requests. (D.I. 38 at 1.) Plaintiff has been forthright regarding the type of discovery it intends to seek and the purposes for which it plans to seek that discovery. (D.I. 39 at 1-2.) If, during the course of discovery, Defendants encounter inappropriate, irrelevant or overbroad discovery requests from Plaintiff, they can file for an

amendment to the Protective Order. Therefore, the Court will issue the protective order with the "software for" and "who have entered an appearance" language included.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The parties shall, within **five (5) days** from the date of this Order, submit a Proposed Protective Order employing the "software for" and "who have entered an appearance" language and granting Thomas G. Pasternak access to Attorneys' Eyes Only information.

2. If Plaintiff wishes to substitute a different corporate officer for Thomas G. Pasternak in the Protective Order, Plaintiff shall submit a Declaration within **five (5) days** from the date of this Order affirming that the new officer performs substantially the same duties as Mr. Pasternak and is not involved in competitive decisionmaking before such substitution may be effected.

January 4, 2007
  DATE

Joseph J. Farnan Jr.
UNITED STATES DISTRICT JUDGE