IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY,<br><br>      Plaintiff,<br><br>      v.<br><br>QUARK, INC., CREO, INC., EASTMAN KODAK COMPANY, AND KODAK GRAPHIC COMMUNICATIONS COMPANY,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 06-032-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATION AND ORDER**

      WHEREAS, plaintiff R.R. Donnelley & Sons Company ("RRD") filed a Motion For Leave To Amend Its Complaint on January 3, 2007 (D.I. 92); and

      WHEREAS, defendants Creo, Inc., Eastman Kodak Company and Kodak Graphic Communications Company do not oppose RRD's Motion To Amend;

      IT IS HEREBY STIPULATED by the parties, subject to the approval of the Court, as follows: (a) RRD shall be permitted to file its Amended Complaint in the form attached hereto as Exhibit A; and (b) RRD's Motion For Leave To Amend Its Complaint (D.I. 92) is withdrawn.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | RICHARDS LAYTON & FINGER, P.A. |
| */s/ Rodger D. Smith II* | */s/ Gregory E. Stuhlman* |
| Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>rsmith@mnat.com<br>*Attorneys for Plaintiff*<br>*R.R. Donnelly & Sons Company* | Frederick L. Cottrell, III (#2555)<br>Gregory E. Stuhlman (#4765)<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801<br>(302) 651-7700<br>*Attorneys for Defendants Creo, Inc.,*<br>*Eastman Kodak Company, and Kodak*<br>*Graphic Communications Company* |

SO ORDERED this ____ day of January 2007.

_____
United States District Court Judge

666541

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CREO, INC., NEXPRESS SOLUTIONS, )<br>INC., KODAK VERSAMARK, INC., )<br>EASTMAN KODAK COMPANY, AND )<br>KODAK GRAPHIC COMMUNICATIONS )<br>COMPANY )<br>)<br>Defendants. ) | C.A. No. 06-032-JJF<br><br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

Plaintiff R.R. Donnelley & Sons Company ("R.R. Donnelley") hereby alleges and complains as follows:

### PARTIES

1. R.R. Donnelley is a Delaware Corporation with a principal place of business at 111 South Wacker Drive, Chicago, IL 60606.

2. Defendants Creo, Inc. ("Creo"), NexPress Solutions, Inc. ("NexPress"), Kodak Versamark, Inc. ("Versamark"), Eastman Kodak Company ("Eastman Kodak"), and Kodak Graphic Communications Company ("KGCC"), collectively referred to hereinafter as "Kodak," are Canadian, Delaware, Delaware, New Jersey and Washington corporations, respectively.

3. On information and belief, Creo, Inc. has a principal place of business at 3700 Gilmore Way, Burnaby, British Columbia, Canada V5G 4M1.

4. On information and belief, NexPress Solutions, Inc. has a principal place of business at 2600 Manitou Road, Rochester, NY 14653.

5. On information and belief, Kodak Versamark, Inc. has a principal place of business at 3000 Research Boulevard, Dayton, OH, 45420.

6. On information and belief, Eastman Kodak Company has a principal place of business at 343 State Street, Rochester, NY 14650.

7. On information and belief, Kodak Graphic Communications Company (f.k.a. Creo Americas, Inc.) has a principal place of business at 3 Federal Street, Billerica, MA 01821.

## JURISDICTION AND VENUE

8. This is a civil action brought by R.R. Donnelley for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Venue in the District of Delaware is proper pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b), in that events giving rise to R.R. Donnelley's claims occurred in this district, the defendants may be found and/or reside in this district by virtue of their activities in this district, and the defendants have committed acts of patent infringement in this district.

## BACKGROUND

10. On March 20, 2001, United States Patent No. 6,205,452 ("the '452 patent") -- entitled "METHOD OF REPRODUCING VARIABLE GRAPHICS IN A VARIABLE IMAGING SYSTEM" -- duly and legally issued to R.R. Donnelley as assignee of the inventors, James L. Warmus, Mark G. Dreyer, and Daniel W. Beery. A copy of the '452

patent is attached as Exhibit A. Plaintiff R.R. Donnelley continues to own all rights, title, and interest to the '452 patent, including the right to recover for past infringement thereof.

11. On December 4, 2001, United States Patent No. 6,327,599 ("the '599 patent") -- entitled "APPARATUS FOR CONTROLLING AN ELECTRONIC PRESS TO PRINT FIXED AND VARIABLE INFORMATION" -- duly and legally issued to R.R. Donnelley as assignee of the inventors, James L. Warmus and Mark G. Dreyer. A copy of the '599 patent is attached as Exhibit B. Plaintiff R.R. Donnelley continues to own all rights, title, and interest to the '599 patent, including the right to recover for past infringement thereof.

12. On January 18, 2005, United States Patent No. 6,844,940 ("the '940 patent") -- entitled "IMPOSITION PROCESS AND APPARATUS FOR VARIABLE IMAGING SYSTEM" -- duly and legally issued to R.R. Donnelley as assignee of the inventors, James L. Warmus, Mark G. Dreyer, and J. Thomas Shively. A copy of the '940 patent is attached as Exhibit C. Plaintiff R.R. Donnelley continues to own all rights, title, and interest to the '940 patent, including the right to recover for past infringement thereof.

13. On October 4, 2005, United States Patent No. 6,952,801 ("the '801 patent") -- entitled "BOOK ASSEMBLY PROCESS AND APPARATUS FOR VARIABLE IMAGING SYSTEM" -- duly and legally issued to R.R. Donnelley as assignee of the inventors, James L. Warmus, Mark G. Dreyer, and J. Thomas Shively. A copy of the '801 patent is attached as Exhibit D. Plaintiff R.R. Donnelley continues to own all rights, title, and interest to the '801 patent, including the right to recover for past infringement thereof.

14. The '452 patent, the '599 patent, the '940 patent, and the '801 patent are collectively referred to herein as the "patents-in-suit."

15. On information and belief, Eastman Kodak has three reportable segments, including the Graphic Communications Group. On information and belief, the Graphic Communications Group segment consists of Kodak Polychrome Graphics LLC, Creo, NexPress, Versamark, and Encad, Inc.

16. On information and belief, in 2005, Eastman Kodak purchased Creo, Inc., the maker of Darwin Desktop ("Darwin"). On information and belief, Darwin for QuarkXPress and Adobe InDesign are both now made, offered for sale, and sold by Eastman Kodak and its Kodak Graphic Communications and Creo subsidiaries.

17. On information and belief, in May 2004, Eastman Kodak acquired Heidelberger Druckmaschinen AG's ("Heidelberg") fifty (50) percent interest in NexPress Solutions LLC, a 50/50 joint venture of Eastman Kodak and Heidelberg. On information and belief, upon the acquisition, Eastman Kodak renamed its now wholly-owned subsidiary NexPress Solutions, Inc. On information and belief, NexPress makes, offers for sale, and sells digital presses including the NexPress 2100 Plus Digital Production Color Press and the NexPress 2500 Digital Production Color Press, digital press controllers including the NexStation and variable digital printing software including Kodak NexTreme DL-100 Variable Data Software and Kodak NexTreme DL-1000 Variable Data Software.

18. On information and belief, in January 2004, Eastman Kodak acquired Scitex Digital Printing and renamed the company Kodak Versamark. On information and belief, Versamark makes, offers for sale, and sells digital presses including the Kodak Versamark V-Series Printing System, the Kodak Versamark D-Series Printing System, digital press controllers including the CS150, CS300, CS340, CS400, and CS600, and variable digital printing software including Composer.

19. As used herein, "Digital Presses" includes the NexPress 2100 Plus Digital Production Color Press, the NexPress 2500 Digital Production Color Press, the NexStation digital press controller, the Kodak Versamark V-Series Printing System, the Kodak Versamark D-Series Printing System, and the following digital press controllers: CS150, CS300, CS340, CS400, and CS600.

20. As used herein, "Kodak Software" includes Darwin, Kodak NexTreme DL-100 Variable Data Software, Kodak NexTreme DL-1000 Variable Data Software, and Composer.

21. On information and belief, Kodak may manufacture and offer additional software products and digital presses, provide additional services, and participate in additional activities beyond those expressly identified in this Amended Complaint that infringe the patents-in-suit. Information concerning those products, services, and activities are not reasonably available to R.R. Donnelley, and Defendants have improperly withheld legitimate discovery thus far in this case. R.R. Donnelley believes that appropriate discovery, currently being withheld by Kodak, would lead to a proper identification of any additional infringing products, services, and activities.

**FIRST CLAIM FOR RELIEF**
**INFRINGEMENT OF U.S. PATENT NO. 6,205,452 BY KODAK**

22. R.R. Donnelley hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 21 of this Complaint.

23. On information and belief, by its actions, which include but are not limited to (i) the making, using, offering to sell, and selling of one or more of the Kodak Software; (ii) the sale of one or more Digital Presses intended for use with infringing software including one or more of the Kodak Software; (iii) marketing and encouraging its customers to purchase,

install, and use infringing third party software packages including for use with one or more of the Digital Presses with knowledge of the patents-in-suit; and (iv) providing and supporting its Variable Print Specification ("VPS") to encourage software developers to write infringing software packages to provide output in its VPS page description language including for use with one or more of the Digital Presses, Kodak has infringed, contributed to infringement of and induced others to infringe, the '452 patent, and continues to infringe, contribute to infringement of and induce others to infringe the '452 patent.

24. Kodak has been given notice of the '452 patent.

25. Kodak's infringement of the '452 patent is, has been, and continues to be willful and deliberate.

26. R.R. Donnelley has sustained damages and suffered irreparable harm as a consequence of Kodak's infringement, and will continue to sustain damages and be irreparably harmed unless Kodak is enjoined from infringing the '452 patent.

## SECOND CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 6,327,599 BY KODAK

27. R.R. Donnelley hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 26 of this Complaint.

28. On information and belief, by its actions, which include but are not limited to (i) the making, using, offering to sell, and selling of one or more of the Kodak Software; (ii) the sale of one or more Digital Presses intended for use with infringing software including one or more of the Kodak Software; (iii) marketing and encouraging its customers to purchase, install, and use infringing third party software packages including for use with one or more of the Digital Presses with knowledge of the patents-in-suit; and (iv) providing and supporting its Variable Print Specification ("VPS") to encourage software developers to write infringing

software packages to provide output in its VPS page description language including for use with one or more of the Digital Presses, Kodak has infringed, contributed to infringement of and induced others to infringe, the '599 patent, and continues to infringe, contribute to infringement of and induce others to infringe the '599 patent.

29. Kodak has been given notice of the '599 patent.

30. Kodak's infringement of the '599 patent is, has been, and continues to be willful and deliberate.

31. R.R. Donnelley has sustained damages and suffered irreparable harm as a consequence of Kodak's infringement, and will continue to sustain damages and be irreparably harmed unless Kodak is enjoined from infringing the '599 patent.

### THIRD CLAIM FOR RELIEF
### INFRINGEMENT OF U.S. PATENT NO. 6,844,940 BY KODAK

32. R.R. Donnelley hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 31 of this Complaint.

33. On information and belief, by its actions, which include but are not limited to (i) the making, using, offering to sell, and selling of one or more of the Kodak Software; (ii) the sale of one or more Digital Presses intended for use with infringing software including one or more of the Kodak Software; (iii) marketing and encouraging its customers to purchase, install, and use infringing third party software packages including for use with one or more of the Digital Presses with knowledge of the patents-in-suit; and (iv) providing and supporting its Variable Print Specification ("VPS") to encourage software developers to write infringing software packages to provide output in its VPS page description language including for use with one or more of the Digital Presses, Kodak has infringed, contributed to infringement of and

induced others to infringe, the '940 patent, and continues to infringe, contribute to infringement of and induce others to infringe the '940 patent.

34. Kodak has been given notice of the '940 patent.

35. Kodak's infringement of the '940 patent is, has been, and continues to be willful and deliberate.

36. R.R. Donnelley has sustained damages and suffered irreparable harm as a consequence of Kodak's infringement, and will continue to sustain damages and be irreparably harmed unless Kodak is enjoined from infringing the '940 patent.

### FORTH CLAIM FOR RELIEF
### INFRINGEMENT OF U.S. PATENT NO. 6,952,801 BY KODAK

37. R.R. Donnelley hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 36 of this Complaint.

38. On information and belief, by its actions, which include but are not limited to (i) the making, using, offering to sell, and selling of one or more of the Kodak Software; (ii) the sale of one or more Digital Presses intended for use with infringing software including one or more of the Kodak Software; (iii) marketing and encouraging its customers to purchase, install, and use infringing third party software packages including for use with one or more of the Digital Presses with knowledge of the patents-in-suit; and (iv) providing and supporting its Variable Print Specification ("VPS") to encourage software developers to write infringing software packages to provide output in its VPS page description language including for use with one or more of the Digital Presses, Kodak has infringed, contributed to infringement of and induced others to infringe, the '801 patent, and continues to infringe, contribute to infringement of and induce others to infringe the '801 patent.

39. Kodak has been given notice of the '801 patent.

40. Kodak's infringement of the '801 patent is, has been, and continues to be willful and deliberate.

41. R.R. Donnelley has sustained damages and suffered irreparable harm as a consequence of Kodak's infringement, and will continue to sustain damages and be irreparably harmed unless Kodak is enjoined from infringing the '801 patent.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff R.R. Donnelley seeks judgment in its favor and against defendant Kodak as follows:

A. Adjudging and decreeing that Kodak has infringed one or more claims of U.S. Patent Nos. 6,205,452, 6,327,599, 6,844,940, and 6,952,801;

B. Awarding injunctive relief permanently enjoining Kodak, its officers, agents, servants, employees and attorneys and all persons in active concert or participation with it from making, using, offering to sell, selling, or importing any product, service, or method that would infringe, directly or indirectly, any of the claims of the '452, '599, '940, and '801 patents;

C. Awarding R.R. Donnelley damages in an amount sufficient to compensate it for Kodak's infringement, together with prejudgment interest and costs of suit;

D. Adjudging that Kodak's infringement is willful and awarding R.R. Donnelley treble damages under 35 U.S.C. § 284;

E. Declaring this to be an exceptional case pursuant to 35 U.S.C. § 285 and awarding R.R. Donnelley its attorneys' fees, costs and expenses against Kodak; and

F.  Granting such further relief as the Court may deem just and appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com
  *Attorneys for Plaintiff*
  *R.R. Donnelley & Sons Co.*

OF COUNSEL:

Bradford J. Badke
Stuart W. Yothers
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 596-9000

Steven A. Kaufman
ROPES & GRAY LLP
One International Place
Boston, MA 02110
(617) 951-7000

January 3, 2007

10