IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>QUARK, INC., CREO, INC., EASTMAN KODAK COMPANY, AND KODAK GRAPHIC COMMUNICATIONS COMPANY,<br><br>    Defendants.<br><br>CREO, INC., EASTMAN KODAK COMPANY, AND KODAK GRAPHIC COMMUNICATIONS COMPANY,<br><br>    Counterclaim-Plaintiffs,<br><br>    v.<br><br>R.R. DONNELLEY & SONS COMPANY,<br><br>    Counterclaim-Defendant. | C.A. No. 06-cv-032-JJF |

## STIPULATED PROTECTIVE ORDER

WHEREAS, discovery in the above-entitled action ("Action") may involve the disclosure of certain documents, things and information in the possession, custody or control of a party or third parties that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and as further set forth below;

WHEREAS, the parties, through counsel, stipulate to the entry of this Protective Order to prevent unnecessary dissemination or disclosure of Confidential Information and Attorneys-Eyes-Only Information (as defined below and collectively referred to as "Designated Information");

WHEREAS, the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Rule 26(c), Fed. R. Civ. P., to protect against improper disclosure or use of Designated Information produced or disclosed in this case.

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT as follows:

1. <u>Proceedings and Information Governed</u>.

This Protective Order shall govern any document, information or other thing furnished by any party, including third parties, to any other parties in connection with the discovery and pretrial phase of this action. The information protected includes, but is not limited to, documents and written responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations, and portions thereof.

The restrictions and obligations set forth herein relating to Designated Information shall not apply to any information which: (a) the parties and third parties agree, or the Court rules, is already public knowledge; (b) the parties and third parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by a receiving party, its employees or agents in violation of this Protective Order; (c) has come or shall come into a receiving party's legitimate possession independently of the producing party; or (d) has been independently developed by or for the party without use of, or reference to, the other party's Designated Information. Such restrictions and obligations shall not be deemed to prohibit discussions with

any person of any Designated Information if that person already has or obtains legitimate possession thereof.

2.   Types of Information for Protection Under This Protective Order.

"Attorneys-Eyes-Only Information" means (i) trade secrets (including source code) and (ii) information that has been maintained by the producing party as confidential and discloses, or is sufficient to discern, the producing party's sales volume, sales units, prices, price structures, discounts, costs, profits, margins, marketing strategies, competitive business plans, and the identity of customers.

"Confidential Information" means confidential or proprietary information produced in discovery which is not generally known and does not qualify as "Attorneys-Eyes-Only Information," but which the producing party would not normally reveal to third parties or would cause third parties to maintain in confidence. Furthermore, "Confidential Information" shall be information that the producing party believes would reveal (i) proprietary research or development data, (ii) confidential processes, or (iii) information, which if disclosed, would likely harm the competitive position of the producing party, but does not otherwise qualify as Attorneys-Eyes-Only Information.

3.   Designation of Information for Protection Under This Protective Order.

Any such information produced in this action that is reasonably believed by the producing party to qualify as Designated Information may be designated as such by stamping or otherwise marking the information with one of the following legends, or their equivalents: "CONFIDENTIAL, R.R. DONNELLEY v. QUARK et al., C.A. No. 06-032 (JJF) (D. Del.)" or "ATTORNEYS-EYES-ONLY, R.R. DONNELLEY v. QUARK et al., C.A. No. 06-032 (JJF) (D. Del.)" prior to production. In the case of written material, documents, or tangible items, the respective designation shall be made at the time the receiving party is provided a copy of the

writing or thing. In the case of deposition testimony, any designation of the testimony of the witness as Attorneys-Eyes-Only Information or Confidential Information shall take place during the deposition. After such designation, the testimony shall be treated as designated under this Protective Order. Unless so designated, the transcript is treated as non-confidential unless otherwise agreed by the parties, ordered by the Court, or otherwise designated confidential in accordance with the provisions stated below.

In the event that information is provided under this Protective Order, whether in written or oral form, without any designation of confidentiality, such information may be designated as Designated Information at a later time, and shall be treated as such by all parties hereto as though such information had been designated when originally provided.

If a party (or third party subject to subpoena) decides to add a designation to any document previously produced without designation, or to delete the designation on any document previously produced, the producing party (or third party) shall produce to the other parties substitute copies of such documents bearing the desired designation. The parties to whom the substitute copies of such documents are produced shall substitute the later produced documents for the previously produced documents, and destroy or return to the producing party the previously produced documents.

4.   Disclosure of Confidential Information.

"Confidential Information" may be disclosed by the receiving party to the following recipients only:

(a)   Outside counsel employed by the parties with responsibility for this action who have entered an appearance and their respective associates, clerks, legal assistants, stenographic and support personnel, and organizations retained by such attorneys to provide litigation support services in this action and the employees of said organization; notwithstanding

4

the foregoing, individuals under this paragraph may not gain access to Confidential Information if such individuals are currently involved in the preparation or prosecution of any applications related to the patents-in-suit or any patent application directed to software for variable digital printing; moreover, individuals under this paragraph gaining access to Confidential Information shall be barred from preparing and prosecuting any applications related to the patents-in-suit and any patent applications directed to software for variable digital printing for a period of three (3) years after the conclusion of this action; for the purposes of this paragraph, "involved . . . in the preparation or prosecution" means controlling and/or influencing claim language and/or disclosure in any applications related to the patents-in-suit or any patent application directed to software for variable digital printing;

    (b)    Two (2) designated in-house representatives for each side, as follows:

        (i)    For R.R. Donnelley & Sons Company ("R.R. Donnelley"): Grant Miller and Paul Rodriguez (and in-house legal assistants assisting Mr. Rodriguez in this action), so long as they continue in the employment of R.R. Donnelley.

        (ii)    For Creo, Inc. ("Creo"), Eastman Kodak Company ("Kodak"), and Kodak Graphic Communications Company ("KGCC"), collectively referred to herein as "Defendants": Arun Chowdry and Peter Cody (and in-house legal assistants assisting Mr. Cody in this action), so long as they continue in the employment of Defendants.

        (iii)    If an individual identified in paragraphs 4(b)(i) or 4(b)(ii) above ceases employment of the respective party, that party shall notify the other parties in writing of such intent. Any party objecting to a particular person being substituted having access to Confidential Information may file a motion with the Court demonstrating good cause why such person should not be granted such access. A motion challenging the right of a proposed

substitute to access Confidential Information shall be filed no later than seven (7) business days following receipt of the written notice required above.

      (c)      Independent experts and consultants, including the employees thereof, who are retained or consulted by counsel for any party for the purpose of assisting counsel in the litigation, and subject to the provisions of paragraph 8 (but excluding any personnel regularly employed by a party or a competitor of a party and any person whose testimony will consist of lay opinions rather than expert opinions);

      (d)      Any individual who either prepared or received the Confidential Information prior to filing of this Action, as demonstrated by the Confidential Information itself or foundation testimony during a deposition or trial, but such individual shall not be permitted to retain any such documents or things or any copies thereof unless otherwise authorized to receive such information under this Protective Order;

      (e)      Any certified shorthand or court reporters operating video equipment at depositions retained to report a deponent's testimony in this case;

      (f)      Third-party contractors, including employees and agents thereof, involved solely in one or more aspects of organizing, filing, copying, coding, converting, sorting or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system;

      (g)      The Court, including its clerks, reporters and staff;

      (h)      The persons permitted under paragraph 14 below; and

      (i)      Such other persons as hereafter may be designated by written agreement of all parties in this action or by order of the Court permitting such disclosure, such order obtained on noticed motion (or on shortened time as the Court may allow).

5.     Disclosure of Attorneys-Eyes-Only Information.

"Attorneys-Eyes-Only Information" may be disclosed by the receiving party to the following recipients only:

(a)     Outside counsel employed by the parties with responsibility for this action who have entered an appearance and their respective associates, clerks, legal assistants, stenographic and support personnel, and organizations retained by such attorneys to provide litigation support services in this action and the employees of said organization; notwithstanding the foregoing, individuals under this paragraph may not gain access to Attorneys-Eyes-Only Information if such individuals are currently involved in the preparation or prosecution of any applications related to the patents-in-suit or any patent application directed to software for variable digital printing; moreover, individuals under this paragraph gaining access to Attorneys-Eyes-Only Information shall be barred from preparing and prosecuting any applications related to the patents-in-suit and any patent applications directed to software for variable digital printing for a period of three (3) years after the conclusion of this action; for the purposes of this paragraph, "involved . . . in the preparation or prosecution" means controlling and/or influencing claim language and/or disclosure in any applications related to the patents-in-suit or any patent application directed to software for variable digital printing;

(b)     One (1) designated in-house representative for each side, as follows:

(i)     For R.R. Donnelley: Paul Rodriguez, who has no role in making competitive decisions that would be informed by the type and scope of information that may be produced by Defendants under the Attorneys-Eyes-Only designation in this action, so long as he continues in the employment of R.R. Donnelley.

(ii)     For Defendants: Peter Cody, who has no role in making competitive decisions that would be informed by the type and scope of information that may be

7

produced by R.R. Donnelley under the Attorneys-Eyes-Only designation in this action, so long as he continues in the employment of Defendants.

(iii) If an individual identified in paragraphs 5(b)(i) or 5(b)(ii) above ceases employment of the respective party, that party shall notify the other parties in writing of such intent. Any party objecting to a particular person being substituted having access to Attorneys-Eyes-Only Information may file a motion with the Court demonstrating good cause why such person should not be granted such access. A motion challenging the right of a proposed substitute to access Attorneys-Eyes-Only Information shall be filed no later than seven (7) business days following receipt of the written notice required above.

(c) Independent experts and consultants, including the employees thereof, who are retained or consulted by counsel for any party solely for the purpose of assisting counsel in the litigation, and subject to the provisions of paragraph 8 (but excluding any personnel regularly employed by a party or a competitor of a party and any person whose testimony will consist of lay opinions rather than expert opinions);

(d) Any individual who either prepared or received the Attorneys-Eyes-Only Information prior to filing of this Action, as demonstrated by the Attorneys-Eyes-Only Information itself or foundation testimony during a deposition or trial, but such individual shall not be permitted to retain any such documents or things or any copies thereof unless otherwise authorized to receive such information under this Protective Order;

(e) Any certified shorthand or court reporters operating video equipment at depositions retained to report a deponent's testimony in this case;

(f) Third-party contractors, including employees and agents thereof, involved solely in one or more aspects of organizing, filing, copying, coding, converting, sorting or

retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system;

   (g) The Court, including its clerks, reporters and staff;

   (h) The persons permitted under paragraph 14 below; and

   (i) Such other persons as hereafter may be designated by written agreement of all parties in this action or by order of the Court permitting such disclosure, such order obtained on noticed motion (or on shortened time as the Court may allow).

  6. <u>Inspection/Marking</u>.

   In the event that the producing party elects to make documents available for inspection, the producing party need not mark the documents in advance of the inspection, and all such documents or other materials shall be treated as Designated Information until designated otherwise at the time that copies are provided to the receiving party. Prior to producing the documents to the receiving party, the producing party shall mark copies of the selected documents with the appropriate designation.

   In the event that the producing party elects to make documents available for inspection, the producing party shall produce to the receiving party documents selected for production in a diligent manner.

   Any initial inspection of documents provided by a producing party shall not constitute a waiver of privilege or confidentiality of any document so inspected.

   If inspection, measurement, testing, sampling, or photography of a party's or third party's processes, apparatuses, products, equipment, premises, or other property pursuant to Rule 34, Fed. R. Civ. P., will reveal or disclose information that is Designated Information, the producing party shall advise the party or parties seeking the discovery in advance that the inspection, measurement, testing, sampling, or photography will be permitted only on a

confidential basis and that the material discovered and any information derived from that material shall be treated as Designated Information. It shall be the responsibility of the party conducting the inspection, measurement, testing, sampling, or photography to affix the confidentiality legend to any resultant document that contains Designated Information, including, but not limited to, photographs, test results, samples, and notes. Unless otherwise agreed by the parties or ordered by the Court, or otherwise designated confidential in accordance with the provisions of paragraph 3 of this Protective Order, any confidentiality is waived if the party or third party providing the discovery fails to advise the party or parties seeking the discovery in advance that any inspection, measuring, testing, sampling, or photographing will be permitted only on a confidential basis.

    7.    Declarations; Violations.

Each person referred to in paragraphs 4(c) and 5(b) above, to whom Designated Information is to be given, shown, disclosed, made available or communicated in any way, shall execute a declaration, in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Protective Order. The executed declarations shall be maintained by counsel for the party that has disclosed the Designated Information.

A party believing there has been a violation of this Protective Order must provide written notice of such belief to all other parties. The parties thereafter shall informally attempt to resolve the matter promptly, but the responding party shall have at least five (5) business days to investigate the assertion. If the parties are unable to resolve the issue, then the party asserting that a violation occurred shall move the Court for relief and give written notice to all parties of its intent to so move.

8.     Disclosure to Experts.

At least five (5) business days prior to giving, showing, disclosing, making available or communicating Designated Information to any person referred to in paragraph 4(c), the disclosing party shall deliver to all other parties: (i) a copy of the declaration (Exhibit A hereto) signed by the person to whom Designated Information is proposed to be disclosed; (ii) a copy of the consultant's current curriculum vitae; and (iii) a list of all cases within the last five (5) years in which the consultant provided an expert report or testimony. Any other party shall be entitled to object to such disclosure within five (5) business days after service of the copy of the declaration of the person to whom Designated Information is to be disclosed by stating specifically in writing the reasons why that party believes such person should not receive Designated Information. In the event of such an objection, no disclosure of Designated Information shall be made to such person for a period of five (5) business days following the date of service of the objection in order to permit the objecting party to move for an order that disclosure not be made to said persons or made only under certain conditions. If no such motion is made in such time and manner, Designated Information may be disclosed to such person for the purpose and upon the conditions therein stated. If such a motion is made, there shall be no disclosure to such person until the Court has ruled upon the motion, and then only in accordance with the ruling so made. The filing and pendency of such motion shall not limit, delay or defer any disclosures of the Designated Information to persons as to whom no such objection has been made.

It is understood and agreed that if a party identifies a person as an expert pursuant to this Protective Order, no other party shall contact the expert nor subject the expert to discovery

11

to inquire into matters arising within the expert's consultation with the identifying party, except as provided under the Federal Rules of Civil Procedure.

9. Use.

Designated Information shall be used by the party and persons to whom it is disclosed solely in conducting this action and any appellate proceeding related thereto. Designated Information shall not be used by such party or persons for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further order of the Court. No person who is furnished Designated Information shall disclose it to any person not entitled under this Protective Order to receive it.

10. Inadvertent Production.

Inadvertent production of a privileged or confidential document or a document immune from discovery as work product within the meaning of Rule 26, Fed. R. Civ. P. does not constitute a waiver of such privileged, confidential, or immune status. No party shall be held to have waived any rights by such inadvertent production. If a party inadvertently produces documents or information that it considers privileged or otherwise protected from disclosure, in whole or in part, or learns of the production of documents or information containing what it believes to be privileged or otherwise protected from disclosure, the party may retrieve such documents or information as follows:

(a) Within ten (10) days of the date of discovery of the inadvertent disclosure, the party shall give written notice to all other parties of the claimed privilege or other protection from disclosure, as well as the factual basis for asserting it.

(b) Any party who has received the document or information at issue shall promptly return all copies to the producing party upon receiving such written notice. In the event that only part of a document is claimed to be privileged or otherwise protected from disclosure,

the party giving notice shall also furnish to the other parties who have received the document a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected.

    (c)    The provisions of subparagraphs (a) and (b) above are without prejudice to any other rights any party may have with respect to challenging or defending any claim of privilege or protection from disclosure.

11.    Court Procedures.

    (a)    Pleadings or other papers which contain or incorporate Confidential Information shall be filed in sealed envelopes or other appropriate containers on which shall be endorsed the title of the action to which they pertain, an indication of the nature of the contents of the sealed envelope or other container, the word 'CONFIDENTIAL," and a statement substantially in the following form:

> THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE COURT, CONTAINS CONFIDENTIAL INFORMATION AND IS NOT TO BE OPENED NOR THE CONTENTS REVEALED EXCEPT BY ORDER OF THE COURT.

    (b)    Pleadings or other papers which contain or incorporate Attorneys-Eyes-Only Information shall be filed in sealed envelopes or other appropriate containers on which shall be endorsed the title of the action to which they pertain, an indication of the nature of the contents of the sealed envelope or other container, the word 'ATTORNEYS-EYES-ONLY," and a statement substantially in the following form:

> THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE COURT, CONTAINS ATTORNEYS-EYES-ONLY INFORMATION AND IS NOT TO BE OPENED NOR THE CONTENTS REVEALED EXCEPT BY ORDER OF THE COURT.

(c) Any Court hearing which refers to or describes Designated Information shall in the Court's discretion be held *in camera.*

12. Party's Own Information.

The restrictions on the use of Designated Information established by this Protective Order are applicable only to the use by a party of Designated Information received from any other party. A party is free to do whatever it desires with its own information.

13. Removal.

A party may seek to remove particular items of Designated Information provided by the other party from this Protective Order. In such event, the following procedure shall be utilized:

(a) The party or person seeking such removal shall give counsel of record for the other party written notice thereof, supported by reasons therefor specifying the document, information or other thing as to which such removal is sought;

(b) If the parties cannot reach agreement concerning the matter within seven (7) business days after delivery (or in the case of mailing, ten (10) business days after delivery) of the notice, then the party seeking the removal of Designated Information from this Protective Order may file and serve a motion, not to exceed three (3) pages, for an order of this Court for appropriate relief.

No party shall be obligated to challenge the propriety of the designation of any material as Designated Information upon its production in this case, and failure to so challenge shall not preclude any subsequent objection to such designation, or any motion for leave to disclose such material or the information contained therein to persons not referred to in this Protective Order, or from otherwise modifying the provisions of this Protective Order.

14. <u>Disclosure to Author, Addressee or Party</u>.

Nothing herein shall prohibit a party or its counsel from disclosing a document which is Designated Information to the person who is the author or addressee of such document, or people copied thereon.

15. <u>Exclusion from Deposition</u>.

Whenever any document, information or other thing designated as Designated Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive such document, information or other thing designated as Designated Information.

16. <u>No Waiver</u>.

Neither the taking, nor the failure to take, any action to enforce the provisions of this Protective Order, nor the failure to object to any designation or to any such action or omission, shall constitute a waiver of a right to seek and obtain protection and/or relief, other than as specified herein, of any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection, or that such information embodies trade secrets of any party. The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve any party of the necessity of proper response to discovery devices.

17. <u>No Waiver of Privilege</u>.

Nothing in this Protective Order shall be deemed a waiver of the attorney-client, work product or other privilege or immunity, or of the right of any party to this action to oppose production of any information or documents as being outside the scope of discovery authorized by the Federal Rules of Civil Procedure or otherwise.

18. <u>No Limit on Parties' Rights to Discovery</u>.

Nothing in this Protective Order shall be construed to limit, restrict or otherwise affect the ability of the parties to seek the production of documents, testimony or any other information from any source.

19. <u>Advice of Counsel to Party</u>.

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on Designated Information provided, however, that in rendering such advice, counsel shall not produce to their client any such materials or disclose the information contained therein, except insofar as allowed (if allowed at all) under the terms of this Protective Order.

20. <u>Disclosure of Designated Information to Unauthorized Person</u>.

If Designated Information is disclosed to any person other than those entitled to disclosure in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the designating party in writing of all pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure by the unauthorized person(s). Notwithstanding the foregoing, counsel of record are responsible for employing reasonable measures to control, consistent with this Protective Order, duplication of, access to, and distribution of Designated Information. Nothing in this Protective Order shall prevent a party from moving the Court for an order of contempt or other such relief, including damages, for any violation of this Protective Order.

21. <u>Return of Information</u>.

Upon final termination of this action, including all appeals, all Designated Information and all documents which reflect such information (except as provided below), and a list of all persons who signed declarations in respect thereto, upon the request of the party

furnishing such Designated Information, (i) shall be delivered to the party that furnished such Designated Information or (ii) shall be destroyed, in lieu of delivery to the furnishing party, in which event counsel shall give written notice of such destruction to opposing counsel. In no event shall a party retain a copy of the Designated Information produced to it, except that outside litigation counsel may keep one copy of pleadings containing confidential information for archival purposes. The Clerk of the Court may return or destroy any sealed information provided during the course of the litigation at its termination. Nothing in this Protective Order requires the return or destruction of attorney work-product or attorney-client communications of any party which is maintained and stored by counsel in the regular course of business.

22. Court's Jurisdiction.

The Court retains jurisdiction to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate. The provisions of this Protective Order regarding the use and/or disclosure of Designated Information shall survive the termination of this action, and the Court shall retain jurisdiction with respect to this Protective Order.

23. Amendment.

Any party may move the Court to amend this Protective Order at any time. Moreover, parties entering into this Protective Order will not be deemed to have waived any of their rights to seek later amendment to this Protective Order.

Respectfully submitted,

/s/ Rodger D. Smith II
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT &
TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com

Bradford J. Badke
Stuart W. Yothers
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 596-9000

Steven A. Kaufman
ROPES & GRAY LLP
One International Place
Boston, MA 02110
(617) 951-7000

*Attorneys for Plaintiff*
*R.R. Donnelley & Sons Company*

Dated: January 23, 2007

699586

/s/ Gregory E. Stuhlman
Frederick L. Cottrell, III (#2555)
Gregory E. Stuhlman (#4765)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
cottrell@rlf.com

Richard McMillan, Jr.
Jeffrey D. Sanok
Brian M. Koide
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 624-2500

*Attorneys for Defendants Creo, Inc.,*
*Eastman Kodak Company, and Kodak*
*Graphic Communications Company*

IT IS SO ORDERED THIS 25 DAY OF January 2007.

_____
Judge Joseph J. Farnan JR.

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| R.R. DONNELLEY & SONS COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>QUARK, INC., CREO, INC., EASTMAN KODAK COMPANY, AND KODAK GRAPHIC COMMUNICATIONS COMPANY,<br><br>    Defendants.<br><br>CREO, INC., EASTMAN KODAK COMPANY, AND KODAK GRAPHIC COMMUNICATIONS COMPANY,<br><br>    Counterclaim-Plaintiffs,<br><br>    v.<br><br>R.R. DONNELLEY & SONS COMPANY,<br><br>    Counterclaim-Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 06-cv-032-JJF |

**UNDERTAKING OF _____**
**FOR RECEIPT AND USE OF CONFIDENTIAL [OR ATTORNEYS-EYES-ONLY]**
**INFORMATION**

STATE OF           )
                      : ss.:
COUNTY OF       )

    I, _____, being duly sworn, state that:

1. My address is _____. My present employer is _____ and the address of my present employment is _____. My present occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Information [or Attorneys-Eyes-Only Information], including the substance and any copy, summary, abstract, excerpt, index, or description of such material, that is disclosed to me.

4. I will return all Confidential Information [or Attorneys-Eyes-Only Information] that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

_____
[Signature]

Sworn and subscribed to
before me this ____ day
of _____, 2007.

_____
Notary Public