IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY, )<br><br>Plaintiff, )<br><br>v. )<br><br>CREO, INC., NEXPRESS SOLUTIONS, INC., KODAK VERSAMARK, INC., EASTMAN KODAK COMPANY, AND KODAK GRAPHIC COMMUNICATIONS COMPANY, )<br><br>Defendants. ) | C.A. No. 06-032-JJF |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXTEND
SCHEDULING DEADLINES (D.I. 99) AND ITS MOTION TO PRECLUDE
DEFENDANTS FROM RELYING ON UNDISCLOSED CONTENTIONS (D.I. 94)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  *Attorneys for Plaintiff*
  *R.R. Donnelley & Sons Company*

OF COUNSEL:
Bradford J. Badke
Stuart W. Yothers
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036
(212) 596-9000

Steven A. Kaufman
ROPES & GRAY LLP
One International Place
Boston, MA  02110
(617) 951-7000

January 25, 2007

i.

## TABLE OF CONTENTS

Page

TABLE OF CITATIONS                                                          ii

INTRODUCTION                                                                1

ARGUMENT                                                                    2

I.    THE CLAIM CONSTRUCTION BRIEFING AND MARKMAN
      HEARING DATES SHOULD BE EXTENDED BY THREE MONTHS       2

II.   THE COURT SHOULD PRECLUDE DEFENDANTS FROM
      RELYING ON UNDISCLOSED CONTENTIONS, OR ORDER
      DEFENDANTS TO PROVIDE COMPLETE RESPONSES TO RRD'S
      INTERROGATORIES                                                       6

      A.    Defendants Should Be Precluded From Relying On Undisclosed
            Contentions                                                     6

      B.    Alternatively, Defendants Should Be Ordered To Provide
            Complete Responses to RRD's Interrogatories                     9

CONCLUSION                                                                  12

ii.

## TABLE OF AUTHORITIES

Page(s)

Case(s)

*02 Micro Int'l Ltd v. Monolithic Power Sys., Inc.*,
    467 F.3d 1355 (Fed. Cir. 2006)...............................................................................11

*ATD Corp. v. Lydall, Inc.*,
    159 F.3d 534 (Fed. Cir. 1998)...................................................................................9

*Georgia-Pacific Corp. v. U.S. Gypsum Co.*,
    C.A. No. 94-489-RRM, 1996 U.S. Dist. LEXIS 22616 (D. Del. Dec. 27, 1996)....................8

*Praxair, Inc. v. ATMI, Inc.*,
    231 F.R.D. 457 (D. Del. 2005) .................................................................................8

*Tracinda Corp. v. Daimlerchrysler AG*,
    C.A. No. 00-993-JJF, 2005 U.S. Dist. LEXIS 6741 (D. Del. April 20, 2005) .........................9

*Vivid Technologies, Inc. v. American Science & Engineering, Inc.*,
    200 F.3d 795 (Fed. Cir. 1999)...................................................................................4

*Westvaco Corp. v. Viva Magnetics Ltd.*,
    2002 WL 31052870 (S.D.N.Y. 2002)........................................................................4


Rule(s)

Fed. R. Civ. P. 26(e) ............................................................................................8, 11

Fed. R. Civ. P. 33 ...................................................................................................8

1.

INTRODUCTION

This is R.R. Donnelley & Sons Company's ("RRD") Reply Brief in support of its Motion To Extend Scheduling Deadlines (D.I. 99) and in support of its Motion To Preclude Defendants From Relying On Undisclosed Contentions (D.I. 94).

Motion To Extend

RRD seeks to extend *all* dates by three months -- including those relating to claim construction -- because Defendants refused to produce documents relating to most of the accused software and printing presses until the Court recently ordered them to do so. Acknowledging the effect this delay has had on discovery, Defendants have agreed to extend most scheduling deadlines by three months, but have refused to extend the dates for claim construction briefing and the *Markman* hearing.

The claim construction-related dates should be treated no differently from any other deadlines. Defendants' delay in producing documents has made it impossible for RRD under the current schedule to identify the patent claims that are infringed and the claim terms that require construction. Just three days ago, pursuant to the Court's January 4, 2007 Order (D.I. 103), Defendants produced hundreds of thousands of pages of documents, which presumably show how the accused products operate, and which are necessary for RRD to determine which patent claims are infringed and which claim terms require construction. In addition, RRD has not been able to take a Rule 30(b)(6) deposition on the new products as ordered by the Court, or even on the Darwin product for that matter.

The Court's Scheduling Order envisioned that Defendants would produce all relevant documents months ago. After the Court compelled Defendants earlier this month to produce documents concerning its accused software and presses, Defendants produced over

2.

170,000 pages and voluminous electronic material on January 22, 2007. Under the current schedule, opening claim construction briefs are due on February 16, 2007.

Defendants' recent and belated document production has made it impossible for RRD to identify which patent claims to assert and which claim terms need construction within the current schedule. Indeed, Defendants suggest that RRD should have agreed to identify the patent claims at issue and claim terms in dispute on the same day that Defendants made their recent voluminous document production. The current pretrial schedule -- including claim construction briefing and the *Markman* hearing -- should be extended by three months.

<u>Motion To Preclude</u>

Defendants should be precluded from relying on contentions they failed to disclose in accordance with the Court-ordered December 11, 2006 deadline for the "completion of contention interrogatories." Defendants were obligated to disclose their contentions in accordance with the Court-ordered deadline, and the case law makes clear that a party that ignores discovery deadlines may be precluded from relying on undisclosed contentions. At a minimum, the Court should order Defendants to provide complete responses to RRD's contention interrogatories immediately, including their contentions concerning invalidity and non-infringement (including the claim construction positions underlying those contentions).

<u>ARGUMENT</u>

I.    THE CLAIM CONSTRUCTION BRIEFING AND MARKMAN
       HEARING DATES SHOULD BE EXTENDED BY THREE
       MONTHS

Although Defendants have agreed to extend most scheduling deadlines by three months, Defendants object to extending the dates for claim construction briefing and the

3.

*Markman* hearing. The claim construction dates should be treated no differently than the other deadlines.

The need to extend the current schedule, including the claim construction-related dates, is due entirely to Defendants' failure to produce documents concerning the accused products for over eight months. Defendants should have produced those documents last summer, leaving RRD plenty of time to analyze the documents and take depositions before submitting its opening claim construction brief on February 16, 2007. Defendants, however, refused to provide any discovery concerning those products, forcing RRD to move to compel Defendants to comply with their discovery obligations. On January 4, 2007, the Court ordered Defendants to produce documents concerning all of the accused software products and printing presses (D.I. 103). Defendants finally produced a large volume of those documents on January 22, 2007, and have agreed finally to produce Rule 30(b)(6) deponents concerning all of the accused products.[1]

This discovery -- concerning how Defendants' software and printing presses operate -- is critical to the efficient and complete resolution of claim construction. Until RRD can review these documents and take the necessary depositions, it cannot determine which patent claims are infringed, or which claim terms need to be construed.

Indeed, courts have recognized the importance of discovery in determining the claims at issue and the claim terms that require construction. "Although claim construction focuses on claims rather than accused products, the nature and scope of the parties' disputes with

---

[1]    Defendants suggest that the need for an extension in the claim construction schedule is due to an "imagined failure in the discovery process" (D.I. 112 at 7). Defendants' failure to produce hundreds of thousands of pages of documents concerning accused products was a real, not an "imagined failure of the discovery process," which required a Court order to resolve. *See* D.I. 103 at 4 ("Defendants' effort to limit discovery exclusively to Darwin Desktop must be rejected.").

4.

respect to claims may be informed by the number and type(s) of products ultimately accused. The Court construes claims objectively, without reference to the accused product, but only terms that are actually in controversy with respect to infringement are construed." *Westvaco Corp. v. Viva Magnetics Ltd.*, 2002 WL 31052870, at *2 (S.D.N.Y. 2002); *see also Vivid Technologies, Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999) ("[A]lthough the claims are construed objectively and without reference to the accused device, only those terms need be construed that are in controversy, and only to the extent necessary to resolve the controversy.").

Defendants' argument that claim construction "does not . . . concern the features of accused products and methods" (D.I. 112 at 2) misses the point entirely. The identification of which patent claims will be asserted, and against which products, depends on the accused products and methods. Moreover, the identification of which claim terms require construction also depends on the accused products and methods -- and on Defendants' non-infringement contentions, which Defendants have refused to provide. The Court and the parties should not waste their time and resources construing patent claims or claim terms unless the patent claim has been asserted against Defendants and Defendants argue that the claim element is not found in the accused product. *See Vivid Technologies*, 200 F.3d at 803 ("It is routine case management to require litigants to identify the aspects of their case that are material to the dispute.").

The identification of which claim terms need construction also depends on the alleged prior art and Defendants' contentions as to how and where the prior art discloses the claim elements. Defendants have refused, however, to respond to RRD's contention interrogatory asking for this information, instead just listing prior art references without providing any information as to why Defendants believe the references disclose the elements of

5.

the asserted claims. Without this information, the Court risks not having all relevant claim construction issues before it at the *Markman* hearing.

Although the need for an extension is entirely of Defendants' own making, Defendants seek to portray RRD as unreasonable in addressing scheduling issues. *See, e.g.*, D.I. 112 at 3 ("Kodak has long sought ways to bridge this disagreement . . . . RRD has steadfastly resisted these overtures . . ."). In fact, Defendants' supposedly "straightforward and workable" proposal for dealing with claim construction required the parties to exchange claim terms to be construed on January 22, 2007 -- the same day that Defendants indicated that they would be producing (and did produce) their long-delayed 100,000 to 500,000 pages of additional documents concerning the accused products (D.I. 112, Ex. B).[2] Defendants proposal was nothing but gamesmanship; Defendants knew there was no way RRD could agree to Defendants' proposal, because it would have required RRD to identify which patent claims would be asserted and which claim terms would require construction on the same day that it received 100,000 to 500,000 documents that Defendants have withheld for over eight months.

The efficient resolution of claim construction disputes requires the parties to identify which claim terms require construction and to exchange proposed constructions before any claim construction briefs are filed.[3] Indeed, RRD told defendants, clearly and unequivocally, that the parties should agree on a procedure for "identification of claim terms for

---

[2]    The actual volume of documents that Defendants produced was 174,776 pages of Bates numbered documents, as well as 14 CDs of source code. Defendants have also indicated that there are additional materials (of unspecified volume) available for inspection at counsel's office in Washington, D.C.

[3]    RRD invites the Court to set such a schedule and suggests that if the Court grants the motion to extend, the parties identify claim terms to be construed on April 5, 2007, and exchange proposed constructions of those terms on April 26, 2007.

6.

construction and exchange of proposed constructions," but "the timing [of Defendants' proposal] . . . does not make sense in light of Defendants' impending substantial document production and the current Markman briefing and hearing dates" (D.I. 112, Ex. B).

The Court should extend all of the current deadlines, including the dates for claim construction briefing and the *Markman* hearing, by three months. RRD also invites the Court to set a schedule for the parties to identify claim terms in dispute and to exchange proposed claim constructions.

II.   THE COURT SHOULD PRECLUDE DEFENDANTS FROM RELYING ON UNDISCLOSED CONTENTIONS, OR ORDER DEFENDANTS TO PROVIDE COMPLETE RESPONSES TO RRD'S INTERROGATORIES

RRD filed this case over a year ago, and served interrogatories on May 1, 2006, asking for Defendants' contentions. Defendants' responses provided essentially no information, and cannot possibly reflect Defendants' complete, current understanding of their non-infringement, invalidity and claim construction positions. Although RRD did not necessarily expect Defendants to provide their final contentions by the Court-ordered deadline for "completion of contention interrogatories," it did expect them to provide a detailed, good faith explanation of their current understandings of their positions.

A.   Defendants Should Be Precluded From Relying On Undisclosed Contentions

The Court's Scheduling Order required the exchange and "completion of contention interrogatories . . . by November 30, 2006" (D.I. 26, ¶ 3(b)). In advance of that deadline, RRD warned Defendants that if they did not disclose their contentions by the Court-ordered deadline, RRD would move to preclude Defendants from relying on undisclosed contentions (D.I. 95, Ex. E at 2):

> If Defendants do not . . . promptly supplement their interrogatory responses, R.R. Donnelley intends to seek to preclude Defendants from asserting the claims and defenses for which they refuse to provide meaningful responses and relying on any evidence not disclosed regarding identified claims and defenses.

The parties then agreed on two separate occasions to extend the date for the "completion of contention of interrogatories." The parties agreed first to extend the deadline to December 7, 2006 (D.I. 74), and later agreed to extend the deadline to December 11, 2006 (D.I. 81). At no point in time, however, did Defendants indicate that they disagreed with RRD's interpretation of the Court's Scheduling Order -- that "completion of contention interrogatories" meant completion of contention interrogatories. Defendants' Opposition lacks any discussion or even mention of the Court's Scheduling Order -- or the December 11, 2006 Court-ordered deadline for the completion of contention interrogatories.

Defendants argue that they are under no obligation to respond to contention interrogatories until the Pretrial Order, based on the Court's ruling on RRD's Motion to Compel from last June, in which the Court stated that "Defendants will have to supplement their responses with all of their non-infringement contentions prior to the issuance of the pre-trial order in this case" (D.I. 103 at 8). In that Order, the Court also noted that RRD's motion, filed in June 2006, "was brought at a very early stage of discovery, in response to Plaintiff's first set of discovery requests. Accordingly, Defendants need not supplement their responses to Plaintiff's contention interrogatories at this time" (*id.* at 7).

The Court's ruling, however, did not relieve Defendants of their obligation to comply with Fed. R. Civ. P. 33, Fed. R. Civ. P. 26(e), the Court's Scheduling Order or the Court-ordered December 11, 2006 deadline for the "completion of contention interrogatories." RRD believes that the Court's ruling simply noted that Defendants will need to "supplement" their contentions (in particular, their "non-infringement contentions") to make them final before the

8.

issuance of the Pretrial Order.[4]  The Court did not say that Defendants were entitled to wait until the Pretrial Order to disclose any of their non-infringement or invalidity contentions, especially given that Defendants bear the burden of proof on invalidity.

Defendants also ignore the case law cited in RRD's Opening Brief, arguing that RRD's position is "without credible support," and suggesting incorrectly that RRD is relying on only "two cases that have nothing to do with contention interrogatories" (D.I. 112 at 5 n.6).  In fact, RRD has cited numerous cases in which the Court has precluded a party from relying on evidence that is not disclosed in accordance with discovery deadlines.  Defendants simply ignore those cases.  *See, e.g., Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 463 (D. Del. 2005) ("As a sanction for failure to comply with the scheduling order in this case, the court is authorized to exclude evidence proffered by the disobedient party."); *Georgia-Pacific Corp. v. U.S. Gypsum Co.*, C.A. No. 94-489-RRM, 1996 U.S. Dist. LEXIS 22616, at *33-35 (D. Del. Dec. 27, 1996) (precluding defendants from asserting invalidity defenses due to failure to comply with discovery deadlines); *Tracinda Corp. v. Daimlerchrysler AG*, C.A. No. 00-993-JJF, 2005 U.S. Dist. LEXIS 6741, at *6 (D. Del. April 20, 2005) (imposing monetary sanctions for failure to comply with discovery and scheduling orders); *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 550-51 (Fed. Cir. 1998) (affirming trial court's exclusion of prior art not produced during discovery).

---

[4]     As RRD noted in its Opening Brief, although it may be appropriate under Fed. R. Civ. P. 26(e) to supplement interrogatory responses as the case progresses, Defendants should have disclosed what they knew or should have known about their defenses in accordance with the Court-ordered deadline for the "completion of contention interrogatories" (D.I. 95 at 9 n.2).

9.

B.    Alternatively, Defendants Should Be Ordered To Provide
Complete Responses to RRD's Interrogatories

If the Court denies RRD's motion to preclude in whole or in part, RRD alternatively requests that the Court order Defendants immediately (within seven days) to provide complete responses to RRD's contention interrogatories -- Interrogatory Nos. 2-11 -- or risk preclusion of undisclosed contentions.

Under Fed. R. Civ. P. 26(e), "[a] party is under a duty seasonably to amend a prior response to an interrogatory . . . if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Defendants must respond to RRD's contention interrogatories with whatever information they currently possess concerning their non-infringement and invalidity contentions (including their claim construction positions).  Defendants are not permitted to hide their contentions until discovery is over or until the Pretrial Order is prepared.

Indeed, Defendants' disclosure of their non-infringement, invalidity, and claim construction contentions will allow claim construction to proceed efficiently and effectively. Disclosure of Defendants' contentions will also allow RRD to prepare its case and take follow-up discovery, avoiding the "trial by surprise" that the Federal Rules were designed to prevent. *See 02 Micro Int'l Ltd v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006) ("[D]iscovery is designed to allow . . . the plaintiff to pin down the defendant's theories of defense, thus confining discovery and trial preparation to information that is pertinent to the theories of the case.").

Defendants claim that they have "responded in good faith to RRD's contention interrogatories," and that they have been "proactive" and supplemented their "contentions with

additional detail as information has become known" (D.I. 112 at 2, 6). That is demonstrably false. In their December 11, 2006 supplemental responses, Defendants failed to provide a single reason why they do not infringe the patents in suit, and suggest they will not disclose any further non-infringement contentions until after the Court issues its claim construction ruling (D.I. 95, Ex. G at 5):

> Creo contends that a person using the Darwin Software does not infringe any of the asserted method claims. Darwin does not perform all elements of each asserted claim, and/or performs certain elements in a manner different from the manner required by the claims. A proper analysis of the bases for noninfringement, however, requires a detailed claim construction by the Court, which has not yet been performed.

Paradoxically, the Court and RRD cannot know what terms need to be construed unless Defendants identify the claim elements that they believe are missing from their accused products.

Indeed, Defendants have actually removed details from -- not added details to -- their contention interrogatory responses as discovery has progressed. In their July 2006 supplemental responses, Defendants identified a handful of claim limitations that formed the basis of their non-infringement position (*id.* at 2 n.2):

> For example, Darwin software does not "develop[] a master page file," does not "separat[e] master data from position data," and does not "caus[e] the display device to display the pages." The Darwin software also does not "determine[e] whether a stored page is to be assembled into the first book . . . wherein a second number of stored pages is to be assembled into the first book is less than the first number" of stored pages.

Rather than adding details (or further explanation) to subsequent responses, Defendants actually removed details from their later responses. Because this information is now missing from Defendants' supplemental responses, RRD does not know whether Defendants have retreated from these positions or whether Defendants are now relying on other, undisclosed contentions.

11.

Moreover, Defendants do not explain how or why the accused products do not contain these elements.

Defendants have also failed to provide details concerning their invalidity contentions. In their July 2006 supplemental responses, Defendants listed five "commercial embodiments" as invalidating prior art, but failed to provide any information about those commercial products or identify any documents describing those products (D.I. 95, Ex. D at 10). Defendants also failed to explain how any of the commercial products invalidate the claims of the patents-in-suit (*id.*). In their December 2006 supplemental responses, Defendants again identified certain commercial embodiments as prior art, but again failed to provide any information or identify any documents concerning those products, and failed to explain how they invalidate the claims of the patents-in-suit (D.I. 95, Ex. G at 13).

Rather than address the deficiencies in their own interrogatory responses, Defendants seek to divert attention by suggesting that RRD's supplemental interrogatory responses are somehow deficient. *See* D.I. 112 at 2 ("Kodak . . . has only received conclusory statements that lack the appropriate level of detail necessary for Kodak to understand RRD's theories of infringement"). In fact, RRD has provided Defendants with extensive claim charts concerning claim construction and infringement (D.I. 112, Ex. A). Moreover, this is the first time that Defendants have even raised this issue. Defendants have never sent a letter or filed a motion concerning the sufficiency of RRD's supplemental interrogatory responses.

* * *

Defendants were required to disclose their contentions in accordance with the Court-ordered December 11, 2006 deadline for the "completion of contention interrogatories." Defendants failed to disclose their contentions, and continue to ignore the Court-ordered

12.

deadline.  Defendants should be precluded from relying on contentions that were not disclosed in accordance with the Court's Scheduling Order.  Alternatively, the Court should order Defendants immediately (within seven days) to provide complete responses to RRD's contention interrogatories -- Interrogatory Nos. 2-11 -- or risk preclusion of any undisclosed contentions.

<u>CONCLUSION</u>

For the foregoing reasons, RRD's Motion To Extend Scheduling Deadlines (D.I. 99) and RRD's Motion To Preclude Defendants From Relying On Undisclosed Contentions (D.I. 94) should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/     Rodger D. Smith II (#3778)*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
  *Attorneys for Plaintiff*
  *R.R. Donnelley & Sons Company*

OF COUNSEL:

Bradford J. Badke
Stuart W. Yothers
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036
(212) 596-9000

Steven A. Kaufman
ROPES & GRAY LLP
One International Place
Boston, MA  02110
(617) 951-7000

January 25, 2007
687354

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 25, 2007, he caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Frederick L. Cottrell III
Richards Layton & Finger

I also certify that copies were caused to be served on January 25, 2007, upon the following in the manner indicated:

### BY EMAIL AND HAND

Frederick L. Cottrell III
Richards Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE  19801

### BY EMAIL

Richard McMillan, Jr.
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004-2595

*/s/    Rodger D. Smith II (#3778)*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com