**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

R.R. DONNELLEY & SONS COMPANY,

Plaintiff,

v.

CREO, INC., NEXPRESS SOLUTIONS, INC., KODAK VERSAMARK, INC., EASTMAN KODAK COMPANY, and KODAK GRAPHIC COMMUNICATIONS COMPANY,

Defendants.

EASTMAN KODAK COMPANY,

Counterclaim-Plaintiff,

v.

R.R. DONNELLEY & SONS COMPANY,

Counterclaim-Defendant.

C. A. No. 06-32-JJF

**JURY TRIAL DEMANDED**

**ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES OF DEFENDANTS CREO, INC., NEXPRESS SOLUTIONS, INC., KODAK VERSAMARK, INC., EASTMAN KODAK COMPANY, AND KODAK GRAPHIC COMMUNICATIONS COMPANY AND COUNTERCLAIM OF COUNTERCLAIM-PLAINTIFF EASTMAN KODAK COMPANY**

Defendants Creo, Inc., NexPress Solutions, Inc., Kodak Versamark, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company (collectively "Defendants") hereby respond to the Amended Complaint filed by Plaintiff R.R. Donnelley & Sons Company ("RRD"), in accordance with the numbered paragraphs thereof, as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 1 of the Amended Complaint, and, on that basis, deny the same.

2. Denied, except Defendants admit that Eastman Kodak Company is a New Jersey corporation. As of the date of the Amended Complaint, named defendants Kodak Graphic Communications Company ("KGCC"), Creo, Inc. ("Creo"), NexPress Solutions, Inc., and Kodak Versmark, Inc. ("Versamark") no longer existed as separate corporations, having been merged into Eastman Kodak Company or its affiliates.

3. Denied, except Defendants admit that prior to October 1, 2005, Creo had a principal place of business at 3700 Gilmore Way, Burnaby, British Columbia, Canada V5G 4MI.

4. Denied, except Defendants admit that prior to the June 30, 2006 merger of NexPress Solutions, Inc. into Eastman Kodak Company, NexPress Solutions, Inc. had a principal place of business at 2600 Manitou Road, Rochester, NY 14653.

5. Denied, except Defendants admit that prior to the June 30, 2006 merger of Versamark into Eastman Kodak Company, Versamark had a principal place of business at 3000 Research Boulevard, Dayton, OH, 45420.

6. Admitted.

7. Denied, except Defendants admit that prior to the to the June 30, 2006 merger of KGCC into Eastman Kodak Company, KGCC had a principal place of business at 3 Federal Street, Billerica, MA 01821.

8. Admitted.

9. Defendants admit that venue in this District is proper, but otherwise deny the remaining allegations in paragraph 9 of the Amended Complaint.

10. Defendants admit that United States Patent No. 6,205,452 ("the '452 patent") is entitled "METHOD OF REPRODUCING VARIABLE GRAPHICS IN A VARIABLE IMAGING SYSTEM," and that a copy of the '452 patent is attached to the Amended Complaint as Exhibit A. Defendants admit that the United States Patent and Trademark Office ("PTO") issued the '452 patent on March 20, 2001, listing on its face RRD as the assignee and James L. Warmus ("Warmus"), Mark G. Dreyer ("Dreyer"), and Daniel W. Beery ("Beery") as inventors. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Amended Complaint, and, on that basis, deny the same.

11. Defendants admit that United States Patent No. 6,327,599 ("the '599 patent") is entitled "APPARATUS FOR CONTROLLING AN ELECTRONIC PRESS TO PRINT FIXED AND VARIABLE INFORMATION," and that a copy of the '599 patent is attached to the Amended Complaint as Exhibit B. Defendants admit that the PTO issued the '599 patent on December 4, 2001, listing on its face RRD as the assignee and Warmus and Dreyer as inventors. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Amended Complaint, and, on that basis, deny the same.

12. Defendants admit that United States Patent No. 6,844,940 ("the '940 patent") is entitled "IMPOSITION PROCESS AND APPARATUS FOR VARIABLE IMAGING SYSTEM," and that a copy of the '940 Patent is attached to the Amended Complaint as Exhibit C. Defendants admit that the PTO issued the '940 Patent on January 18, 2005, listing on its face RRD as the assignee and Warmus, Dreyer, and J. Thomas Shively ("Shively") as inventors. Defendants are without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 12 of the Amended Complaint, and, on that basis, deny the same.

13. Defendants admit that United States Patent No. 6,952,801 ("the '801 patent") is entitled "BOOK ASSEMBLY PROCESS AND APPARATUS FOR VARIABLE IMAGING SYSTEM," and that a copy of the '801 Patent is attached to the Amended Complaint as Exhibit D. Defendants admit that the PTO issued the '801 Patent on October 4, 2005, listing on its face RRD as the assignee and Warmus, Dreyer, and Shively as inventors. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Amended Complaint, and, on that basis, deny the same.

14. Admitted.

15. Admitted, except that named defendants (other than Eastman Kodak Company) no longer exist as separate corporations.

16. Defendants admit that Eastman Kodak Company acquired Creo in 2005 and that Darwin Desktop for QuarkXPress and Darwin Desktop for Adobe InDesign are now made, offered for sale, and sold by Eastman Kodak Company, but otherwise deny the remaining allegations of paragraph 16 of the Amended Complaint.

17. Defendants admit that, in May 2004, Eastman Kodak Company acquired Heidelberger Druckmaschinen AG's ("Heidelberg") fifty (50) percent interest in NexPress Solutions LLC, a 50/50 joint venture of Eastman Kodak Company and Heidelberg, which Eastman Kodak Company renamed NexPress Solutions, Inc. Defendants otherwise deny the remaining allegations of paragraph 17 of the Amended Complaint.

18. Defendants admit that, in January 2004, Eastman Kodak Company acquired Scitex Digital Printing and named the company Versamark. Defendants otherwise deny the remaining allegations of paragraph 18 of the Amended Complaint.

19. Defendants admit that RRD purports to include definitions in its Amended Complaint, but otherwise deny the remaining allegations of Paragraph 19.

20. Defendants admit that RRD purports to include definitions in its Amended Complaint, but otherwise deny the remaining allegations of Paragraph 20.

21. Denied.

22. Defendants repeat the responses to paragraphs 1 to 21 of the Amended Complaint as though fully set forth herein.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Defendants repeat the responses to paragraphs 1 to 26 of the Amended Complaint as though fully set forth herein.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Defendants repeat the responses to paragraphs 1 to 31 of the Amended Complaint as though fully set forth herein.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Defendants repeat the responses to paragraphs 1 to 36 of the Amended Complaint as though fully set forth herein.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

**FIRST AFFIRMATIVE DEFENSE**

42. RRD has failed to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

43. Defendants have not directly infringed any claim of the '452 patent, the '599 patent, the '940 patent, or the '801 patent (collectively "Patents in Suit"), either literally or under the doctrine of equivalents.

**THIRD AFFIRMATIVE DEFENSE**

44. Defendants have not indirectly infringed any claim of the Patents in Suit, either literally or under the doctrine of equivalents.

**FOURTH AFFIRMATIVE DEFENSE**

45. RRD is estopped from alleging that Defendants infringe the claims of the Patents in Suit under the doctrine of prosecution history estoppel.

FIFTH AFFIRMATIVE DEFENSE

46. One or more claims of the Patents in Suit are invalid under the patent laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112 and 132.

SIXTH AFFIRMATIVE DEFENSE

47. RRD's claims for damages accruing prior to the filing of the Complaint and the Amended Complaint are barred, in whole or part, by the doctrine of laches.

SEVENTH AFFIRMATIVE DEFENSE

48. RRD's claims are barred, in whole or part, by the doctrine of equitable estoppel.

EIGHTH AFFIRMATIVE DEFENSE

49. RRD's claims are barred, in whole or part, by the doctrine of waiver.

NINTH AFFIRMATIVE DEFENSE

50. RRD's claims are barred, in whole or part, by the doctrine of prosecution laches.

TENTH AFFIRMATIVE DEFENSE

51. RRD's claims are barred, in whole or part, by the doctrines of license and/or implied license.

ELEVENTH AFFIRMATIVE DEFENSE

52. RRD's claims are barred, in whole or part, by the doctrine of unclean hands.

TWELFTH AFFIRMATIVE DEFENSE

53. RRD's alleged damages are barred or limited, in whole or part, by 35 U.S.C. §§ 286 and/or 287.

## THIRTEENTH AFFIRMATIVE DEFENSE

54. On information and belief, each of the Patents in Suit is unenforceable under the doctrine of inequitable conduct.

55. On information and belief, RRD through the individuals involved in the prosecution of each of the Patents in Suit, intentionally deceived the PTO by making material misrepresentations to, and withholding material information from, the PTO in violation of its duty to disclose material information to the PTO. The individuals involved in the prosecution of the Patents in Suit ("RRD Representatives") include, without limitation (i) the inventors named on each of the Patents in Suit and (ii) each of the patent agents and/or attorneys involved with the prosecution of one or more of the Patents in Suit and/or patents related to the Patents in Suit.

56. On information and belief, RRD Representatives acted with an intent to deceive the PTO by withholding information material to the patentability of the Patents in Suit including, without limitation, prior art references known to RRD Representatives through the prosecution of patent applications related to each of the Patents in Suit.

57. For example, the '452 Patent, which issued on March 20, 2001, identifies over 50 prior art references that were not disclosed by RRD Representatives to the Examiner during the prosecution of U.S. Patent Serial No. 08/478,397 ("the '397 application"), which subsequently issued as the '599 Patent on December 4, 2001.

58. On information and belief, RRD Representatives intentionally deceived the PTO by "burying" material references during the prosecution of the Patents in Suit in a manner calculated to omit information, mislead, or otherwise minimize the known relevance of material information. In particular, RRD Representatives submitted information disclosure statements to the PTO during the prosecution of each Patent in Suit identifying numerous cumulative and less

relevant prior art references including numerous undated documents and numerous documents dated subsequent to the filing dates of the Patents in Suit.

59. On information and belief, RRD Representatives acted with an intent to deceive the PTO by submitting selected excerpts of cited references while withholding from the PTO non-cumulative material information disclosed elsewhere in the cited references. In particular, RRD Representatives submitted excerpts, including single pages, from Seybold reports published from 1992 through 1997, while withholding material portions of those publications.

60. On information and belief, RRD Representatives acted with an intent to deceive the PTO by withholding material information known to RRD Representatives regarding commercial activities and public disclosures of Barco Graphics and Xeikon that occurred prior to the filing dates of the Patents in Suit. On information and belief, RRD Representatives collaborated with Barco Graphics in 1994 and 1995 on a project known internally to RRD Representatives as "Xeikon Variable Imaging," "Project XVI" or "Project 16." The systems disclosed in Patents in Suit were substantially disclosed in documents relating to Project XVI, and through commercial systems developed and/or publicly disclosed by Barco Graphics and Xeikon prior to the June 6, 1995 filing date of the '599 Patent. In particular, RRD Representatives intentionally did not disclose to the PTO its commercial relationship with Barco Graphics and Xeikon, the contributions of Barco Graphics and Xeikon to the systems disclosed and claimed in the Patents in Suit, and Barco Graphics' demonstration of FastRip and PrintStreamer at DRUPA in May 1995. Further, RRD Representatives misled the PTO by submitting information disclosure statements, including a Supplemental Information Disclosure Statement dated January 19, 1999 during the prosecution of the '397 Application, disclosing certain Barco Graphics documents while representing to the PTO that "applicants are unsure as

to when particular portions of the systems were developed, whether prior to or subsequent to the present invention."

61. On information and belief, the inequitable conduct further included misrepresentations and omissions by RRD Representatives with an intent to deceive the PTO regarding (i) the content of prior art relating to Agfa and Indigo as described in information disclosure statements submitted during the prosecution of each of the Patents in Suit, including the Supplemental Information Disclosure Statement dated June 20, 2000 which was submitted during the prosecution of the '337 Application; (ii) the proper priority date to be applied to U.S. Patent Application Serial No. 08/959,683 as described in the Supplemental Information Disclosure Statement dated June 20, 2000, and submitted during the prosecution of the '452 Patent; (iii) the content of "Creo-related prior art" as described in the Supplemental Information Disclosure Statement dated March 4, 2004 submitted to the PTO during the prosecution of the '801 Patent; and (iv) the scope and content of intervening art that was material to new matter claimed in U.S. Patent Application Serial No. 10/755,743.

62. On information and belief, RRD Representatives further acted with an intent to deceive the PTO during the prosecution of the '452 Patent by intentionally withholding material prior art directed to (i) relational database management systems, including Microsoft Access 7.0 (also known as Microsoft Access 95) and Borland Paradox 5.0, and (ii) Object Linking and Embedding developed by Microsoft Corporation.

63. On information and belief, the inequitable conduct further included misrepresentations by RRD Representatives with an intent to deceive the PTO regarding the identification and content of "each reference most closely related to the subject matter encompassed by the claims" through the submission of the Petition to Make Special Under

MPEP § 708.02, dated March 29, 2004, and the Request for Reconsideration of Petition to Make Special, dated June 10, 2004, which were filed during the prosecution of U.S. Patent Application Serial No. 10/755,743.

## COUNTERCLAIM

Counterclaim-Plaintiff Eastman Kodak Company asserts the following counterclaim against Counterclaim-Defendant R.R. Donnelley & Sons Company ("RRD"). Eastman Kodak Company alleges as follows:

### The Parties

64. Eastman Kodak Company is a corporation of the State of New Jersey with a principal place of business at 343 State Street, Rochester, NY 14650.[1]

65. On information and belief, RRD is a corporation of the State of Delaware with a principal place of business at 111 South Wacker Drive, Chicago, IL 60606.

### Jurisdiction

66. This is a counterclaim arising under the federal patent laws, Title 35 of the United States Code, for a declaratory judgment of invalidity and noninfringement of the United States Patent Nos. 6,205,452 ("the '452 patent"), 6,327,599 ("the '599 patent"), 6,844,940 ("the '940 patent"), and 6,952,801 ("the '801 patent").

67. This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1338, 2201, and 2202.

---

[1] The other Defendants are not expressly named as counterclaim-plaintiffs, inasmuch as they no longer exist as separate companies. Eastman Kodak Company seeks a declaratory judgment on their behalf to the extent it may be entitled to under the law.

**Count I - Declaratory Relief For The '452 Patent**

68. An actual controversy exists between Eastman Kodak Company and RRD.

69. The Court should declare the '452 patent invalid, unenforceable, and not infringed by Defendants.

70. The averments set forth in paragraphs 42 to 63 are hereby incorporated by reference as if set forth here in full.

**Count II - Declaratory Relief For The '599 Patent**

71. An actual controversy exists between Eastman Kodak Company and RRD.

72. The Court should declare the '599 patent invalid, unenforceable, and not infringed by Defendants.

73. The averments set forth in paragraphs 42 to 63 are hereby incorporated by reference as if set forth here in full.

**Count III - Declaratory Relief For The '940 Patent**

74. An actual controversy exists between Eastman Kodak Company and RRD.

75. The Court should declare the '940 patent invalid, unenforceable, and not infringed by Defendants.

76. The averments set forth in paragraphs 42 to 63 are hereby incorporated by reference as if set forth here in full.

**Count IV - Declaratory Relief For The '801 Patent**

77. An actual controversy exists between Eastman Kodak Company and RRD.

78. The Court should declare the '801 patent invalid, unenforceable, and not infringed by Eastman Kodak Company.

79. The averments set forth in paragraphs 42 to 63 are hereby incorporated by reference as if set forth here in full.

WHEREFORE, Eastman Kodak Company demands the following relief:

A. That the Court dismiss the Amended Complaint with prejudice;

B. The Court enter judgment that the '452 patent is invalid, unenforceable, and not infringed by Eastman Kodak Company;

C. The Court enter judgment that the '599 patent is invalid, unenforceable, and not infringed by Eastman Kodak Company;

D. The Court enter judgment that the '940 patent is invalid, unenforceable, and not infringed by Eastman Kodak Company;

E. The Court enter judgment that the '801 patent is invalid, unenforceable, and not infringed by Eastman Kodak Company;

F. The Court award Eastman Kodak Company its attorneys' fees as a result of this being an exceptional case pursuant to 35 U.S.C. § 285;

G. The Court award Eastman Kodak Company its costs in connection with this action; and

H. The Court enter an order for such other and further relief as this Court deems just and proper.

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
*Attorneys for Defendant and Counterclaim-Plaintiff Eastman Kodak Company and Defendants Creo, Inc., Kodak Graphic Communications Company, NexPress Solutions, Inc., and Kodak Versamark, Inc.*

OF COUNSEL:
Richard McMillan, Jr.
rmcmillan@crowell.com
Jeffrey D. Sanok
jsanok@crowell.com
Brian M. Koide
bkoide@crowell.com
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
(202) 624-2500

Dated: January 31, 2007

**JURY DEMAND**

Eastman Kodak Company, as defendant and counterclaim-plaintiff, and Kodak Graphic Communications Company, Creo, Inc., NexPress Solutions, Inc., and Kodak Versamark, Inc., as defendants, hereby demand trial by jury on all issues so triable in this action.

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
*Attorneys for Defendant and Counterclaim-Plaintiff Eastman Kodak Company and Defendants Creo, Inc., Kodak Graphic Communications Company, NexPress Solutions, Inc., and Kodak Versamark, Inc.*

OF COUNSEL:
Richard McMillan, Jr.
rmcmillan@crowell.com
Jeffrey D. Sanok
jsanok@crowell.com
Brian M. Koide
bkoide@crowell.com
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
(202) 624-2500

Dated: January 31, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

**BY HAND AND ELECTRONIC MAIL**

Jack B. Blumenfeld, Esquire
Rodger D. Smith, II, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899

I hereby certify that on January 31, 2007, the foregoing document was sent to the following non-registered participants in the manner indicated:

**VIA FEDERAL EXPRESS AND ELECTRONIC MAIL**

Bradford J. Badke, Esquire
Fish & Neave IP Group
Ropes & Gray
1211 Avenue of the Americas
New York, NY 10020

Steven A. Kaufman
Fish & Neave IP Group
Ropes & Gray
One International Place
Boston, MA 02110

Stuart W. Yothers
Fish & Neave IP Group
Ropes & Gray
1211 Avenue of the Americas
New York, NY 10020-1105

Gregory E. Stuhlman (#4765)
stuhlman@rlf.com