## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| R.R. DONNELLEY & SONS COMPANY, ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | C.A. No. 06-32-JJF |
| CREO, INC., NEXPRESS SOLUTIONS, ) INC., KODAK VERSAMARK, INC., ) EASTMAN KODAK COMPANY, and ) KODAK GRAPHIC COMMUNICATIONS ) COMPANY, ) ) | **DEMAND FOR JURY TRIAL** |
| Defendants. ) ) | |
| EASTMAN KODAK COMPANY, ) ) | |
| Counterclaim-Plaintiff, ) ) | |
| v. ) ) | |
| R.R. DONNELLEY & SONS COMPANY, ) ) | |
| Counterclaim-Defendant. ) ) ) | |

## R.R. DONNELLEY & SONS' ANSWER TO
## EASTMAN KODAK COMPANY'S COUNTERCLAIM

Plaintiff and counterclaim-defendant R.R. Donnelley & Sons Company ("RRD"), for its answer to the counterclaim of Eastman Kodak Company ("Kodak") responds as follows:

### The Parties

64.     RRD is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in footnote 1 to paragraph 64 and, therefore, denies the

allegations of footnote 1, and otherwise admits the allegations of paragraph 64 of the counterclaim.

65.    RRD admits the allegations of paragraph 65 of the counterclaim.

## Jurisdiction

66.    RRD admits that the counterclaim purports to recite a claim for a declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 6,205,452 ("the '452 patent"), 6,327,599 ("the '599 patent"), 6,844,940 ("the '940 patent"), and 6,952,801 ("the '801 patent") under the federal patent laws, Title 35 of the United States Code.

67.    RRD admits that the Court has jurisdiction over the subject matter of Kodak's counterclaim, to the extent it states a claim on which relief can be granted.

## Count I -- Declaratory Relief For The '452 Patent

68.    RRD admits the allegations of paragraph 68 of the counterclaim.

69.    RRD denies each and every allegation of paragraph 69 of the counterclaim.

70.    RRD denies each and every allegation of paragraph 70 of the counterclaim.

## Count II -- Declaratory Relief For The '599 Patent

71.    RRD admits the allegations of paragraph 71 of the counterclaim.

72.    RRD denies each and every allegation of paragraph 72 of the counterclaim.

73.    RRD denies each and every allegation of paragraph 73 of the counterclaim.

## Count III -- Declaratory Relief For The '940 Patent

74.    RRD admits the allegations of paragraph 74 of the counterclaim.

75.    RRD denies each and every allegation of paragraph 75 of the counterclaim.

76.    RRD denies each and every allegation of paragraph 76 of the counterclaim.

## Count IV -- Declaratory Relief For The '801 Patent

77.    RRD admits the allegations of paragraph 77 of the counterclaim.

78.    RRD denies each and every allegation of paragraph 78 of the counterclaim.

79.    RRD denies each and every allegation of paragraph 79 of the counterclaim.

WHEREFORE, plaintiff and counterclaim-defendant R.R. Donnelley & Sons Company seeks judgment in its favor and against defendants and counterclaim-plaintiff Eastman Kodak Company as follows:

A.    Adjudging and decreeing that the claims of U.S. Patent Nos. 6,205,452, 6,327,599, 6,844,940, and 6,952,801 are valid and enforceable;

B.    Adjudging and decreeing that defendants have infringed one or more claims of U.S. Patent Nos. 6,205,452, 6,327,599, 6,844,940, and 6,952,801;

C.    Awarding injunctive relief permanently enjoining defendants, their officers, agents, servants, employees and attorneys and all persons in active concert or participation with them from infringing any of the claims of U.S. Patent Nos. 6,205,452, 6,327,599, 6,844,940, and 6,952,801;

D.    Awarding RRD damages in an amount sufficient to compensate RRD for Kodak's infringement, together with prejudgment interest and costs of suit;

E.    Adjudging that defendants' infringement is willful and awarding RRD treble damages under 35 U.S.C. § 284;

F.    Declaring this to be an exceptional case pursuant to 35 U.S.C. § 285 and awarding RRD its attorneys' fees, costs and expenses against defendants; and

G.    Granting such further relief as the Court may deem just and appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
   *Attorneys for Plaintiff*
   *R.R. Donnelley & Sons Co.*

OF COUNSEL:

Bradford J. Badke
Stuart W. Yothers
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036
(212) 596-9000

Steven A. Kaufman
ROPES & GRAY LLP
One International Place
Boston, MA  02110
(617) 951-7000

February 20, 2007

746010

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 20, 2007, he caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Frederick L. Cottrell III
> Richards Layton & Finger

I also certify that copies were caused to be served on February 20, 2007, upon the following in the manner indicated:

### BY EMAIL AND BY HAND

> Frederick L. Cottrell III
> Richards Layton & Finger
> One Rodney Square
> 920 N. King Street
> Wilmington, DE  19801
> cottrell@rlf.com

### BY EMAIL

> Richard McMillan, Jr.
> Crowell & Moring LLP
> 1001 Pennsylvania Avenue, N.W.
> Washington, DC  20004-2595
> rmcmillan@crowell.com

> /s/     Rodger D. Smith II (#3778)
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> rsmith@mnat.com