IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

R.R. DONNELLEY & SONS COMPANY,

Plaintiff,

v.

CREO, INC., NEXPRESS SOLUTIONS, INC., KODAK VERSAMARK, INC., EASTMAN KODAK COMPANY, and KODAK GRAPHIC COMMUNICATIONS COMPANY,

Defendants.

C. A. 06-32-JJF

EASTMAN KODAK COMPANY,

Counterclaim-Plaintiff,

v.

R.R. DONNELLEY & SONS COMPANY,

Counterclaim-Defendant.

**CREO, INC.'S, NEXPRESS SOLUTIONS, INC.'S, KODAK VERSAMARK, INC.'S, EASTMAN KODAK COMPANY'S, AND KODAK GRAPHIC COMMUNICATIONS COMPANY'S RESPONSES AND OBJECTIONS TO R.R. DONNELLEY'S SECOND NOTICE OF DEPOSITION OF DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Defendants Creo, Inc., Nexpress Solutions, Inc., Kodak Versamark, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company (collectively, "Defendants") hereby respond to R.R. Donnelley & Sons Company's ("RRD") Second Notice of Deposition of Defendants Pursuant to Federal Rule of Civil Procedure 30(b)(6) (hereinafter, "Deposition Notice").

Regarding the Deposition Notice, Defendants will work with RRD to identify a mutually acceptable date or date(s) and location or location(s). Defendants will use their best efforts to produce witnesses who can testify on the designated topics, subject to the qualifications set forth below. Defendants, however, cannot anticipate all the questions that RRD may ask, particularly where the designated topics are broadly framed. Defendants reserve all objections, in this or any other proceeding, with respect to the relevance, materiality, and admissibility of any deposition topics or responses to the topics.

Defendants will supplement their document production pursuant to Federal Rule of Civil Procedure 26(e), but otherwise Defendants do not intend to produce additional documents.

## I.   GENERAL OBJECTIONS TO TOPICS AND REQUESTS FOR PRODUCTION

Defendants make the following objections, whether or not separately set forth, in response to each of the topics:

1.   Defendants object to the Deposition Notice to the extent it fails to provide a reasonable time frame limitation. Defendants will produce testimony regarding events since 2001.

2.   Defendants object to the Deposition Notice to the extent it fails to identify "Defendants' Software Products" with "reasonable particularity" as required by Rule 30(b)(6). As defined in RRD's Amended Notice of Deposition dated November 10, 2006, "Defendants' Software Products" includes any "software product designed, marketed, sold, offered for sale, made, used or imported by Defendants intended to enable Variable Digital Printing." The term "Variable Digital Printing" is also broadly defined by RRD as "digital printing in which the content of a page may be varied or in which the number of pages in a document may be varied." RRD's definition for "Defendants' Software Products" is overly broad, vague and ambiguous,

and fails to properly place Defendants on notice of all software products to be covered at the deposition. RRD has, itself, admitted that this broad definition encompasses technologies completely unrelated to the subject matter of this suit, such as "the ink jet printer sitting in many homes today." (D.I. 35 at 2.) Defendants will only prepare and produce a witness or witnesses to testify regarding software products specifically identified by RRD, and only then insofar as Defendants have knowledge regarding products that they did not design and/or develop. To date, RRD has only specifically identified Darwin Desktop for QuarkXPress, Darwin Desktop for InDesign (Macintosh), Darwin Desktop for InDesign (Windows), Darwin Pro for QuarkXPress, Darwin Pro for InDesign (Macintosh) and Darwin Pro for InDesign (Windows), DL-100, DL-1000, Composer, and FusionPro.

3. Defendants object to the Deposition Notice to the extent it fails to identify "Defendants' Hardware Products" with "reasonable particularity" as required by Rule 30(b)(6). As defined in RRD's Amended Notice of Deposition dated November 10, 2006, "Defendants' Hardware Products" include "any press or substantially similar hardware designed, marketed, sold, offered for sale, made, used, or imported by Defendants for use in Variable Digital Printing." This definition is vague and ambiguous, and fails to properly place Defendants on notice as to all hardware products to be covered at the deposition. Defendants will only prepare and produce a witness or witnesses to testify regarding hardware products specifically identified by RRD. To date, RRD has only specifically identified the Kodak Versamark V-Series Printing Systems, the Kodak Versamark D-Series Printing System, the Kodak NexPress 2100 Plus Digital Production Color Press, and the Kodak NexPress 2500 Digital Production Color Press.

4. Defendants object to the Deposition Notice to the extent it fails to identify "Third Party Software Products" with "reasonable particularity" as required by Rule 30(b)(6). As

defined in RRD's Amended Notice of Deposition dated November 10, 2006, "'Third Party Software Products' means any software product meant to enable Variable Digital Printing." This definition is overly broad, as Defendants cannot possibly identify, let alone prepare witnesses to testify about, all software products intended by third party producers "to enable Variable Digital Printing." Defendants also cannot be expected to produce a witness or witnesses to testify as to software products which Defendants did not design and/or develop. Moreover, the definition of "Third Party Software Products" is vague and ambiguous, and fails to properly place Defendants on notice as to all software products to be covered at the deposition. The Deposition Notice has not specifically identified any "Third Party Software Products." Therefore, Defendants object and will not prepare or produce a witness or witnesses for any topic to the extent it includes "Third Party Software Products."

## II. SPECIFIC OBJECTIONS AND RESPONSES TO TOPICS AND REQUESTS FOR PRODUCTION

**TOPIC NO. 1**

The output produced by Defendants' Software Products and by Third Party Software Products, including but not limited to the organization and formatting of static and variable data in such output.

**RESPONSE TO TOPIC NO. 1**

Defendants object to the topic as stated because it is overly broad and, if read literally, would encompass many aspects of the products in question having nothing to do with this lawsuit. Rule 30(b)(6) requires that topics be identified with "reasonable particularity." To the extent that Topic No. 1 does not do so, Defendants object and will not prepare or produce a witness or witnesses as to such topic.

Subject to the foregoing general and specific objections, Defendants will produce a witness or witnesses to testify to the output produced by Darwin Desktop for QuarkXPress,

Darwin Desktop for InDesign (Macintosh), Darwin Desktop for InDesign (Windows), Darwin Pro for QuarkXPress, Darwin Pro for InDesign (Macintosh) and Darwin Pro for InDesign (Windows), DL-100, DL-1000, Composer, and Fusion Pro, as they relate to Variable Digital Printing, insofar as Defendants have knowledge regarding products that they did not design and/or develop.

**TOPIC NO. 2**

Defendants' inbound and outbound patent licenses relating to Variable Digital Printing.

**RESPONSE TO TOPIC NO. 2**

Defendants object to the topic to the extent it seeks testimony regarding any responsive information protected from disclosure by the attorney-client and/or attorney work product privileges.

Subject to the foregoing general and specific objections, Defendants will produce a witness or witnesses to testify to Defendants' inbound and outbound patent licenses relating to Variable Digital Printing, to the extent such licenses exist.

**TOPIC NO. 3**

Defendants' sales, both in units and dollar amounts, revenue, costs, and profits relating to Defendants' Software Products and Defendants' Hardware Products.

**RESPONSE TO TOPIC NO. 3**

Subject to the foregoing general objections, Defendants will produce a witness or witnesses to testify regarding Defendants' sales, revenue, costs, and profits relating to Darwin Desktop for QuarkXPress, Darwin Desktop for InDesign (Macintosh), Darwin Desktop for InDesign (Windows), Darwin Pro for QuarkXPress, Darwin Pro for InDesign (Macintosh) and Darwin Pro for InDesign (Windows), DL-100, DL-1000, Composer, FusionPro, the Kodak Versamark V-Series Printing Systems, the Kodak Versamark D-Series Printing System, the

Kodak NexPress 2100 Plus Digital Production Color Press, and the Kodak NexPress 2500 Digital Production Color Press, to the extent and in the manner in which such information is maintained by Defendants.

**TOPIC NO. 4**

The design, operation, functionality, features, structure, performance, and technical characteristics of Defendants' Software Products as they relate to Variable Digital Printing.

**RESPONSE TO TOPIC NO. 4**

Subject to the foregoing objections, Defendants will produce a witness or witnesses to testify regarding the design, functionality and features of Darwin Desktop for QuarkXPress, Darwin Desktop for InDesign (Macintosh), Darwin Desktop for InDesign (Windows), Darwin Pro for QuarkXPress, Darwin Pro for InDesign (Macintosh) and Darwin Pro for InDesign (Windows), DL-100, DL-1000, Composer, and FusionPro, as they relate to Variable Digital Printing, insofar as Defendants have knowledge.

**TOPIC NO. 5**

The conception, design, development, and commercialization of Defendants' Software Products relating to Variable Digital Printing.

**RESPONSE TO TOPIC NO. 5**

Subject to the foregoing objections, Defendants will produce a witness or witnesses to testify regarding the conception, development and commercialization of Darwin Desktop for QuarkXPress, Darwin Desktop for InDesign (Macintosh), Darwin Desktop for InDesign (Windows), Darwin Pro for QuarkXPress, Darwin Pro for InDesign (Macintosh) and Darwin Pro for InDesign (Windows), DL-100, DL-1000, Composer, and FusionPro, insofar as Defendants have knowledge. This topic otherwise is duplicative of Topic No. 4.

**TOPIC NO. 6**

The content of Defendants' documentation for Defendants' Software Products and Defendants' Hardware Products (in any form, including hard copy and online documentation) relating to Variable Digital Printing, including but not limited to user's guides, reference manuals, product manuals, product descriptions, technical articles, and the like.

**RESPONSE TO TOPIC NO. 6**

Subject to the foregoing objections, Defendants will produce a witness or witnesses to testify regarding the users' guides, reference manuals and product manuals for Darwin Desktop for QuarkXPress, Darwin Desktop for InDesign (Macintosh), Darwin Desktop for InDesign (Windows), Darwin Pro for QuarkXPress, Darwin Pro for InDesign (Macintosh) and Darwin Pro for InDesign (Windows), DL-100, DL-1000, Composer, FusionPro, the Kodak Versamark V-Series Printing Systems, the Kodak Versamark D-Series Printing System, the Kodak NexPress 2100 Plus Digital Production Color Press, and the Kodak NexPress 2500 Digital Production Color Press, relating to Variable Digital Printing, insofar as Defendants have knowledge.

**TOPIC NO. 7**

Instructions provided to users of Defendants' Software Products and Defendants' Hardware Products relating to Variable Digital Printing.

**RESPONSE TO TOPIC NO. 7**

Subject to the foregoing objections, Defendants will produce a witness or witnesses to testify regarding the instructions provided to users of Darwin Desktop for QuarkXPress, Darwin Desktop for InDesign (Macintosh), Darwin Desktop for InDesign (Windows), Darwin Pro for QuarkXPress, Darwin Pro for InDesign (Macintosh) and Darwin Pro for InDesign (Windows), DL-100, DL-1000, Composer, FusionPro, the Kodak Versamark V-Series Printing Systems, the Kodak Versamark D-Series Printing System, the Kodak NexPress 2100 Plus Digital Production Color Press, and the Kodak NexPress 2500 Digital Production Color Press, related to Variable Digital Printing, insofar as Defendants have knowledge.

**TOPIC NO. 8**

The content and intent of Defendants' marketing and promotional materials for Defendants' Software Products, Defendants' Hardware Products, and Third Party Software Products as they relate to Variable Digital Printing.

**RESPONSE TO TOPIC NO. 8**

Subject to the foregoing objections, Defendants will produce a witness or witnesses to testify regarding the marketing and promotional materials for Darwin Desktop for QuarkXPress, Darwin Desktop for InDesign (Macintosh), Darwin Desktop for InDesign (Windows), Darwin Pro for QuarkXPress, Darwin Pro for InDesign (Macintosh) and Darwin Pro for InDesign (Windows), DL-100, DL-1000, Composer, FusionPro, the Kodak Versamark V-Series Printing Systems, the Kodak Versamark D-Series Printing System, the Kodak NexPress 2100 Plus Digital Production Color Press, and the Kodak NexPress 2500 Digital Production Color Press, as they relate to Variable Digital Printing.

**TOPIC NO. 9**

Promotion or sales by Defendants, including actions and representations made by Defendants' salespersons, of Defendants' Software Products, Defendants' Hardware Products, and Third Party Software Products as they relate to Variable Digital Printing.

**RESPONSE TO TOPIC NO. 9**

Subject to the foregoing objections, Defendants will produce a witness or witnesses to testify regarding the sales of Darwin Desktop for QuarkXPress, Darwin Desktop for InDesign (Macintosh), Darwin Desktop for InDesign (Windows), Darwin Pro for QuarkXPress, Darwin Pro for InDesign (Macintosh) and Darwin Pro for InDesign (Windows), DL-100, DL-1000, Composer, FusionPro, the Kodak Versamark V-Series Printing Systems, the Kodak Versamark D-Series Printing System, the Kodak NexPress 2100 Plus Digital Production Color Press, and the Kodak NexPress 2500 Digital Production Color Press, as they relate to Variable Digital Printing.

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
*Attorneys for Defendant and Counterclaim-Plaintiff Eastman Kodak Company and Defendants Creo, Inc., NexPress Solutions, Inc., Kodak Versamark, Inc., and Kodak Graphic Communications Company*

OF COUNSEL:
Richard McMillan, Jr.
rmcmillan@crowell.com
Jeffrey D. Sanok
jsanok@crowell.com
Brian M. Koide
bkoide@crowell.com
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
(202) 624-2500

Dated: April 23, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2007, I served the foregoing on counsel as follows:

**BY HAND AND ELECTRONIC MAIL**

Jack B. Blumenfeld, Esq.
Rodger D. Smith, II, Esq.
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

**VIA FEDERAL EXPRESS AND ELECTRONIC MAIL**

Douglas I. Lewis
SIDLEY AUSTIN, LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-4169
dilewis@sidley.com

John G. Hutchinson
SIDLEY AUSTIN, LLP
787 Seventh Avenue
New York, NY 10019
(212)839-5398
jhutchinson@sidley.com

Jamie L. Secord
SIDLEY AUSTIN, LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-2206
jsecord@sidley.com

Gregory E. Stuhlman(#4765)
stuhlman@rlf.com