IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| R.R. DONNELLEY & SONS COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-cv-032-JJF |
| | ) | |
| CREO, INC., NEXPRESS SOLUTIONS, INC., KODAK VERSAMARK, INC., EASTMAN KODAK COMPANY, and KODAK GRAPHIC COMMUNICATIONS COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Counterclaim-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| R.R. DONNELLEY & SONS COMPANY, | ) | |
| Counterclaim-Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO COMPLY WITH
DISCOVERY OBLIGATIONS WITHIN THE FACT DISCOVERY PERIOD**

Plaintiff R.R. Donnelley & Sons Company ("R.R. Donnelley") hereby moves to compel Defendants, Creo, Inc., Nexpress Solutions, Inc., Kodak Versamark, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company, to comply with their discovery obligations by providing: (1) witnesses for deposition within the fact discovery period, which is scheduled to close on August 31, 2007; and (2) the documents with which they purported to answer R.R. Donnelley's Interrogatories under Fed. R. Civ. P. 33(d). Defendants'

failure to satisfy their discovery obligations is putting in jeopardy the parties' ability to complete fact discovery by the August 31, 2007 cutoff.

In support of its Motion, R.R. Donnelley states as follows:

1.    R.R. Donnelley seeks an order compelling Defendants:  (a) to provide deposition dates immediately for the witnesses to whom R.R. Donnelley has issued deposition notices individually and who Defendants have designated under Fed. R. Civ. P. 30(b)(6); and (b) to produce the documents with which Defendants purported to answer R.R. Donnelley's Interrogatories under Fed. R. Civ. P. 33(d).

**Defendants' Failure To Provide Deposition Dates For Their Witnesses**

2.    R.R. Donnelley has repeatedly requested dates to depose Defendants' witnesses – and indeed has been asking for dates for more than seven weeks.  Since May 23, 2007, R.R. Donnelley has sent at least four letters asking Defendants for dates to depose their individual and Rule 30(b)(6) witnesses.  (*See* Ex. A - D, RRD's Counsel's letters to Defendants' Counsel dated May 23, June 5, June 28, and July 11, 2007.)  As the clock ticks toward the end of discovery, Defendants have failed to provide deposition dates for three individuals to whom R.R. Donnelley has issued personal deposition notices and four individuals who Defendants have designated to testify in response to R.R. Donnelley's Rule 30(b)(6) deposition notices.   In addition, Defendants have failed to designate anyone to testify about four of the fifteen Rule 30(b)(6) topics.[1]

---

[1]    While R.R. Donnelley has identified twenty-one topics pursuant to Rule 30(b)(6) in three notices, six of the topics in the second notice subsumed six of the topics in the first notice, such that fifteen topics remain in force.  Of those, Defendants have failed to designate anyone in response to four topics.  Defendants designated an individual for a fifth topic, but restricted his scope to a small subsection of the topic, as discussed *supra* par. 5.

3.      R.R. Donnelley has attempted to schedule depositions in an organized manner without leaving an impossible number of depositions for the last few weeks of discovery, only to be thwarted by Defendants' delay.  In its May 23, 2007 letter, R.R. Donnelley proposed a deposition schedule for Defendants' witnesses on the accused Darwin software during the last two weeks of June, depositions related to the accused DL software during the first two weeks of July, and depositions related to the accused Composer software during the last two weeks of July.  (*See* Ex. A, RRD's Counsel's letter to Defendants' Counsel dated May 23, 2007.)

4.      Defendants finally responded to R.R. Donnelley's proposed schedule on June 22, 2007, at which time Defendants offered deposition dates for only three of the twelve witnesses who received personal deposition notices and/or who Defendants identified as Rule 30(b)(6) witnesses.  (*See* Ex. E, Defendants' Counsel's letter to RRD's Counsel dated June 22, 2007.)  By that date, however, Defendants had already wasted a month, leaving R.R. Donnelley only two months to complete all its depositions.[2]  But instead of offering witnesses on a schedule that would complete discovery within the allotted time, Defendants offered three witnesses in July and two in August, thereby wasting another month.

5.      Indeed, rather than schedule depositions in the month of July (after having wasted June), Defendants have cut back on their original July schedule.  Defendants canceled the single deposition scheduled for the week of July 23, moving that deposition to August 16.  (*See* Ex. G, Defendants' Counsel's letter to RRD's Counsel dated July 6, 2007.)  Moreover, the day before the July 11, 2007 scheduled deposition of another witness, Tim Donahue (Defendants' Rule 30(b)(6) witness with respect to the Defendants' knowledge of the patents in suit),

---

[2]      Defendants took several depositions of R.R. Donnelley witnesses in December 2006. Moreover, despite their delay in scheduling depositions, Defendants recently demanded

Defendants informed R.R. Donnelley that Mr. Donahue would testify with respect to only *one* of the Defendants, NexPress, and only up to the time it was acquired by Kodak. (*See* Ex. H, Defendants' Counsel's Letter to RRD's Counsel dated July 11, 2007.) Defendants have not yet designated other individuals with knowledge of the issues removed from Mr. Donahue's designation. Defendants' cancellations leave even more depositions for Defendants to schedule in the few weeks that remain in the fact discovery period.

6.      Due to Defendants' delay and the impending close of fact discovery, the parties must schedule a large number of depositions in a very short time. Yet beyond the two witnesses Defendants scheduled to be deposed in July, Defendants have provided deposition dates for only three additional witnesses. (*See* Ex. E and G, Defendants' Counsel's Letter to RRD's Counsel dated June 22 and July 6, 2007.) Despite R.R. Donnelley's May 2007 request that the depositions be staged throughout June, July, and August 2007, Defendants have created a scheduling nightmare where none needed to exist.

7.      Given that only six weeks remain for fact discovery, R.R. Donnelley respectfully requests that the Court order Defendants to provide deposition dates immediately. And R.R. Donnelley would appreciate receiving some deposition dates for consecutive days in July and August 2007.

### Defendants' Failure To Produce Documents With Which It Purported To Answer Interrogatories Under Fed. R. Civ. P. 33(d)

8.      Defendants have a long history of failing to produce documents in a diligent fashion. Indeed, on January 4, 2007, this Court granted R.R. Donnelley's Motion to Compel, and ordered Defendants to produce documents. Defendants waited more than three

---

that R.R. Donnelley provide deposition dates for certain witnesses within three days. *See* Ex. F, Defendants' Counsel's letter to RRD's Counsel dated July 9, 2007.

months, until April 6, 2007, to begin complying with the Court's Order. (*See* Ex. I, Defendants' Counsel's letter to RRD's Counsel dated April 6, 2007.) After months of producing no documents, Defendants produced more than 1.5 million pages between April and June 2007 – more than *five* months after being ordered to do so. (*See* Ex. J, RRD's Counsel's letter to Defendants.' Counsel dated June 12, 2007, at n.1 (citing nine letters from Defendants between April and June producing documents).)

    9.    Once again, Defendants are dragging their feet. Defendants chose to respond to R.R. Donnelley's Interrogatories[3] issued on April 12, 2007 by referring only generally to documents under Fed. R. Civ. P. 33(d). (*See* Ex. K, Defendants' Response to RRD's Second Set of Interrogatories, June 4, 2007, at pp. 8-10.) Defendants, however, did not even comply with Fed. R. Civ. P. 33(d) because they did not identify documents by Bates numbers or produce such documents therewith. (*See* Ex. L, RRD's Counsel's letter to Defendants' Counsel dated June 5, 2007 (requesting Defendants to identify and produce documents as required by Fed. R. Civ. P. 33(d)).) Making matters worse, Defendants failed to identify particular documents as required by Rule 33(d) after having sought and received two extensions, totaling three and a half extra weeks to respond to these Interrogatories.

    10.    But Defendants' lack of cooperation did not stop there. Over the ensuing weeks, R.R. Donnelley repeatedly sought the documents that Defendants claimed would answer these Interrogatories.[4] Finally, on June 26, 2007, Defendants agreed to identify or to produce *a*

---

[3]    In particular, Interrogatory No. 18 (seeking sales and cost information related to the accused products) and Interrogatory No. 19 (seeking the methods by which Defendants tracked usage of the accused products).

[4]    *See* Ex. L, RRD's Counsel's letter to Defendants' Counsel dated June 5, 2007; Ex. M, RRD's Counsel's letter to Defendants' Counsel dated June 21, 2007; Ex. N, Defendants' Counsel's letter to RRD's Counsel dated June 26, 2007.

*portion* of the documents identified pursuant to Fed. R. Civ. P. 33(d). To date, Defendants have refused to provide the remaining documents or to identify a date certain on which they will provide them.

11. But even Defendants' partial compliance with Rule 33(d) had a catch. Defendants refused to provide the documents that supposedly answered the above Interrogatories under the provisions of the Protective Order entered, after motion practice, by this Court. Defendants offered to produce these documents only if R.R. Donnelley agreed that its Chief Patent Counsel, Paul Rodriguez, could only inspect the documents at the offices of R.R. Donnelley's outside counsel, Sidley Austin LLP, and not at his own office at R.R. Donnelley. (*See* Ex. N, Defendants' Counsel's letter to RRD's Counsel dated June 26, 2007.)

12. In so conditioning its production, Defendants seek to relitigate the exact issue that this Court has already decided. In prior motion practice over the Protective Order, Defendants argued that R.R. Donnelley's Chief Patent Counsel should be precluded from viewing allegedly sensitive materials. After considering the parties' arguments, the Court ruled that Mr. Rodriguez may review "Confidential" and "Attorneys' Eyes Only" information and then issued a Protective Order consistent with this ruling. (*See* Order of Jan. 4, 2007 at 3 & n.1.) Defendants' withholding of responsive documents unless R.R. Donnelley agreed to additional provisions with respect to Mr. Rodriguez's access was in clear disregard of the Court's prior ruling on this very issue.

13. To be able to review Defendants' overdue documents without further delay, R.R. Donnelley agreed temporarily – and with the express reservation of its right to bring this matter before the Court – to restrict Mr. Rodriguez's access to the documents at issue pursuant to Defendants' demands. (*See* Ex. M, RRD's Counsel's Letter to Defendants' Counsel

of June 21, 2007.)   R.R. Donnelley requests that the Court lift these restrictions, as Mr. Rodriguez is already bound by the provisions set forth in the Protective Order.

14.    R.R. Donnelley respectfully requests that the Court order Defendants to produce the documents that they claim answer R.R. Donnelley's Interrogatories immediately. Further, R.R. Donnelley respectfully requests that the Court order such production under the provisions set forth in the Protective Order and free from any additional restrictions on confidentiality.

WHEREFORE, R.R. Donnelley respectfully asks the Court to order Defendants to comply with its discovery obligations, and in particular to make their witnesses available immediately for depositions and to produce their documents in response to R.R. Donnelley's Interrogatories immediately.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II (#3778)*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
  *Attorneys for Plaintiff*
    *R.R. Donnelley & Sons Company*

OF COUNSEL:

John G. Hutchinson
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5398

Douglas I. Lewis
Jamie L. Secord
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

July 13, 2007
968819

## <u>RULE 7.1.1 CERTIFICATE</u>

I hereby certify that counsel for plaintiff has discussed the issues raised in this

motion with counsel for defendants and that the parties have not been able to resolve the issues.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II (#3778)*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
  *Attorneys for Plaintiff*
  *R.R. Donnelley & Sons Company*

July 13, 2007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 13, 2007, he caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Frederick L. Cottrell III
Richards Layton & Finger

I also certify that copies were caused to be served on July 13, 2007, upon the following in the manner indicated:

**BY EMAIL AND BY HAND**

Frederick L. Cottrell III
Richards Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com

**BY EMAIL**

Richard McMillan, Jr.
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
rmcmillan@crowell.com

_/s/ Rodger D. Smith II (#3778)_
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com

# EXHIBIT A



| | |
|---|---|
| SIDLEY AUSTIN LLP | BEIJING      LOS ANGELES |
| ONE SOUTH DEARBORN | BRUSSELS     NEW YORK |
| CHICAGO, IL 60603 | CHICAGO     SAN FRANCISCO |
| (312) 853 7000 | DALLAS      SHANGHAI |
| (312) 853 7036 FAX | FRANKFURT   SINGAPORE |
| | GENEVA     SYDNEY |
| | HONG KONG  TOKYO |
| | LONDON     WASHINGTON, D.C. |
| jsecord@sidley.com | |
| (312) 853-2206 | FOUNDED 1866 |

May 23, 2007

**Via Facsimile and U.S. Mail**
Nathaniel Grow
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
202-624-2709 (telephone)
202-628-5116 (facsimile)

     Re:    *R.R. Donnelley & Sons Company v. Creo, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company*, No. 06-032-JJF (D. Del.)

Dear Nathaniel:

       This letter responds to your letter to Asheesh Puri of May 9, 2007 regarding Defendants' Rule 30(b)(6) objections to the aspects of Topics 1, 8, and 9 that relate to Third Party Software Products. R.R. Donnelley & Sons Company ("R.R. Donnelley") recently issued an interrogatory to Defendants seeking more information about the Third Party Software Products that Defendants have offered, sold, marketed, or promoted for use with Defendants' Hardware Products since 2001. Once R.R. Donnelley receives the information about those Third Party Software Products, R.R. Donnelley will be in a better position to identify the Third Party Software Products about which R.R. Donnelley will ask Defendants' witness(es) in the Rule 30(b)(6) deposition.

       In the meantime, please provide the availability of Defendants' Rule 30(b)(6) witnesses regarding all aspects of the pending Rule 30(b)(6) Topics that do not relate to Third Party Software Products. R.R. Donnelley would like to take depositions related to the accused Darwin software during the last two weeks of June 2007; depositions related to the accused DL software during the first two weeks of July 2007; and depositions related to the accused Composer software during the last two weeks of July 2007.

                    Sincerely,

                    Jamie L. Secord

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

# EXHIBIT B



SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN
CHICAGO, IL 60603
(312) 853 7000
(312) 853 7036 FAX

| BEIJING | LOS ANGELES |
| BRUSSELS | NEW YORK |
| CHICAGO | SAN FRANCISCO |
| DALLAS | SHANGHAI |
| FRANKFURT | SINGAPORE |
| GENEVA | SYDNEY |
| HONG KONG | TOKYO |
| LONDON | WASHINGTON, D.C. |

jsecord@sidley.com
(312) 853-2206

FOUNDED 1866

June 5, 2007

**Via Facsimile and U.S. Mail**

Nathaniel Grow
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
202-624-2709 (telephone)
202-628-5116 (facsimile)

Re:    *R.R. Donnelley & Sons Company v. Creo, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company*, No. 06-032-JJF (D. Del.)

Dear Nathaniel:

Following up on my May 23, 2007 letter to you, we are still awaiting dates for depositions of Defendants' Rule 30(b)(6) witnesses. As previously stated, we would like to take depositions related to the accused Darwin software during the last two weeks of June 2007; depositions related to the accused DL software during the first two weeks of July 2007; and depositions related to the accused Composer software during the last two weeks of July 2007.

Sincerely,

Jamie L. Secord

# EXHIBIT C



SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN
CHICAGO, IL 60603
(312) 853 7000
(312) 853 7036 FAX

jsecord@sidley.com
(312) 853-2206

| | |
|---|---|
| BEIJING | LOS ANGELES |
| BRUSSELS | NEW YORK |
| CHICAGO | SAN FRANCISCO |
| DALLAS | SHANGHAI |
| FRANKFURT | SINGAPORE |
| GENEVA | SYDNEY |
| HONG KONG | TOKYO |
| LONDON | WASHINGTON, D.C. |

FOUNDED 1866

June 28, 2007

**Via Facsimile and U.S. Mail**

Nathaniel Grow
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
202-624-2709 (telephone)
202-628-5116 (facsimile)

Re:    *R.R. Donnelley & Sons Company v. Creo, Inc., Eastman Kodak Company, and
       Kodak Graphic Communications Company*, No. 06-032-JJF (D. Del.)

Dear Nathaniel:

This letter responds to your letters of June 22 and 26, 2007.

First, thank you for providing available dates for five of Defendants' witnesses.
Given that fact discovery is scheduled to close in about two months, please provide us with the
remaining witnesses' availability as soon as possible.

Second, we are available on all of the dates you have provided thus far (July 12 –
Tim Donahue; July 19 – William Sullivan; July 27 – Roger Parrett; August 8 – Ron Peleg;
August 9 – Gershon Alon). Since July 27 is a Friday, and pursuant to our discussion below,
should R.R. Donnelley need additional time with Mr. Parrett, Defendants must be willing to
make him available on another day to ensure R.R. Donnelley has the full benefit of its allotted
time if needed.

Third, we need to correct your apparent misunderstanding of statements made in
my June 13, 2007 letter. As an initial matter, we clearly stated that "for those Rule 30(b)(6)
witnesses for whom R.R. Donnelley & Sons Company ("R.R. Donnelley") has also issued
personal deposition notices, R.R. Donnelley reserves the right to depose the witnesses for 7
hours in their corporate capacity and 7 hours in their individual capacity."

We further stated that for scheduling purposes, "it is unlikely that R.R. Donnelley
will take a full 14 hours with any of the Rule 30(b)(6) witnesses for whom personal deposition
notices have been issued" and that any personal depositions would "*likely* be short." (Emphasis



Nathaniel Grow
June 28, 2007
Page 2

added.)  Thus, we stated that R.R. Donnelley would be willing to try to take each deposition in one day, provided of course that Defendants are willing to allow R.R. Donnelley to go beyond 7 hours in one day.

Given Defendants' unwillingness "to produce a given witness a second time at a later date," Defendants must agree to allow their witnesses to be deposed on a second subsequent day if necessary to ensure that R.R. Donnelley has the full benefit of its allotted time if needed. At this time, we do not anticipate that we will need a second day with any of the witnesses currently scheduled; however, R.R. Donnelley reserves the right to continue the depositions into a second subsequent day if necessary.  If Defendants do not wish to be flexible on these issues, we are willing to have each witness hold two days, and we can then see how much of the two days we will use.  We would think it would be more accommodating for Defendants' witnesses though to try to complete the depositions in one day if possible.

If this letter alters the current deposition schedule in any way, please let us know as soon as possible.  Also, as always if you wish to further discuss the issues addressed herein, please feel free to contact me.

Sincerely,

Jamie L. Secord

# EXHIBIT D



SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
(212) 839 5300
(212) 839 5599 FAX

jsecord@sidley.com
(312) 853-2206

| BEIJING | GENEVA | SAN FRANCISCO |
| BRUSSELS | HONG KONG | SHANGHAI |
| CHICAGO | LONDON | SINGAPORE |
| DALLAS | LOS ANGELES | TOKYO |
| FRANKFURT | NEW YORK | WASHINGTON, D.C. |

FOUNDED 1866

July 11, 2007

**Via E-Mail and U.S. Mail**

Mr. Nathaniel Grow
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Re:    *R.R. Donnelley & Sons Company v. Creo, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company*, No. 06-032-JJF (D. Del.)

Dear Nathaniel:

I write in response to your July 9, 2007 letter in which you request the availability of Grant Miller and Riyaz Asaria for Kodak's 30(b)(6) depositions. You have requested a reply by July 12, three days after your letter was delivered. R.R. Donnelley is checking with Mr. Miller and Mr. Asaria as to their availability for these depositions and will respond as soon as possible.

We continue to await your response as to the availability of the individuals Kodak has designated for 30(b)(6) depositions. R.R. Donnelley has written to Kodak requesting these witnesses' availability for two months, as evidenced by our letters of May 23, June 5, and June 28. Given that fact discovery will close in this case at the end of August, the need to schedule outstanding 30(b)(6) depositions grows ever more pressing. R.R. Donnelley renews its previous requests and asks that Kodak respond with the availability of its designated witnesses as soon as possible.

Sincerely,

Jamie L. Secord

# EXHIBIT E



1001 Pennsylvania Avenue, NW, Washington, DC 20004-2595 ▪ p202 624-2500 ▪ f202 628-5116

Nathaniel Grow
202-624-2709
ngrow@crowell.com

June 22, 2007

025140.0000051

**VIA FACSIMILE AND U.S. MAIL**

Jamie Secord
Sidley Austin LLP
One South Dearborn
Chicago, Illinois 60603

> Re: *R.R. Donnelley & Sons Co. v. Creo, Inc., Eastman Kodak Co., and*
> *Kodak Graphic Communications Co.*, (D. Del.) (Civil Action No. 06-032-
> JJF)

Dear Jamie:

At this time, Defendants offer the following 30(b)(6) witnesses on the following topics and dates, with depositions to be held at Crowell & Moring's Washington D.C. office:

| Witness | Topic(s) | Dates |
|---------|----------|-------|
| Tim Donahue | Topic 2 (First Notice) | July 12 |
| Ron Peleg | Topics 1, 4, and 5 (Second Notice) and Topic 1 (Third Notice) as they relate to Darwin | August 8 |
| Gershon Alon | Topics 6, 7, 8, and 9 (Second Notice) as they relate to Darwin | August 9 |

Additionally, each witness will also be designated for Topics 10 and 11 (First Notice), as related to their above-listed topics.

Defendants make these witnesses available pursuant to your June 13th letter, in which you stated that depositions of these individuals in their personal capacity will be short, and therefore RRD need only schedule each witness for one (1) day. Accordingly, Defendants have proposed one day for each of the witnesses listed above; Defendants cannot agree to produce a given witness a second time at a later date.

As I explained to you yesterday, scheduling has been compounded by RRD's failure to identify any Third Party Software and its agreement to defer 30(b)(6)

Jamie Secord
June 22, 2007
Page 2

topics relating to Third Party Software (e.g., topics 1, 8, and 9 (Second Notice))[1]
until such time as RRD can identify the specific third party software products at
issue in the litigation. As you know, Defendants intend to designate witnesses to
testify on multiple topics – including both Third Party Software topics and non-
Third Party Software topics. Some of the individuals designated to testify
regarding Third Party Software may also be designated to testify regarding non-
Third Party Software. As a result, at this time Defendants can only schedule the
depositions of those witnesses who will not potentially testify with regards to Third
Party Software.

Please let us know if the above-listed dates work for you.

Best regards,

Nathaniel Grow

cc:    Richard McMillan, Jr.

---

[1]    Because both RRD's Topic 8 (First Notice) and Topic 1 (Third Notice) also
relates to Third Party Software, Defendants assume that RRD agrees to postpone
depositions relating to these topic as well, to the extent they discuss Third Party
Software.

# EXHIBIT F

1001 Pennsylvania Avenue, NW, Washington, DC 20004-2595 ▪ p202 624-2500 ▪ f202 628-5116



Nathaniel Grow
202-624-2709
ngrow@crowell.com

July 9, 2007

025140.0000051

**VIA FACSIMILE AND U.S. MAIL**

Jamie Secord
Sidley Austin LLP
One South Dearborn
Chicago, Illinois 60603

> Re:    *R.R. Donnelley & Sons Co. v. Creo, Inc., Eastman Kodak Co., and*
> *Kodak Graphic Communications Co.*, (D. Del.) (Civil Action No. 06-032-
> JJF)

Dear Jamie:

I write in regards to the scheduling of RRD's remaining 30(b)(6) depositions. RRD had previously designated Grant Miller to serve as its designee for Topics 1-5 and 8-11, while Riyaz Asaria had been designed for Topic 7. Defendants have also noticed both Mr. Miller and Mr. Asaria for deposition in their individual capacity. Please confirm that these individuals will still be serving as RRD's designees for their respective topics, and please also let me know when both are available to be deposed. Defendants would like to take these depositions in late July or early August.

Defendants are also still awaiting RRD's designation of a witness for Topic 6. Please let us know who RRD will be designating for this topic, and when he or she is available to be deposed.

Finally, as the parties have previously agreed, Defendants wish to resume the deposition of James Warmus for an additional two hours. Please let me know when Mr. Warmus is available.

Defendants request the courtesy of a response no later than Thursday July 12th.

Jamie Secord
July 9, 2007
Page 2

Best regards,

Nathaniel Grow

cc:    Richard McMillan, Jr.

# EXHIBIT G



1001 Pennsylvania Avenue, NW, Washington, DC 20004-2595 ▪ p202 624-2500 ▪ f202 628-5116

Nathaniel Grow
202-624-2709
ngrow@crowell.com

July 6, 2007

025140.0000051

**VIA FACSIMILE AND U.S. MAIL**

Jamie Secord
Sidley Austin LLP
One South Dearborn
Chicago, Illinois 60603

      Re:   *R.R. Donnelley & Sons Co. v. Creo, Inc., Eastman Kodak Co., and Kodak Graphic Communications Co.*, (D. Del.) (Civil Action No. 06-032-JJF)

Dear Jamie:

      I write in regards to Defendants' 30(b)(6) witnesses. As I noted in my e-mail yesterday, the Defendants are offering Timothy F. Donahue, Senior Scientist, to serve as their witness for Topic 2 of RRD's First 30(b)(6) Notice. Mr. Donahue will appear at Sidley Austin's Washington, D.C. office at 9 am on July 12, 2007.

      As for Defendants' other 30(b)(6) witnesses, Defendants had relied on the attestation in your June 13, 2007 letter in which you proposed "scheduling a day for each of these [30(b)(6)] witnesses, with the understanding that [RRD] may go beyond 7 hours in one day." RRD is now taking the position that these depositions may take more than one day to complete. Due to your change in position on this issue, Defendants can no longer offer Roger Parrett on July 27. Instead, Defendants can offer:

| Witness | Topic(s) | Dates |
|---|---|---|
| Roger D. Parrett | Topics 1, 4, 5, 6, 7, 8, and 9 (Second Notice) and Topic 1 (Third Notice) as they relate to Composer, the Kodak Versamark V-Series Printing Systems, and the Kodak Versamark D-Series Printing System | August 16 |

      Additionally, Mr. Parrett will also be designated for Topics 10 and 11 (First Notice), as related to his above-listed topics. Please let us know at your earliest convenience if the above-listed date works for you.

Jamie Secord
July 6, 2007
Page 2

With regards to Topic 2 of RRD's Second 30(b)(6) Notice, Defendants do not have any "inbound [or] outbound patent licenses relating to Variable Digital Printing," and therefore do not have a witness to offer on this topic.

Please let me know if you have any questions.

Best regards,

Nathaniel Grow

cc:    Richard McMillan, Jr.

# EXHIBIT H



1001 Pennsylvania Avenue, NW, Washington, DC 20004-2595 ▪ p202 624-2500 ▪ f202 628-5116

Nathaniel Grow
202-624-2709
ngrow@crowell.com

July 11, 2007

025140.0000051

## VIA FACSIMILE AND U.S. MAIL

Jamie Secord
Sidley Austin LLP
One South Dearborn
Chicago, Illinois 60603

> Re:   *R.R. Donnelley & Sons Co. v. Creo, Inc., Eastman Kodak Co., and Kodak Graphic Communications Co.*, (D. Del.) (Civil Action No. 06-032-JJF)

Dear Jamie:

As noted in Brian Koide's e-mail from this morning, Defendants are modifying the aspects of Topic 2 (First Notice) for which Tim Donahue will be designated as the Defendants' 30(b)(6) witness. Subject to our objections, Mr. Donahue will only be designated for the knowledge of NexPress Solutions, Inc.'s earliest knowledge of the patents in suit and the applications leading to the patents in suit.

Best regards,

Nathaniel Grow

cc:   Richard McMillan, Jr.

# EXHIBIT I



1001 Pennsylvania Avenue, NW, Washington, DC 20004-2595  ▪  p202 624-2500  ▪  f202 628-5116

**Nathaniel Grow**
**202-624-2709**
**NGrow@crowell.com**

April 6, 2007

3477:ng
025140.0000051

**VIA FEDERAL EXPRESS**

Jamie L. Secord, Esquire
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603

Re:     *R.R. Donnelley & Sons Co. v. Creo, Inc., Eastman Kodak Co., and*
        *Kodak Graphic Communications Co.*, (D. Del.) (Civil Action No. 06-032-
        JJF)

Dear Jamie:

Defendants provide the enclosed supplemental production.  The production
includes:

- ten (10) CD-ROMs with .TIFF images ranging from K01278920 through
  K01863141, and K01863833 through K01866956;
- one (1) sealed copy of Darwin Pro for InDesign version 1.5 (K01866957); and
- two (2) additional copies of Spire for the Xerox DocuColor 8000 Digital Press
  Version 2.0, with simulator dongles and installation documentation
  (K01866958, K01866958.1, K01866958.2-K01866958.9).

Additionally, Defendants provide courtesy copies of the following materials
that have been made available for inspection:

- three (3) copies of Darwin VI Authoring Tool for Microsoft Windows
  (K01198595);
- three (3) copies of Darwin VI Authoring Tool for Adobe InDesign version 1.0
  (K01198622);
- three (3) copies of Spire CXP6000 Color Server 3.0 (K01197822);
- three (3) copies of Spire CXP6000 Color Server 4.0 (K01197815-K01197819);
- three (3) copies of DL-100 version 1.0 Demo for Macintosh (K01114242);
- three (3) copies of DL-100 version 1.0 P1P (K01866772);
- three (3) copies of DL-100 version 1.0 for Macintosh (K01866813);

- three (3) copies of DL-100 version 1.ope-2 for Macintosh (K01114230);
- three (3) copies of DL-100 version 1.2 Beta for Macintosh/PC (K01866692);
- three (3) copies of DL-100 version 1.2 Demo for Macintosh/PC (K01114231);
- three (3) additional copies of DL-100 version 1.2 Demo for Macintosh/PC (K01195296);
- three (3) copies of DL-100 version 1.2 Update (K01866778);
- three (3) copies of DL-100 version 2.0 Upgrade Software (K01866766);
- three (3) copies of DL-100 demo software (K01198601);
- three (3) copies of DL-100 training exercises (K01198602);
- three (3) copies of DL-1000 version 1.2 for Windows (K01866781);
- three (3) copies of DL-1000 version 1.2 Evaluation Copy for Microsoft Windows (K01195295);
- three (3) copies of DL-1000 version 2.0 for Microsoft Windows (K01114232);
- three (3) copies of DL-1000 training exercises, Disks 1 and 2 (K01866767-K01866768);
- one (1) copy of other software materials (K01111191, K01114243-K01114255, K01195293-K01195294, K01195809, K01197265, K01197811, K01198589, K01198596-K01198600, K01198607, K01198613-K01198621, K01866764-K01866765, K01866808).

Finally, as agreed during our conversation of April 6th, Defendants provide the following list of materials which Defendants have not copied, but have made available for inspection:

- one (1) copy of Microsoft Access 95 (K01863142);
- one (1) copy of Borland Paradox 5 (K01114233);
- one (1) copy of MarkzWare FlightCheck®, MarkzScout®, and FlightCheck® Collect! (K01198350);
- one (1) copy of Atlas PrintShop Mail for Microsoft Windows 98 (version 2.7) and Macintosh (version 4.2.2) (K01198603);
- one (1) copy of Atlas PrintShop Mail for Macintosh and Microsoft Windows (K01866783-K01866790);
- one (1) copy of Heidelberg Atlas PrintShop Mail Training Exercises (K01198604);
- one (1) copy of Printshop Mail Training Files (K01866763);
- one (1) copy of TechnoDesign Publishing Technologies XTensions for QuarkXPress and QuarkCopyDesk (K01198325);
- two (2) copies of TechnoDesign Personalizer-X (K01866706, K01866800-K01866806);
- two (2) copies of TechnoDesign Software that works for you! (K01866774-K01866775);
- Personalizer-X 3.1 (K01198605);
- one (1) copy of PlanetPress Suite (K01198608);
- one (1) copy of PlanetPress Suite 4 (K01198609);

- one (1) copy of PlanetPress Suite 3 (K01198611);
- one (1) copy of PlanetPress Suite Custom Exercises (K01198612);
- one (1) copy of Ad Hoc Consulting Doc Solutions Pro version 2.5 sp1 (K01198623);
- one (1) copy of Paradox 5 for Windows Power Programming Secrets, Disks 1 through 3 (K01114236.0934, K01114236.0935, K01114236.0936);
- one (1) copy of What Every Paradox5 for Windows Programmer Should Know, Disks 1 and 2 (K01114237.1247, K01114237.1248); and
- one (1) copy of Waite Group Press Microsoft Access 95 How-To (K01114238.0790).

These documents and materials are all produced subject to Defendants' written objections.

Please let me know if you have any questions.

Best regards,

Nathaniel Grow

Enclosures

cc:    Richard McMillan, Jr.

# EXHIBIT J



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
| ONE SOUTH DEARBORN | BRUSSELS | NEW YORK |
| CHICAGO, IL 60603 | CHICAGO | SAN FRANCISCO |
| (312) 853 7000 | DALLAS | SHANGHAI |
| (312) 853 7036 FAX | FRANKFURT | SINGAPORE |
| | GENEVA | SYDNEY |
| | HONG KONG | TOKYO |
| | LONDON | WASHINGTON, D.C. |

jsecord@sidley.com
(312) 853-2206                           FOUNDED 1866

June 12, 2007

**Via Facsimile and U.S. Mail**

Nathaniel Grow
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
202-624-2709 (telephone)
202-628-5116 (facsimile)

Re:     *R.R. Donnelley & Sons Company v. Creo, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company*, No. 06-032-JJF (D. Del.)

Dear Nathaniel:

This letter responds to your letter of June 8, 2007.

**Banta/Perry Judds Documents**

R.R. Donnelley & Sons Company ("R.R. Donnelley") is still investigating the scope of responsive materials in the possession of Banta. We expect to be in a position next week to respond to your May 10, 2007 letter.

With respect to Perry Judds, we have confirmed that Perry Judds did not engage in variable digital printing.

**R.R. Donnelley's Supplemental Interrogatory Responses**

In response to your May 23, 2007 request that R.R. Donnelley supplement its interrogatory responses, we intend to supplement R.R. Donnelley's interrogatory responses shortly. Indeed, we are hopeful that we will be in a position to do so within the next week, although we cannot guarantee an exact date in light of the breadth of materials recently produced by Defendants, including as recently as May 22, 2007. As stated in my May 17, 2007 letter to you, given that Defendants only recently produced most of the accused software products and more than one million other production pages[1] — even though the Court ordered the production

---

[1] *See, e.g.,* Ltr. from N. Grow to J. Secord of May 22, 2007 (producing additional documents); Ltr. from N. Grow to J. Secord of May 15, 2007 (producing additional documents); Ltr. from N. Grow to J. Secord of May 10, 2007 (producing accused software); Ltr. from N. Grow to J. Secord of May 9, 2007 (producing accused software); Ltr.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships



Nathaniel Grow
June 12, 2007
Page 2

of such materials on January 4, 2007 — R.R. Donnelley required time to study Defendants' production before supplementing its interrogatory responses.

**R.R. Donnelley's Supplemental Production**

In response to your May 15, 2007 letter suggesting that R.R. Donnelley somehow delayed in producing supplemental materials, be assured that R.R. Donnelley did not delay in producing its supplemental materials. Indeed, R.R. Donnelley did not wait more than three months after receiving a Court order to produce materials, as Defendants did. Defendants have already taken a 30(b)(6) deposition on R.R. Donnelley's document collection. As demonstrated in that deposition, R.R. Donnelley conducted a reasonable and diligent search for responsive documents. Given that Defendants only recently produced most of the accused software products and more than one million other production pages,[2] we are confused by your letter.

\*    \*    \*

Presumably the above alleviates your concerns. Nonetheless, please feel free to call if you wish to discuss these matters further.

Sincerely,

Jamie L. Secord

---

from N. Grow to J. Secord of May 4, 2007 (producing accused software); Ltr. from N. Grow to J. Secord of Apr. 27, 2007 (producing additional documents); Ltr. from N. Grow to J. Secord of Apr. 26, 2007 (producing accused software); Ltr. from N. Grow to J. Secord of Apr. 18, 2007 (producing additional documents); Ltr. from N. Grow to J. Secord of Apr. 9, 2007 (producing additional documents).

[2] *See supra* n.1.

# EXHIBIT K

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY,<br><br>     Plaintiff,<br><br>     v.<br><br>CREO, INC., NEXPRESS SOLUTIONS,<br>INC., KODAK VERSAMARK, INC.,<br>EASTMAN KODAK COMPANY, and<br>KODAK GRAPHIC COMMUNICATIONS<br>COMPANY,<br><br>     Defendants. | CIVIL ACTION No. 06-cv-032-JJF |
| EASTMAN KODAK COMPANY,<br><br>     Counterclaim-Plaintiff,<br><br>     v.<br><br>R.R. DONNELLEY & SONS COMPANY,<br><br>     Counterclaim-Defendant, | |

## CREO, INC.'S, NEXPRESS SOLUTIONS, INC.'S, KODAK VERSAMARK, INC.'S, EASTMAN KODAK COMPANY'S, AND KODAK GRAPHIC COMMUNICATIONS COMPANY'S RESPONSE TO R.R. DONNELLEY & SONS COMPANY'S SECOND SET OF INTERROGATORIES

Pursuant to Rules 33 and 26(e) of the Federal Rules of Civil Procedure, Creo, Inc.,

NexPress Solutions, Inc., Kodak Versamark, Inc., Eastman Kodak Company, and Kodak Graphic

Communications Company ("Defendants") provide the following response to the Second Set of

Interrogatories to Defendants Creo, Inc., NexPress Solutions, Inc., Kodak Versamark, Inc.,

Eastman Kodak Company, and Kodak Graphics Communications Company ("the

Interrogatories") propounded by R.R. Donnelley & Sons Company ("RRD"):

1

## I.    GENERAL RESPONSES

Defendants' responses to the Interrogatories are made to the best of Defendants' current employees' present knowledge, information, and belief.  These responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Defendants' recollection, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from its further discovery or investigation.

1.    Defendants reserve all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent hearing or proceeding of this or any other action for any purpose whatsoever of these responses.

2.    Defendants reserve the right to object on any ground at any time to such other or supplemental interrogatories as RRD may at any time propound involving or relating to the subject matter of the Interrogatories.

## II.    GENERAL OBJECTIONS

Defendants make the following general objections, whether or not separately set forth, in response to each of the Interrogatories:

1.    Defendants object generally to the Interrogatories insofar as they seek information protected by the attorney-client privilege and/or the work-product doctrine.  Such information shall not be produced in response to any interrogatory, and any inadvertent response thereto shall not be deemed a waiver of any privilege with respect to such information or of any work-product doctrine which may attach thereto.

2.    Defendants object to the introductory definitions and instructions to the Interrogatories to the extent the definitions and instructions purport to enlarge, expand, or alter in

2

any way the plain meaning and scope of any specific interrogatory, on the ground that such enlargement, expansion, or alteration renders the interrogatory vague, ambiguous, unintelligible, unduly broad, and uncertain.

3.      Defendants object to all instructions, definitions, and interrogatories to the extent they seek information not currently in Defendants' possession, custody, or control, or refer to persons, entities, or events not known to Defendants, on the grounds that such instructions, definitions, or interrogatories seek to require more of Defendants than any obligation imposed by law, would subject Defendants to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Defendants an obligation to investigate or discover information or materials from third parties or sources who are equally accessible to RRD.

4.      Defendants object to all instructions, definitions, and interrogatories to the extent they rely on the term "Defendants' Software Products." As defined, the term "Defendants' Software Products" is vague and ambiguous, to the extent it includes "successor" software products. "Successor" software products are undefined in the interrogatories, and therefore vague and ambiguous. Accordingly, Defendants will only answer the interrogatories with regards to the software products specifically identified in the interrogatories.

5.      Defendants object to all instructions, definitions, and interrogatories to the extent they rely on the term "Defendants' Hardware Products." As defined, the term "Defendants' Hardware Products" is vague and ambiguous, to the extent it includes "successor" hardware products. "Successor" hardware products are undefined in the interrogatories, and therefore vague and ambiguous. Accordingly, Defendants will only answer the interrogatories with regards to the hardware products specifically identified in the interrogatories.

## III.    SPECIFIC OBJECTIONS AND RESPONSES TO THE INTERROGATORIES

### INTERROGATORY NO. 17

State the complete factual and/or legal bases for Defendants' defense that the Patents in Suit are unenforceable due to inequitable conduct, including but not limited to the following: (1) identify each piece of information that Defendants contend was concealed from, withheld from, or was not disclosed to the PTO and explain why such information is non-cumulative and more material than the Prior Art of record; (2) identify all statements made to the PTO during prosecution of the Patents in Suit that Defendants contend were materially false or misleading and explain why Defendants contend that the statement was materially false or misleading; and (3) identify each piece of information that Defendants contend shows an intent to deceive the PTO.

### RESPONSE TO INTERROGATORY NO. 17

Defendants object to this interrogatory as premature given that fact discovery is still underway. Additional discovery – including the yet-to-be-held depositions of the prosecuting attorneys – may yield further grounds of inequitable conduct. Defendants also object that this interrogatory is overly broad and unduly burdensome. In particular, Defendants object to the identification of "all statements" or "each piece of information" that evidences RRD's inequitable conduct. Defendants will respond to the extent required by the Federal Rules of Civil Procedure. Subject to the foregoing general and specific objections Defendants respond as follows:

Defendants contend that RRD, through the individuals involved in the prosecution of each of the Patents in Suit, and having a duty of candor and good faith in dealing with the PTO, intentionally deceived the PTO by making material misrepresentations to, and withholding material information from, the PTO in violation of the duty of candor and good faith. The individuals involved in the prosecution of the Patents in Suit ("RRD Representatives") include, without limitation (i) the inventors named on each of the Patents in Suit, including James L. Warmus, Mark G. Dreyer, Thomas Shively, and Daniel W. Beery, and (ii) each of the patent

4

agents and/or attorneys involved with the prosecution of one or more of the Patents in Suit and/or patents related to the Patents in Suit, including but not limited to William McCracken, G. Christopher Braidwood, Paul V. Del Giudice, Mark G. Hanley, and Patrick D. Ertel.

Defendants contend that RRD Representatives acted with an intent to deceive the PTO by withholding information material to the patentability of the Patents in Suit including, without limitation, prior art references known to RRD Representatives through the prosecution of patent applications related to each of the Patents in Suit. For example, the '452 Patent, which issued on March 20, 2001, identifies over 50 prior art references that were not disclosed by RRD Representatives to the Examiner during the prosecution of U.S. Patent Serial No. 08/478,397 ("the '397 application"), which subsequently issued as the '599 Patent on December 4, 2001.

Defendants further contend that RRD Representatives intentionally deceived the PTO by "burying" material references during the prosecution of the Patents in Suit in a manner calculated to omit information, mislead, or otherwise minimize the known relevance of material information. In particular, RRD Representatives submitted information disclosure statements to the PTO during the prosecution of each Patent in Suit identifying numerous cumulative and less relevant prior art references including numerous undated documents and numerous documents dated subsequent to the filing dates of the Patents in Suit. *See, e.g.* RRD000001-RRD004391, RRD004392-RRD005159, RRD005160-RRD005906, and RRD005907-6891.

Defendants further contend that RRD Representatives acted with an intent to deceive the PTO by submitting selected excerpts of cited references while withholding from the PTO non-cumulative material information disclosed elsewhere in the cited references. In particular, RRD Representatives submitted excerpts, including single pages, from Seybold reports published from 1992 through 1997, while withholding material portions of those publications.

Defendants further contend that RRD Representatives acted with an intent to deceive the PTO by withholding material information known to RRD Representatives regarding commercial activities and public disclosures of Barco Graphics and Xeikon that occurred prior to the filing dates of the Patents in Suit. On information and belief, RRD Representatives collaborated with Barco Graphics in 1994 and 1995 on a project known internally to RRD Representatives as "Xeikon Variable Imaging," "Project XVI" and/or "Project 16." The systems disclosed in the Patents in Suit were substantially disclosed in documents relating to Project XVI, and through commercial systems developed and/or publicly disclosed by Barco Graphics and Xeikon prior to the June 6, 1995 filing date of the '599 Patent. In particular, RRD Representatives intentionally did not disclose to the PTO its commercial relationship with Barco Graphics and Xeikon, the contributions of Barco Graphics and Xeikon to the systems disclosed and claimed in the Patents in Suit, and Barco Graphics' demonstration of FastRip and PrintStreamer at DRUPA in May 1995. To facilitate the deception, RRD Representatives intentionally withheld from the PTO the proper inventive entity of one or more of the Patents in Suit, including an individual of Barco Graphics. By doing so, RRD Representatives were able to mislead the PTO by submitting information disclosure statements that failed to identify the material Barco information, including a Supplemental Information Disclosure Statement dated January 19, 1999, during the prosecution of the '397 Application, which only disclosed certain Barco Graphics documents while representing to the PTO that "applicants are unsure as to when particular portions of the systems were developed, whether prior to or subsequent to the present invention." RRD027861 – RRD027868.

Defendants further contend that the inequitable conduct also included misrepresentations and omissions by RRD Representatives with an intent to deceive the PTO regarding (i) the

content of prior art relating to Agfa and Indigo as described in information disclosure statements submitted during the prosecution of each of the Patents in Suit, including the Supplemental Information Disclosure Statement dated June 20, 2000, which was submitted during the prosecution of the '337 Application; (ii) the proper priority date to be applied to U.S. Patent Application Serial No. 08/959,683 as described in the Supplemental Information Disclosure Statement dated June 20, 2000, and submitted during the prosecution of the '452 Patent; (iii) the content of "Creo-related prior art" as described in the Supplemental Information Disclosure Statement dated March 4, 2004, submitted to the PTO during the prosecution of the '801 Patent; and (iv) the scope and content of intervening art that was material to new matter claimed in U.S. Patent Application Serial No. 10/755,743.

Defendants further contend that RRD Representatives acted with an intent to deceive the PTO during the prosecution of the '452 Patent by intentionally withholding material prior art directed to (i) relational database management systems, including Microsoft Access 7.0 (also known as Microsoft Access 95) and Borland Paradox 5.0, and (ii) Object Linking and Embedding capabilities developed by Microsoft Corporation.

Defendants also contend that the inequitable conduct further included misrepresentations by RRD Representatives with an intent to deceive the PTO regarding the identification and content of "each reference most closely related to the subject matter encompassed by the claims" through the submission of the Petition to Make Special Under MPEP § 708.02, dated March 29, 2004, and the Request for Reconsideration of Petition to Make Special, dated June 10, 2004, which were filed during the prosecution of U.S. Patent Application Serial No. 10/755,743.

Defendants reserve the right to supplement their response to this interrogatory at appropriate times in this litigation.

7

**INTERROGATORY NO. 18**

For each of Defendants' Software Products and Defendants' Hardware Products, identify and quantify: (1) the sales volume both domestically and internationally for each product, in both units and dollars, per customer, on a monthly, quarterly, and annual basis since 2001; (2) the costs associated with each product, including but not limited to (i) direct labor and material costs, (ii) indirect labor and material costs, (iii) manufacturing overhead costs, (iv) standard costs and any associated variances, (v) actual total costs and variances from standard costs, and (vi) all costs, other than manufacturing costs, on a per product basis including, but not limited to (A) commissions and other selling expenses, (B) general and administrative expenses, and (C) engineering, research and development expenses; and (3) the profits associated with each product, including but not limited to (i) gross profits, gross margins, or standard margins on a per product basis and (ii) net income or net profit before taxes on a per product basis.

**RESPONSE TO INTERROGATORY NO. 18**

Defendants object to this interrogatory to the extent it impermissibly attempts to increase the number of interrogatories allotted to each party under the Court's Scheduling Order (D.I. 26 ¶ 3(c)). Federal Rule of Civil Procedure 33 requires that "discrete subparts" be calculated as individual interrogatories. Accordingly, Defendants object to the inclusion of all subparts in this interrogatory, to the extent RRD asserts that each subpart is not an individual interrogatory for purposes of the Court's established maximum number of interrogatory. Further, Defendants object to this interrogatory to the extent it requests international sales, costs and profit information. *See Microsoft v. AT&T Corp*, -- U.S. --, 127 S. Ct. 1746 (Apr. 30, 2007). Additionally, Defendants object to the interrogatory to the extent it seeks sales, costs, and profit data not kept, maintained, or recorded by Defendants. Defendants will produce the requested information in the manner in which it is maintained and to the extent it can be calculated by Defendants.

Subject to the foregoing general and specific objections, Defendants will provide RRD with documents pursuant to Federal Rule of Civil Procedure 33(d).

Defendants reserve the right to supplement their response to this interrogatory at appropriate times in this litigation.

8

**INTERROGATORY NO. 19**

Identify (1) all ways Defendants currently track or have tracked usage of Defendants'
Software Products and Defendants' Hardware Products, including but not limited to any per page
charges; (2) all revenue and/or profit received for such usage for each product, per customer, on
a monthly, quarterly, and annual basis since 2001; and (3) all documents related to the
information requested in parts (1) and (2) of this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 19**

Defendants object to this interrogatory to the extent it impermissibly attempts to increase

the number of interrogatories allotted to each party under the Court's Scheduling Order (D.I. 26

¶ 3(c)). Federal Rule of Civil Procedure 33 requires that "discrete subparts" be calculated as

individual interrogatories. Accordingly, Defendants object to the inclusion of all subparts in this

interrogatory, to the extent RRD asserts that each subpart is not an individual interrogatory for

purposes of the Court's established maximum number of interrogatory. Additionally,

Defendants object to the interrogatory to the extent it is overly broad and unduly burdensome. In

particular, Defendants object to the identification of "all ways," "all revenue and/or profit

received," and "all documents." Defendants will respond to the extent required by the Federal

Rules of Civil Procedure. Further, Defendants object to this interrogatory to the extent it

requests international revenue and profit information. *See Microsoft v. AT&T Corp.*, -- U.S. --,

127 S. Ct. 1746 (Apr. 30, 2007). Finally, Defendants object to the interrogatory to the extent it

seeks revenue and profit data not kept, maintained, or recorded by Defendants. Defendants will

produce the requested information in the manner in which it is maintained and to the extent it can

be calculated by Defendants.

Subject to the foregoing general and specific objections, Defendants will provide RRD

with documents pursuant to Federal Rule of Civil Procedure 33(d).

Further, none of Defendants' Software Products track the product's usage such that it

would be reported to Defendants. NexPress Solutions, Inc.'s Hardware Products that report

9

usage information do so on a per-page basis by calculating the number of A4-sized pages

printed. None of NexPress Solutions, Inc.'s Hardware Products sold to U.S. customers provide

revenue on a per-page basis. Kodak Versamark's Hardware Products report usage on a per-click

basis, where a click also is the equivalent of 1000 feet of paper. Sales of Kodak Versamark's

Hardware Products to certain customers provide revenue on a per-click basis, but only to the

extent that a particular press's number of clicks exceeds a predetermined minimum; otherwise,

only a monthly base charge applies.

Defendants reserve the right to supplement their response to this interrogatory at

appropriate times in this litigation.

## INTERROGATORY NO. 20

State whether Defendants contend there are any acceptable non-infringing substitutes for
the inventions recited in the asserted claims of the Patents in Suit, and if so, identify the
manufacturer, model name (or number), and date of availability of each product that Defendants
contend is a non-infringing substitute, and identify all documents supporting Defendants'
response as well as the three individuals in Defendants' employ most knowledgeable about the
subject matter of this Interrogatory.

## RESPONSE TO INTERROGATORY NO. 20

Defendants object to this interrogatory to the extent it uses the term "any acceptable non-

infringing substitutes." Specifically, Defendants object that the term is undefined, vague, and

ambiguous to the extent it relies upon the term "acceptable." Additionally, Defendants object to

the interrogatory to the extent it is overly broad and unduly burdensome. In particular,

Defendants object to the identification of "each product" and "all documents." Defendants will

respond to the extent required by the Federal Rules of Civil Procedure.

Subject to the foregoing general and specific objections, Defendants maintain that none

of their accused products infringe any valid and enforceable claim of the Patents in Suit, and

therefore constitute examples of "non-infringing substitutes" for the Patents in Suit. Defendants

also believe that one or more products manufactured by third party companies may also be "non-infringing substitutes." However, Defendants are without knowledge of the operation of such third party products, and RRD has yet to make any effort – such as taking discovery – to prove that these products infringe. Therefore, Defendants cannot identify which specific third party products do or do not infringe the Patents in Suit at this time, and consider all such products to potentially be "non-infringing substitutes."

Defendants reserve the right to supplement their response to this interrogatory at appropriate times in this litigation.

As to objections only,

Frederick L. Cottrell, III (#2555)
  cottrell@rlf.com
Jameson A.L. Tweedie (#4927)
  tweedie@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
*Attorneys for Defendants Creo, Inc.,*
*NexPress Solutions, Inc., Kodak*
*VersaMark, Inc., Eastman Kodak*
*Company, and Kodak Graphic*
*Communications Company*

OF COUNSEL:
Richard McMillan, Jr. (admitted pro hac vice)
  rmcmillan@crowell.com
Jeffrey D. Sanok (admitted pro hac vice)
  jsanok@crowell.com
Brian M. Koide (admitted pro hac vice)
  bkoide@crowell.com
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
(202) 624-2500

Dated:  June 4, 2007

11

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2007, I served the foregoing on counsel as follows:

## BY HAND AND ELECTRONIC MAIL

Jack B. Blumenfeld, Esq.
Rodger D. Smith, II, Esq.
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899

## VIA FEDERAL EXPRESS AND ELECTRONIC MAIL

Douglas I. Lewis
Jamie L. Secord
SIDLEY AUSTIN, LLP
One South Dearborn Street
Chicago, IL  60603
(312) 853-4169
dilewis@sidley.com
jsecord@sidley.com

John G. Hutchinson
SIDLEY AUSTIN, LLP
787 Seventh Avenue
New York, NY  10019
(212)839-5398
jhutchinson@sidley.com

Jameson A.L. Tweedie(#4927)
tweedie@rlf.com

# EXHIBIT L



| | |
|---|---|
| SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
| ONE SOUTH DEARBORN | BRUSSELS | NEW YORK |
| CHICAGO, IL 60603 | CHICAGO | SAN FRANCISCO |
| (312) 853 7000 | DALLAS | SHANGHAI |
| (312) 853 7036 FAX | FRANKFURT | SINGAPORE |
| | GENEVA | SYDNEY |
| | HONG KONG | TOKYO |
| | LONDON | WASHINGTON, D.C. |

jsecord@sidley.com
(312) 853-2206                    FOUNDED 1866

June 5, 2007

**Via Facsimile and U.S. Mail**

Nathaniel Grow
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
202-624-2709 (telephone)
202-628-5116 (facsimile)

    Re:    *R.R. Donnelley & Sons Company v. Creo, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company*, No. 06-032-JJF (D. Del.)

Dear Nathaniel:

        We received Defendants' responses to R.R. Donnelley & Sons Company's ("R.R. Donnelley") Second Set of Interrogatories. In response to Interrogatory Nos. 18 and 19, Defendants indicated they would provide R.R. Donnelley with documents pursuant to Fed. R. Civ. P. 33(d). Please let us know when Defendants will produce such documents. To the extent Defendants have already produced such documents, please immediately provide us with Bates numbers of those documents, as required by Fed. R. Civ. P. 33(d).

        Sincerely,

        Jamie L. Secord

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

# EXHIBIT M



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
| ONE SOUTH DEARBORN | BRUSSELS | NEW YORK |
| CHICAGO, IL 60603 | CHICAGO | SAN FRANCISCO |
| (312) 853 7000 | DALLAS | SHANGHAI |
| (312) 853 7036 FAX | FRANKFURT | SINGAPORE |
| | GENEVA | SYDNEY |
| | HONG KONG | TOKYO |
| | LONDON | WASHINGTON, D.C. |

jsecord@sidley.com
(312) 853-2206                                      FOUNDED 1866

June 21, 2007

**<u>Via Facsimile and U.S. Mail</u>**

Nathaniel Grow
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
202-624-2709 (telephone)
202-628-5116 (facsimile)

Re:    *R.R. Donnelley & Sons Company v. Creo, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company*, No. 06-032-JJF (D. Del.)

Dear Nathaniel:

This letter follows up on our "meet and confer" telephone discussion of earlier today.

**<u>Defendants' Responses to R.R. Donnelley's Interrogatory Nos. 18 and 19</u>**

Following up on my June 5, 2007 letter, I inquired when Defendants intended to identify or produce documents in response to R.R. Donnelley's Interrogatory Nos. 18 and 19. Defendants merely stated in their responses that they would "provide RRD with documents pursuant to [Fed. R. Civ. P. 33(d)]." Defendants did not identify particular documents or indicate when such documents would be forthcoming.

Although you have withheld these documents with no mention of why, today you and your colleague Brian Koide informed me that you were holding at least a portion of the requested data (relating to Creo and Versamark) and would produce it immediately *but only if* we agreed to restrict R.R. Donnelley in-house attorney Paul Rodriguez from inspecting such information at any location other than the Chicago office of Sidley Austin LLP. Defendants have already argued to the Court that R.R. Donnelley's Chief Patent Counsel should be precluded from viewing allegedly sensitive materials, and the Court ruled that Mr. Rodriguez may review "Confidential" and "Attorneys' Eyes Only" information pursuant to the terms of the Protective Order. *See* Order of Jan. 4, 2007 at 3 & n.1. Thus, Defendants' withholding of responsive data is in clear disregard of the Court's prior ruling on this very issue.

Nevertheless, without waiving its right to take this matter to the Court in the future, and to expedite discovery in this litigation, R.R. Donnelley will agree to permit Mr.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

CHI 3915528v.1



Nathaniel Grow
June 21, 2007
Page 2

Rodriguez to inspect only at our office the Attorneys' Eyes Only information produced pursuant to R.R. Donnelley's Interrogatory Nos. 18 and 19. Be assured, however, that R.R. Donnelley will raise this issue the next time we are before the Court.

Accordingly, please immediately produce the information requested in R.R. Donnelley's Interrogatory Nos. 18 and 19. Defendants stated that the requested NexPress data would be forthcoming next week.

**Depositions of Defendants' Witnesses**

In response to my query about why Defendants have not yet provided availability of their witnesses for depositions, despite my May 23 and June 5, 2007 letters requesting such information, Defendants indicated that they would send a letter tomorrow, June 22, 2007, providing dates for at least five witnesses. For now, however, Defendants are only making one witness available each week from the second week of July through the second week of August. As I stated during the call, given that fact discovery is scheduled to close on August 31, 2007, we need the remaining witnesses' availability as soon as possible, and we would like to schedule more than one witness per week for efficiency and cost effectiveness.

**Defendants' Request for Documents from Banta**

In response to Defendants' request for a broad array of documents from Banta, a third party only recently acquired by R.R. Donnelley, we informed Defendants that our investigation continues into the scope of variable digital printing-related documents that Banta has in its possession and the burdensomeness of searching for and producing them. Indeed, we indicated discussions with Banta were continuing today on this very issue, and that we would contact Defendants as soon as we completed our investigation. In sum, we are searching for a possible compromise on this issue but need further information about this newly acquired company before proposing a possible solution.

As we have previously informed you, Defendants' requests for documents from Banta are overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Indeed, Defendants have asked for numerous documents from Banta that cannot be relevant to this case because R.R. Donnelley just acquired the company. Should you decide to file a motion with the Court on this issue, R.R. Donnelley will oppose Defendants' efforts to seek discovery from Banta.

# SIDLEY
SIDLEY AUSTIN LLP

Nathaniel Grow
June 21, 2007
Page 3

## R.R. Donnelley's Supplemental Interrogatory Responses

In response to your request that R.R. Donnelley supplement its interrogatory responses, I today informed you that R.R. Donnelley would do so by July 2, 2007. I reminded you that, as stated in my May 17, 2007 letter to you, Defendants only recently produced most of the accused software products and more than one million other production pages[1] — even though the Court ordered the production of such materials on January 4, 2007. Thus, R.R. Donnelley required time to study Defendants' production before supplementing its interrogatory responses. Please understand that, if Defendants decide to move to compel on this issue, we will place this dispute in context by informing the Court of Defendants' dilatory attitude toward its January 2007 order.

* * *

Please contact me if you would like to further address the issues discussed in this letter.

Sincerely,

Jamie L. Secord

---

[1] *See, e.g.*, Ltr. from N. Grow to J. Secord of May 22, 2007 (producing additional documents); Ltr. from N. Grow to J. Secord of May 15, 2007 (producing additional documents); Ltr. from N. Grow to J. Secord of May 10, 2007 (producing accused software); Ltr. from N. Grow to J. Secord of May 9, 2007 (producing accused software); Ltr. from N. Grow to J. Secord of May 4, 2007 (producing accused software); Ltr. from N. Grow to J. Secord of Apr. 27, 2007 (producing additional documents); Ltr. from N. Grow to J. Secord of Apr. 26, 2007 (producing accused software); Ltr. from N. Grow to J. Secord of Apr. 18, 2007 (producing additional documents); Ltr. from N. Grow to J. Secord of Apr. 9, 2007 (producing additional documents).

# EXHIBIT N



1001 Pennsylvania Avenue, NW, Washington, DC 20004-2595 ▪ p202 624-2500 ▪ f202 628-5116

**Nathaniel Grow**
202-624-2709
NGrow@crowell.com

June 26, 2007

3477:ng
025140.0000051

**VIA FEDERAL EXPRESS**

Jamie L. Secord, Esquire
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603

Re:     *R.R. Donnelley & Sons Co. v. Creo, Inc., Eastman Kodak Co., and*
*Kodak Graphic Communications Co.,* (D. Del.) (Civil Action No. 06-032-
JJF)

Dear Jamie:

Please find enclosed two (2) CD-ROMs containing Defendants' supplemental production. The first CD-ROM (K-046) contains Bates ranges K02445569-K02445641. The second CD-ROM (K-047) contains Bates ranges K02445642-K02445644. These disks contain materials for the Creo and Versamark business units referenced in Defendants' responses to Interrogatory Nos. 18 and 19.

These materials are being produced subject to Defendants' written objections, as well as your agreement to maintain these materials only at the offices of Sidley Austin. Pursuant to your June 21, 2007 letter, Mr. Paul Rodriquez will only inspect and access these materials at your offices, and he will not keep any copies.

Please let me know if you have any questions.

Sincerely,

Nathaniel Grow

Enclosures

cc:     Richard McMillan, Jr.

Crowell & Moring LLP  ▪  www.crowell.com  ▪  Washington, DC  ▪  California  ▪  New York  ▪  London  ▪  Brussels