IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| R.R. DONNELLEY & SONS COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-032 (JJF) |
| | ) | |
| CREO, INC., NEXPRESS SOLUTIONS, INC., KODAK VERSAMARK, INC., EASTMAN KODAK COMPANY AND KODAK GRAPHIC COMMUNICATIONS COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Counterclaim-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| R.R. DONNELLEY & SONS COMPANY, | ) | |
| | ) | |
| Counterclaim-Defendant. | ) | |

## R.R. DONNELLEY'S NOTICE OF DEPOSITION OF DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6), Fed. R. Civ. P., plaintiff

R.R. Donnelley & Sons Company ("R.R. Donnelley") will take the deposition upon oral

examination of defendants Creo, Inc., NexPress Solutions, Inc., Kodak Versamark, Inc., Eastman

Kodak Company, and Kodak Graphic Communications Company (collectively "Defendants") on

the topics set forth in the attached Schedule A, through one or more of its officers, directors, or

managing agents, or other persons who consent to testify on Defendants' behalf, commencing on

September 24, 2007 at 9:30 a.m. R.R. Donnelley requests that Defendants identify in writing at

least five (5) business days in advance of the deposition the person(s) designated by Defendants, the job title of each such person(s), and the topic(s) on which each such person(s) will testify.

The deposition will take place at the offices of Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, Wilmington, DE  19899-1347 beginning on the date and time specified above.  The deposition will be taken before an officer authorized to administer oaths by the laws of the United States and will be recorded by stenographic and/or videographic means. The deposition will continue from day to day until completed.

At least five (5) business days in advance of the scheduled deposition or 30 days from service of this Notice, whichever is earlier, Defendants are requested to produce all documents and things referenced in or related to the topics in Schedule A to the extent not previously produced.

You are invited to attend.

MORRIS NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

OF COUNSEL:

John G. Hutchinson
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY  10019
(212) 839-5398

Douglas I. Lewis
Jamie L. Secord
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
(312) 853-7000

August 23, 2007
1219579

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
*Attorneys for Plaintiff*
*R.R. Donnelley & Sons Company*

2

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

A.    "Creo" means Creo, Inc. and includes all parent, subsidiary, sister, predecessor, or successor companies, corporations, partnerships, or other business entities, and the officers, directors, agents, employees, partners, and all other persons acting or purporting to act on behalf of or who are subject to the direction or control of any of the foregoing.

B.    "Kodak" means Eastman Kodak Company and includes all parent, subsidiary, sister, predecessor, or successor companies, corporations, partnerships, or other business entities, including, but not limited to, Kodak Versamark, Inc., NexPress Solutions, Inc., Creo, and KGCC and the officers, directors, agents, employees, partners, and all other persons acting or purporting to act on behalf of or who are subject to the direction or control of any of the foregoing.

C.    "KGCC" means Kodak Graphic Communications Company and includes all parent, subsidiary, sister, predecessor, or successor companies, corporations, partnerships, or other business entities, and the officers, directors, agents, employees, partners, and all other persons acting or purporting to act on behalf of or who are subject to the directions or control of any of the foregoing.

D.    "Defendants" means Creo, Kodak, and KGCC, collectively.

E.    The term "document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, including documents in electronic form, and physical objects and things within the meaning of that Rule, such as research and development samples, prototypes, production samples and the like. A draft or non-identical copy is a separate document within the meaning of this term.

F.   The term "thing" refers to any physical specimen or tangible item in the possession, custody, or control of Defendants.

G.   The term "concerning" means relating to, referring to, regarding, discussing, describing, evidencing, constituting, supporting, or refuting.

H.   "The '452 patent" means United States Patent No. 6,205,452.

I.   "The '599 patent" means United States Patent No. 6,327,599.

J.   "The '940 patent" means United States Patent No. 6,844,940.

K.   "The '801 patent" means United States Patent No. 6,952,801.

L.   The "patents-in-suit" shall refer to the '452 patent, the '599 patent, the '940 patent, and the '801 patent, collectively.

M.   "Person" and the derivative forms thereof, including the plural and possessive forms, refers to any natural person or any entity, including any business, corporation, partnership, limited partnership, firm, association, organization, club, joint venture, unincorporated entity, government unit or entity, or any other legal entity, and any officers, agents, representatives, employees, directors, or attorneys of any such person.

N.   The terms "referring to," "relating to," "related to," and "that relate(s) to" mean, without limitation, constituting, comprising, containing, discussing, embodying, reflecting, evidencing, identifying, mentioning, stating, or referring to the particular subject matter identified.

O.   The term "including" does not limit the scope of a request. It is to be construed as meaning all such documents including, but not limited to those types of documents specifically identified.

2

P.    The singular shall include the plural and the plural shall include the singular.

Q.    The term "Defendants' Software Products" means Creo Darwin (for both QuarkXPress and Adobe InDesign), Kodak NexTreme DL-100 Variable Data Software, Kodak NexTreme DL-1000 Variable Data Software, Composer, and any other software product designed, marketed, sold, offered for sale, made, used or imported by Defendants intended to enable Variable Digital Printing.

R.    The term "Defendants' Hardware Products" means any press or substantially similar hardware designed, marketed, sold, offered for sale, made, used, or imported by Defendants for use in Variable Digital Printing, including but not limited to the Kodak Versamark V-Series Printing Systems, the Kodak Versamark D-Series Printing System, the Kodak NexPress 2100 Plus Digital Production Color Press, and the Kodak NexPress 2500 Digital Production Color Press.

S.    The term "Variable Digital Printing" refers to digital printing in which the content of a page may be varied or in which the number of pages in a document may be varied.

T.    The term "Third Party Software Products" means any software product meant to enable Variable Digital Printing and not included in Defendants' Software Products.

U.    The term "Amended Answer" means Defendants' Answer to Amended Complaint and Affirmative Defenses of Defendants Creo, Inc., NexPress Solutions, Inc., Kodak Versamark, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company and Counterclaim of Counterclaim-Plaintiff Eastman Kodak Company, filed January 31, 2007.

V.    All documents related to the topics in Schedule A shall be produced to R.R. Donnelley in the same file or organizational environment in which they were maintained.

3

For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket, or other grouping responsive to said request, in the same order or manner of arrangement as the original. A document that is stapled, clipped or otherwise bound should be produced in the same manner as the original.

W.    The request for documents and things related to the topics in Schedule A shall be deemed to be continuing and, in accordance with Fed. R. Civ. P. 26(e), if, after responding to the request, Defendants acquire knowledge or information regarding additional information responsive to the request, Defendants shall provide R.R. Donnelley with a statement of such additional information.

## TOPICS

1.    The factual bases allegedly supporting, refuting, or relating to Defendants' defense that R.R. Donnelley has failed to state a claim upon which relief may be granted, including but not limited to the allegations set forth in Paragraph 42 of their Amended Answer and Defendants' Response to R.R. Donnelley's Interrogatory No. 1 and any supplements thereto.

2.    The factual bases allegedly supporting, refuting, or relating to Defendants' defense that Defendants have not directly infringed any claim of the patents in suit, including but not limited to the allegations set forth in Paragraph 43 of their Amended Answer and Defendants' Response to R.R. Donnelley's Interrogatory No. 2 and any supplements thereto.

3.    The factual bases allegedly supporting, refuting, or relating to Defendants' defense that Defendants have not indirectly infringed any claim of the patents in suit, including but not limited to the allegations set forth in Paragraph 44 of their Amended Answer and Defendants' Response to R.R. Donnelley's Interrogatory No. 3 and any supplements thereto.

4.    The factual bases allegedly supporting, refuting, or relating to Defendants' defense of estoppel, including but not limited to the allegations set forth in Paragraph 45 of their

Amended Answer and Defendants' Response to R.R. Donnelley's Interrogatory No. 4 and any supplements thereto.

       5.     The factual bases allegedly supporting, refuting, or relating to Defendants' defense of invalidity, including but not limited to the allegations set forth in Paragraph 46 of their Amended Answer and Defendants' Response to R.R. Donnelley's Interrogatory No. 5 and any supplements thereto.

       6.     The factual bases allegedly supporting, refuting, or relating to Defendants' defense of laches, including but not limited to the allegations set forth in Paragraph 47 of their Amended Answer and Defendants' Response to R.R. Donnelley's Interrogatory No. 6 and any supplements thereto.

       7.     The factual bases allegedly supporting, refuting, or relating to Defendants' defense of equitable estoppel, including but not limited to the allegations set forth in Paragraph 48 of their Amended Answer and Defendants' Response to R.R. Donnelley's Interrogatory No. 7 and any supplements thereto.

       8.     The factual bases allegedly supporting, refuting, or relating to Defendants' defense of waiver, including but not limited to the allegations set forth in Paragraph 49 of their Amended Answer and Defendants' Response to R.R. Donnelley's Interrogatory No. 8 and any supplements thereto.

       9.     The factual bases allegedly supporting, refuting, or relating to Defendants' defense of prosecution laches, including but not limited to the allegations set forth in Paragraph 50 of their Amended Answer and Defendants' Response to R.R. Donnelley's Interrogatory No. 9 and any supplements thereto.

10.     The factual bases allegedly supporting, refuting, or relating to Defendants' defense of license and/or implied license, including but not limited to the allegations set forth in Paragraph 51 of their Amended Answer and Defendants' Response to R.R. Donnelley's Interrogatory No. 10 and any supplements thereto.

11.     The factual bases allegedly supporting, refuting, or relating to Defendants' defense of unclean hands, including but not limited to the allegations set forth in Paragraph 52 of their Amended Answer and Defendants' Response to R.R. Donnelley's Interrogatory No. 11 and any supplements thereto.

12.     The factual bases allegedly supporting, refuting, or relating to Defendants' defense of 35 U.S.C. §§ 286 and/or 287, including but not limited to the allegations set forth in Paragraph 53 of their Amended Answer and Defendants' Response to R.R. Donnelley's Interrogatory No. 12 and any supplements thereto.

13.     The factual bases allegedly supporting, refuting, or relating to Defendants' defense of inequitable conduct, including but not limited to the allegations set forth in Paragraphs 54-63, inclusive, of their Amended Answer and Defendants' Response to R.R. Donnelley's Interrogatory No. 17 and any supplements thereto.

14.     The following topics related to the CS400 data prep software and the CS400 controller:

    a.     The design, operation, functionality, features, structure, performance, and technical characteristics of CS400 data prep software.

    b.     Any consideration, examination, analysis, or test conducted on the CS400 data prep software or the CS400 controller that relates in any way to determining whether that product infringes the patents-in-suit.

6

c.     The conception, design, development, and commercialization of the CS400 data prep software.

d.     The content of Defendants' documentation for the CS400 data prep software and the CS400 controller (in any form, including hard copy and online documentation), including, but not limited to user's guides, reference manuals, product manuals, product descriptions, technical articles, and the like.

e.     Instructions provided to users of CS400 data prep software and CS400 controller.

f.     The content and intent of Defendants' marketing and promotional materials for the CS400 data prep software and the CS400 controller.

g.     Promotion or sales by Defendants, including actions and representations made by Defendants' salespersons, of the CS400 data prep software and the CS400 controller.

h.     The output produced by the CS400 data prep software, including but not limited to the organization and formatting of static and variable data in such output.

i.     Defendants' sales, both in units and dollars amounts, revenue, costs, and profits relating to the CS400 data prep software and the CS400 controller.

j.     The design, operation, functionality, features, structure, performance, and technical characteristics of the CS400 data prep software as they relate to Variable Digital Printing.

k.      The conception, design, development, and commercialization of CS400 data prep software relating to Variable Digital Printing.

l.      The content of Defendants' documents for the CS400 data prep software and the CS400 controller (in any form, including hard copy and online documentation) relating to Variable Digital Printing, including but not limited to user's guides, reference manuals, product manuals, product description, technical articles, and the like.

m.      Instructions provided to users of the CS400 data prep software and the CS400 controller relating to Variable Digital Printing.

n.      The content and intent of Defendants' marketing and promotional materials for the CS400 data prep software and the CS400 controller, as they relate to Variable Digital Printing.

o.      Promotion or sales by Defendants, including actions and representations made by Defendants' salespersons, of the CS400 data prep software and the CS400 controller, as they relate to Variable Digital Printing.

p.      The identification of, meaning of, and use of data stored by CS400 data prep software, including but not limited to temporary data (whether written to a file or not) used in Variable Digital Printing and data stored in databases or in files (including but not limited to the Prime base database) during Variable Digital Printing.

q.      The identity and location of all documents and things concerning the foregoing topics.

8

r.    The identity and location of all persons knowledgeable about the foregoing topics.

15.    The factual basis for Defendants' claims that the patents-in-suit are invalid, including but not limited to (1) any such allegations supported by, refuted by, or relating to products produced by, distributed by, developed by, or used by Defendants or (2) any such allegations relating to Begin, DijiComp, Catalogic, Kodak Ektaprint, Forms Merge, Printstreamer, Access, FoxPro, IBM Graphical Data Display Manager, and Paradox.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 23, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Frederick L. Cottrell III
> Richards Layton & Finger

I also certify that copies were caused to be served on August 23, 2007, upon the following in the manner indicated:

### BY EMAIL & HAND

Frederick L. Cottrell III
Richards Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE  19801

### BY EMAIL

Richard McMillan, Jr.
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004-2595

*/s/ Rodger D. Smith II*
_____
Rodger D. Smith II (#3778)