IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>CREO, INC., NEXPRESS SOLUTIONS,<br>INC., KODAK VERSAMARK, INC.,<br>EASTMAN KODAK COMPANY, and<br>KODAK GRAPHIC COMMUNICATIONS<br>COMPANY,<br><br>        Defendants.<br><br>———————————————<br><br>EASTMAN KODAK COMPANY,<br><br>        Counterclaim-Plaintiff,<br><br>    v.<br><br>R.R. DONNELLEY & SONS COMPANY,<br><br>        Counterclaim-Defendant, | C.A. No. 06-032-JJF<br><br>**REDACTED<br>PUBLIC VERSION** |

**DEFENDANTS' COMBINED REPLY IN SUPPORT OF THEIR MOTION TO
DISQUALIFY PLAINTIFF'S EXPERT DR. CHRISTOPHER VELLTURO AND
MOTION TO PRECLUDE PLAINTIFF'S EXPERTS
FROM ACCESSING DESIGNATED INFORMATION**

1.    In its combined Opposition to Defendants' Motions to Preclude (D.I. 188) and

Disqualify (D.I. 202), R.R. Donnelley & Sons ("Donnelley") ignores undisputed facts and

further misapplies the governing law to justify why Dr. Christopher Vellturo ("Vellturo") should

be allowed to serve as Donnelley's damages expert in this litigation and why both Vellturo and

Mr. Frank Merritt Braswell ("Braswell") should be given access to Confidential or Attorneys-

RLF1-3201131-1

Eyes-Only information ("Designated Information") under the Stipulated Protective Order (D.I. 117).[1]

**Dr. Vellturo**

2       With respect to Vellturo, the sole dispute between the parties boils down to whether the confidential information that Vellturo accessed in the Sony Litigations is relevant to this case. At bottom, Donnelley argues that Vellturo should not be disqualified because the subject matters of this case and the Sony Litigations – which involved different patents, accused products, and business units – do not overlap. D.I. 209 at 3. Because of these differences, Donnelley reasons that any confidential information Vellturo obtained in the Sony Litigations cannot be relevant here. *Id.*

3.      But Donnelley assumes that subject matter of a case has the same scope as relevance. This is not always true. Often, when an expert – through his longstanding relationship – is exposed to the inner workings of a company, those inner workings become the relevant confidential information. *See Koch Ref. Co v. Jennifer L. Boudreaux M/V*, 85 F.3d 1178, 1181 (5th Cir. 1996).

REDACTED

For its part, Donnelley offers no evidence to counter the sworn declaration of Kodak's in-house counsel, Ms. Heidi Martinez, establishing these facts.

4       Nor does Donnelley dispute a single fact relating to Vellturo's underlying activities during which he gained knowledge of Kodak's inner workings:

---

[1]      Donnelley wrongly suggests that Kodak is not seeking to preclude Vellturo's access to Designated Information. *See* D.I. 209 at 1. Should the Court disqualify Vellturo, there would be no legitimate reason for Vellturo to gain access to Designated Information.

REDACTED

D.I. 202 Ex. C at 2-4.[2]

5.    Failing to rebut any of the above-listed facts, Donnelley falls back by suggesting

that Vellturo's relationship with Kodak did not constitute a "longstanding series of interactions."

D.I. 209 at 4-5 (citing *Koch*, 85 F.3d at 1181). But the *Koch* court found a "long-standing series

of interactions" with far less than the facts here:

> In the instant case, the district court did not clearly err in finding
> that Continental had a reasonable expectation of confidentiality
> with Vinas and that such expectation continued after Vinas was
> "discharged" by Continental. Their relationship is more aptly
> described as a "long-standing series of interactions" than an initial
> consultation. Continental paid Vinas $8000 and had received
> several written reports from him.

*Id.* at 1182

6.    Here, by comparison, Kodak paid Vellturo        REDACTED

where a long-standing series of interactions was found. Any reasonable

application of *Koch* would find a "long-standing series of interactions." *See id.* Moreover,

Vellturo served as the designated expert witness in three litigations, not one litigation as in *Koch*.

---

[2]    Ignoring these facts, Donnelley wrongly claims that Kodak "fail[ed] to identify . . . any
confidential information or knowledge that Dr. Vellturo or his colleagues may have gained in the
Sony Litigation[s] . . . that relates to this case." D.I. 209 at 4.

7.    Other cases cited by Donnelley also support a finding of a long-standing Kodak-Vellturo relationship. *See Hewlett-Packard Co v EMC Corp.*, 330 F Supp. 2d 1087, 1096 (N.D Cal. 2004) (denying disqualification when the evidence showed that the expert only billed four hours in the prior case); *Syngenta Seeds, Inc. v. Monsanto Co.*, 2004 WL 2223252, at *4 (D. Del. Sept. 27, 2004) (finding no long-standing relationship where expert merely "review[ed] documents and spen[t] a few days preparing for his deposition").[3] A simple comparison between the facts at hand and *Hewlett-Packard* and *Syngenta* demonstrate that the Kodak-Vellturo relationship constitutes a "long-standing series of interactions."

8.    Finally, Donnelley fails to address why it would be prejudiced by Vellturo's disqualification. Kodak quickly moved to preclude and disqualify Vellturo, thus giving Donnelley ample notice to find other expert candidates. *See* D.I. 202 at 7. In response, Donnelley found two ready replacements for Vellturo. D.I. 202 Exs. K and L. As Kodak has not objected to either expert's access under the Stipulated Protective Order, both new damages experts now have access to Designated Information, and can presumably fill Vellturo's role.[4]

**Mr. Braswell**

9.    In defending Braswell, Donnelley makes further simplistic and wrong assumptions – namely that any proposed expert who signs the Undertaking of the Stipulated

---

[3]    Contrary to Donnelley's assertion, Kodak does not "seek to impose a poisoned chalice rule, where any expert who has worked for Kodak can never thereafter work for a party adverse to Kodak." D.I. 209 at 5. Vellturo is subject to disqualification under the specific facts of this case, namely (1) the immense size and scope of the Sony Litigations; (2) Vellturo's intimate involvement; and (3) the recent conclusion of the Sony Litigations.

[4]    Kodak is troubled that Donnelley's outside counsel apparently continues to work with Vellturo. D.I. 202 (noting Kodak's request for Donnelley not to work with Vellturo during the pendency of the Motion to Disqualify and Donnelley's response that such terms were "unacceptable").

RLF1-3201131-1

Protective Order should be trusted on his word, and that the risk of inadvertent disclosure is nil.
As noted in its Motion, any intentional violations by Braswell would be extremely difficult to
police as he consults behind the scenes for potential competitors of Kodak. D.I. 188 at 9. But –
even if one were to assume good-faith actions by Braswell – there is a significant risk of
inadvertent disclosure. This is because the human mind, by its very nature, often cannot
compartmentalize whether information came from a confidential source. *Cf. PepsiCo Inc. v.
Redmond*, 54 F.3d 1262, 1269 (7th Cir. 1995) (recognizing that "unless [an employee with a
competitor's confidential information] possessed an uncanny ability to compartmentalize
information, he would necessarily be making decisions" using that information).

10. Whether Braswell's future use of Designated Information is intentional or
unintentional, the potential for harm is serious; Kodak has produced the source code for its
accused products, many of which are presently on the market today.[5] D.I. 188 at 8.

11. Kodak's position would not – as Donnelley contends – "bar any expert who is not
solely a litigation expert." D.I. 209 at 9. Indeed, Donnelley has already disclosed the identity of
an additional technical expert, Howard Fenton, and Kodak has not objected to him. *See* Ex. M.
Like Braswell, Fenton is a consultant. But unlike Braswell, there is no indication that Fenton
engages in reverse engineering activity or intends to develop VDP software applications. Thus,
Kodak – as demonstrated by its actions – does not seek to "bar any expert with an actual business
from qualifying under the Protective Order." D.I. 209 at 8. For its part, Donnelley – by

---

[5]    Donnelley suggests that Kodak's own expert, Mr. Charles Weger, suffers the same flaws
as Braswell because Weger also operates his own publishing services company. D.I. 209 at 9.
But the concern is not symmetrical. At least to Kodak's knowledge, Donnelley – unlike Kodak –
does not currently sell any variable data printing ("VDP") software products. Nor has Donnelley
produced the source code for any currently-sold products. Moreover, Donnelley has waived any
objections to Weger's access under the Stipulated Protective Order by failing to do so within the
requisite time periods.

RLF1-3201131-1

disclosing Fenton as a backup for Braswell – essentially concedes that it would not be prejudiced if Braswell was precluded from accessing Designated Information.

For the foregoing reasons, Kodak respectfully requests that the Court grant its Motion to Preclude Vellturo and Braswell and Motion to Disqualify Vellturo.

OF COUNSEL:

Richard McMillan, Jr.
Jeffrey D. Sanok
Brian M. Koide
Clyde Findley
Nathaniel Grow
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004-2595
(212) 624-2500


Dated:  September 14, 2007

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Jameson A.L. Tweedie (#4927)
tweedie@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE  19899
(302) 651-7700
*Attorneys for Defendants Creo, Inc.,
NexPress Solutions, Inc., Kodak Versamark,
Inc., Eastman Kodak Company and Kodak
Graphic Communications Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2007, I electronically filed the foregoing with the

Clerk of Court using CM/ECF which will send notification of such filing(s) to the following,

who have also been served as noted:

**BY HAND DELIVERY**

Jack B. Blumenfeld, Esquire
Rodger D. Smith, II, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P. O. Box 1347
Wilmington, DE  19899

I hereby certify that on September 18, 2007, the foregoing was sent to the following non-

registered participants in the manner indicated:

**BY FEDERAL EXPRESS**

Douglas I. Lewis                      John G. Hutchinson
Jamie L. Secord                       Sidley Austin, LLP
Sidley Austin, LLP                    787 Seventh Avenue
One South Dearborn Street             New York, NY   10019
Chicago, IL   60603

Jameson A.L. Tweedie (#4927)
tweedie@rlf.com

# EXHIBIT M



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
| ONE SOUTH DEARBORN | BRUSSELS | NEW YORK |
| CHICAGO, IL 60603 | CHICAGO | SAN FRANCISCO |
| (312) 853 7000 | DALLAS | SHANGHAI |
| (312) 853 7036 FAX | FRANKFURT | SINGAPORE |
| | GENEVA | SYDNEY |
| | HONG KONG | TOKYO |
| | LONDON | WASHINGTON D.C |

ahein@sidley.com
(312) 853-7001

FOUNDED 1866

August 21, 2007

**By Facsimile**

Nathaniel Grow
Crowell & Moring LLP
1001 Pennsylvania Ave., NW
Washington, D.C. 20004-2595

     Re:     *R.R. Donnelley & Sons Co. v. Creo, Inc. et al. (C.A. No. 06-0320JJF)*

Dear Nathaniel:

     Howard Fenton will serve as an expert for Plaintiff R.R. Donnelley & Sons Company in the above-referenced action. Mr. Fenton anticipates receiving information that Defendants have designated as Confidential or for Attorneys Eyes Only.

     Pursuant to Paragraph 8 of the Stipulated Protective Order, enclosed are (1) Exhibit A to that Order executed by Mr. Fenton and (2) a current *curriculum vitae*.

     Please contact me with any questions.

              Very truly yours,

              Andrew R. Hein

cc:    Douglas I. Lewis

Enclosures

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

CHI 3971009v 1

**EXHIBIT A**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY, )<br><br>Plaintiff, )<br><br>v. )<br><br>QUARK, INC., CREO, INC., EASTMAN )<br>KODAK COMPANY, AND KODAK GRAPHIC )<br>COMMUNICATIONS COMPANY, )<br><br>Defendants. )<br><br>)<br>CREO, INC., EASTMAN KODAK COMPANY, )<br>AND KODAK GRAPHIC COMMUNICATIONS )<br>COMPANY, )<br><br>Counterclaim-Plaintiffs, )<br><br>v. )<br><br>R.R. DONNELLEY & SONS COMPANY, )<br><br>Counterclaim-Defendant. )<br>) | C.A. No. 06-cv-032-JJF |

UNDERTAKING OF _____
**FOR RECEIPT AND USE OF CONFIDENTIAL [OR ATTORNEYS-EYES-ONLY]**
**INFORMATION**

STATE OF _CO_ )
                    : ss.:
COUNTY OF _Adams_ )

I, _Howard Fenton_ , being duly sworn, state that:

1.    My address is _13470 Bach Way Thorntn Co_. My present

employer is _NPPC_____ and the address of my present employment is
_75 West Gentry nd
Paroaums____, My present occupation is _Consultant_____.

2.    I have received a copy of the Protective Order in this action. I have

carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will hold

in confidence, will not disclose to anyone not qualified under the Protective Order, and will use

only for purposes of this action, any Confidential Information [or Attorneys-Eyes-Only

Information], including the substance and any copy, summary, abstract, excerpt, index, or

description of such material, that is disclosed to me.

4.    I will return all Confidential Information [or Attorneys-Eyes-Only

Information] that comes into my possession, and all documents and things that I have prepared

relating thereto, to counsel for the party by whom I am employed or retained or from whom I

received such material.

5.    I hereby submit to the jurisdiction of this Court for the purpose of

enforcement of the Protective Order in this action.


_____
[Signature]


Sworn and subscribed to
before me this _26_ day
of _August__, 2007.

_____
Notary Public


My Commission Expires 11/04/2007

2





NAPL: Excellence in Graphic Communications Management    Howard Fenton
75 West Century Road                                     13470 Birch Way
Paramus, New Jersey 07652                                Thornton, CO 80241
800-642-6275                                             720 872-6339
www.napl.org                                             hfenton@napl.org

# Howard Fenton

## Expertise
- Digital Printing
- Digital Prepress workflows
- Advanced Computer Graphics
- Increasing Productivity
- Plant layouts (blueprints)

## Professional Summary

With over 20 years experience, Howard "Howie" Fenton has been an author, consultant, and trainer in the graphics arts industry. For the last four years he has served as the senior consultant for production and digital technology for NAPL (National Association for Printing Leadership).

Prior to NAPL, Mr. Fenton spent six years as a consultant for PIA/GATF (Printing Industries of America/Graphic Arts Technical Foundation), and three years as the Editor of a prepress magazine called Pre. He started his career managing a Kinko's in Philadelphia and the prepress department at Jersey Printing.

As a consultant, Mr. Fenton specializes in digital printing, digital prepress workflows, and the management of digital technologies. He audits many companies a year and has a client list of over 250 companies. He is a judge for the PODI (Print On Demand Initiative) Best Practices in Digital Print awards, and has worked on the PIA/GATF Digital Printing Council as well as HP Digital Printing Advisory Council.

In addition to over 300 magazine articles, he has authored five books on digital printing, scanning, color management, and digital technologies. He writes for the NAPL newsletters and national magazines, as well as a newsletter. His web site www.howiefenton.com contains many of his articles as well his Digital Technology
Trends newsletter.

Besides presentations at national and international graphic arts shows, Mr. Fenton has been on national tours including: Apple Power Tools for Publishing, Agfa Across America, Banta Technovation, PIA/GATF Orientation to the Graphic Arts, and Xerox Innovate. He has taught advanced computer graphics at Montclair State College and taught the Computer to Plate, Digital Printing and PDF Workflows at RIT School of Printing (Rochester Institute of Technology).

 NAPL: Excellence in Graphic Communications Management    Howard Fenton
75 West Century Road                                       13470 Birch Way
Paramus, New Jersey 07652                                  Thornton, CO 80241
800-842-6275                                               720 872-6339
www.napl.org                                               hfenton@napl.org

## Employment History

From:      **11/03**
To:        present
           Position:   *Senior Consultant, National Association Printing Leadership (NAPL)*


From:      11/03
To:        6/02
           Position:   *President, DTP Ink Training and Consulting*
                       *Adjunct Professor, Rochester Institute of Technology (RIT)*

From:      6/02
To:        2/95
           Position:   Senior Technical Consultant, Graphic Arts Technical Foundation (GATF)


From:      2/95
To:        9/94
           Position:   *Editor, Digital Imaging Report and East Coast Editor Digital Imaging*
                       *President, DTP Ink Training and Consulting*

From:      9/94
To:        9/90
           Position:   *Editor, Pre Magazine (a prepress magazine)*
                       *Adjunct Professor, Computer Graphics, Montclair State College*

From:      9/90
To:        8/89
           Position:   *R & D Team Pub-Set Inc.*


From:      8/89
To:        1/87
           Position:   *Manager, Kinko's Copies*


From:      8/89
To:        5/88
           Position:   *Desktop Publishing Manager, Precision Graphics*

08/21/2007 03:01:02 PM                          Sidley                                Page 7



NAPL: Excellence in Graphic Communications Management      Howard Fenton
75 West Century Road                                       13470 Birch Way
Paramus, New Jersey 07652                                  Thornton, CO 80241
800-642-6275                                               720 872-6339
www.napl.org                                               hfenton@napl.org

## Litigation Support Experience

F.L. Motheral Co. dba Motheral Printing Co. vs. Pitman Comp., Gerber Systems and Barco Inc.

Lord & Stevens, dba Express Press vs. 3D Printing Inc.

ColorQuick LLC vs. Eastman Kodak

## Education

| Year | College/University | Degree |
|------|--------------------|--------|
| 1985 | U Texas, Phamacology Graduate Student | |
| 1984 | Emory Univ., Psychology Graduate Student | |
| 75-78 | SUNY NewPaltz | BS Psycho-biology |
| 73-75 | Oceanside High | Regents Honors |

## Publications
Publication list available at www.howiefenton.com.

## Professional Associations and Achievements

- Member & judge for the PODI (Print On Demand Initiative) Best Practices in Digital Print award
- Member: PIA/GATF Digital Printing Council
- Member: HP Digital Printing Advisory Counci

## Public Speaking Experience

I present many seminars world-wide to audiences ranging from less than 10 people to hundreds of people. I have received very high marks from my public speaking and can think and respond well in front of crowds.