IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY,<br><br>     Plaintiff,<br><br>     v.<br><br>CREO, INC., NEXPRESS SOLUTIONS,<br>INC., KODAK VERSAMARK, INC.,<br>EASTMAN KODAK COMPANY, and<br>KODAK GRAPHIC COMMUNICATIONS<br>COMPANY,<br><br>     Defendants. | C.A. No. 06-032-JJF<br><br>**REDACTED<br>PUBLIC VERSION** |
| EASTMAN KODAK COMPANY,<br><br>     Counterclaim-Plaintiff,<br><br>     v.<br><br>R.R. DONNELLEY & SONS COMPANY,<br><br>     Counterclaim-Defendant, | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR
## MOTION TO COMPEL DISCOVERY

In its Opposition, R.R. Donnelley & Sons Co. ("Donnelley") continues to improperly

qualify its discovery responses relating to (i) agreements between Donnelley and Kodak

regarding the use of variable data printing ("VDP") software;[1] (ii) prior art and damages in the

*Tesseron* suit; and (iii) Donnelley's earliest knowledge of Kodak's accused products.

---

[1]    Eastman Kodak Company, along Creo, Inc., NexPress Solutions, Inc., Kodak Versamark,
Inc., and Kodak Graphic Communications Company, are collectively referred to as "Kodak."

Throughout this suit, Donnelley has taken positions that essentially equate the scope of its patents with the entire VDP field. As a result, Donnelley does not — and cannot — provide any credible reasons to contest relevance of the three requests at issue here. Rather, the crux of Donnelley's opposition reduces to mere burden, presumably because VDP software — including software produced by Kodak — is and was ubiquitous throughout Donnelley's corporate family, which will supposedly increase Donnelley's burden to produce. But Donnelley — as plaintiff — brought this suit; in light of Donnelley's overly-broad read of its patents, the fact that VDP software usage is pervasive throughout Donnelley's corporate structure is not a reason for Donnelley to shirk its discovery obligations. Accordingly, Kodak respectfully asks that the Court grant its Motion.

## Request 56 (Donnelley-Kodak VDP Agreements):

With respect to Request 56, the only real dispute relates to the timeframe of the agreements; Donnelley refuses to produce documents relevant to agreements prior to 2001 (the issuance of the earliest patent) on relevance and burden grounds. D.I. 217 at 2-4. As repeatedly explained by Kodak, *see* D.I. 196 at 2-3; D.I. 196 Ex. B at 50-52, such pre-2001 contracts are highly relevant for two reasons. First, many of these contracts evince Donnelley's use of Kodak's own prior art anticipatory systems, such as Donnelley's use of Kodak's Ektaprint 1392 printers beginning in approximately 1988, a device which a former Donnelley employee described as helping to "pioneer" the same variable digital printing ("VDP") concepts that were "reinvented" a decade later in the color context. D.I. 196 at 2 (citing D.I. 196 Ex. A at 8).

Second, these agreements are also relevant to Kodak's other defenses, including contractual waiver. *See generally* D.I. 196 Ex. B. at 50-52. By way of example, Donnelley and Scitex Digital — a company whose business Kodak has since acquired — entered into a series of

RLF1-3201528-1

agreements in the mid-to-late-1990s, relating to Scitex's Begin and DijiComp prior art VDP software. Not only do these agreements establish Donnelley's use of such prior art software, but they also contain contractual provisions in which Donnelley waived its right to enforce its patents against Scitex, a Kodak predecessor. *See* Ex. L at K00926886.

Redacted

Therefore, as Kodak has repeatedly emphasized to Donnelley, the agreements sought by Request 56 are highly relevant to this action. Donnelley's proffered "compromise" to search for agreements dating back to 2000 – a year before the issuance of the earliest patent-in-suit – is simply insufficient, because many of the agreements predated the patents in suit.[2] In light of the relevance of these documents, Donnelley should produce all such documents.

**Requests 60 and 61 (The *Tesseron* Requests):**

The primary dispute regarding Request 60 – seeking "[a]ll documents that RRD considers, analyzes, examines, or investigates as prior art...in the *Tesseron* Suit" – relates to the timing of when Donnelley will produce prior art identified in the *Tesseron* suit. Donnelley has previously only agreed to produce such documents "to the extent that the requested documents are identified for production in the Tesseron Suit." D.I. 196 Ex. F at 4. Kodak is entitled to such documents as soon as they are identified by Donnelley, and not only when Donnelley eventually produces them in the *Tesseron* case.[3] Donnelley has repeatedly failed to confirm it will abide by

---

[2]   Kodak offered to allow Donnelley to limit its search for agreements to 1990, *see* D.I. 196 Ex. K at 2, an offer to which Donnelley never responded.

[3]   This position is also insufficient, as Kodak is entitled to documents considered by Donnelley as prior art, but ultimately not produced by Donnelley in the *Tesseron* litigation.

RLF1-3201528-1

its discovery obligations, instead choosing to rely on the cagey terminology that it will produce the documents "in accordance with the Federal Rules of Civil Procedure." *See* D.I. 217 at 4.

Instead of agreeing to give Kodak all documents it is entitled to under Requests 60 and 61, Donnelley has instead tried to focus attention on the *Tesseron* Protective Order.[4] *See id.* at 5-6. The *Tesseron* Protective Order in no way prevents Donnelley from disclosing either public prior art, or its own documents to Defendants in this litigation. Indeed, the *Tesseron* Protective Order would only limit Donnelley from disclosing documents produced by Tesseron, or other third parties to that litigation. While damages-related documents produced by Tesseron may ultimately be responsive to Request 61, the bulk of documentation sought by Requests 60 and 61 consists of those materials produced by Donnelley in the *Tesseron* litigation. Accordingly, the *Tesseron* Protective Order is largely irrelevant to this Motion.

With the close of fact discovery fast approaching, Donnelley should not be allowed to defer its production of documents responsive to Requests 60 and 61 until they are produced in *Tesseron*; instead, they should produce such materials as soon as they are identified.

**Request 63 and 64:**

Through these Requests, Kodak seeks documents related to Donnelley's earliest knowledge of the accused software products. As Kodak has explained to Donnelley, such knowledge is highly relevant to Kodak's equitable defenses, including laches. *See* D.I. 196 Ex. E at 6-7; D.I. 196 Ex. H at 4. Rather than agree to produce all documentation responsive to these Requests, Donnelley has instead attempted to avoid its discovery obligations by limiting its

---

[4]     Donnelley has also asserted that Requests Nos. 60 and 61 are "premature." D.I. 217 at 4. However, contrary to Donnelley's allegation that the *Tesseron* litigation is "still in the early fact discovery stage," a quick review of the *Tesseron* Scheduling Order shows that fact discovery in that case is already more than half-way over. Ex. M at 2 (establishing a fact discovery schedule from March 2007 through February 9, 2008).

"reasonable" search to only those Donnelley employees *"likely to have knowledge* of the patents-in-suit and/or of Defendants' [allegedly] infringing activities." D.I. 217 at 7.[5]

Under one reading, a search of such individuals may fully comply with Kodak's Request. Indeed, if by employees knowledge of "Defendants' [allegedly] infringing activities," Donnelley is agreeing to search for documents from its employees knowledgeable generally about the accused software products, then there is no dispute. It appears, however, that Donnelley is only agreeing to search those individuals with knowledge of Kodak's alleged infringement. This would conflate Donnelley's search to only those individuals with knowledge of Donnelley's patents, since knowledge of the patents would seem to be a prerequisite to knowledge of infringement.

Indeed, in its motion papers Donnelley asserts that it is not required to search for documents from individuals "who purchase or use" the accused software, unless such individuals "had reason to know of the patents-in-suit or Defendants' [allegedly] infringing activities." D.I. 217 at 7. Donnelley attempts to justify its position through its strained reading of the law of laches, one of Kodak's equitable defenses. *Id.* Under Donnelley's reading of the law, evidence that Donnelley employed hundreds of copies of the accused software products years before filing suit would not be relevant to this litigation, unless the very same individuals using this software were also knowledgeable of Donnelley's patent holdings. The absurdity of this result is obvious.

---

[5]     Donnelley also attempts to limit its obligations to produce documents responsive to Requests 63 and 64 to only those documents dated 2001 or later. D.I. 217 at 8. This is also insufficient, as documents evidencing Donnelley's knowledge of the accused software products prior to 2001 is highly relevant, as it would evidence that Donnelley was knowledgeable about the accused products from the moment its earliest patent issued.

However, even assuming that Donnelley's reading of the law is correct,[6] Donnelley's overly restrictive search of employees is not justified. The defense of laches looks at knowledge residing within a plaintiff as a corporate-entity, and not simply corporate employees themselves knowledgeable of the asserted patents. Therefore, it is important for Kodak to be able to determine whether individuals at Donnelley were aware of the accused products, even if these individuals were not acutely aware of the patents in suit. Moreover, evidence documenting Donnelley's early knowledge of the accused software products may lead to additional evidence showing that employees knowledgeable of the patents in suit were aware of the accused software products earlier than the employees' own documents otherwise indicate.[7]

### Conclusion

In light of the foregoing, Kodak respectfully requests that the Court grant its motion.

---

[6]    Kodak does not dispute Donnelley's recitation of the law for purposes of this motion, but reserves the right to do so in future motions.

[7]    Contrary to Donnelley's assertion, Kodak has not asked Donnelley to search "hundreds, perhaps even thousands, of employees." *Id* at 8. Rather, Kodak asks that Donnelley search a wider pool of individuals than simply those "likely to have knowledge of the patents-in-suit and/or of Defendants' [allegedly] infringing activities." *Id* at 7. Individuals which should be searched, but would not be under Donnelley's apparent limitation, include those employees who purchase or use VDP software, as well as employees tasked with competitive intelligence. *See* D.I. 196 at 8. Donnelley should conduct a search for responsive documents which encompasses such individuals.

OF COUNSEL:

Richard McMillan, Jr.
Jeffrey D. Sanok
Brian M. Koide
Clyde Findley
Nathaniel Grow
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004-2595
(212) 624-2500


Dated:  September 17, 2007

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Jameson A.L. Tweedie (#4927)
tweedie@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE  19899
(302) 651-7700
*Attorneys for Defendants Creo, Inc.,
NexPress Solutions, Inc., Kodak Versamark,
Inc., Eastman Kodak Company and Kodak
Graphic Communications Company*

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2007, I electronically filed the foregoing with the

Clerk of Court using CM/ECF which will send notification of such filing(s) to the following,

who have also been served as noted:

**BY HAND DELIVERY**

Jack B. Blumenfeld, Esquire
Rodger D. Smith, II, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P. O. Box 1347
Wilmington, DE   19899

I hereby certify that on September 18, 2007, the foregoing was sent to the following non-

registered participants in the manner indicated:

**BY FEDERAL EXPRESS**

Douglas I. Lewis                          John G. Hutchinson
Jamie L. Secord                           Sidley Austin, LLP
Sidley Austin, LLP                        787 Seventh Avenue
One South Dearborn Street                 New York, NY   10019
Chicago, IL   60603

Jameson A.L. Tweedie (#4927)
tweedie@rlf.com

# EXHIBIT L
# REDACTED

# EXHIBIT M

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TESSERON, LTD., | ) | CASE NO. 1:06CV2909 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | CASE MANAGEMENT ORDER |
| R.R. DONNELLEY & SONS CO., | ) | |
| | ) | |
| Defendant. | ) | |

The Court held a case management conference on March 12, 2007 at 2:00 p.m. The Court sets out the following schedule for the next stage of litigation.

**IT IS ORDERED:**

1. This case is assigned to the standard case management track; but may reconsider after some discovery is completed.

2. This case is suitable for electronic filing.

3. The parties do not consent to the jurisdiction of a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

4. **Mediation and Status Conference**. This case is suitable for mediation after initial discovery and will occur on a date to be set at the **Status Conference scheduled**

for June 18, 2007 at 2:00 p.m. All counsel and parties with full settlement authority are required to attend. Motions to excuse attendance must be in writing and filed seven days before the conference.

5. The parties will submit a joint claims construction chart to the Court, identifying areas of agreement and areas of dispute on or before October 1, 2007.

6. **Markman Briefs** – The parties will submit **simultaneous** briefs regarding any disputed claim construction issues on or before November 1, 2007; and will inform the Court in conjunction with these filings whether they believe expert testimony will be necessary at the claims construction stage. A party will be permitted to present such expert testimony only if it has made the required disclosures. Simultaneous response briefs shall be filed on December 3, 2007.

7. A technology tutorial shall be submitted on December 12, 2007.

8. **Markman Hearing** – The court will conduct a claim construction hearing on January 9, 2008 at 10:00 a.m. Defendant shall notify Plaintiff by January 2, 2008 whether it will assert an advice-of-counsel defense to allegations of willful infringement. Discovery as to willfulness will be stayed until that date.

9. Non-expert discovery shall be completed by February 9, 2008.

10. Expert reports for the party bearing the burden of proof on the issues of infringement, damages, validity and/or enforceability are due by March 10, 2008. Responsive expert reports are due by April 10, 2008. Expert discovery shall be completed on or before May 9, 2008.

11. **Dispositive Motions**. Dispositive motions shall be filed on June 9, 2008.

-2-

Opposition briefs are due on July 9, 2008. Any reply briefs shall be filed by July 21, 2008.

   12. **Protective Order** – The parties shall stipulate to the terms of a protective order governing this case. If there is a dispute which cannot be resolved, the parties shall fax (216-357-7156) a joint statement of the dispute(s) and their respective positions for the Court's consideration.

Minutes: 30

  **IT IS SO ORDERED.**

  **DATE: 3/13/07**

      <u>s/Christopher A. Boyko</u>
      **CHRISTOPHER A. BOYKO**
      **United States District Judge**

-3-