IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| R.R. DONNELLEY & SONS COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-032 (JJF) |
| | ) | |
| CREO, INC., NEXPRESS SOLUTIONS, INC., KODAK VERSAMARK, INC., EASTMAN KODAK COMPANY AND KODAK GRAPHIC COMMUNICATIONS COMPANY, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————— | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Counterclaim-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| R.R. DONNELLEY & SONS COMPANY, | ) | |
| | ) | |
| Counterclaim-Defendant. | ) | |

## NOTICE OF SUBPOENA OF STEVE KHEDERIAN

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Fed. R. Civ. P., plaintiff

R.R. Donnelley & Sons Company will serve the attached subpoena on Mr. Steve Khederian.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
*Attorneys for Plaintiff*

OF COUNSEL:

Douglas I. Lewis
Jamie L. Secord
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
(312) 853-7000

John G. Hutchinson
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY  10019
(212) 839-5300

September 19, 2007
1237622.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on September 19, 2007, he caused to

be electronically filed a Notice of Subpoena with the Clerk of the Court using CM/ECF, which

will send notification of such filing(s) to the following:

> Frederick L. Cottrell III
> Richards Layton & Finger, P.A.

I also certify that copies were caused to be served on September 19, 2007, upon

the following in the manner indicated:

### <u>BY HAND & EMAIL</u>

> Frederick L. Cottrell III
> Richards Layton & Finger, P.A.
> One Rodney Square
> 920 N. King Street
> Wilmington, DE 19801
> cottrell@rlf.com

### <u>BY EMAIL</u>

> Richard McMillan, Jr.
> Crowell & Moring LLP
> 1001 Pennsylvania Avenue, NW
> Washington, DC 20004-2595
> rmcmillan@crowell.com

*/s/ Rodger D. Smith II*

Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF

R.R. DONNELLEY & SONS COMPANY

V.

CREO, INC., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  06-CV-032-JJF (D. Del.)

TO:  Mr. Steve Khederian
Catalyst Direct, Inc.
110 Marina Drive
Rochester, NY 14626

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Wolford & Leclair LLP      (Please see Exhibit A for list of topics)<br>16 East Main Street, Rochester, NY 14614 | DATE AND TIME<br>10/4/2007 9:30 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached Exhibit A, Topics for list of documents.

| PLACE   Wolford & Leclair LLP<br>16 East Main Street, Rochester, NY 14614 | DATE AND TIME<br>9/27/2007 9:30 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>9/19/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jamie L. Secord, Sidley Austin LLP
1 South Dearborn, Chicago, IL 60603      (312) 853-2206

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                              SIGNATURE OF SERVER

                                                                          _____
                                                                          ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CREO, INC., NEXPRESS SOLUTIONS, INC., KODAK VERSAMARK, INC., EASTMAN KODAK COMPANY, AND KODAK GRAPHIC COMMUNICATIONS COMPANY,<br><br>Defendants. | C.A. No.: 06-CV-032-JJF |

### R.R. DONNELLEY'S NOTICE OF DEPOSITION OF DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 45, plaintiff R.R. Donnelley & Sons Company ("R.R. Donnelley") will take the deposition upon oral examination of Mr. Steve Khederian on the topics set forth in the attached Schedule A, commencing on October 4 at 9:30 a.m.

The deposition will take place at the offices of Wolford & Leclair LLP, 16 East Main Street, Rochester, NY 14614 beginning on the date and time specified above. The deposition will be taken before an officer authorized to administer oaths by the laws of the United States and will be recorded by stenographic and/or videographic means.

At least five (5) business days in advance of the scheduled deposition or 30 days from service of this Notice, whichever is earlier, Mr. Khedarian is requested to produce all documents and things referenced in or related to the topics in Exhibit A.

MORRIS NICHOLS, ARSHT & TUNNELL LLP

/s/ *Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Roger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
*Attorneys for Plaintiff*
*R.R. Donnelley & Sons Company*

OF COUNSEL:
John G. Hutchinson
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York  10019
(212) 839-5398

Douglas I. Lewis
Jamie L. Secord
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000

September 19, 2007

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

A.     R.R. Donnelley is suing Eastman Kodak Company, Kodak Graphic Communications Company, NexPress Solutions, Inc., Kodak Versamark, Inc. and Creo, Inc. (collectively, "Kodak") for patent infringement in the United States District Court for the District of Delaware. In its complaint, R.R. Donnelley alleges that Kodak has infringed U.S. Patent No. 6,205,452, U.S. Patent No. 6,327,599, U.S. Patent No. 6,844,940, and U.S. Patent No. 6,952,801. A copy of R.R. Donnelley's Complaint is enclosed as Exhibit B to the Subpoena.

B.     The term "document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, including documents in electronic form, and physical objects and things within the meaning of that Rule, such as research and development samples, prototypes, production samples and the like. A draft or non-identical copy is a separate document within the meaning of this term.

C.     The term "thing" refers to any physical specimen or tangible item in the possession, custody, or control of Defendants.

D.     The terms "ref to," "relating to," "related to," and "that relate(s) to" mean, without limitation, constituting, comprising, containing, discussing, embodying, reflecting, evidencing, identifying, mentioning, stating, or referring to the particular subject matter identified.

E.     The term "including" does not limit the scope of a request. It is to be construed as meaning all such documents including, but not limited to those types of documents specifically identified.

F.    The singular shall include the plural and the plural shall include the singular.

G.    The term "Variable Data Printing" refers to digital printing in which the content of a page may be varied or in which the number of pages in a document may be varied.

H.    All documents related to the topics in Schedule A shall be produced to R.R. Donnelley in the same file or organizational environment in which they were maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket, or other grouping responsive to said request, in the same order or manner of arrangement as the original. A document that is stapled, clipped, or otherwise bound should be produced in the same manner as the original.

I.    The request for documents and things related to the topics in Schedule A shall be deemed to be continuing and, in accordance with Fed. R. Civ. P. 26(e), if, after responding to the request, Mr. Khedarian acquires knowledge or information regarding additional information responsive to the request, Mr. Khedarian shall provide R.R. Donnelley with a statement of such additional information.

## TOPICS

1.    The use of Variable Data Printing ("VDP") in print marketing.

2.    The considerations for using VDP in print marketing.

3.    The sales process for a VDP project.

4.    How VDP projects are tested and implemented.

5.    How the effectiveness of VDP projects is measured.

6.     The involvement of press manufacturers and similar manufacturers of hardware designed for use in VDP in the sales, implementation, and measurement processes of VDP projects.

7.     The involvement of manufacturers of software intended to enable VDP in the sales, implementation, and measurement processes of VDP projects.

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

R.R. DONNELLEY & SONS COMPANY )
              Plaintiff, )
              v. )
CREO, INC., NEXPRESS SOLUTIONS, )
INC., KODAK VERSAMARK, INC., )
EASTMAN KODAK COMPANY, AND )
KODAK GRAPHIC COMMUNICATIONS )
COMPANY )
              Defendants. )

C.A. No. 06-032-JJF

**JURY TRIAL DEMANDED**

## AMENDED COMPLAINT

    Plaintiff R.R. Donnelley & Sons Company ("R.R. Donnelley") hereby alleges and complains as follows:

### PARTIES

    1.    R.R. Donnelley is a Delaware Corporation with a principal place of business at 111 South Wacker Drive, Chicago, IL 60606.

    2.    Defendants Creo, Inc. ("Creo"), NexPress Solutions, Inc. ("NexPress"), Kodak Versamark, Inc. ("Versamark"), Eastman Kodak Company ("Eastman Kodak"), and Kodak Graphic Communications Company ("KGCC"), collectively referred to hereinafter as "Kodak," are Canadian, Delaware, Delaware, New Jersey and Washington corporations, respectively.

    3.    On information and belief, Creo, Inc. has a principal place of business at 3700 Gilmore Way, Burnaby, British Columbia, Canada V5G 4M1.

4.     On information and belief, NexPress Solutions, Inc. has a principal place of business at 2600 Manitou Road, Rochester, NY 14653.

5.     On information and belief, Kodak Versamark, Inc. has a principal place of business at 3000 Research Boulevard, Dayton, OH, 45420.

6.     On information and belief, Eastman Kodak Company has a principal place of business at 343 State Street, Rochester, NY 14650.

7.     On information and belief, Kodak Graphic Communications Company (f.k.a. Creo Americas, Inc.) has a principal place of business at 3 Federal Street, Billerica, MA 01821.

## JURISDICTION AND VENUE

8.     This is a civil action brought by R.R. Donnelley for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.     Venue in the District of Delaware is proper pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b), in that events giving rise to R.R. Donnelley's claims occurred in this district, the defendants may be found and/or reside in this district by virtue of their activities in this district, and the defendants have committed acts of patent infringement in this district.

## BACKGROUND

10.     On March 20, 2001, United States Patent No. 6,205,452 ("the '452 patent") -- entitled "METHOD OF REPRODUCING VARIABLE GRAPHICS IN A VARIABLE IMAGING SYSTEM" -- duly and legally issued to R.R. Donnelley as assignee of the inventors, James L. Warmus, Mark G. Dreyer, and Daniel W. Beery. A copy of the '452

2

patent is attached as Exhibit A. Plaintiff R.R. Donnelley continues to own all rights, title, and interest to the '452 patent, including the right to recover for past infringement thereof.

11. On December 4, 2001, United States Patent No. 6,327,599 ("the '599 patent") -- entitled "APPARATUS FOR CONTROLLING AN ELECTRONIC PRESS TO PRINT FIXED AND VARIABLE INFORMATION" -- duly and legally issued to R.R. Donnelley as assignee of the inventors, James L. Warmus and Mark G. Dreyer. A copy of the '599 patent is attached as Exhibit B. Plaintiff R.R. Donnelley continues to own all rights, title, and interest to the '599 patent, including the right to recover for past infringement thereof.

12. On January 18, 2005, United States Patent No. 6,844,940 ("the '940 patent") -- entitled "IMPOSITION PROCESS AND APPARATUS FOR VARIABLE IMAGING SYSTEM" -- duly and legally issued to R.R. Donnelley as assignee of the inventors, James L. Warmus, Mark G. Dreyer, and J. Thomas Shively. A copy of the '940 patent is attached as Exhibit C. Plaintiff R.R. Donnelley continues to own all rights, title, and interest to the '940 patent, including the right to recover for past infringement thereof.

13. On October 4, 2005, United States Patent No. 6,952,801 ("the '801 patent") -- entitled "BOOK ASSEMBLY PROCESS AND APPARATUS FOR VARIABLE IMAGING SYSTEM" -- duly and legally issued to R.R. Donnelley as assignee of the inventors, James L. Warmus, Mark G. Dreyer, and J. Thomas Shively. A copy of the '801 patent is attached as Exhibit D. Plaintiff R.R. Donnelley continues to own all rights, title, and interest to the '801 patent, including the right to recover for past infringement thereof.

14. The '452 patent, the '599 patent, the '940 patent, and the '801 patent are collectively referred to herein as the "patents-in-suit."

3

15.    On information and belief, Eastman Kodak has three reportable segments, including the Graphic Communications Group.    On information and belief, the Graphic Communications Group segment consists of Kodak Polychrome Graphics LLC, Creo, NexPress, Versamark, and Encad, Inc.

16.    On information and belief, in 2005, Eastman Kodak purchased Creo, Inc., the maker of Darwin Desktop ("Darwin").    On information and belief, Darwin for QuarkXPress and Adobe InDesign are both now made, offered for sale, and sold by Eastman Kodak and its Kodak Graphic Communications and Creo subsidiaries.

17.    On information and belief, in May 2004, Eastman Kodak acquired Heidelberger Druckmaschinen AG's ("Heidelberg") fifty (50) percent interest in NexPress Solutions LLC, a 50/50 joint venture of Eastman Kodak and Heidelberg.    On information and belief, upon the acquisition, Eastman Kodak renamed its now wholly-owned subsidiary NexPress Solutions, Inc.    On information and belief, NexPress makes, offers for sale, and sells digital presses including the NexPress 2100 Plus Digital Production Color Press and the NexPress 2500 Digital Production Color Press, digital press controllers including the NexStation and variable digital printing software including Kodak NexTreme DL-100 Variable Data Software and Kodak NexTreme DL-1000 Variable Data Software.

18.    On information and belief, in January 2004, Eastman Kodak acquired Scitex Digital Printing and renamed the company Kodak Versamark.    On information and belief, Versamark makes, offers for sale, and sells digital presses including the Kodak Versamark V-Series Printing System, the Kodak Versamark D-Series Printing System, digital press controllers including the CS150, CS300, CS340, CS400, and CS600, and variable digital printing software including Composer.

4

19.    As used herein, "Digital Presses" includes the NexPress 2100 Plus Digital Production Color Press, the NexPress 2500 Digital Production Color Press, the NexStation digital press controller, the Kodak Versamark V-Series Printing System, the Kodak Versamark D-Series Printing System, and the following digital press controllers: CS150, CS300, CS340, CS400, and CS600.

20.    As used herein, "Kodak Software" includes Darwin, Kodak NexTreme DL-100 Variable Data Software, Kodak NexTreme DL-1000 Variable Data Software, and Composer.

21.    On information and belief, Kodak may manufacture and offer additional software products and digital presses, provide additional services, and participate in additional activities beyond those expressly identified in this Amended Complaint that infringe the patents-in-suit. Information concerning those products, services, and activities are not reasonably available to R.R. Donnelley, and Defendants have improperly withheld legitimate discovery thus far in this case. R.R. Donnelley believes that appropriate discovery, currently being withheld by Kodak, would lead to a proper identification of any additional infringing products, services, and activities.

### FIRST CLAIM FOR RELIEF
### INFRINGEMENT OF U.S. PATENT NO. 6,205,452 BY KODAK

22.    R.R. Donnelley hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 21 of this Complaint.

23.    On information and belief, by its actions, which include but are not limited to (i) the making, using, offering to sell, and selling of one or more of the Kodak Software; (ii) the sale of one or more Digital Presses intended for use with infringing software including one or more of the Kodak Software; (iii) marketing and encouraging its customers to purchase,

install, and use infringing third party software packages including for use with one or more of the

Digital Presses with knowledge of the patents-in-suit; and (iv) providing and supporting its

Variable Print Specification ("VPS") to encourage software developers to write infringing

software packages to provide output in its VPS page description language including for use with

one or more of the Digital Presses, Kodak has infringed, contributed to infringement of and

induced others to infringe, the '452 patent, and continues to infringe, contribute to infringement

of and induce others to infringe the '452 patent.

24.    Kodak has been given notice of the '452 patent.

25.    Kodak's infringement of the '452 patent is, has been, and continues to be

willful and deliberate.

26.    R.R. Donnelley has sustained damages and suffered irreparable harm as a

consequence of Kodak's infringement, and will continue to sustain damages and be irreparably

harmed unless Kodak is enjoined from infringing the '452 patent.

**SECOND CLAIM FOR RELIEF**
**INFRINGEMENT OF U.S. PATENT NO. 6,327,599 BY KODAK**

27.    R.R. Donnelley hereby incorporates, as though fully set forth herein, the

allegations of paragraphs 1 through 26 of this Complaint.

28.    On information and belief, by its actions, which include but are not limited

to (i) the making, using, offering to sell, and selling of one or more of the Kodak Software;

(ii) the sale of one or more Digital Presses intended for use with infringing software including

one or more of the Kodak Software; (iii) marketing and encouraging its customers to purchase,

install, and use infringing third party software packages including for use with one or more of the

Digital Presses with knowledge of the patents-in-suit; and (iv) providing and supporting its

Variable Print Specification ("VPS") to encourage software developers to write infringing

6

software packages to provide output in its VPS page description language including for use with one or more of the Digital Presses, Kodak has infringed, contributed to infringement of and induced others to infringe, the '599 patent, and continues to infringe, contribute to infringement of and induce others to infringe the '599 patent.

29.    Kodak has been given notice of the '599 patent.

30.    Kodak's infringement of the '599 patent is, has been, and continues to be willful and deliberate.

31.    R.R. Donnelley has sustained damages and suffered irreparable harm as a consequence of Kodak's infringement, and will continue to sustain damages and be irreparably harmed unless Kodak is enjoined from infringing the '599 patent.

### THIRD CLAIM FOR RELIEF
### INFRINGEMENT OF U.S. PATENT NO. 6,844,940 BY KODAK

32.    R.R. Donnelley hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 31 of this Complaint.

33.    On information and belief, by its actions, which include but are not limited to (i) the making, using, offering to sell, and selling of one or more of the Kodak Software; (ii) the sale of one or more Digital Presses intended for use with infringing software including one or more of the Kodak Software; (iii) marketing and encouraging its customers to purchase, install, and use infringing third party software packages including for use with one or more of the Digital Presses with knowledge of the patents-in-suit; and (iv) providing and supporting its Variable Print Specification ("VPS") to encourage software developers to write infringing software packages to provide output in its VPS page description language including for use with one or more of the Digital Presses, Kodak has infringed, contributed to infringement of and

7

induced others to infringe, the '940 patent, and continues to infringe, contribute to infringement of and induce others to infringe the '940 patent.

34. Kodak has been given notice of the '940 patent.

35. Kodak's infringement of the '940 patent is, has been, and continues to be willful and deliberate.

36. R.R. Donnelley has sustained damages and suffered irreparable harm as a consequence of Kodak's infringement, and will continue to sustain damages and be irreparably harmed unless Kodak is enjoined from infringing the '940 patent.

## FORTH CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 6,952,801 BY KODAK

37. R.R. Donnelley hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 36 of this Complaint.

38. On information and belief, by its actions, which include but are not limited to (i) the making, using, offering to sell, and selling of one or more of the Kodak Software; (ii) the sale of one or more Digital Presses intended for use with infringing software including one or more of the Kodak Software; (iii) marketing and encouraging its customers to purchase, install, and use infringing third party software packages including for use with one or more of the Digital Presses with knowledge of the patents-in-suit; and (iv) providing and supporting its Variable Print Specification ("VPS") to encourage software developers to write infringing software packages to provide output in its VPS page description language including for use with one or more of the Digital Presses, Kodak has infringed, contributed to infringement of and induced others to infringe, the '801 patent, and continues to infringe, contribute to infringement of and induce others to infringe the '801 patent.

39. Kodak has been given notice of the '801 patent.

8

40.    Kodak's infringement of the '801 patent is, has been, and continues to be willful and deliberate.

41.    R.R. Donnelley has sustained damages and suffered irreparable harm as a consequence of Kodak's infringement, and will continue to sustain damages and be irreparably harmed unless Kodak is enjoined from infringing the '801 patent.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff R.R. Donnelley seeks judgment in its favor and against defendant Kodak as follows:

A.    Adjudging and decreeing that Kodak has infringed one or more claims of U.S. Patent Nos. 6,205,452, 6,327,599, 6,844,940, and 6,952,801;

B.    Awarding injunctive relief permanently enjoining Kodak, its officers, agents, servants, employees and attorneys and all persons in active concert or participation with it from making, using, offering to sell, selling, or importing any product, service, or method that would infringe, directly or indirectly, any of the claims of the '452, '599, '940, and '801 patents;

C.    Awarding R.R. Donnelley damages in an amount sufficient to compensate it for Kodak's infringement, together with prejudgment interest and costs of suit;

D.    Adjudging that Kodak's infringement is willful and awarding R.R. Donnelley treble damages under 35 U.S.C. § 284;

E.    Declaring this to be an exceptional case pursuant to 35 U.S.C. § 285 and awarding R.R. Donnelley its attorneys' fees, costs and expenses against Kodak; and

.

F.    Granting such further relief as the Court may deem just and appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com
    *Attorneys for Plaintiff*
    *R.R. Donnelley & Sons Co.*

OF COUNSEL:

Bradford J. Badke
Stuart W. Yothers
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 596-9000

Steven A. Kaufman
ROPES & GRAY LLP
One International Place
Boston, MA 02110
(617) 951-7000

January 3, 2007

10