IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| R.R. DONNELLEY & SONS COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-cv-032-JJF |
| | ) | |
| CREO, INC., NEXPRESS SOLUTIONS, INC., KODAK VERSAMARK, INC., EASTMAN KODAK COMPANY, and KODAK GRAPHIC COMMUNICATIONS COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Counterclaim-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| R.R. DONNELLEY & SONS COMPANY, | ) | |
| | ) | |
| Counterclaim-Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO COMPEL RULE 30(b)(6) DEPOSITION OF
PRINTABLE TECHNOLOGIES, INC.**

R.R. Donnelley & Sons Company ("RRD") respectfully requests this Court to compel third party Printable Technologies, Inc. ("Printable") to provide a corporate representative for deposition, pursuant to Rule 30(b)(6), on topics related to the development, sale, and marketing of its FusionPro and DL software on a date certain. RRD has accused Creo, Inc. et al. ("Defendants") of infringing its patents, in part because of Defendants' use of Printable's software products, like FusionPro and DL. RRD subpoenaed Printable on July 23, 2007, for deposition relating to this software. But five months after the subpoena, Printable has been unwilling to schedule a deposition.

Because Printable is a third party, RRD has been especially accommodating over the past nearly five months to Printable's schedule, including, as a courtesy, its outside counsel's schedule.  Indeed, RRD has offered to take the deposition near Printable's and its counsel's offices, and has offered multiple deposition dates over multiple months.  But Printable appears to have taken advantage of RRD's courtesy, as it (actually, mostly its counsel) has been available only one day out of the past five months.  And the future does not look any better.  More specifically:

- For over five months (from July 23 to the present), RRD has offered numerous deposition dates hoping to find one that works for Printable.  None has.[1]  And Printable's counsel has indicated that a deposition will likely not happen in January.

- Apparently only one person in Printable's counsel's large firm can represent Printable at the deposition, even though Printable is not a party in this case and its attorney should not require the same case knowledge as a party's.

Printable has been unable, in almost five months, to find a date for its deposition and a person to depose.  And so, RRD must now ask this Court to set a date certain for this deposition and to order Printable to designate a witness pursuant to Rule 30(b)(6).

In further support of this motion, RRD states as follows:

1.    Rule 30(b)(6) of the Federal Rules of Civil Procedure provides that a party may, in a deposition notice, "name as the deponent a public or private corporation … and describe with reasonable particularity the matters on which examination is requested.  In that

---

[1]    Printable has offered one date in the past five months, December 4, that it could be available for deposition.  RRD could not make this date due to commitments in another case.

event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which he will testify…."

      2.     Printable is a printing software company incorporated in Delaware with its principal place of business in Solana Beach, California.  Printable manufactures and sells the FusionPro Desktop software to Defendants.  FusionPro is also the successor product to the DL software line (e.g., DL-100, DL-1000), which is and was sold to Defendants.  RRD is suing Defendants for infringement based on their use of these software products, which are accused of infringing RRD's patents.

      3.     On July 23, 2007, RRD served a Rule 30(b)(6) subpoena on Printable.  The subpoena asked Printable to designate for deposition an individual with knowledge of topics relating to the specific points of the design, operation, functionality, and output of the FusionPro and DL Software.[2]  Ex. A, Subpoena to Printable Technologies.  The subpoena stated that the deposition would take place on August 28, 2007, in Wilmington, Delaware.  Printable never objected to the deposition taking place and never informed RRD that they believed the Rule 30(b)(6) deposition topics were overly broad or improper.[3]

---

[2]    RRD had previously served a document subpoena on Printable on June 5, 2007.  Printable produced some of the requested information initially, and after a meet and confer with Mr. Kent Walker, Printable's outside counsel, Printable supplemented its production.

[3]    Printable did object to Delaware as the deposition location.  RRD believes that Delaware is a proper deposition location because Printable is incorporated in Delaware, and RRD properly served Printable's corporate designee in Wilmington with more than thirty days notice before deposition.  Yet, in the spirit of compromise, RRD has since agreed to take the deposition in San Diego, California, which is close to Printable's and its counsel's offices.

4.     In what was soon to be a common refrain, Printable told RRD that it would be unavailable for deposition on August 28 and needed more time.  To accommodate Printable, RRD agreed to postpone the deposition until mid-October, well before the discovery cut-off of November 2, 2007.  Ex. B, Email from Benedict Frey to Kent Walker, dated August 17, 2007.

5.     But Printable then claimed to be unavailable in mid-October, too.  In September and early October, Printable informed RRD during several phone conversations that it would be unavailable in mid- to late-October.  Printable asked that the deposition be held in early November, after fact discovery closed on November 2.  RRD discussed this with Defendants, who agreed to allow the deposition after the close of fact discovery.  And so RRD agreed to a deposition date in early November.

6.     But then Printable claimed to be unavailable in early and mid-November.  On October 19, RRD tried to confirm a deposition date for November 6, 8 or 13.  Printable's counsel, Mr. Kent Walker, responded on October 23 that the week of November 6 would no longer work because of the aftermath of wildfires in the region and court closures.  And the week of November 13 did not work, either, when Mr. Walker claimed to be involved in out-of-town depositions in another matter.  Printable asked to postpone the deposition to the week after Thanksgiving.  Again, RRD discussed this with Defendants and negotiated an agreement that RRD could push the deposition date back to the week after Thanksgiving.  And so RRD agreed to a deposition date the week after Thanksgiving and proposed November 27.

7.     But then Printable became unavailable on November 27 and the rest of November.  On November 6, Mr. Walker told RRD that Tuesday, November 27 would not work, and more generally, the week of November 26 would not work; in fact, the entire month of

November would not work.  Printable proposed December 4 as the deposition date.[4]  For the first time in almost four months, that date did not work for RRD.  RRD's counsel was involved with expert depositions in another matter.  And as plaintiff, counsel with knowledge of the technical aspects and legal aspects of the case would be needed.  Additionally, RRD told Printable a December 4 deposition date would not allow RRD's expert adequate time to analyze the information obtained from the deposition and to incorporate it into his expert report, which was due on December 17.  RRD asked that Printable reconsider its availability and offered Printable several alternative dates:  November 13, 14, 15, 27, 28 or 29.

8.     But Printable claimed to be unavailable on November 13, 14, 15, 27, 28 or 29.  On November 7, Mr. Walker informed RRD that none of those dates would work.  Again, Mr. Walker was involved with depositions in another case during the week of November 13 and his travel conflicts prevented the deposition from being conducted the week of November 27.  And so, on November 9, RRD made one last try to find a mutually acceptable deposition date.  RRD indicated to Printable that while a November deposition was highly preferred, RRD would agree to take Printable's deposition in San Diego on December 18 or 19.  Ex. C, Letter from RRD's Counsel to Printable's Counsel, dated November 9, 2007.

9.     But Printable would not agree to December 18 and 19, either.  The evening of November 9, Mr. Walker responded by voicemail and -- by now not surprisingly -- indicated that those dates would not work.  Yet again, he was involved in yet another out-of-town deposition and was leaving for vacation on December 20.  Mr. Walker further stated that "maybe it's not even necessary to do the deposition …" because "… discovery's closed and I

---

[4]     Given Printable's history, RRD could not be sure that Printable would have been available as that date approached.

have a lot of other stuff going on."  Ex. D, Voicemail transcription from Printable's counsel to RRD's counsel, Nov. 9, 2007.

10.     RRD's counsel called Mr. Walker on November 12 and left a voicemail stating that RRD had never indicated that the deposition was no longer necessary, and in fact, needed to be scheduled immediately.  RRD sent Printable another letter again asking for deposition dates on December 17, 18, 19, or any of the other dates previously offered by RRD. Ex. E, Letter from RRD's Counsel to Printable's Counsel, dated November 12, 2007.  RRD further asked whether another attorney at Cooley Godward Kronish LLP could handle the deposition.  *Id*.  Most of the reasons that Mr. Walker had given for not going forward with the deposition involved his personal schedule rather than his client's.  The proposed deposition dates were over one month away, Printable is a third party, and so this seemed adequate time for Mr. Walker to acquaint another attorney with the case.  And there seem to be enough intellectual property litigation attorneys in his firm's San Diego office:  thirteen attorneys and five partners other than Mr. Walker.  *See* Ex. F, Pages from website of Cooley Godward Kronish LLP listing San Diego office IP litigation attorneys (last accessed December 19, 2007).  Further, after almost four months, RRD informed Printable that if it could not accept one of RRD's previously offered deposition dates, it would be forced to ask the Court to compel deposition.

11.     But Printable claimed that December 17, 18 and 19 were inconvenient, too; and Mr. Walker told RRD that he is the only person from his firm who could represent Printable in its third party deposition.  On November 15, Mr. Walker contacted RRD's counsel and -- true to form -- explained that none of the dates would work with his schedule.  Mr. Walker reiterated that he was available on the one date that RRD could not make in over four months of

discussion.[5]  He further explained that educating another attorney at Cooley Godward with the facts of the case so that he or she could defend the deposition was costly and unwarranted. Mr. Walker did not address how defending a third party deposition would require such a degree of knowledge of the case that one of his sixteen or so colleagues could not pitch-in and defend it.

12.     On November 29, due to a scheduling change in another case, RRD became available to depose Printable on December 6.  RRD's counsel contacted Mr. Walker that afternoon by telephone and fax, offered December 6 as an additional potential date for deposition, and requested a reply by the following afternoon.

13.     But Printable could not manage December 6, either.  On the evening of the following Monday, December 3, Mr. Walker called Mr. Frey and left a voicemail explaining that December 6 would not work for Printable's deposition.  By now, the reason was familiar: Mr. Walker was involved with a deposition in another case.  Mr. Walker additionally explained that he could not provide January dates for the deposition until December 14 because of a scheduling conference that day in another case.  The next day, December 4, the parties spoke by telephone and Mr. Walker said he would provide January dates after the December 14 scheduling conference.

14.     Now, Printable claims it will not be available in January, either. Mr. Walker on December 18 left a voicemail for RRD's counsel that Mr. Walker's trial in his other case was proceeding as scheduled, starting January 2, 2008, and that his "January schedule is very difficult.  I don't have dates."  Ex. G, Voicemail transcription from Printable's counsel to RRD's counsel, dated December 18, 2007.

---

[5]     Again, given its history, even agreeing to December 4 would not have assured RRD that the deposition would actually have happened that day.

15.     RRD has extended a professional courtesy to Printable and its counsel for almost five months since the subpoena was issued to accommodate their schedules, and Printable has taken advantage of this courtesy:  to date, the deposition is still not scheduled.

16.     The Federal Rules of Civil Procedure impose obligations upon non-parties as well as parties.  *See* Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose *any* person, including a party….") (emphasis added).  "Nothing in the Rules … makes controlling a distinction between parties and nonparties in respect of the type of information sought." *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987).  By failing to offer an individual for deposition for almost five months after serving the subpoena, Printable has violated its obligations under Rule 30(b)(6) to "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6).

17.     The discovery process requires cooperation between its participants.  *See generally Kindred Rehab Servs., Inc. v. Florida Convalescent Centers, Inc.*, No. 3:06-cv-218-J-33MCR, 2007 WL 2028767, *1 (M.D. Fla. Jul. 10, 2007).  Printable has taken advantage of RRD's courtesy in accommodating its counsel's personal schedule.  RRD has diligently tried to schedule this deposition since first serving the subpoena on Printable over three months before the close of fact discovery and over five months ago.  RRD has accommodated Mr. Walker's (counsel for Printable) depositions in other cases and his related scheduling issues.  Yet, in this case, Printable and its counsel seem unable to provide a deposition date until after January (and perhaps later) -- almost half a year after RRD served the subpoena, over three months after the close of fact discovery, and over four weeks after the submission of initial expert reports.

18.     Without the Court's assistance, Printable will continue to delay the deposition.

WHEREFORE, Defendants respectfully request that the Court:

(1)     Order Printable to designate an individual or individuals for deposition on the Rule 30(b)(6) topics attached to the July 23, 2007 subpoena, and to appear for deposition in Delaware on a date designated by the Court within fourteen days of the entry of the order;

(2)     Order the reimbursement of all legal fees and costs incurred by RRD in connection with this motion to compel; and

(3)     Such other relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
  *Attorneys for Plaintiff*
  *R.R. Donnelley & Sons Company*

OF COUNSEL:

John G. Hutchinson
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5398

Douglas I. Lewis
Jamie L. Secord
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

December 19, 2007

1344011

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 19, 2007, he caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Frederick L. Cottrell III
>Richards Layton & Finger, P.A.

I also certify that copies were caused to be served on December 19, 2007, upon the following in the manner indicated:

### BY EMAIL AND BY HAND

>Frederick L. Cottrell III
>Richards Layton & Finger, P.A.
>One Rodney Square
>920 N. King Street
>Wilmington, DE  19801
>cottrell@rlf.com

### BY EMAIL

>Richard McMillan, Jr.
>Crowell & Moring LLP
>1001 Pennsylvania Avenue, N.W.
>Washington, DC  20004-2595
>rmcmillan@crowell.com

>Kent Walker
>Cooley Godward Kronish LLP
>4401 Eastgate Mall
>San Diego, CA 92121-1909
>walkerkm@cooley.com

>*/s/ Rodger D. Smith II*
>Morris, Nichols, Arsht & Tunnell LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE  19899
>(302) 658-9200
>rsmith@mnat.com

# EXHIBIT A

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### DISTRICT OF DELAWARE

R.R. DONNELLEY & SONS COMPANY

**SUBPOENA IN A CIVIL CASE**

V.

CREO, INC., EASTMAN KODAK CO. et al.

Case Number:[1]  06-cv-032-JJF

TO:  Printable Technologies, Inc.
c/o National Registered Agent
160 Greentree Drive, Suite 101
Dover, DE 19904

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.   (Please see Attachment A for list of topics.)

| PLACE OF DEPOSITION  Morris, Nichols, Arsht & Tunnell LLP 1201 North Market Street, Wilmington, DE 19801 | DATE AND TIME  8/28/2007 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 7/23/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Rodger D. Smith II, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899-1347 (302) 658-9200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                     DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

## DEFINITIONS & INSTRUCTIONS

A.    R.R. Donnelley has sued Eastman Kodak Company, Kodak Graphic Communications Company, NexPress Solutions, Inc., Kodak Versamark, Inc. and Creo, Inc. (collectively "Kodak") for patent infringement in the United States District Court for the District of Delaware. In its complaint, R.R. Donnelley alleges that Kodak has infringed U.S. Patent No. 6,205,452, U.S. Patent No. 6,327,599, U.S. Patent No. 6,844,940, and U.S. Patent No. 6,952,801. A copy of R.R. Donnelley's Complaint is enclosed as Attachment B to the Subpoena.

B.    Among the products that R.R. Donnelley has accused of infringement in this suit are Kodak NexTreme DL-100 Variable Data Software, Kodak NexTreme DL-1000 Variable Data Software, and the FusionPro product line. These accused products are supplied to Kodak by Printable or its predecessors.

C.    "FusionPro Software" means FusionPro Desktop and any other variable-data software tools that generate customized variable data printing output, including versions 4.0 and 4.1 of FusionPro Desktop and all other versions of FusionPro offered for sale by Printable since January 17, 2000.

D.    "DL Software" means any versions offered by Printable of Kodak NexTreme DL-100 Variable Data Software and Kodak NexTreme DL-1000 Variable Data Software.

E.    "Kodak" means Eastman Kodak Company and includes all parent, subsidiary, sister, predecessor, or successor companies, corporations, partnerships, or other business entities, including, but not limited to, Kodak Versamark, Inc., NexPress Solutions, Inc., Creo, and KGCC and the officers, directors, agents, employees, partners, and all other persons

acting or purporting to act on behalf of or who are subject to the direction or control of any of the foregoing.

        F.     The words "any" and "all" shall mean "any, all, and each" inclusively.

## TOPICS

1.     The output produced by FusionPro Software and DL Software, including but not limited to the organization and formatting of static and variable data in such output.

2.     The design, operation, functionality, features, structure, performance, and technical characteristics of FusionPro Software and DL Software as they relate to Variable Digital Printing.

3.     The conception, design, development, and commercialization of FusionPro Software and DL Software relating to Variable Digital Printing.

4.     The content of FusionPro Software and DL Software documentation relating to Variable Digital Printing, including but not limited to user's guides, reference manuals, product manuals, product descriptions, technical articles, and the like.

5.     Instructions provided to users of FusionPro and DL Software.

6.     The identification of, meaning of, and use of data stored by FusionPro Software and DL Software, including but not limited to temporary data (whether written to a file or not) used in Variable Digital Printing and data stored in databases or in files during Variable Digital Printing.

7.     The business relationship between Printable Technologies, Inc. and Kodak.

2

# EXHIBIT B

## Frey, Ben

| | |
|---|---|
| **From:** | Walker, Kent [WALKERKM@cooley.com] |
| **Sent:** | Friday, August 17, 2007 6:29 PM |
| **To:** | Frey, Ben |
| **Cc:** | Robinson, Wanda |
| **Subject:** | RE: R.R. Donnelley & Sons Company v. Quark, Inc., Creo, Inc., Eastman Kodak Company and Kodak Graphic Communications Company, C.A. No. 06-CV-032-JIF, USDC District of Delaware |

Thank you.

**Kent M. Walker**
Partner
Cooley Godward Kronish LLP ♦ 4401 Eastgate Mall
San Diego, CA  92121-1909
Direct: 858-550-6065 ♦ Fax: 858-550-6420 ♦ Cell: 858-231-4713
Bio: www.cooley.com/WalkerKM ♦ Practice: www.cooley.com/IPlitigation

---

**From:** Frey, Ben [mailto:BFrey@Sidley.com]
**Sent:** Friday, August 17, 2007 12:25 PM
**To:** Walker, Kent
**Cc:** Robinson, Wanda
**Subject:** RE: R.R. Donnelley & Sons Company v. Quark, Inc., Creo, Inc., Eastman Kodak Company and Kodak Graphic Communications Company, C.A. No. 06-CV-032-JIF, USDC District of Delaware

Kent,

We are willing to push back the deposition of Printable until sometime around mid-October.  Please let us know your availability for that time.  As to location, we are willing to forgo Delaware and conduct the deposition at Sidley Austin's office in Los Angeles.  That office is located at 555 West Fifth St., Los Angeles CA 90013.  You have indicated that Los Angeles is an acceptable location, but please confirm this.

Thanks,
Ben Frey

Benedict F. Frey
Intellectual Property Litigation Group

Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
ph: 312.853.7294
fax: 312-853-7036
bfrey@sidley.com

**From:** Walker, Kent [mailto:WALKERKM@cooley.com]
**Sent:** Friday, August 17, 2007 9:46 AM
**To:** Frey, Ben
**Cc:** Robinson, Wanda
**Subject:** RE: R.R. Donnelley & Sons Company v. Quark, Inc., Creo, Inc., Eastman Kodak Company and Kodak Graphic Communications Company, C.A. No. 06-CV-032-JIF, USDC District of Delaware

Ben,

Please let me know your position on the timing and location of the deposition of Printable. This assumes that Donnelly still wants to take the deposition. As I indicated before, August 28 is not available, and Delaware is not an appropriate location. Please confirm that Donnelly agrees to cooperate to reschedule the timing of the deposition. Please also confirm that Donnelly agrees to cooperate to locate the deposition to a more convenient venue, such as San Diego or Los Angeles. Please let me know as soon as possible.


**Kent M. Walker**
Partner
Cooley Godward Kronish LLP ◆ 4401 Eastgate Mall
San Diego, CA   92121-1909
Direct: 858-550-6065 ◆ Fax: 858-550-6420 ◆ Cell: 858-231-4713
Bio: www.cooley.com/WalkerKM ◆ Practice: www.cooley.com/IPlitigation


**From:** Frey, Ben [mailto:BFrey@Sidley.com]
**Sent:** Tuesday, August 07, 2007 3:57 PM
**To:** Walker, Kent
**Subject:** RE: R.R. Donnelley & Sons Company v. Quark, Inc., Creo, Inc., Eastman Kodak Company and Kodak Graphic Communications Company, C.A. No. 06-CV-032-JIF, USDC District of Delaware

Kent,

Thanks for the information. I note in passing that Solana Beach, where Printable is headquartered, is exactly 100 miles from Los Angeles. Therefore, it would appear from your standpoint at least, that Los Angeles would be an acceptable location for the deposition. I will check with the client and we can talk further.

Ben


Benedict F. Frey
Intellectual Property Litigation Group

Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
ph: 312.853-7294
fax: 312-853-7036
bfrey@sidley.com

**From:** Walker, Kent [mailto:WALKERKM@cooley.com]
**Sent:** Tuesday, August 07, 2007 5:18 PM
**To:** Frey, Ben
**Cc:** Robinson, Wanda
**Subject:** R.R. Donnelley & Sons Company v. Quark, Inc., Creo, Inc., Eastman Kodak Company and Kodak Graphic Communications Company, C.A. No. 06-CV-032-JIF, USDC District of Delaware

Dear Ben:

This follows our discussion this afternoon regarding the deposition subpoena that you issued on behalf of your client R.R. Donnelly seeking a deposition pursuant to FRCP 30(b)(6) of our client Printable Technologies, Inc. It appears that the 30(b)(6) subpoena is improper under FRCP 45 since it would require Printable's PMK to travel more than 100 miles for the deposition to Delaware. Accordingly, if the deposition must go forward, then we ask that Donnelly agree that it would go forward in San Diego. You indicated that Donnelly would consider that request, although you did not have authority to agree at this time. I look forward to discussing this matter with you, so that we can seek amicable resolution. Printable reserves any other objections to the subpoena.

Kent

**Kent M. Walker**
Partner
Cooley Godward Kronish LLP ♦ 4401 Eastgate Mall
San Diego, CA  92121-1909
Direct: 858-550-6065 ♦ Fax: 858-550-6420 ♦ Cell: 858-231-4713
Bio: www.cooley.com/WalkerKM ♦ Practice: www.cooley.com/IPlitigation

This email message is for the sole use of the intended recipient(s) and ma

IRS Circular 230 disclosure:  To ensure compliance with requirements impos

Sidley Austin LLP mail server made the following annotations on 08/07/07, 17:56
------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations,
that, unless expressly stated otherwise, any U.S. federal tax advice contained
communication, including attachments, was not intended or written to be used, a
used, by any taxpayer for the purpose of avoiding any penalties that may be imp
taxpayer by the Internal Revenue Service.  In addition, if any such tax advice
to by other parties in promoting, marketing or recommending any partnership or
investment plan or arrangement, then (i) the advice should be construed as writ
with the promotion or marketing by others of the transaction(s) or matter(s) ad
communication and (ii) the taxpayer should seek advice based on the taxpayer's
circumstances from an independent tax advisor.

******************************************************************************
This e-mail is sent by a law firm and may contain information that is privilege
If you are not the intended recipient, please delete the e-mail and any attachm

immediately.

```
*****************************************************************************
```

This email message is for the sole use of the intended recipient(s) and may con

IRS Circular 230 disclosure:  To ensure compliance with requirements imposed by


Sidley Austin LLP mail server made the following annotations on 08/17/07, 14:22:28:
```
-------------------------------------------------------------------------------
```
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we in
that, unless expressly stated otherwise, any U.S. federal tax advice contained in th
communication, including attachments, was not intended or written to be used, and ca
used, by any taxpayer for the purpose of avoiding any penalties that may be imposed
taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is us
to by other parties in promoting, marketing or recommending any partnership or other
investment plan or arrangement, then (i) the advice should be construed as written i
with the promotion or marketing by others of the transaction(s) or matter(s) address
communication and (ii) the taxpayer should seek advice based on the taxpayer's parti
circumstances from an independent tax advisor.

```
*****************************************************************************
```
This e-mail is sent by a law firm and may contain information that is privileged or
If you are not the intended recipient, please delete the e-mail and any attachments
immediately.

```
*****************************************************************************
```

This email message is for the sole use of the intended recipient(s) and may contain

IRS Circular 230 disclosure:  To ensure compliance with requirements imposed by the

# EXHIBIT C



SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN
CHICAGO, IL 60603
(312) 853 7000
(312) 853 7036 FAX

BEIJING
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
LONDON

LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
WASHINGTON, D.C.

bfrey@sidley.com
(312) 853-7294

FOUNDED 1866

November 9, 2007

**Via Facsimile and U.S. Mail**
Mr. Kent Walker
Cooley Godward Kronish LLP
4401 Eastgate Mall
San Diego, CA 92121-1909

Re:    *R.R. Donnelley & Sons Company v. Creo, Inc., Eastman Kodak Company, and*
       *Kodak Graphic Communications Company*, No. 06-032-JJF (D. Del.)

Dear Kent:

I write in regard to the deposition of Printable. As you know, RRD served a subpoena for deposition to Printable over three months ago, but Printable has yet to confirm a date for deposition. We would strongly prefer to conduct this deposition in November, because a later date might not allow our expert enough time to consider this information in preparing his expert report. However, you have indicated to me that there is no date in November where both the Rule 30(b)(6) designee for Printable and an attorney from Cooley Godward would be available for deposition.

If deposition in November is impossible, we must solidify a deposition date in December now. We are available to take the deposition of Printable in San Diego on Tuesday, December 18 or Wednesday, December 19. Please let me know by the end of the day whether December 18 or 19 work for the Printable deposition.

Sincerely,

Benedict Frey

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

# EXHIBIT D

## Voice Mail Transcription from Kent Walker
## from Cooley Godward Kronish LLP
## Friday, November 9, 2007

Hi Ben, this is Kent Walker. I know that it's probably after you've left the office, but I wanted to at least try to get back to you today, Friday.

So December 18th I have a deposition in Ruston, Virginia, and then I'm leaving for a short vacation on the 20th and I don't think it's going to be possible to do the 19th and I would need a day to prepare so the 18th and 19th of December don't appear to work. Maybe it's not even necessary to do the deposition, I don't know. I know it's too new for you guys to think about, but maybe it's not necessary to have, discovery's closed and I have a lot of other stuff going on. Maybe that's one way to try to resolve it. Any way, my main point is that December 18 and 19 won't work.

I'm going to be in depositions next week, so I won't be here in the office, I'll be out of town, so that'll just complicate communications a little bit. But I'll have my blackberry and voice mail, of course, but it may make me slow in responding. Okay? Have a nice weekend. Talk to you later. Bye.

# EXHIBIT E



SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN
CHICAGO, IL 60603
(312) 853 7000
(312) 853 7036 FAX

| BEIJING | LOS ANGELES |
| BRUSSELS | NEW YORK |
| CHICAGO | SAN FRANCISCO |
| DALLAS | SHANGHAI |
| FRANKFURT | SINGAPORE |
| GENEVA | SYDNEY |
| HONG KONG | TOKYO |
| LONDON | WASHINGTON, D.C. |

bfrey@sidley.com
(312) 853-7294

FOUNDED 1866

November 12, 2007

**Via Facsimile and U.S. Mail**
Mr. Kent Walker
Cooley Godward Kronish LLP
4401 Eastgate Mall
San Diego, CA 92121-1909

> Re:    *R.R. Donnelley & Sons Company v. Creo, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company*, No. 06-032-JJF (D. Del.)

Dear Kent:

I write in response to your voicemail of Friday evening, November 9. Contrary to your suggestion that the deposition of Printable may no longer be necessary, we can assure you that the deposition is still very necessary and we must find a date to schedule this deposition immediately. Indeed, although you suggest in your voicemail that the deposition may no longer be necessary because we are well past the close of fact discovery, the only reason we have postponed this deposition past the close of fact discovery has been to accommodate your schedule.

It is imperative that we conduct the deposition of Printable on December 17, 18, or 19 or on one of the other dates we have offered. You indicated over the phone that you would be at a deposition in Virginia on December 18 and leaving for vacation on December 20, and that you would need a day to prepare for the Printable deposition. First, we could conduct the deposition on December 19 and you could prepare for the deposition before leaving for Virginia on December 18. Second, we could conduct Printable's deposition on Monday, December 17 before you leave for Virginia. Third, we could conduct the deposition on December 17, 18, or 19 with another Cooley Godward attorney defending Printable at the deposition. Given that these dates are well over a month away, you should have ample time to acquaint another attorney at your firm with the facts underlying the Rule 30(b)(6) topics for this deposition such that he or she could defend Printable's designee.

RRD has been extremely flexible and patient in attempting to schedule a date for this deposition. RRD first served Printable with a subpoena to designate an individual or individuals for deposition on Rule 30(b)(6) topics over three and a half months ago, on July 23, 2007. The deposition was originally scheduled for August 28. When Printable expressed its

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

CHI 4060714v.1



Kent Walker
November 12, 2007
Page 2

unavailability on that date, we agreed to postpone the deposition to mid-October – indeed, we
agreed to a delay that long to accommodate your schedule. When Printable expressed its
unavailability in October, we agreed after discussions with opposing counsel to postpone the
deposition until November 6, 2007, four days after the close of fact discovery. In late October,
Printable expressed its unavailability on November 6 and requested that the deposition be
postponed to the week of November 26. After discussions with opposing counsel, we agreed to
postpone the deposition to the week of November 26. On November 6, Printable expressed its
unavailability for the week of November 26. When RRD asked Printable to reschedule the
deposition for a different date in November, you replied that Printable was unavailable
throughout the remainder of November. Finally, on November 9, RRD asked Printable to
reschedule the deposition for December 18 or 19. You replied that evening that Printable was
unavailable those days as well.

We have offered several solutions that would allow the deposition of Printable to
go forward on one of the dates we have offered. Please respond by Tuesday, November 13. If
you are unable to confirm that the deposition will go forward on one of these dates, we will be
forced to ask the Southern District of California to compel the deposition of Printable
Technologies pursuant to the Rule 30(b)(6) subpoena served on July 23.

Sincerely,

Benedict Frey

# EXHIBIT F





PRACTICES    PROFESSIONALS    NEWS & PUBLICATIONS    EVENTS    ABOUT US    CAREERS



► Professional Search

## Professionals Search Results

You searched for:
· Practice: **Intellectual Property Litigation**
· Office: California—San Diego
Search Again »

A B C D E F G H I J K L M N O P Q R S T U V W X Y Z  List All

▶ **PROFESSIONAL SEARCH RESULTS**

| | | | |
|---|---|---|---|
| Antia, Mazda<br>Associate | T:858/550-6139<br>F:858/550-6420 | California—<br>San Diego | mantia@cooley.co |
| Blair, Ryan<br>Associate | T:858/550-6047<br>F:858/550-6420 | California—<br>San Diego | rblair@cooley.com |
| Egnatios, Noel<br>Associate | T:858/550-6026<br>F:858/550-6420 | California—<br>San Diego | negnatios@cooley |
| Kyle, John<br>Associate | T:858/550-6025<br>F:858/550-6420 | California—<br>San Diego | jkyle@cooley.com |
| Leventhal, Joe<br>Associate | T:858/550-6041<br>F:858/550-6420 | California—<br>San Diego | jleventhal@cooley |
| Norton, Leo<br>Associate | T:858/550-6083<br>F:858/550-6420 | California—<br>San Diego | lnorton@cooley.co |
| Olsen, Aaron<br>Associate | T:858/550-6093<br>F:858/550-6420 | California—<br>San Diego | aolsen@cooley.co |
| Rhodes, Michael<br>Partner | T:858/550-6017<br>F:858/550-6420 | California—<br>San Diego | rhodesmg@cooley |
| Stiegler, Tony<br>Partner | T:858/550-6035<br>F:858/550-6420 | California—<br>San Diego | astiegler@cooley.c |
| Strauss, Steve<br>Partner | T:858/550-6006<br>F:858/550-6420 | California—<br>San Diego | sms@cooley.com |
| Tencer, Phil | T:858/550-6068 | California— | tencerpc@cooley.c |

| Partner | F:858/550-6420 | San Diego | |
|---|---|---|---|
| Tietsworth, Steven<br>Associate | T:858/550-6072<br>F:858/550-6420 | California—<br>San Diego | stietsworth@coole |
| Walker, Kent<br>Partner | T:858/550-6065<br>F:858/550-6420 | California—<br>San Diego | walkerkm@cooley |
| Zimmer, Kevin<br>Partner | T:858/550-6074<br>F:858/550-6420 | California—<br>San Diego | kzimmer@cooley.c |

ALUMNI   ALERT SIGN UP   CONTACT US   SITE MAP   LEGAL NOTICES   ATTORNEY ADVERTISING NOTICE

**This website, the material it contains and any information you may submit are subject to Cooley Godward Kronish LLP's Legal Notice and Terms of Use.**

©2003-2007 Cooley Godward Kronish LLP. All rights reserved.
Cooley and Cooley Godward Kronish are service marks of Cooley Godward Kronish LLP.
This website is best viewed in Internet Explorer 5.0 or higher and Netscape Navigator 6.0 or higher.

# EXHIBIT G

## VOICEMAIL TRANSCRIPTION OF KENT WALKER ON 12/18/07

Hey Ben, this is Kent Walker. I've been out of town since yesterday afternoon and today, Tuesday. On Friday, the Court did indicate that we would still be in trial on January 2nd. So, my January schedule is very difficult. I don't have dates. I still ask that you guys reconsider whether you even need the deposition, and I'll leave it at that for now.

I'll be back in the office tomorrow. Bye.

CH1 4100413v.1