IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> CREO, INC., NEXPRESS SOLUTIONS, INC., KODAK VERSAMARK, INC., EASTMAN KODAK COMPANY, and KODAK GRAPHIC COMMUNICATIONS COMPANY, <br><br> Defendants. <br><br> EASTMAN KODAK COMPANY, <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> R.R. DONNELLEY & SONS COMPANY, <br><br> Counterclaim-Defendant. | C.A. No. 06-cv-032-JJF |

## PLAINTIFF'S MOTION FOR RULE 26(c)(1) PROTECTIVE ORDER

R.R. Donnelley & Sons Company ("RRD") respectfully requests a protective order to prevent the deposition of third party Paul Notredame because it substantially prejudices RRD. Defendants Creo, Inc., NexPress Solutions, Inc., Kodak Versamark, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company (collectively, "Defendants") identified Mr. Notredame in April as a person knowledgeable of the facts underlying Defendants' invalidity defenses, contacted him by July about taking his deposition, but inexplicably chose to wait until the final hour to notice his deposition. Now, Mr. Notredame is in poor health and, upon information and belief, unable to be deposed in the near future. The subject matter of

Mr. Notredame's purported knowledge is information that RRD's expert would normally evaluate and include in his analysis. Yet, Defendants have already submitted their opening expert report on invalidity. And it appears any deposition would be after rebuttal and reply reports are submitted in February. RRD's expert would need to evaluate any relevant information from Mr. Notredame's deposition. And such analysis and potential changes cost significant money. Defendants had their fair chance to depose Mr. Notredame; RRD should not be prejudiced by Defendants' poor decisions.

The bases for this Motion are as follows:

1.      Rule 26(c) provides that upon "motion by a party … the court … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." Fed. R. Civ. P. 26(c). To prevail, the movant, here RRD, must show good cause for the protective order, such as prejudice. *Id.*

2.      Defendants' delay in noticing Mr. Notredame's deposition and deposing him has already hampered RRD's ability to analyze Defendants' invalidity contentions and defend itself against these allegations. And Defendants' delay is of their own making. They had three months to depose Mr. Notredame before his illness, yet they chose not to notice his deposition or to discuss Mr. Notredame's deposition with RRD until two days before fact discovery closed. *See In re Sulfuric Acid Antitrust Litig.*, 230 F.R.D. 527, 533-34 (N.D. Ill. 2005) (denying motion of parties who waited until the last day of discovery to file deposition concerning an issue they had known about for "many, many months"; the delay was "indefensible and inexplicable").

3.      Defendants listed Mr. Notredame as a person with knowledge of their invalidity defenses on April 13, 2007.  *See* Ex. A, Defendants' Fourth Supplemental Interrogatory Response, dated April 13, 2007.

4.      By July, upon information and belief, Defendants had contacted Mr. Notredame about his deposition.[1]  Mr. Notredame, also upon information and belief, became ill around July and has remained in poor health.  Still, Defendants had approximately three months to notice and to take Mr. Notredame's deposition.

5.      On October 31, over six months after identifying Mr. Notredame as a person with knowledge, at least three months after talking with him about being deposed, and two days before the close of fact discovery, Defendants noticed Mr. Notredame's deposition.[2]  *See* Ex. B, Notice of Deposition of Paul Notredame.

6.      At no time during this six month period did Defendants discuss deposing Mr. Notredame until after they served the Notice of his Deposition upon RRD.

7.      Because Defendants' delayed in noticing the deposition, RRD will be substantially prejudiced if Defendants are allowed to take Mr. Notredame's deposition.

8.      Defendants identified Mr. Notredame as a person who had knowledge of Defendants' accusations that RRD's patents are invalid.  Presumably, Defendants would like to depose Mr. Notredame on this topic.  Such depositions should be completed by the close of fact

---

[1]      RRD has asked Kodak for the date on which they first contacted Mr. Notredame, the date they first asked him to consent to be deposed, and all correspondence between Kodak and Mr. Notredame.  *See* Ex. C, Letter from B. Frey to N. Grow, dated November 2, 2007. Kodak has not agreed to provide this information.

[2]      The deposition was noticed for November 12, but this was only a placeholder.  *See* Ex. D, Letter from N. Grow to B. Frey, dated November 7, 2007.  No deposition date is presently scheduled.

discovery, or very near it, because these allegations are important in patent cases.[3]  This information needs to be available for an expert's review and report.

9.    But Defendants have already submitted their opening expert reports, which addressed, *inter alia*, Defendants' invalidity contentions.  Further, Mr. Notredame may be unavailable until after the expert rebuttal and reply reports are submitted in February.  In each instance, at the least, RRD would need to pay the extra cost of having its expert review the additional information and possibly revise the report.

10.    More fundamentally, it is unfair that RRD will have to suffer as a result of Defendants' poor planning.  This is not an instance where, through recently produced information, Defendants discovered Mr. Notredame just a few days before fact discovery closed:  They knew about him seven months before discovery closed.  Nor is this an instance where Defendants can hide behind Mr. Notredame's unfortunate health problems:  They had three months to depose him prior to his illness.

11.    This is a delay for which Defendants are solely responsible.  They had ample opportunity -- approximately seven months -- to at least notice his deposition.  They had approximately three months to depose him.  They failed to do either.  And RRD should not have to pay for their tactical mistake or poor planning.  *See In re Sulfuric Acid Litig*., 230 F.R.D. at 535 (The only explanation for filing a motion on an issue the plaintiffs had known about for some time was that  plaintiffs, "having delayed too long and planned too little, found themselves out of time, and out of options.").

---

[3]    The parties agreed to conduct certain depositions after fact discovery closed.  For example, Defendants agreed that third party Printable Technologies' deposition (noticed in August) could be conducted after fact discovery closed.  But this and other deferred depositions were noticed well-ahead of the discovery cut-off.

12.     Were defendants' delay not enough, the deposition is geographically inconvenient and costly.  The deposition has been noticed for Brussels, Belgium.  RRD will have to pay significant sums for air travel, accommodations, translator services, and time for this deposition.

13.     In sum, RRD has shown the requisite good cause required by Rule 26(c) and respectfully requests a protective order preventing the deposition of third party Paul Notredame.  *See* Fed. R. Civ. P. 26(c)(1).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
  *Attorneys for Plaintiff*
  *R.R. Donnelley & Sons Company*

OF COUNSEL:

John G. Hutchinson
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5398

Douglas I. Lewis
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

December 19, 2007

1344012

## **RULE 7.1.1 CERTIFICATE**

I hereby certify that counsel for plaintiff have raised the subject of the foregoing motion with counsel for defendants, and the parties have not been able to reach agreement on the issues raised in the motion.


*/s/ Rodger D. Smith II (#3778)*
Rodger D. Smith II


December 19, 2007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 19, 2007, he caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Frederick L. Cottrell III
Richards Layton & Finger, P.A.

I also certify that copies were caused to be served on December 19, 2007, upon the following in the manner indicated:

**BY EMAIL AND BY HAND**

Frederick L. Cottrell III
Richards Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE  19801
cottrell@rlf.com

**BY EMAIL**

Richard McMillan, Jr.
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004-2595
rmcmillan@crowell.com

*/s/ Rodger D. Smith II*
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

R.R. DONNELLEY & SONS COMPANY,

    Plaintiff,

    v.

CREO, INC., NEXPRESS SOLUTIONS, INC., KODAK VERSAMARK, INC., EASTMAN KODAK COMPANY, and KODAK GRAPHIC COMMUNICATIONS COMPANY,

    Defendants.

EASTMAN KODAK COMPANY,

    Counterclaim-Plaintiff,

    v.

R.R. DONNELLEY & SONS COMPANY,

    Counterclaim-Defendant,

C. A. No. 06- 032-JJF

**ATTORNEYS EYES ONLY – PURSUANT TO PROTECTIVE ORDER**

## CREO, INC.'S, EASTMAN KODAK COMPANY'S, AND KODAK GRAPHIC COMMUNICATIONS COMPANY'S FOURTH SUPPLEMENTAL RESPONSE TO R.R. DONNELLEY & SONS COMPANY'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 33 and 26(e) of the Federal Rules of Civil Procedure, Creo, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company ("Defendants") provide the following fourth supplemental response to the First Set of Interrogatories to Defendants Creo, Inc., Eastman Kodak Company, and Kodak Graphics Communications Company ("the Interrogatories") propounded by R.R. Donnelley & Sons Company ("RRD"):

1

including William E. McCracken, G. Christopher Braidwood, Danielle M. Holmes, Trevor B. Joike, Mark G. Hanley, and Erin J. Fox.

Defendants reserve the right to supplement their response to this interrogatory after receipt of RRD's claim construction and infringement contentions, after the Court's order on claim construction, and at other appropriate times in this litigation.

## INTERROGATORY NO. 5

State in detail all factual and legal bases for Defendants' allegations set forth in Paragraph 50 of the Answer that "[o]ne or more claims of the Patents in Suit are invalid under the patent laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112," including, but not limited to, an identification of all facts, documents, prior art (with references to specific portions of the prior art by page, line, figure, or description in claim chart format), activities, and alleged motivation or suggestion to combine references.

## RESPONSE TO INTERROGATORY NO. 5

Defendants object that this interrogatory is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object to this interrogatory as premature in that RRD has yet to reveal its claim construction and infringement contentions, the Court has yet to construe the claims and expert reports are not yet due.  Defendants also object to this interrogatory as unduly burdensome to the extent it seeks "identification of *all* facts, documents, prior art ..., activities, and alleged motivation or suggestion to combine references," and "references to specific portions of the prior art by page, line, figure, or description in claim chart format."  Defendants will respond to the extent required by the Federal Rules of Civil Procedure.

Subject to the foregoing general and specific objections, Defendants respond as follows:

This response is based on information currently available to Defendants, including Defendants' present understanding of RRD's claim construction and infringement contentions.

19

| Claim 15 of the '801 Patent | Prior Art |
|---|---|
| 15. The method of claim 1, further comprising the step of analyzing press commands directed to production of the second book to determine whether the page is to be assembled into the second book. | *See, e.g.,* de Heus, col. 3, l. 25 to col. 4, l. 14. |

| Claim 16 of the '801 Patent | Prior Art |
|---|---|
| 16. The method of claim 1, further comprising the step of generating a pagination file having data representative of the second set of pagination information. | *See, e.g.,* de Heus, col. 3, l. 25 to col. 4, l. 14. |

| Claim 17 of the '801 Patent | Prior Art |
|---|---|
| 17. The method of claim 1, further comprising the step of deriving a maximum number of pages for the second book based on the pagination information. | *See, e.g.,* de Heus, col. 3, l. 25 to col. 4, l. 14. |

| Claim 24 of the '801 Patent | Prior Art |
|---|---|
| 24. The method of claim 1, further comprising the step of delivering page description language instructions to an electronic press to print the second book. | *See, e.g.,* de Heus, col. 3, l. 25 to col. 4, l. 14. |

| Claim 25 of the '801 Patent | Prior Art |
|---|---|
| 25. The method of claim 1, wherein the step of specifying the second set of pagination information comprises the step of providing a user interface for entry of the pagination information. | *See, e.g.,* de Heus, col. 3, l. 25 to col. 4, l. 14. |

Persons knowledgeable of these facts with respect to Defendants' response to Interrogatory No. 5 include Timothy Donahue, Pat McGrew, John Desautels, Paul Notredame, unknown individuals of Hewlett-Packard, and unknown individuals of Quark, Inc. The prior art, and documents describing the prior art, speak for themselves.

46

K00887843-K00887846, K00888261-K00888264, K00888265-K00888268,
K00888278-K00888281, K00888374-K00888376, K00888377-K00888379,
K00921810-K00921812, K00921834-K00921834, K00921838-K00921838,
K00921866-K00921868, K00921869-K00921871, K00924744-K00924746,
K00961495-K00961501, K00986846-K00986856, K00987256-K00987294,
K00987723-K00987725, K00990028-K00990040, K01004918-K01004929,
K01004931-K01004942, K01005465-K01005465, K01005466-K01005471,
K01005472-K01005472, K01005473-K01005478, K01009205-K01009205,
K01009206-K01009206, K01009208-K01009208, K01019983-K01019983,
K01083220-K01083221, K01084559-K01084560, K01094655-K01094665.

Persons knowledgeable of these facts include, but are not limited to, Gershon Alon,

Ronen Cohen, Benny Shimshoni, Eli Shalhon, Chris O'Connor, Roger Parrett, John Desautels,

John Peck, William Schweinfurth, and David Beck.

Defendants reserve the right to supplement their response to this interrogatory at

appropriate times in this litigation.

As to objections only,

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
*Attorneys for Defendants Creo, Inc.,*
*NexPress Solutions, Inc., Kodak*
*VersaMark, Inc., Eastman Kodak*
*Company, and Kodak Graphic*
*Communications Company*

OF COUNSEL:
Richard McMillan, Jr.
rmcmillan@crowell.com
Jeffrey D. Sanok
jsanok@crowell.com
Brian M. Koide
bkoide@crowell.com
Crowell & Moring, LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
(202) 624-2500

Dated:  April 13, 2007

62

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2007, I served the foregoing on counsel as follows:

### BY HAND AND ELECTRONIC MAIL

Jack B. Blumenfeld, Esq.
Rodger D. Smith, II, Esq.
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

### VIA FEDERAL EXPRESS AND ELECTRONIC MAIL

Douglas I. Lewis
SIDLEY AUSTIN, LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-4169
dilewis@sidley.com

John G. Hutchinson
SIDLEY AUSTIN, LLP
787 Seventh Avenue
New York, NY 10019
(212)839-5398
jhutchinson@sidley.com

Jamie L. Secord
SIDLEY AUSTIN, LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-2206
jsecord@sidley.com

Gregory E. Stuhlman(#4765)
stuhlman@rlf.com

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>CREO, INC., NEXPRESS SOLUTIONS, INC., KODAK VERSAMARK, INC., EASTMAN KODAK COMPANY, and KODAK GRAPHIC COMMUNICATIONS COMPANY,<br><br>    Defendants. | C.A. No. 06-32-'JJF |
| EASTMAN KODAK COMPANY,<br><br>    Counterclaim-Plaintiff,<br><br>    v.<br><br>R.R. DONNELLEY & SONS COMPANY,<br><br>    Counterclaim-Defendant. | |

## CREO, INC.'S, NEXPRESS SOLUTIONS, INC.'S, KODAK VERSAMARK, INC.'S, EASTMAN KODAK COMPANY'S, AND KODAK GRAPHIC COMMUNICATIONS COMPANY'S NOTICE OF DEPOSITION OF PAUL NOTREDAME

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(1) of the Federal Rules of

Civil Procedure, Defendants Creo, Inc., Nexpress Solutions, Inc., Kodak Versamark, Inc.,

Eastman Kodak Company, and Kodak Graphic Communications Company (collectively,

"Defendants") will take the deposition upon oral examination of Paul Notredame,

commencing on November 12, 2007 at 9:00 a.m., at the office of Crowell & Moring LLP,

71 Rue Royale, Brussels, B-1000, Belgium. or at such date and location as is agreed upon

by Defendants and Mr. Notredame. The deposition will be taken before an officer

authorized to administer oaths by the laws of the United States and will be recorded by

stenographic and/or videographic means. Attorneys may also use equipment providing

for simultaneous stenography during the deposition.

*Of Counsel*:

Richard McMillan, Jr.
rmcmillan@crowell.com
Jeffrey D. Sanok
jsanok@crowell.com
Brian M. Koide
bkoide@crowell.com
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
(202) 624-2500

Dated: October 31, 2007

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Jameson A.L. Tweedie (#4927)
tweedie@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
*Attorneys for Defendants*
*Creo, Inc., Eastman Kodak Company*
*and Kodak Graphic Communications*
*Company*

2

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2007, I electronically filed the foregoing with the

Clerk of Court using CM/ECF which will send notification of such filing(s) to the following,

who have also been served as noted:

### BY HAND DELIVERY

Jack B. Blumenfeld, Esquire
Rodger D. Smith, II, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P. O. Box 1347
Wilmington, DE   19899

I hereby certify that on October 31, 2007, the foregoing was sent to the following non-

registered participants in the manner indicated:

### BY FEDERAL EXPRESS

Douglas I. Lewis
Jamie L. Secord
Sidley Austin, LLP
One South Dearborn Street
Chicago, IL   60603

John G. Hutchinson
Sidley Austin, LLP
787 Seventh Avenue
New York, NY   10019

Jameson A.L. Tweedie (#4927)
tweedie@rlf.com

# EXHIBIT C



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
| ONE SOUTH DEARBORN | BRUSSELS | NEW YORK |
| CHICAGO, IL 60603 | CHICAGO | SAN FRANCISCO |
| (312) 853 7000 | DALLAS | SHANGHAI |
| (312) 853 7036 FAX | FRANKFURT | SINGAPORE |
| | GENEVA | SYDNEY |
| | HONG KONG | TOKYO |
| | LONDON | WASHINGTON, D.C. |

bfrey@sidley.com
(312) 853-7294

FOUNDED 1866

November 2, 2007

**Via Facsimile and U.S. Mail**
Nathaniel Grow
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
202-628-5116 (facsimile)

> Re:    *R.R. Donnelley & Sons Company v. Creo, Inc., Eastman Kodak Company, and
> Kodak Graphic Communications Company*, No. 06-032-JJF (D. Del.)

Dear Nathaniel:

We received the Notice of Deposition of Paul Notredame that Defendants filed with the Court in the above-referenced litigation at about 4:30 p.m. EST on October 31, 2007. You noticed up the deposition for November 12, 2007 in Belgium. As an initial matter, less than two weeks' notice for an out-of-country deposition is too short and insufficient. We find it hard to believe that it has just occurred to Defendants to depose Mr. Notredame.

Furthermore, as you know, fact discovery closes today, November 2, 2007. Reasonable notice of a deposition under the Local Rules is "not less than 7 days" (Local Rule 30.1), making your notice untimely. R.R. Donnelley & Sons Company has not agreed that Mr. Notredame's deposition can occur outside of the fact discovery period allowed by the Court.

Finally, we are concerned that your noticed deposition may violate Belgium law. Unless Mr. Notredame has agreed to appear for a deposition voluntarily, Belgium law prohibits the taking of Mr. Notredame's deposition. As you may be aware, under Belgium law:

> Foreign private persons or attorneys may depose witnesses in
> Belgium or obtain documentary evidence there pursuant to
> American deposition procedures, such as deposition on notice, as
> long as the witnesses testify voluntarily.

> However, if any type of American government official or agent of
> an American court or administrative tribunal were to participate in

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships



Nathaniel Grow
November 2, 2007
Page 2

> a deposition, only a Belgian court could conduct the deposition.
> This is likewise true when any form of compulsion would be
> necessary. In this regard, a Belgian court could compel the
> appearance of a person but not his testimony "per se" not the
> production of documents by him "per se". When the assistance of a
> Belgian court is need, the letter rogatory procedure should be
> utilized. Belgium has warned the non-Belgian Government
> attorneys must seek clearance from the Belgian Government before
> engaging in formal or informal questioning in Belgium. Clearance
> for such action must be obtained through the Department of State,
> Office of American Citizens Services.

Http://travel.state.gov/law/info/judicial/judicial_666.html.

Please confirm by the end of today, November 2, 2007, whether Defendants have
contacted Mr. Notredame or have simply noticed this deposition until they can do so. Given
Defendants' last minute notice, please also let us know when Defendants first contacted Mr.
Notredame. If Defendants have contacted Mr. Notredame, please provide us with his contact
information and copies of any communications between Defendants and Mr. Notredame.
Further, please confirm that Defendants have complied with Belgium legal requirements for
taking Mr. Notredame's deposition, as we do not want to be part of a process that violates
Belgium law. Finally, please confirm that Mr. Notredame has agreed to participate in this
deposition voluntarily.

Sincerely,

Benedict F. Frey

# EXHIBIT D

1001 Pennsylvania Avenue, NW, Washington, DC 20004-2595 ■ p202 624-2500 ■ f202 628-5116

# crowell moring

Nathaniel Grow
202-624-2709
ngrow@crowell.com

November 7, 2007

025140.0000051

**VIA FACSIMILE AND U.S. MAIL**

Benedict Frey, Esquire
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603

> Re: *R.R. Donnelley & Sons Co. v. Creo, Inc., Eastman Kodak Co., and Kodak Graphic Communications Co.,* (D. Del.) (Civil Action No. 06-032-JJF)

Dear Ben:

I write in response to your November 2nd letter. Under Local Rule 30.1, a party must provide seven business days notice for a deposition. Defendants provided eight business days notice in advance of the noticed deposition date of Mr. Notredame. Moreover, as a courtesy, Defendants informed RRD on the day the notice was served that Mr. Notredame's deposition would not be proceeding on the noticed date. Therefore, the notice provided by Defendants for the deposition was both sufficient and timely.

While the deposition of Mr. Notredame will be held after the close of fact discovery, Defendants note that RRD has itself deferred a number of depositions until after the close of fact discovery. As but one example, RRD's deposition of third party Printable has now been delayed until December. Additionally, RRD has reserved the right to depose Messrs. Benny Shimshoni and Nardi Jaacobi at an unspecified future date. At no point have Defendants objected to RRD deferring a deposition until after the close of fact discovery; Defendants would expect the same response from RRD.

Mr. Notredame has previously informed Defendants that he is willing to voluntarily be deposed in Belgium; therefore, the deposition poses no issues under Belgian law. Defendants did not intend to depose Mr. Notredame until recently, in light of Grant Miller's testimony during his October 23rd deposition. Defendants noticed Mr. Notredame's deposition within the fact discovery period, while

Benedict Frey
November 7, 2007
Page 2

explaining to RRD that the noticed deposition date was only a placeholder subject to
Mr. Notredame's availability. Defendants have attempted to contact Mr.
Notredame to schedule a deposition date, but now understand that Mr. Notredame
is hospitalized after two major surgeries. Once Defendants are able to contact Mr.
Notredame, we will notify RRD of the official time, place, and date for his
deposition. Given these circumstances, please confirm that RRD will not object to
Defendants' deposition of Mr. Notredame in Belgium.

Best regards,

Nathaniel Grow

cc:     Richard McMillan, Jr.