IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CREO, INC., NEXPRESS SOLUTIONS, INC., KODAK VERSAMARK, INC., EASTMAN KODAK COMPANY, and KODAK GRAPHIC COMMUNICATIONS COMPANY,<br><br>Defendants.<br><br>EASTMAN KODAK COMPANY,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>R.R. DONNELLEY & SONS COMPANY,<br><br>Counterclaim-Defendant. | C.A. No. 06-cv-032-JJF |

**THIRD PARTY PRINTABLE TECHNOLOGIES, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL ITS RULE 30(B)(6) DEPOSITION**

**I.    INTRODUCTION**

Third party Printable Technologies, Inc. ("Printable") hereby responds to plaintiff R.R. Donnelley & Sons Company's ("RRD's") motion to compel its deposition under Federal Rule of Civil Procedure ("FRCP") 30(b)(6). Because Printable is a third party located in San Diego County, California, FRCP 45 protects it from the hardships that such a deposition would entail. Furthermore, because RRD willingly delayed Printable's deposition for months, up to and beyond the close of discovery and inexplicably passed on Printable's offer to submit to the deposition on December 4, 2007, it has no grounds now to complain that Printable avoided the

1

deposition or that RRD's time has run out. Finally, Printable's deposition is not critical to RRD's case, so RRD does not have a legitimate equitable argument for flouting the federal rules and this Court's discovery orders to unduly inconvenience Printable with a deposition. For these reasons, Printable respectfully requests that the Court deny RRD's motion to compel its deposition.

## II.   ARGUMENT

### A.   Because Printable is a third party located in California, FRCP 45 protects it from the hardships that such a deposition would entail.

FRCP 45(c)(3)(A) requires a court to quash any deposition subpoena that will require a third party to travel more than 100 miles. The Delaware District Court has interpreted this rule to mean that a third party corporate subpoena "must take place where the officer-witness resides or at the corporation's principal place of business." *Application of Johnson & Johnson*, 59 F.R.D. 174, 178 (D. Del. 1973). This interpretation accords with the general rule that the "deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business." 8A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2112 (2007). Thus, because Printable's principal place of business is in Solana Beach, California, RRD's subpoena and motion to compel is improper to the extent that it suggests deposing Printable in Delaware. Although it is a Delaware corporation, Printable does not have an office in Delaware or any officers, directors or employees in Delaware. Nor does it employ or otherwise have available a person to designate in response to RRD's subpoena that resides or works in Delaware or within one hundred miles of Delaware. *See* the Declaration of Coleman F. Kane submitted herewith ("Kane Decl."). Therefore, RRD's subpoena should be quashed.

Printable made the foregoing objection under FRCP 45(c)(3)(A) on August 7, 2007, and RRD never cured or reissued the subpoena. See D.I. 268, RRD's Ex. B at p. 3. If the Court is

not inclined to quash the subpoena, then Printable requests that it be modified to locate any deposition in San Diego County, since Delaware would be an unduly burdensome and expensive location for third party Printable. *See* the Kane Decl. Indeed, RRD's primary counsel is not in Delaware, and they have clearly held themselves out as counsel that would take the deposition. *See* RRD's Exs. A-E.

**B.    RRD has voluntarily delayed Printable's deposition well beyond the discovery cutoff.**

RRD's motion is largely a caricature; it unfairly paints a picture of RRD as a victim and of Printable as a manipulator. The Court should not allow RRD's *post hoc* indignation to obscure the fact that RRD bears full responsibility for the way events have unfolded. RRD could have sought Printable's deposition before discovery closed, through a motion to compel if nothing else, but it chose not to.

Rather, on July 23, 2007, RRD noticed the deposition for August 28, 2007 – just days before the August 31, 2007 discovery cut-off date. See RRD's Ex. A. Then, the discovery cut-off date was continued to November 2, 2007, and RRD chose to "push back the deposition of Printable until sometime around mid-October" (and to "forego Delaware" as the location). *See* RRD's Ex. B at p. 1. Then, RRD chose to "conduct Printable's deposition sometime in the week of 11/5 or 11/12, after the close of fact discovery." *See* Printable's Ex. E attached hereto. Fires in San Diego starting on October 21 set back everyone's schedule there. *See* Printable's Ex. D attached hereto. Regardless, by November 2, 2007, RRD's counsel had not even looked at documents produced by Printable, as evidenced by their requests to Printable's counsel for replacements of yet to be reviewed, misplaced documents and expired passwords provided by Printable in July and August 2007. *See* Printable's Exs. B and C attached hereto.

3

Moreover and still, Printable specifically offered a designee on December 4, 2007 for deposition in San Diego, but RRD turned it down. *See* Printable's Ex. A attached hereto. Printable tried to accommodate RRD and held that offer open for weeks. However, despite having probably ten attorneys working on this case, RRD declined the December 4, 2007 deposition date, because RRD's counsel indicated that they had depositions in another matter around that time. This is certainly ironic in view of RRD's repeated digs at third party Printable's counsel in its motion.

Now that the discovery deadline is more than two months blown, RRD wants to blame Printable for RRD's delay and inactivity. But, ultimately, no matter how polite and deferential it claims to have been, RRD cannot avoid the facts that it failed to act before discovery closed, and it declined the opportunity to take the deposition after discovery closed. Deposing Printable before the close of discovery was RRD's responsibility and no one else's. *See Helfand v. Gerson*, 105 F.3d 530, 536 (9th Cir. 1997) ("The defendants' refusal to respond to the plaintiffs' subpoena duces tecum may have left the plaintiffs without complete information…. The failure to obtain this information, however, was the plaintiffs' fault…. They did not attempt to force production of the documents. By failing to bring a motion to compel production, the plaintiffs waived their objection to the assertion of the privilege, including their contention that the assertion was made in bad faith.")

Local Rule 16.4 dictates that "a request for an extension of deadlines for completion of discovery… *shall* be made by motion… *prior to expiration of the date deadline.*" (emphasis added.) RRD made no such motion. Furthermore, FRCP 16(b)(4) requires that "[a] schedule may be modified only for good cause." RRD lacks good cause here, because it did not take obvious, reasonable measures (*e.g.*, file a motion to compel) to secure Printable's deposition

before the discovery cutoff.  *See Gonzalez v. Comcast Corp.*, 2004 WL 2009366 at *1 (D. Del. Aug 25, 2004) ("'Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts.'") (quoting *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D. S.C. 1997)).  RRD tries to evade responsibility by claiming selfless motives in blowing the discovery cutoff; instead, to demonstrate good cause, RRD must explain "why, despite diligent effort, [it] could not have asserted th[is] motion at an earlier time." *Gonzalez*, 2004 WL 2009366 at *1.  Because it cannot, the Court should deny its motion to compel.

      **C.**      **Printable's deposition is not critical to RRD's case, so there is no equitable basis for compelling it.**

Despite lacking any good reason for failing to secure Printable's deposition earlier, RRD also fails to show why it needs to depose Printable at all.  Printable is only a third party, and RRD bases its allegations of infringement against Defendants only "in part" on their alleged use of Printable's software.  D.I. 268, Motion to Compel at 1.  In fact, RRD has been able to conduct an entire course of discovery from beginning to end without Printable's deposition.  Also, in July and August 2007, Printable produced documents in response to RRD's document subpoena, and by November 2007, RRD still had not reviewed them.  *See* Printable's Exs. B and C attached hereto.  It is thus clear that Printable's deposition is not critical to RRD's case; indeed, if it were, RRD would not notice it just before the close of discovery and then proceed to repeatedly put it off.  Combined with all the other factors weighing against it, this indicates that there is no equitable reason to grant RRD's Motion to Compel.  *See* FRCP 26(b)(2)(C)(iii) (courts must limit proposed discovery when burden outweighs likely benefit).

**III.   CONCLUSION**

Based on the foregoing, Printable respectfully requests that the court deny Plaintiff's Motion to Compel Rule 30(b)(6) Deposition of Printable Technologies, Inc.  If the Court is not inclined to deny the motion, then Printable requests that any deposition be located in San Diego County, California where Printable resides.

      /s/ Richard K. Herrmann
Richard K. Herrmann #405
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
rherrmann@morrisjames.com


Of counsel:

Kent M. Walker (173700)
COOLEY GODWARD KRONISH LLP
4401 Eastgate Mall
San Diego, CA 92121
(858)550-6000
kmwalker@cooley.com

*Attorneys for Third Party
Printable Technologies, Inc.*

January 11, 2008

# EXHIBIT A



KENT M. WALKER
(858) 550-6065
walkerkm@cooley.com

VIA FEDEX

November 20, 2007

Benedict F. Frey, Esq.
Intellectual Property Litigation Group
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603

RE: *R.R. Donnelley & Sons Company v. Quark, Inc., Creo, Inc., Eastman Kodak Company and Kodak Graphic Communications Company*, C.A. No. 06-CV-032-JIF, USDC **District of Delaware**

Dear Ben:

This confirms our several telephone conversations regarding scheduling a deposition of Printable. I also received your latest letter of November 16 threatening to seek to enforce the subpoena in the Delaware court, which I think is unreasonable under the circumstances. As you and I have discussed, December 17 through 19 do not work for us for deposition dates. I currently have a trial set for January 2, so the additional dates you propose in your November 16 letter are either not workable (Jan. 2 to 10) or unreasonable (December 26, 27). However, we have offered a designee on December 4, 2007. I have tried to accommodate you. The reason you have given not to go forward on December 4 is that you have expert depositions in another matter around that time. On the other hand, you indicate that I should substitute someone else to cover the deposition on a date that works for you. So, again, I do not think you are being reasonable. Further, you were complicit in putting off the deposition and further document production. Discovery closed on November 2, 2007, which was extended several times. In fact, you did not review the documents we produced in July until at or after the close of your discovery period, and I accommodated you further by providing new copies of documents that you misplaced and a new serial number to replace the one that expired because you did not use it. Even if you were to bring a motion to compel, the court might deny it based on your own conduct or because the subpoena does not reach designees outside of Delaware or because discovery is closed. I remain available to discuss a reasonable resolution.

Sincerely,

Kent M. Walker

KMW:wlr

4401 EASTGATE MALL, SAN DIEGO, CA 92121 T: (858) 550-6000 F: (858) 550-6420 WWW.COOLEY.COM

# EXHIBIT B

## Walker, Kent

| | |
|---|---|
| **From:** | Walker, Kent |
| **Sent:** | Thursday, November 15, 2007 8:44 PM |
| **To:** | 'Frey, Ben' |
| **Cc:** | Robinson, Wanda |
| **Subject:** | RE: Serial numbers |

Ben,

Here's a new serial number. 

As I mentioned today, I expect you didn't try to use the previous one we gave you in July until this fall and it had expired by then.

**Kent M. Walker**
Partner
Cooley Godward Kronish LLP ♦ 4401 Eastgate Mall
San Diego, CA   92121-1909
Direct: 858-550-6065 ♦ Fax: 858-550-6420 ♦ Cell: 858-231-4713
Bio: www.cooley.com/WalkerKM ♦ Practice: www.cooley.com/IPlitigation

---

**From:** Walker, Kent
**Sent:** Monday, November 05, 2007 8:58 AM
**To:** 'Frey, Ben'
**Cc:** Robinson, Wanda
**Subject:** RE: Serial numbers

Its in my July 16 cover letter. 

**Kent M. Walker**
Partner
Cooley Godward Kronish LLP ♦ 4401 Eastgate Mall
San Diego, CA   92121-1909
Direct: 858-550-6065 ♦ Fax: 858-550-6420 ♦ Cell: 858-231-4713
Bio: www.cooley.com/WalkerKM ♦ Practice: www.cooley.com/IPlitigation

---

**From:** Frey, Ben [mailto:BFrey@Sidley.com]
**Sent:** Friday, November 02, 2007 9:57 AM
**To:** Walker, Kent
**Subject:** Serial numbers

1/7/2008

Hi Kent,

Thank you for sending us production documents P000002 and P000003. Regarding the copy of FusionPro you sent us (P000001), a serial number is required to install the FusionPro program. Please send us the serial number so we can properly install the program. If there is a separate serial number for FusionPro for Mac and for FusionPro for PC, please send us both serial numbers.

Thanks,
Ben Frey

Benedict F. Frey
Intellectual Property Litigation Group

Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
ph: 312.853.7294
fax: 312-853-7036
bfrey@sidley.com

```
Sidley Austin LLP mail server made the following annotations on 11/02/07, 11:54:10:
-----------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we in
that, unless expressly stated otherwise, any U.S. federal tax advice contained in th
communication, including attachments, was not intended or written to be used, and ca
used, by any taxpayer for the purpose of avoiding any penalties that may be imposed
taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is us
to by other parties in promoting, marketing or recommending any partnership or other
investment plan or arrangement, then (i) the advice should be construed as written i
with the promotion or marketing by others of the transaction(s) or matter(s) address
communication and (ii) the taxpayer should seek advice based on the taxpayer's parti
circumstances from an independent tax advisor.

****************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or
If you are not the intended recipient, please delete the e-mail and any attachments
immediately.

****************************************************************************
```

1/7/2008

# EXHIBIT C

## Walker, Kent

| | |
|---|---|
| **From:** | Walker, Kent |
| **Sent:** | Thursday, November 01, 2007 5:07 PM |
| **To:** | 'Frey, Ben' |
| **Cc:** | Robinson, Wanda |
| **Attachments:** | Printable P00002.pdf; Printable P00003.pdf |

As requested, I forward these two documents again. The CD with Fusion was P0000001. These are P000002, 3, and it appears from August 9, 2007 cover letter that there are two P000003's due to inadvertent overlap in documents produced on August 9, 2007.

 
Printable         Printable
00002.pdf (13 KB 0003.pdf (14 KB

**Kent M. Walker**
Partner
Cooley Godward Kronish LLP ◆ 4401 Eastgate Mall
San Diego, CA  92121-1909
Direct: 858-550-6065 ◆ Fax: 858-550-6420 ◆ Cell: 858-231-4713
Bio: www.cooley.com/WalkerKM ◆ Practice: www.cooley.com/IPlitigation

1

# EXHIBIT D

## Walker, Kent

**From:** Walker, Kent
**Sent:** Tuesday, October 23, 2007 1:03 PM
**To:** 'Frey, Ben'
**Cc:** Robinson, Wanda
**Subject:** RE: Printable deposition

Ben,

I had been planning to confirm November 6 in San Diego, however, a huge complicating factor now is the fire here, which has closed the courts for the week. This has delayed my trial that was supposed to have started by now and be finished by the week of November 6. And, as I mentioned, November 13 does not work well either as I have depositions scheduled out of town in another matter during that week. Will it be possible to extend this to the week after Thanksgiving?

By the way, our offices are still closed through tomorrow, but I am here today for a short while and will likely be back tomorrow.

**Kent M. Walker**
Partner
Cooley Godward Kronish LLP ♦ 4401 Eastgate Mall
San Diego, CA   92121-1909
Direct: 858-550-6065 ♦ Fax: 858-550-6420 ♦ Cell: 858-231-4713
Bio: www.cooley.com/WalkerKM ♦ Practice: www.cooley.com/IPlitigation

---

**From:** Frey, Ben [mailto:BFrey@Sidley.com]
**Sent:** Friday, October 19, 2007 10:00 AM
**To:** Walker, Kent
**Subject:** Printable deposition

Hi Kent,

I am checking in on the Printable deposition date. Please let me know if you have available dates either Tuesday 11/6, Thursday 11/8, or Tuesday 11/13. Those would work best for us. We would be willing to do the deposition in San Diego in your offices if it occurred on one of those dates.

Thanks and please give me a call when you have information.

Ben Frey

Benedict F. Frey
Intellectual Property Litigation Group

Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
ph: 312.853.7294
fax: 312.853.7036

bfrey@sidley.com

```
Sidley Austin LLP mail server made the following annotations on 10/19/07, 11:56:53:
------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we in
that, unless expressly stated otherwise, any U.S. federal tax advice contained in th
communication, including attachments, was not intended or written to be used, and ca
used, by any taxpayer for the purpose of avoiding any penalties that may be imposed
taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is us
to by other parties in promoting, marketing or recommending any partnership or other
investment plan or arrangement, then (i) the advice should be construed as written i
with the promotion or marketing by others of the transaction(s) or matter(s) address
communication and (ii) the taxpayer should seek advice based on the taxpayer's parti
circumstances from an independent tax advisor.

****************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or
If you are not the intended recipient, please delete the e-mail and any attachments
immediately.


****************************************************************************
```

# EXHIBIT E

Case 1:06-cv-00032-JJF    Document 276    Filed 01/11/2008    Page 17 of 18

## Walker, Kent

**From:** Frey, Ben [BFrey@Sidley.com]
**Sent:** Wednesday, September 19, 2007 12:07 PM
**To:** Walker, Kent
**Subject:** Printable deposition

Hi Kent,

I wanted to let you know that we are checking with opposing counsel to see whether they will agree to let us conduct Printable's deposition sometime in the week of 11/5 or 11/12, after the close of fact discovery. We should hear back from them shortly.

Ben Frey

Benedict F. Frey
Intellectual Property Litigation Group

Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
ph: 312.853.7294
fax: 312-853-7036
bfrey@sidley.com

```
Sidley Austin LLP mail server made the following annotations on 09/19/07, 14:06:41:
---------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we in
that, unless expressly stated otherwise, any U.S. federal tax advice contained in th
communication, including attachments, was not intended or written to be used, and ca
used, by any taxpayer for the purpose of avoiding any penalties that may be imposed
taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is us
to by other parties in promoting, marketing or recommending any partnership or other
investment plan or arrangement, then (i) the advice should be construed as written i
with the promotion or marketing by others of the transaction(s) or matter(s) address
communication and (ii) the taxpayer should seek advice based on the taxpayer's parti
circumstances from an independent tax advisor.

********************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or
If you are not the intended recipient, please delete the e-mail and any attachments
immediately.


********************************************************************************
```