IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CREO, INC., NEXPRESS SOLUTIONS, INC., KODAK VERSAMARK, INC., EASTMAN KODAK COMPANY, and KODAK GRAPHIC COMMUNICATIONS COMPANY,<br><br>Defendants.<br><br>EASTMAN KODAK COMPANY,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>R.R. DONNELLEY & SONS COMPANY,<br><br>Counterclaim-Defendant. | C.A. No. 06-32-JJF<br><br>**REDACTED<br>PUBLIC VERSION** |

**KODAK'S OPPOSITION TO PLAINTIFF'S MOTION FOR RULE 26(c)(1)
PROTECTIVE ORDER**

Through its Motion for Rule 26(c)(1) Protective Order, R.R. Donnelley and Sons Co. ("RRD") seeks to prevent Kodak[1] from deposing of Mr. Paul Notredame, a third party witness whom RRD itself acknowledges is likely to possess information relevant to the validity of RRD's asserted patents. Undoubtedly fearing the substance of Mr. Notredame's deposition

---

[1] Defendants Eastman Kodak Company, Kodak Graphic Communications Company, Creo, Inc., NexPress Solutions, Inc., and Kodak Versamark, Inc. (collectively, "Kodak").

testimony, RRD alleges that it will be "prejudiced" if Kodak is allowed to proceed with the deposition due to Kodak's purported "delay" in noticing the deposition. However, because RRD's allegations of prejudice and delay do not withstand scrutiny, Kodak respectfully requests that the Court deny RRD's Motion.

1. Although not acknowledged by RRD, a motion for protective order seeking to disallow a deposition is "an extraordinary measure." *Prozina Shipping Co., Ltd. v. Thirty-Four Autos.*, 179 F.R.D. 41, 48 (D. Mass. 1998). "Protective orders prohibiting depositions are rarely granted," and only then on a showing of a "particular and compelling need." *Bucher v. Richardson Hospital Authority*, 160 F.R.D. 88, 92 (N.D. Tex. 1994); *see also Musko v. McCandless*, 1995 WL 580275 (E.D. Pa. Sept. 29, 1995) ("protective orders prohibiting depositions are rarely issued"). A movant seeking such relief has the "heavy burden of demonstrating the good cause for such an order." *Medlin v. Andrew*, 113 F.R.D. 650, 652-53 (M.D.N.C. 1987). *See also Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error.").

2. RRD has not met its heavy burden of demonstrating why Mr. Notredame's deposition should be disallowed. By RRD's own admission, Mr. Notredame is likely to have knowledge relevant to the validity of the patents-in-suit.

REDACTED

3. Courts have long acknowledged a weighty policy interest emphasizing "the importance to the public at large of resolving questions of patent validity." *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 100 (1993); *see also Nestier Corp. v. Menasha Corp.-Lewisystems Div.*, 739 F.2d 1576, 1581 (Fed. Cir. 1984) ("There is a stronger public interest in the elimination of invalid patents than in the affirmation of a patent as valid."). RRD's attempt to avoid discovery related to the validity of its patents is thus improper.

4. Contrary to RRD's allegations, Kodak did not unreasonably delay in noticing Mr. Notredame's deposition. Kodak noticed Mr. Notredame's deposition on October 31st, squarely within the fact discovery period. Ex. B. In alleging delay, RRD apparently contends that Mr. Notredame's deposition should have been noticed in July 2007. D.I. 270 at 3. RRD itself, however, notes that Mr. Notredame

REDACTED

Therefore, any "delay" by Kodak in noticing the deposition in October rather than July was harmless.

5. As Kodak has explained to RRD, Kodak had hoped to forgo the deposition of Mr. Notredame – a non-party to this litigation – REDACTED

Kodak's need to depose Mr. Notredame arose only after Kodak took the 30(b)(6) deposition of RRD employee Grant Miller on October 23, 2007.

REDACTED

Only then did Kodak's need to depose Mr. Notredame – REDACTED arise. Shortly after Mr. Miller's surprising deposition testimony, Kodak attempted to contact Mr. Notredame to schedule his deposition, but was unable to reach Mr. Notredame REDACTED Ex. C at 2. Therefore,

Kodak elected to file the notice of the deposition on October 31, 2007, while informing RRD that the noticed date was only a placeholder. *Id.* at 1-2.

6. RRD alleges that it will be prejudiced should Mr. Notredame's deposition go forward because the deposition may necessitate a revision of RRD's rebuttal expert report on invalidity. D.I. 270 at 4. RRD's claim of prejudice is not supportable. Indeed, RRD itself currently seeks to take the 30(b)(6) deposition of third-party Printable Technologies, Inc. ("Printable") on matters relating to the "design, operation, functionality, and output" of the accused FusionPro and DL software, despite the fact that RRD's own opening expert report on infringement was submitted on December 18, 2007. D.I. 268 at 3. As is the case with Kodak's deposition of Mr. Notredame, RRD asserts that its deposition of Printable was delayed for reasons outside of its own control. However, RRD fails to reconcile the fact that its delayed deposition of Printable will undoubtedly force Kodak to incur the expense of revising its rebuttal expert report on infringement. If RRD itself wishes to take additional testimony related to already-filed expert reports, it cannot credibly allege prejudice when Kodak seeks to do the same.

7. Not surprisingly, RRD was unable to muster any significant case law support for its Motion, citing only to *In re Sulfuric Acid Antitrust Litigation*, 230 F.R.D. 527 (N.D. Ill. 2005). The case is easily distinguished from the situation at issue here. In *Sulfuric Acid*, the plaintiff attempted to take an individual's deposition for a second time, after having already deposed him for nearly 17 hours over the course of two days. *Id.* at 529. The Court rejected plaintiff's request for the second deposition, finding that the plaintiff had already had more than sufficient opportunity to depose the individual. *Id.* at 532. Moreover, the court also found that the plaintiff's second deposition notice violated not only the Federal Rules of Civil Procedure,

but also the court's Local Rules and Standing Order relating to discovery. *Id.* at 531. Here, Kodak has never deposed Mr. Notredame, nor has Kodak's deposition notice violated any applicable rule.

8. Therefore, RRD has failed to satisfy its heavy burden in attempting to justify the extraordinary measure of precluding Kodak from deposing Mr. Notredame, a witness relevant to issues of the validity and inventorship of the patents-in-suit. Accordingly, Kodak respectfully requests that the Court deny RRD's motion for a protective order.

OF COUNSEL:

Richard McMillan, Jr.
Jeffrey D. Sanok
Brian M. Koide
Clyde Findley
Nathaniel Grow
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595
(212) 624-2500

Dated: January 7, 2008

/s/ Anne Shea Gaza
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Defendants*
*Creo, Inc., NexPress Solutions, Inc., Kodak Versamark, Inc., Eastman Kodak Company and Kodak Graphic Communications Company*

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following, who have also been served as noted:

**BY HAND DELIVERY & E-MAIL**

Jack B. Blumenfeld, Esquire
Rodger D. Smith, II, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P. O. Box 1347
Wilmington, DE  19899


I hereby certify that on January 14, 2008, the foregoing was sent to the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS & E-MAIL**

| | |
|---|---|
| Douglas I. Lewis | John G. Hutchinson |
| Jamie L. Secord | Sidley Austin, LLP |
| Sidley Austin, LLP | 787 Seventh Avenue |
| One South Dearborn Street | New York, NY  10019 |
| Chicago, IL  60603 | |

*/s/ Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com

# EXHIBIT A

# REDACTED IN ITS ENTIRETY

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CREO, INC., NEXPRESS SOLUTIONS, INC., KODAK VERSAMARK, INC., EASTMAN KODAK COMPANY, and KODAK GRAPHIC COMMUNICATIONS COMPANY,<br><br>Defendants. | C.A. No. 06-32-JJF |
| EASTMAN KODAK COMPANY,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>R.R. DONNELLEY & SONS COMPANY,<br><br>Counterclaim-Defendant. | |

CREO, INC.'S, NEXPRESS SOLUTIONS, INC.'S, KODAK
VERSAMARK, INC.'S, EASTMAN KODAK COMPANY'S, AND
KODAK GRAPHIC COMMUNICATIONS COMPANY'S
NOTICE OF DEPOSITION OF PAUL NOTREDAME

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Defendants Creo, Inc., Nexpress Solutions, Inc., Kodak Versamark, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company (collectively, "Defendants") will take the deposition upon oral examination of Paul Notredame, commencing on November 12, 2007 at 9:00 a.m., at the office of Crowell & Moring LLP, 71 Rue Royale, Brussels, B-1000, Belgium. or at such date and location as is agreed upon

by Defendants and Mr. Notredame. The deposition will be taken before an officer authorized to administer oaths by the laws of the United States and will be recorded by stenographic and/or videographic means. Attorneys may also use equipment providing for simultaneous stenography during the deposition.

*Of Counsel:*

Richard McMillan, Jr.
rmcmillan@crowell.com
Jeffrey D. Sanok
jsanok@crowell.com
Brian M. Koide
bkoide@crowell.com
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
(202) 624-2500

Dated: October 31, 2007

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Jameson A.L. Tweedie (#4927)
tweedie@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
*Attorneys for Defendants
Creo, Inc., Eastman Kodak Company
and Kodak Graphic Communications
Company*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following, who have also been served as noted:

### BY HAND DELIVERY

Jack B. Blumenfeld, Esquire
Rodger D. Smith, II, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P. O. Box 1347
Wilmington, DE  19899

I hereby certify that on October 31, 2007, the foregoing was sent to the following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS

| | |
|---|---|
| Douglas I. Lewis<br>Jamie L. Secord<br>Sidley Austin, LLP<br>One South Dearborn Street<br>Chicago, IL  60603 | John G. Hutchinson<br>Sidley Austin, LLP<br>787 Seventh Avenue<br>New York, NY  10019 |

_____
Jameson A.L. Tweedie (#4927)
tweedie@rlf.com

# EXHIBIT C

# REDACTED IN ITS ENTIRETY

# EXHIBIT D

# REDACTED IN ITS ENTIRETY

# EXHIBIT E

# REDACTED IN ITS ENTIRETY