**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY,   )<br>                                                                 )<br>Plaintiff,                                                  )<br>                                                                 )<br>v.                                                             )<br>                                                                 )      C.A. No. 06-cv-032-JJF<br>CREO, INC., NEXPRESS SOLUTIONS,         )<br>INC., KODAK VERSAMARK, INC.,               )<br>EASTMAN KODAK COMPANY, and           )      **REDACTED – PUBLIC VERSION**<br>KODAK GRAPHIC COMMUNICATIONS    )<br>COMPANY,                                                 )<br>                                                                 )<br>Defendants.                                           )<br>                                                                 )<br>EASTMAN KODAK COMPANY,                  )<br>                                                                 )<br>Counterclaim-Plaintiff,                         )<br>                                                                 )<br>v.                                                             )<br>                                                                 )<br>R.R. DONNELLEY & SONS COMPANY,   )<br>                                                                 )<br>Counterclaim-Defendant.                    )<br>                                                                 )| |

**PLAINTIFF R.R. DONNELLEY & SONS COMPANY'S REPLY IN SUPPORT OF ITS
<u>MOTION FOR A RULE 26(c)(1) PROTECTIVE ORDER</u>**

Defendants[1] oppose RRD's request for a protective order to prevent third party Paul Notredame's deposition (in Belgium), claiming that one of RRD's witnesses' (Mr. Grant Miller) "surprising" deposition testimony in late October revealed a previously unknown supposed need to depose Mr. Notredame. Defendants thereby claim not to have had a fair chance to depose Mr. Notredame because he became ill in July. Further, Defendants argue that

---

[1] Defendants Creo, Inc., NexPress Solutions, Inc., Kodak Versamark, Inc., Eastman Kodak Company, and Kodak Graphic Communications Company will be collectively referred to as "Defendants." Plaintiff R.R. Donnelley & Sons Company will be referred to as "RRD."

their third party deposition request is no different than RRD's request to depose another third party, Printable Technologies ("Printable").

Defendants' premise is simply wrong. Mr. Miller's late October deposition did not lead to Defendants' alleged epiphany that they needed Mr. Notredame's deposition. Defendants had no reason to believe that Mr. Miller could provide the information they now supposedly seek from Mr. Notredame. Moreover, Defendants had at least three months, and possibly seven months, to notice and to depose Mr. Notredame but chose to do nothing.

Defendants' delay is also materially different from RRD's situation with Printable. RRD has been diligently pursuing Printable's deposition since July. Defendants noticed Mr. Notredame's deposition only two days before the close of discovery.

Moreover, Mr. Notredame is still not well enough to be deposed. Given Defendants' delay, the Court should grant RRD's motion for a protective order. Defendants should not be permitted to hold Mr. Notredame's deposition in abeyance until he becomes well because this case has progressed long past fact discovery, with expert discovery partially done and a pretrial order due on May 1, 2008.

In further support of its Motion, RRD states as follows:

1. Defendants' Opposition confuses the operative dates involved in this motion, namely when Defendants knew about Mr. Notredame and when they could have noticed and taken his deposition. Defs.' Opp'n, D.I. 274 at 3. The chart below shows these facts:

| November 21, 2006 | RRD produces RRD049985-87, the document that Mr. Notredame allegedly authored and about which Defendants' counsel asked Mr. Miller during his deposition. |
|---|---|
| April 13, 2007 | Defendants serve their Fourth Supplemental Responses to RRD's First Set of Interrogatories. Defendants name Mr. Notredame as a person with knowledge about Defendants' patent invalidity defenses. |

2

| July 2007 | Mr. Notredame becomes ill. |
|---|---|
| October 23, 2007 | Defendants depose Mr. Miller and ask him about RRD049985-87, a document allegedly authored by Mr. Notredame. |
| October 31, 2007 | Two days before discovery closes, Defendants serve their notice to take Mr. Notredame's deposition. |

As the above chart shows, (a) Defendants had at least three months, and more likely seven months, to notice and to depose Mr. Notredame before he became ill, and (b) Defendants did nothing for half-a-year after naming Mr. Notredame as a person with knowledge relating to their invalidity defenses.

2. Trying to excuse their delay, Defendants argue that they did not know that Mr. Notredame's deposition would be needed until Mr. Miller gave "surprising" deposition testimony in October 2007 regarding a document that Mr. Notredame allegedly authored. *See* Defs.' Opp'n, D.I. 274 at 3. The document itself, as well as Mr. Miller's testimony, demonstrates that this is just not the case.

3. Nothing on the face of the document indicates that Mr. Miller authored the document. *See* Ex. A, RRD049985-87. Indeed, Mr. Miller testified that he did not remember receiving this document and that he was not its author. *See* Miller Dep. Tr., Ex. B, 33:11-34:5. Defendants' counsel nonetheless proceeded to ask Mr. Miller for his understanding of what Mr. Notredame meant by certain phrases in the document. *See* Miller Dep. Tr., Ex B, 40:2-41:22, 53:21-56:21, 64:5-69:3. If Defendants wanted to find out what Mr. Notredame meant, they should have logically known to ask Mr. Notredame in November 2006 when they first received the document.

4. Although Defendants draw such a comparison, Defendants' delay in noticing and taking Mr. Notredame's deposition is materially different from RRD's situation with Printable's deposition. Defendants never noticed Mr. Notredame's deposition between

3

November 21, 2006, when they first received the supposedly critical document, and October 31, 2007, two days before the close of fact discovery. Conversely, RRD, as this Court knows (*see* D.I. 162), served its deposition subpoena on Printable in July and has been diligently working ever since to schedule a deposition. *See* RRD's Mtn. to Compel Deposition of Printable Technologies, Dec. 19, 2007 (D.I. 268).

        5.    Defendants had a fair chance to depose Mr. Notredame. He is now unfortunately ill and unavailable. Defendants cannot continue to hold Mr. Notredame's deposition in abeyance, waiting for him to become well enough to be deposed, without regard to the schedule in this case. Fact discovery in this case is long over. The parties have exchanged initial expert reports and will be exchanging rebuttal expert reports on February 1. And the parties must submit their pretrial order on May 1, 2008.

        6.    Moreover, Defendants' delay caused this entire problem. Defendants, not RRD, should bear whatever result arises from not being able to depose Mr. Notredame.

        For the foregoing reasons, RRD respectfully requests that the Court grant its Motion for a Protective Order and prevent Defendants from taking Mr. Notredame's deposition.

                              MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                              */s/ Rodger D. Smith II*
                              Jack B. Blumenfeld (#1014)
                              Rodger D. Smith II (#3778)
                              1201 North Market Street
                              P.O. Box 1347
                              Wilmington, DE  19899
                              (302) 658-9200
                              rsmith@mnat.com
                                *Attorneys for Plaintiff*
                                *R.R. Donnelley & Sons Company*

OF COUNSEL:

John G. Hutchinson
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5398

Douglas I. Lewis
Andrew R. Hein
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Original Filing Date:  January 14, 2008
Redacted Filing Date:  January 15, 2008

1383652

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 15, 2008, he caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Frederick L. Cottrell III
>Richards Layton & Finger, P.A.

I also certify that copies were caused to be served on January 15, 2008, upon the following in the manner indicated:

### BY EMAIL AND BY HAND

Frederick L. Cottrell III
Richards Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE  19801
cottrell@rlf.com

### BY EMAIL

Richard McMillan, Jr.
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004-2595
rmcmillan@crowell.com

>*/s/ Rodger D. Smith II*
>Morris, Nichols, Arsht & Tunnell LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE  19899
>(302) 658-9200
>rsmith@mnat.com

# ALL EXHIBITS CONFIDENTIAL