IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CREO, INC., NEXPRESS SOLUTIONS, INC., KODAK VERSAMARK, INC., EASTMAN KODAK COMPANY, and KODAK GRAPHIC COMMUNICATIONS COMPANY,<br><br>Defendants. | C.A. No. 06-32-JJF<br><br>**REDACTED<br>PUBLIC VERSION** |
| EASTMAN KODAK COMPANY,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>R.R. DONNELLEY & SONS COMPANY,<br><br>Counterclaim-Defendant. | |

## KODAK'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL

In its Opposition, R.R. Donnelley & Sons Co. ("RRD") attempts to paint Kodak[1] as unfairly demanding that RRD search "thousands of employees," for any information relating to Kodak's equitable defenses, including laches. D.I. 275 at 5. Nothing could be further from the truth. Rather, Kodak simply seeks RRD's production of information and documents from 28 current or former RRD individuals specifically identified by Kodak as having "knowledge of the

---

[1] Defendants Eastman Kodak Company, Kodak Graphic Communications Company, Creo, Inc., NexPress Solutions, Inc., and Kodak Versamark, Inc. (collectively, "Kodak").

RLF1-3243401-1

Patents in Suit and/or Defendants' [allegedly] infringing activities." RRD represented to the Court that it would search for and provide information from the very same category of employees. D.I. 217 at 7 (Ex. J). Thus, Kodak does not wish to revisit this Court's prior decision, but simply seeks to have RRD abide by the prior representations it made to this Court.

1. Despite its suggestions to the contrary, Kodak is not requesting that RRD engage in a corporate-wide search for all individuals with any knowledge of the accused software products. Indeed—based on RRD's own documents—Kodak has specifically identified 28 current or former RRD employees that it believes are likely to possess information relevant to Kodak's equitable defenses. These individuals have all been shown to have "knowledge of the Patents in Suit and/or Defendants' [allegedly] infringing activities." RRD explicitly stated it would search for information from such individuals in its earlier briefing. D.I. 217 at 7 (Ex. J).[2] Accordingly, RRD should now—as promised—conduct a search of these individuals and their records to confirm whether they possess relevant information.

2. Given the reasonableness of Kodak's request, RRD also attempts to attack the relevance of the information sought by Kodak. In so doing, RRD applies a false construct under which no defendant accused of patent infringement could ever obtain discovery related to the

---

[2] RRD's Opposition attempts to backtrack from the representations made in RRD's earlier briefing to the Court, with RRD now arguing that it "agreed to identify people knowledgeable about both the patents in suit *and* the Accused Software Products." D.I. 275 at 7 (emphasis added). RRD's revisionist position conflicts with the clear statements made in RRD's earlier briefing that it would search those individuals "likely to have knowledge of the Patents in Suit *and/or* Defendants' [allegedly] infringing activities." D.I. 217 at 7 (Ex. J) (emphasis added). RRD's Opposition is also belied by RRD's response to Interrogatory No. 26     REDACTED

Ex. D at 5-7.

At the very least, however, RRD's responses to Interrogatory Nos. 24-27 should be supplemented to reflect
REDACTED

-2-

equitable defense of laches. RRD first asserts that—as a matter of law—its knowledge of Kodak's accused products prior to the issuance of the first patent in suit is irrelevant. D.I. 275 at 5. With respect to post-issuance knowledge, RRD shields all of its knowledge of the accused products as categorically "both work product and attorney-client privilege." D.I. 275 at 6. Therefore, applying RRD's false construct, Kodak—or for that matter any defendant accused of infringement—is not entitled to *any* discovery relating to laches, as all evidence demonstrating RRD's knowledge of the accused products before it filed suit is either not relevant or privileged. RRD's position stands in stark contrast to the established case law which—as discussed in Kodak's Motion (D.I. 265 at 4)—holds that pre-issuance knowledge of accused products is relevant to the issue of laches, *R2 Medical Systems, Inc. v. Katecho, Inc.*, 931 F. Supp. 1397, 1409-10 (N.D. Ill. 1996), and that a party cannot shield its factual knowledge from discovery on the basis of privilege. *Rhone-Poulenc Rorer Inc. v. Home Indem Co.*, 32 F.3d 851, 864 (3d Cir. 1994). RRD's Opposition wholly ignores both cases.[3]

3. As but two examples, RRD's false construct would shield Exhibits A and B to Kodak's Motion,                    REDACTED

---

[3] RRD's Opposition also misinterprets the two cases it relies on for support on other issues. First, RRD misstates the holding of *A.C. Aukerman Co. v. R.L. Chaides Const'n Co.*, 960 F.2d 1020, 1032 (Fed. Cir. 1992), which it reads to require that "a person must have knowledge of *both* the patents in suit and the Accused Software Products." D.I. 275 at 4. First, *Aukerman* never suggests that laches is judged based on the knowledge of a single individual; rather, laches is properly measured based on the knowledge possessed by the plaintiff-corporation as a whole. Second, *Aukerman* makes clear that laches is measured by the "length of time from the time the plaintiff knew *or reasonably should have known* of its claim against the defendant." *Aukerman*, 960 F.2d at 1032 (emphasis added). Thus, RRD's earliest knowledge of the accused products—as sought by Kodak here—is highly relevant to the issue of RRD's constructive knowledge of the accused products.

RRD also misreads *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 493 F.3d 1368, 1379-80 (Fed. Cir. 2007), a case discussing the "foreseeability" defense to the doctrine of equivalents. Indeed, *Festo* explicitly states that "an alternative is foreseeable if it is known in the field of the invention." *Id.* Therefore, RRD's knowledge of the accused products is highly relevant to determining if the alternative methods employed by the accused products were known in the field.

- 3 -

REDACTED

Such evidence is indisputably relevant to—if not dispositive of—Kodak's laches defense. Tellingly, RRD's Opposition fails to address these Exhibits.

4. Therefore, neither RRD's burden nor relevance objections should shield RRD from providing the discrete discovery sought by Kodak. RRD should be required to search for relevant information and documents in the possession of the 28 individuals identified by Kodak, and produce any documents responsive to Request for Production Nos. 63 and 64. Further, RRD should withdraw its relevance and privilege objections and provide a substantive answer to Interrogatory Nos. 24, 25, and 27, including any information identified to date, as well as any information collected as part of RRD's search of the additional 28 individuals identified by Kodak. Accordingly, Kodak respectfully requests that the Court grant its Motion to Compel.

| | |
|---|---|
| OF COUNSEL: | /s/ Frederick L. Cottrell, III |
| Richard McMillan, Jr. | Frederick L. Cottrell, III (#2555) |
| Jeffrey D. Sanok | cottrell@rlf.com |
| Brian M. Koide | Anne Gaza (#4093) |
| Clyde Findley | gaza@rlf.com |
| Nathaniel Grow | Richards, Layton & Finger |
| Crowell & Moring LLP | One Rodney Square |
| 1001 Pennsylvania Avenue, NW | P. O. Box 551 |
| Washington, DC  20004-2595 | Wilmington, DE  19899 |
| (212) 624-2500 | (302) 651-7700 |
| | *Attorneys for Defendants Creo, Inc., NexPress Solutions, Inc., Kodak Versamark, Inc., Eastman Kodak Company and Kodak Graphic Communications Company* |
| Dated: January 14, 2008 | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following, who have also been served as noted:

**BY HAND DELIVERY & E-MAIL**

Jack B. Blumenfeld, Esquire
Rodger D. Smith, II, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P. O. Box 1347
Wilmington, DE  19899

I hereby certify that on January 14, 2008, the foregoing was sent to the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS & E-MAIL**

| | |
|---|---|
| Douglas I. Lewis<br>Jamie L. Secord<br>Sidley Austin, LLP<br>One South Dearborn Street<br>Chicago, IL  60603 | John G. Hutchinson<br>Sidley Austin, LLP<br>787 Seventh Avenue<br>New York, NY  10019 |

_____
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following, who have also been served as noted:

### BY HAND DELIVERY & E-MAIL

Jack B. Blumenfeld, Esquire
Rodger D. Smith, II, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P. O. Box 1347
Wilmington, DE  19899

I hereby certify that on February 15, 2008, the foregoing was sent to the following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS & E-MAIL

Douglas I. Lewis
Jamie L. Secord
Sidley Austin, LLP
One South Dearborn Street
Chicago, IL  60603

John G. Hutchinson
Sidley Austin, LLP
787 Seventh Avenue
New York, NY  10019

/s/ Anne Shea Gaza
Anne Shea Gaza (#4093)
gaza@rlf.com